FILED
2023 FEB -3 PM 3:41
CLERK U S DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GEORGINA E. WAKEFIELD (Bar No. 282094)
Deputy Federal Public Defender
(E-Mail: Georgina_Wakefield@fd.org)
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-4795
Facsimile: (213) 894-0081

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> THOMAS GIRARDI, <br> Defendant. | Case No. 2:23-CR-00047-JFW <br><br> **EX PARTE APPLICATION FOR AN ORDER APPOINTING THE OFFICE OF THE FEDERAL PUBLIC DEFENDER AS COUNSEL; DECLARATION OF COUNSEL** |

Georgina E. Wakefield, Deputy Federal Public Defender, applies to this Court for an order appointing the Office of the Federal Public Defender to represent Thomas Girardi in the above-entitled matter.

This application is based upon the accompanying declaration of counsel and the concurrently lodged in camera CJA Form 23 Financial Affidavit, which is being filed under separate cover.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 3, 2023    By /s/ *signature*

GEORGINA E. WAKEFIELD
Deputy Federal Public Defender

1

## **DECLARATION OF COUNSEL**

I, Georgina E. Wakefield, state and declare:

1. I serve as the Trial Chief for the Office of the Federal Public Defender (FPD) for the Central District of California.

2. Mr. Girardi has been charged in an Indictment filed in the Central District of California with five counts of wire fraud and aiding and abetting wire fire, violations of 18 U.S.C. §§ 1343, 2(a). He has been summonsed and will make his initial appearance on February 6, 2023.[1] Chief Magistrate Judge Karen L. Stevenson is scheduled to be the duty magistrate that day.

3. The FPD seeks appointment before Mr. Girardi's initial appearance because it anticipates moving for a competency evaluation under 18 U.S.C. § 4241 before that appearance.

4. The FPD has learned that on June 9, 2021, the Honorable Superior Court Judge Daniel Juarez appointed a conservator for Mr. Girardi, finding that Mr. Girardi has a major neurocognitive disorder and cannot care for himself or his financial affairs. *Conservatorship of Thomas V. Girardi*, Case No. 21STPB00413 (L.A. Super. Ct. filed Jan 19, 2021). Mr. Girardi's brother Robert Girardi was appointed as the conservator.

5. The FPD also received medical records showing that Mr. Girardi has been diagnosed with Alzheimer's disease with late onset. One such record is a March 8, 2021 declaration of a medical doctor regarding Mr. Girardi's capacity, which states that Mr. Girardi's dementia impaired his ability to understand the conservatorship proceedings to such an extent that he could not attend the hearing.

6. Congress enacted the Criminal Justice Act of 1964 to effectuate the Sixth Amendment guarantee of counsel. The Act requires each district court to establish "a plan for furnishing representation for any person financially unable to obtain adequate representation . . . ." 18 U.S.C. § 3006A. The Central District of California has

---

[1] Mr. Girardi faces a separate criminal case in the Northern District of Illinois. His initial appearance in that case will be after this one.

adopted a Local CJA Plan approved by the Ninth Circuit Judicial Council. *See* General Order No. 13-09. The Guide to Judiciary Policies and Procedures, approved by the Judicial Council of the United States ("Guide"), provides direction to the court regarding application of the statute.[2]

7. The Guide indicates that fact-finding about the person's eligibility for appointed counsel should be completed before the person's first appearance in court, unless it will cause undue delay. Guide, Vol. VII, Pt. A, § 210.40.20(b).

8. The CJA Form 23 (Financial Affidavit) is one tool courts in this district use to aid inquiry into a defendant's financial status. However, the CJA Form 23 is not mandatory. The Act does not require its use, but merely provides that the court conduct an appropriate inquiry. 18 U.S.C. § 3006A; *see also United States v. Lexin*, 434 F.Supp.2d 836, 843-44 (S.D. Cal. 2006). The Central District's CJA Plan tracks the language of the statute. *See* General Order No. 13-09 at page 9, § (IV)(d)(1) ("The determination of eligibility for representation under the CJA is a judicial function to be performed by a district judge or magistrate judge after making appropriate inquiries concerning the person's financial condition.").

9. Because Mr. Girardi is suffering from a mental disease or defect that may render him mentally incompetent, I do not believe that he, personally, can provide the information sought in the financial affidavit, nor that it is appropriate for him to sign that form under penalty of perjury. Robert Girardi, however, has completed a financial affidavit for the Court's consideration of Mr. Girardi's application to appoint counsel. It is being filed concurrently with this application under separate cover.

///
///
///

---

[2] Volume 7, Part A, which provides the guidelines for administering the CJA, is available online at https://www.uscourts.gov/sites/default/files/vol_07a.pdf (last visited February 2, 2023).

10. Because it is not required that the person seeking counsel sign the financial affidavit, because a court has appointed a conservator for Mr. Girardi due to his inability to manage his financial affairs, and because that conservator has provided the information for the Court to make the appropriate fact-finding about Mr. Girardi's eligibility for appointed counsel, I request that this Court appoint the FPD to represent Mr. Girardi.

11. So that the FPD may move for a competency hearing before Mr. Girardi's initial appearance, I request that this Court appoint the FPD before that date.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: February 3, 2023

/s/ Georgina Wakefield
GEORGINA E. WAKEFIELD
Deputy Federal Public Defender