E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/1786
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>THOMAS VINCENT GIRARDI and<br>CHRISTOPHER KAZUO KAMON,<br><br>　　　　Defendants. | No. CR 23-47-JLS<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND COOPERATING WITNESS INFORMATION<br><br>[PROPOSED] ORDER FILED SEPARATELY |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby applies ex parte for a protective order in this case governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) medical or health information, and (3) information related to cooperating witnesses who may testify at trial.

    Defense counsel for defendant GIRARDI and defendant KAMON do not object to the ex parte nature of the application or the entry of a protective order in this case generally. Defense counsel for defendant KAMON does not object to the proposed protective order, concurrently filed herewith. Defense counsel for defendant GIRARDI does, however, object to certain provisions of the proposed protective order. Defense counsel for defendant GIRARDI intends to file a response to this application by March 17, 2023. The government reserves the right to file a reply by March 20, 2023. The parties request that a hearing, if necessary, be scheduled on March 24, 2023.

    This application is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 13, 2023        Respectfully submitted,

                                         E. MARTIN ESTRADA
                                         United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                          /s/
                                       SCOTT PAETTY
                                       ALI MOGHADDAS
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant THOMAS VINCENT GIRARDI and defendant CHRISTOPHER KAZUO KAMON (collectively, "defendants") worked at the now defunct Girardi Keese law firm.  Defendant GIRARDI founded Girardi Keese and for decades loomed as a giant in the nationwide plaintiff's bar until his law firm and legal career crashed in December 2021 under the weight of a multitude of allegations of misappropriation of client funds from the Girardi Keese trust accounts.  Defendant KAMON was the Chief Financial Officer at Girardi Keese from approximately 2003 until the firm was forced into involuntary bankruptcy due to the misappropriation allegations.  Based on their involvement in the aforementioned scheme, defendants GIRARDI and KAMON are charged in this matter with violations of 18 U.S.C. § 1343 (wire fraud).[1] Defendant GIRARDI is released on bond.  Defendant KAMON is detained pending trial.

As a result of the nature of this investigation, the government's discovery contains highly sensitive information about various persons and entities associated with Girardi Keese, such as former clients and employees of the law firm.  The government's discovery thus includes, among other things, third parties' personal identifying information ("PII") and medical information, including materials related to at least one of the defendant's medical records, as well as information related to cooperating witnesses who

---

[1] Defendants GIRARDI and KAMON, and another former Girardi Keese attorney, are also charged in a separate indictment in the Northern District of Illinois with various federal felonies related to embezzlement and misappropriation of client funds in United States v. Thomas V. Girardi, et al., 23-CR-54.

participated in the government's investigation and may testify at trial. The government believes that the unauthorized dissemination or distribution of these materials may comprise sensitive personal information and expose witnesses to potential safety risks.

The government has already produced certain discovery to defendants that contains the above referenced sensitive information with the understanding that a protective order would subsequently issue, but now seeks to produce the remaining discovery under a protective order to protect the privacy and safety of defendants, third parties, and cooperating witnesses. Notably, the parties agree that a protective order should be entered in this case, but defendant GIRARDI has raised objections to paragraphs 3-4 and 6(f) in the government's proposed protective order. Defendant KAMON does not object to the proposed protective order.

As discussed below, defendant GIRARDI's objections should be overruled. The provisions to which defendant objects comport with the weight of authority in this district and are necessary to prevent disclosure of sensitive information, including information that, if released, could result in significant danger to individuals who have assisted the government. The government's proposed protective order is narrowly tailored to address these concerns, while still enabling defense counsel to meaningfully review the discovery in this case. For these reasons and those set forth below, the Court should enter the proposed protective order filed concurrently herewith without modification.

**II.  FACTUAL SUMMARY**

The government has already produced certain discovery to defendant, including investigation reports, medical records, law

2

firm documents, financial records, voice messages, and other electronic data. (Decl. of Scott Paetty ("Paetty Decl.") ¶ 2.) The government has additional discovery to produce, including: documents and files, both paper and electronic, including an email server, sensitive legal settlement materials, confidential business information, victim medical information, and personal identifying information of Girardi Keese clients and employees. (Id. ¶ 3.) These voluminous materials are currently being processed by an outside vendor to facilitate production to defendants in an accessible, organized electronic format. (Id.)

The government intends to produce these materials so that defense counsel can adequately evaluate the case, advise their client, and prepare for trial; however, because these materials feature sensitive and confidential medical records, PII, Privacy Act information, or otherwise contain information that could identify cooperating witnesses, the government sent defense counsel a proposed stipulation for a protective order. (Id. ¶ 4.) Counsel for defendant GIRARDI responded with various objections to the proposed protective order. (Id. ¶ 5.) As a result of meet and confer sessions, the government revised the proposed protective order to address GIRARDI's concerns and attempt to come to an agreement and also provided defendant GIRARDI with a copy of the protective order issued by this Court in United States v. Calvin, 22-CR-134-JLS, Dkt. 26 (the "Calvin Protective Order"), as a reference for a protective order issued by this Court after litigation by the United States Attorney's Office and the Federal Public Defender. (Id. ¶ 5.) The government's proposed protective order filed concurrently herewith ("Proposed Protective Order") is based substantially on the Calvin

3

Protective Order, modified to include reference to additional sensitive and confidential records that are present in the discovery in this case, including medical records.  (Id. ¶ 6.)  Counsel for defendant KAMON, informed the government via email that defendant KAMON has no objection to the Proposed Protective Order.  (Id. at ¶ 7.)  Ultimately, after additional meet and confer communications defendant GIRARDI maintained two objections to the Proposed Protective Order.  (Id. ¶ 8.)  In particular, defense counsel objects to the following two provisions:  (1) that the government seeks to protect medical records and other sensitive materials pursuant to the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306 (see Proposed Protective Order ¶¶ 3-4), on the grounds that those statutes only apply to public filings and not disclosure in discovery; and (2) that the government be permitted to redact PII from confidential information (see Proposed Protective Order ¶ 6(f)) on the grounds that such redaction is not needed because the such information is subject to the Proposed Protective Order.  (See Paetty Decl. ¶ 8.)

**III. LEGAL STANDARD**

"At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  Fed. R. Crim. P. 16(d)(1).  To determine whether a protective order is appropriate, courts may consider several factors, including the "safety of witnesses and others", as well as to prevent "witness intimidation" and "economic reprisals".  Fed. R. Crim. P. 16 advisory committee's note to 1966 amendment; see also United States v. Dent, No. SA CR 16-29(B)-CJC, 2017 WL 1025162, at *3 (C.D. Cal. Mar. 15, 2017.  Indeed, Rule 16's advisory committee notes expressly state

that a protective order mitigates an "undue risk of harm" due to public disclosure of sensitive material and further provides that although Rule 16 does not expressly define when a protective order should issue, "it is obvious that [a protective order] would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed." Fed. R. Crim. P. 16 advisory committee's note to 1974 amendment (citing Will v. United States, 389 U.S. 90 (1967).

### IV. ARGUMENT

The Court should enter the Proposed Protective Order without modification.  The provisions that defense counsel objects to are standard provisions that are necessary to protect either third parties' PII, information covered by the Privacy Act, including medical records, or highly sensitive information about cooperating witnesses.  Courts routinely enter protective orders with these provisions so that the government may comply with its discovery obligations and its obligations to protect witnesses and third-party information.  This Court should do the same.

    **A.    Paragraphs 3-4 -- The Privacy Act Requires Issuance of the Protective Order**

The government has an obligation to protect the personal information of individuals, including victims, witnesses, and third parties from public dissemination.  See, e.g., Privacy Act of 1974, 5 U.S.C. § 552a(b) (government cannot disclose any record containing personal information unless the relevant person provides consent or a limited set of exceptions apply); see also Crime Victims' Rights Act, 18 U.S.C. § 3771(a) (government has a duty to protect crime victims and ensure their privacy is protected); see also Attorney General

5

Guidelines for Victim and Witness Assistance at 47 (May 2012) ("Department personnel engaged in the investigation or prosecution of a crime shall respect victims' privacy and employ best efforts to protect victims' personal information"), available at https://www.justice.gov/sites/default/files/olp/docs/ag_guidelines2012.pdf; U.S. Dep't of Justice, Justice Manual § 141 (2018) ("The Privacy Act may be a direct bar to discovery under the Federal Rules of Civil and Criminal Procedure" unless an exception (including obtaining disclosure pursuant to a court order under 5 U.S.C. Sec. 552a(b)(11)) applies). Accordingly, the government cannot produce to defendant an unredacted set of discovery containing PII (including victim names and other identifying information) as well as medical information without a protective order.

    Defendant GIRARDI objects to references to the Privacy Act in paragraphs 3-4 of the proposed protective order on the grounds that Privacy Act applies only to public filings and does not apply to criminal discovery. Defendant GIRARDI provided no legal authority for that position, however. Indeed, the Ninth Circuit has held that disclosure pursuant to a court order issued under the Privacy Act (5 U.S.C. § 552a(b)(11)) was a proper means to ensure adequate protection of sensitive materials pursuant to a FOIA request in a criminal case. United States v. Brown, 562 F.2d 1144, 1152 (9th Cir. 1977). That same reasoning same holds true for purposes of discovery here. The Privacy Act's protections are there to ensure that sensitive information (including PII and medical information) is not publicly disseminated, regardless of whether that dissemination occurs in public filings or elsewhere.

### B. Paragraph 6(f) -- PII May Be Redacted from Confidential Information

Defendant objects to the last sentence in Paragraph 6(f), which allows the government to redact any PII contained in the confidential materials, including PII that might identify cooperating witnesses by name. Such a provision is standard and necessary for the safety of such witnesses and other third parties. Courts in this district routinely enter this identical provision in other cases to protect witnesses, including cooperators, and this provision should be maintained.

As stated above, the government has an ongoing obligation to protect third parties' PII. See, e.g., Privacy Act of 1974, 5 U.S.C. § 552a(b) (government cannot disclose any record containing personal information unless the relevant person provides consent or a limited set of exceptions apply). Moreover, the government also has an obligation to protect the identity of cooperators, and holds a limited privilege to conceal the identity of cooperating witnesses. See Roviaro v. United States, 353 U.S. 53, 58-62 (1957). The privilege is informed by long-standing concerns regarding the safety of cooperators: "[i]t is no secret that informers whose identities are revealed prior to trial are often 'among the missing' when the trial date finally arrives." United States v. Hernandez, 608 F.2d 741, 745 (9th Cir. 1979). The government must be able to protect cooperating witnesses from danger and from unnecessary publicity in order to convince them to provide information, and Rule 16 provides that protective orders may be issued for this very purpose. See Fed. R. Crim. P. 16 advisory committee's note to 1966 amendment (providing that "safety of witnesses and others" and "particular danger of []

witness intimidation" should be considered in restricting discovery).

Accordingly, the government often will attempt to minimize the production of identifying information (consistent with its discovery obligations) to provide extra protection against dissemination of this information. Thus, consistent with numerous other protective orders entered by courts in this district, the Proposed Protective Order permits the government to redact PII contained in protected materials. See, e.g., United States v. Vidana-Zavala, No. CR 22-CR-135-SVW, Dkt. 34 (C.D. Cal. May 31, 2022); United States v. Budamala, No. CR 22-CR-77-ODW, Dkt. 27 (C.D. Cal. April 14, 2022); United States v. Alvarado, No. CR 20-CR-155-JFW, Dkt. 71 (C.D. Cal. March 14, 2022); United States v. Barajas, No. CR 21-CR-94-FLA, Dkt. 38 (C.D. Cal. November 15, 2021), and, notably, in the Calvin Protective Order issued by this Court (see Calvin Protective Order ¶ 6(e)).

The government will continue to abide by its discovery obligations, including by producing investigation reports and documents related to any cooperating witnesses' interactions with the defendants. Counsel for defendant GIRARDI has not articulated why such information is not sufficient at this stage to effectively represent their client, especially considering the delay in the proceedings due to the pending competency evaluation of defendant GIRARDI.

For these and the other reasons listed above, the provision allowing for the redaction of PII should be maintained. The discovery in this case includes sensitive and confidential PII, medical information, and information related to cooperating witnesses who participated in the government's investigation and may testify at trial. This information is protected by the Privacy Act and the

government should be allowed to redact that information from discovery produced to defendants.  The government therefore asks this Court to include Paragraphs 3-4 and 6(f) of the Proposed Protective Order without modification.

## V.    CONCLUSION

The government respectfully requests that this Court grant the government's ex parte application and enter the Proposed Protective Order attached hereto.

```
 Dated: March 13, 2023             Respectfully submitted,

                                   E. MARTIN ESTRADA
                                   United States Attorney

                                   MACK E. JENKINS
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                        /s/
                                   SCOTT PAETTY
                                   ALI MOGHADDAS
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA
```

9

**DECLARATION OF SCOTT PAETTY**

I, SCOTT PAETTY, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am one of the attorneys assigned to represent the government in this case.

2. To date, the government has produced certain discovery to defendant, including investigation reports, medical records, law firm documents, financial records, voice messages, and other electronic data.

3. The government is also in possession of, but has not yet produced, additional information, including: documents and files, both paper and electronic, including an email server, sensitive legal settlement materials, confidential business information, victim medical information, and personal identifying information of Girardi Keese clients and employees. These voluminous materials are currently being processed by an outside vendor to facilitate production to defendants in an accessible, organized electronic format.

4. Because these discovery materials feature sensitive and confidential medical records, PII, Privacy Act information, or otherwise contain information that could identify cooperating witnesses, the government emailed counsel for defendants GIRARDI and KAMON a proposed stipulation for a protective order to facilitate production of the sensitive discovery mentioned above.

5. Counsel for defendant GIRARDI responded by email with various objections to stipulation for a protective order. The government then revised the proposed protective order to address many

of defendant GIRARDI's concerns and emailed defendant GIRARDI a copy of the protective order issued by this Court in United States v. Calvin, 22-CR-134-JLS, Dkt. 26, as a reference for a protective order issued by this Court after litigation by the United States Attorney's Office and the Federal Public Defender.

6. The government's proposed protective order filed concurrently herewith ("Proposed Protective Order") is based substantially on the protective order issued by this Court in United States v. Calvin, 22-CR-134-JLS, modified to include reference to additional sensitive and confidential records that are present in the discovery in this case, including medical records.

7. The government received an email from Jack P. DiCanio, counsel for defendant KAMON, who stated that he has no objection to the Proposed Protective Order.

8. After continued meet and confer calls and email exchanges, defendant GIRARDI maintained two objections to the Proposed Protective Order. In particular, counsel objects to the following two provisions: (a) that the government seeks to protect medical records and other sensitive materials pursuant to the Privacy Act, 5 U.S.C. § 552a; provisions of 45 C.F.R. §§ 164.102-164.534; and/or provisions of 42 U.S.C. § 1306 (see Proposed Protective Order ¶¶ 3-4), on the grounds that those statutes only apply to public filings and not disclosure in discovery; and (b) that the government be permitted to redact PII from confidential information (see Proposed Protective Order ¶ 6(f)) on the grounds that such redaction is not needed because the such information is subject to the Proposed Protective Order.

9. The parties have thus reached an impasse on these specific provisions of the protective order. The government has applied ex parte for this protective order to ensure that the defense has adequate time to review the protected material in this case before trial. Defense counsel for defendant GIRARDI informed me via email that they intend to file a response to this application by March 17, 2023. The government intends to file a reply by March 20, 2023. The parties request that a hearing, if necessary, be scheduled on March 24, 2023.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed in Los Angeles, California, on March 13, 2023.

_____
SCOTT PAETTY