1  VANESSA L. HOLTON (111613)
General Counsel

2  ROBERT G. RETANA (148677)
Deputy General Counsel

3  JAMES J. CHANG (287008)
Assistant General Counsel

4  OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA

5  180 Howard Street
San Francisco, CA 94105-1639

6  Tel: (415) 538-2381

7  Fax: (415) 538-2321
Email: james.chang@calbar.ca.gov

8

9  Attorneys for Interested Party
State Bar of California

10

**Exempt from Filing Fees Pursuant to**

11  **Government Code Section 6103**

12

SUPERIOR COURT OF THE STATE OF CALIFORNIA

13

COUNTY OF LOS ANGELES

14

15  |  | Case No.   21STPB00413 |

16  | CONSERVATORSHIP OF THOMAS V. GIRARDI | **VERIFIED OBJECTION OF INTERESTED PARTY STATE BAR OF CALIFORNIA TO PETITION FOR TEMPORARY CONSERVATORSHIP OF PERSON AND ESTATE; DECLARATION OF MELANIE J. LAWRENCE; REQUEST FOR EVIDENTIARY HEARING AND NEUTRAL MEDICAL EVALUATION** |
17
18
19
20

| | Date:        March 15, 2021 |
| | Time:        1:30 p.m. |
| | Dept:        67 |
| | Judge:       Hon. Daniel Juarez |

21
22
23

24         Interested Party State Bar of California ("State Bar") respectfully submits this "Verified

25  Objection of Interested Party State Bar of California to Petition for Temporary Conservatorship

26  of Person and Estate; Declaration of Melanie J. Lawrence; Request for Evidentiary Hearing and

27  Neutral Medical Evaluation" and alleges as follows:

28

---

Verified Objection of State Bar of California to Petition for Conservatorship        CASE NO. 21STPB00413

1  **I.  INTRODUCTION**

2      The State Bar hereby objects to the Petition for Temporary Conservatorship of Person

3  and Estate ("Petition") and respectfully asks the Court to order further inquiry, order a neutral

4  medical examination, and set an evidentiary hearing, for the reasons set forth herein.

5      Temporary Conservator's Petition was filed under highly unusual circumstances.  It

6  comes only after proposed conservatee Thomas V. Girardi ("Girardi") became enmeshed in

7  mounting legal troubles and as he is facing imminent State Bar discipline.  Although the Petition

8  alleges that Girardi suffers from dementia and is unable to care for himself, as recently as

9  November 2020—two months before the Petition was filed—Girardi was holding himself out as

10  a legal expert and moderated a legal education panel discussion with leading trial attorneys and

11  presented on complex litigation strategy.  These facts, as detailed in the Declaration of State Bar

12  Interim Chief Trial Counsel Melanie J. Lawrence ("Lawrence Decl."), filed herewith, belie

13  allegations that Girardi is now incapable of caring for himself such that a conservator must be

14  appointed.  The evidentiary record in this proceeding is sparse, as the Capacity Declaration filed

15  in support of the Petition is materially incomplete and does not provide the Court with the

16  information required to decide the Petition.

17      Serious and inequitable consequences will result from granting the Petition based on the

18  current record.  If the Court proceeds to grant the Petition, it will impede the ability of the State

19  Bar to prosecute Girardi for alleged serious violations of the Rules of Professional Conduct and

20  the State Bar Act, and undermine the State Bar's ability to protect the public and preserve

21  confidence in the integrity of the legal profession.

22      In light of the unusual circumstances of this Petition and its potential impact to the State

23  Bar's public protection mission, the State Bar respectfully requests that the Court allow a fuller

24  record to be developed before deciding the Petition, order Girardi to be examined by an

25  independent expert, and set an evidentiary hearing.

26  ///

27  ///

28  ///

1

Verified Objection of State Bar of California to Petition for Conservatorship        Case No. 21STPB00413

1

2

## II. THE STATE BAR'S INTEREST IN PROTECTION OF THE PUBLIC AND PRESERVATION OF CONFIDENCE IN THE INTEGRITY OF THE LEGAL PROFESSION

3

### A.    The State Bar Prosecutes Attorney Misconduct to Protect the Public

4

The State Bar is the administrative arm of the California Supreme Court for attorney

5    admissions and discipline.  Cal. Const. Art. VI, §9; *In re Rose*, 22 Cal. 4th 430, 438 (2000).  The

6    State Bar's paramount statutory mission is to protect the public.  Bus. & Prof. Code §6001.1.

7    The Office of Chief Trial Counsel of the State Bar ("OCTC") prosecutes attorneys for alleged

8    violations of the Rules of Professional Conduct and the State Bar Act.  Bus. & Prof. Code §

9    6079.4.  OCTC prosecutes attorneys to "fulfill the primary purposes of discipline, which includes

10   protection of the public, the courts and the legal profession; maintenance of the highest

11   professional standards; and preservation of public confidence in the legal profession."  Standard

12   1.1 of the Standards for Attorney Sanctions for Professional Misconduct.  Following hearing, the

13   State Bar Court may recommend to the California Supreme Court that an attorney be suspended

14   or disbarred.  Bus. & Prof. Code § 6078.  The State Bar, as a state agency, is an "interested

15   person" with standing to object to this Petition. Probate Code §§ 1424 and 1829 (d).

16

### B.    The State Bar's Imminent Charges Against Girardi Allege Misappropriation of Client Funds

17

18   OCTC is poised to file disciplinary charges against Girardi alleging that he has willfully

19   misappropriated client funds and refused to obey a court order.  Lawrence Decl., ¶ 6.[1]  Girardi

20   has not asserted that he lacks capacity to participate in the State Bar proceeding.  Lawrence

21   Decl., ¶ 8.  In fact, even after this Court issued a limited temporary conservatorship on February

22   2, 2021, Girardi continued to participate in the State Bar investigation, including on March 5,

23   2021, when, through counsel, Girardi requested to participate in a pre-filing settlement

24   conference before a State Bar Court judge.  Lawrence Decl., ¶ 7.

25

26

27   _____

[1] This disclosure is made by the Chief Trial Counsel in the interests of public protection pursuant
28   to Bus. & Prof. Code § 6086.1(b)(2).   Mr. Girardi is entitled to a fair hearing in the State Bar
Court.

Verified Objection of State Bar of California to Petition for Conservatorship          Case No. 21STPB00413

1    The State Bar has valid reason for concern that this conservatorship proceeding may

2  interfere with the State Bar discipline process, as State Bar rules prevent a disciplinary matter

3  from proceeding against a person judicially declared to be mentally incompetent.  Rule 5.51 of

4  the Rules of Procedure of the State Bar of California.  Given the legitimate questions regarding

5  the veracity of the Petition and the serious consequences that would result from an inaccurate

6  finding, further inquiry by this Court is necessary.

7  **III.  GOOD CAUSE EXISTS FOR THE COURT TO FURTHER INQUIRE INTO THE UNUSUAL CIRCUMSTANCES OF THIS PETITION**

8

9    The unusual timing and circumstances of the Petition also call for further inquiry before

10  deciding whether petitioner has established by clear and convincing evidence that a

11  conservatorship of Girardi is warranted.[2]  There are facts not yet before the Court that are

12  relevant to the capacity determination.

13    Shortly before this conservatorship Petition was filed, Girardi continued to make

14  prominent public appearances at which he spoke at length on complex legal matters.  Lawrence

15  Decl., ¶ 9.  For example, on October 6, 2020, Girardi gave a one-hour interview regarding trial

16  strategy during which he spoke in detail regarding several trials he had litigated.  Lawrence

17  Decl., ¶ 10.  On November 21, 2020, Girardi moderated a 1.5-hour long MCLE panel discussion

18  sponsored by the Consumer Attorneys of California during which Girardi delivered advice

19  regarding how to conduct a jury trial and engaged conversantly with the four other attorney

20  panelists.  Lawrence Decl., ¶ 11.

21    Despite these recent examples of Mr. Girardi's ready ability to engage in discussions of

22  complex legal issues, the instant Petition (claiming that Girardi is unable to care for himself and

23  unable to manage his financial resources) was filed only after Girardi's legal troubles began to

24  mount.

25

26  [2] Probate Code § 1801(e) ("The standard of proof for the appointment of a conservator pursuant to this section shall be clear and convincing evidence."); *Conservatorship of O.B.*, 9 Cal. 5th

27  989, 998 n.2 (2020) ("The clear and convincing standard also has been described as requiring

28  that the evidence be so clear as to leave no substantial doubt; sufficiently strong to command the unhesitating assent of every reasonable mind.") (citations and quotations omitted).

3

1       On December 10, 2020, OCTC sent a letter to Girardi informing him that he that was

2   under investigation and requesting a response.  Lawrence Decl., ¶ 4.

3       On December 14, 2020, a United States District Court entered a $2 million judgment

4   against Girardi and ordered his assets frozen.  *In re: Lion Air Flight JT 610 Crash*, N.D. Ill. Case

5   No. 1:18-cv-07686, Dkt. 848.

6       On December 15, 2020, Los Angeles County Superior Court Judge Holly Fujie issued an

7   Order to Show Cause why Girardi "should not be reported to the California State Bar for

8   misconduct and violation of the Rules of Professional Conduct for withholding settlement funds

9   from Plaintiffs that were required to be maintained in Girardi & Keese's Client Trust Fund

10  account and distributed in a timely manner to Plaintiffs," and on January 4, 2021, Judge Fujie

11  stated that she would report Girardi to the State Bar.  *Ruigomez et al. v. Girardi et al.*, Los

12  Angeles County Superior Court Case No. 19STCV22296 (Dec. 15, 2020 OSC and Jan. 4, 2021

13  Minute Order).

14      On January 15, 2021, the State Bar sent a letter to Girardi informing him that it had

15  received and complied with an investigation request by the United States Bankruptcy Trustee for

16  Girardi's client trust account records.  Lawrence Decl., ¶ 5.

17      Just days later, on January 19, 2021, the instant Petition was filed.

18      These surrounding facts and circumstances should at least be examined more closely

19  before the Court determines the veracity of the Petition.

20  **IV.   THE CAPACITY DELCARATION OF DR. NATHAN LAVID IS MATERIALLY**
        **INCOMPLETE AND LACKS NECESSARY INFORMATION**
21

22      Notably, the Capacity Declaration by Dr. Nathan Lavid is materially incomplete.

23  Although Dr. Lavid purports to state that Girardi has a major neurocognitive disorder, he has not

24  submitted Form GC335A as required under these circumstances.  *See* Capacity Declaration, page

25  1, Item C (requiring an attached signed Form GC-335A when the declarant has opined that the

26  proposed conservatee "has a major neurocognitive disorder (such as dementia)"); page 3, Items

27  D-F (opining that Girardi suffers dementia and Alzheimer's Disease).  Another material

28  omission in Dr. Lavid's declaration is the failure to state facts in support of the assertion that

4

1    Girardi is purportedly unable to attend the court hearing—at page 1, Item 5(b)(4), Dr. Lavid

2    checked the box to indicate that additional facts would be provided in Attachment 5, yet did not

3    submit that Attachment.  And Dr. Lavid did not answer the question at page 1, Item 4(b), asking

4    whether Dr. Lavid is currently providing Girardi with treatment and care.

5           Additionally, Dr. Lavid's minimal declaration lacks necessary information.  The

6    declaration does not demonstrate historical familiarity of any evidence of decline in the proposed

7    conservatee or of any recent event that might suggest or cause a sudden, rapid change of

8    Girardi's capacities warranting imposition of a conservatorship.  And, Dr. Lavid's declaration

9    does not state that Girardi has been prescribed medications commonly used for treatment of

10   profound dementia and Alzheimer's disease such as Aricept, Namenda or the like.[3]

11          Because Dr. Lavid has failed to properly complete the Capacity Declaration and failed to

12   provide necessary information, the Court is regrettably left with insufficient evidence to decide

13   the Petition.  Furthermore, Girardi's purported inability to be physically present at the hearing

14   makes it impossible for the Court to make its own inquiry.  That is why this matter must remain

15   open so that the record may be further developed.

16   **V.   THE COURT SHOULD ORDER A NEUTRAL MEDICAL EVALUATION AND**
     **EVIDENTIARY HEARING, AND SHOULD DEFER RULING ON THE PETITION**
17   **FOR TEMPORARY CONSERVATORSHIP**

18          In light of the unique circumstances surrounding this Petition, the sparse and incomplete

19   Capacity Declaration, and the objections filed herein by the State Bar, the State Bar respectfully

20   asks that the Court:

21      (1) Defer consideration of the full temporary Petition for conservatorship to a future date,

22          and extend only the temporary conservatorship with limited authority currently in place

23          pending that future hearing;

24

25

26   ────────────────

27   [3] Information regarding medications recommended to treat the proposed conservatee for
     treatment of major neurocognitive disorders is required to be provided at Question 9 of Form
28   GC-335A, but this information is not in the record due to Dr. Lavid's failure to submit that
     required form.

1    (2) Order an independent evaluation of Girardi by Dr. Stacey Wood of Scripps College,

2        Claremont, California, or another equally qualified expert selected by the Court, pursuant

3        to Evidence Code section 730, and order that Girardi cooperate with such evaluation; and

4    (3) Set a future evidentiary hearing.[4]

5

6    Dated:  March 12, 2021                    Respectfully submitted,
                                               OFFICE OF GENERAL COUNSEL
7                                              THE STATE BAR OF CALIFORNIA

8                                              By:____/s/ *James J. Chang*_____
                                                   JAMES J. CHANG
9                                                  Attorneys for Interested Party
                                                   THE STATE BAR OF CALIFORNIA
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
_____

28
[4] *See, e.g., Estate of Bennett*, 163 Cal.App.4th 1303, 1308-1310 (2008) (probate court committed reversible error in denying request for evidentiary hearing to resolve contested factual claims).

6

**VERIFICATION**

I, State Bar of California Interim Chief Trial Counsel Melanie J. Lawrence, am the Objector in the above-entitled proceeding. I have read the entire Objection above and know the contents of it to be true of my own personal knowledge, except as to those matters which are stated on information and belief, and as to those matters, I am informed and believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: March 12, 2021 at Los Angeles, California

_Signature of Objector_

1        **<u>DECLARATION OF MELANIE J. LAWRENCE</u>**

2    I, Melanie J. Lawrence, hereby declare:

3    1.  I am an attorney licensed to practice before all courts of the State of California.  I am Interim

4        Chief Trial Counsel of The State Bar of California ("State Bar").  I am the Objector to the

5        Petition for Temporary Conservatorship of Thomas V. Girardi.

6    2.  The facts stated in this declaration are true of my own personal knowledge, except as to any

7        matters stated on information and belief, and as to those matters, I am informed and believe

8        them to be true. If called as a witness in this matter, I could and would competently testify to

9        the matters set forth below.

10   3.  As Interim Chief Trial Counsel, I am the head of the Office of Chief Trial Counsel

11       ("OCTC") and in that capacity I direct and supervise investigations and prosecutions of

12       California-licensed attorneys for alleged violations of the Rules of Professional Conduct and

13       the State Bar Act.

14   4.  I am informed and believe that on December 10, 2020, pursuant to Rule 2409 of the Rules of

15       Procedure of the State Bar of California, OCTC sent a letter to Mr. Girardi informing him

16       that he was under investigation, stating the allegations, and requesting that he provide a

17       written response.

18   5.  I am informed and believe that on January 15, 2021, pursuant to Rule 2302 of the Rules of

19       Procedure of the State Bar of California, OCTC sent a letter to Mr. Girardi informing him

20       that it had received and complied with an investigation request by the United States

21       Bankruptcy Trustee for Mr. Girardi's client trust account records.

22   6.  Pursuant to Business and Professions Code § 6086.1(b)(2), in the interests of public

23       protection and without prejudice to the respondent's right to a fair hearing in State Bar Court,

24       I hereby inform the Court that the Office of Chief Trial Counsel of the State Bar of California

25       ("OCTC") has prepared a draft Notice of Disciplinary Charges alleging that Thomas V.

26       Girardi, State Bar No. 36603, is culpable of misconduct relating to substantial

27       misappropriation of client funds and failure to obey a court order.

28

---

7.  I am informed and believe that on March 5, 2021, OCTC notified Mr. Girardi's discipline defense counsel of OCTC's intent to file disciplinary charges and informed Mr. Girardi of his right to seek a pre-filing settlement conference pursuant to Rule 5.30 of the Rules of Procedure of the State Bar of California, at which a State Bar Court judge gives the parties an oral evaluation of the facts and charges and allows the parties to attempt a resolution.  I am informed and believe that on the same day, Mr. Girardi's defense counsel replied and requested the pre-filing settlement conference.

8.  I am informed and believe that at no time during OCTC's investigation has Mr. Girardi, either personally or through counsel, stated that he lacks capacity to participate and defend himself in the State Bar proceeding.

9.  I am informed and believe that in the months preceding the filing of this conservatorship Petition, Mr. Girardi continued to make prominent public appearances at which he spoke at length on complex legal matters, as described below.

10. I am informed and believe that on October 6, 2020, Mr. Girardi gave a one-hour interview regarding trial strategy during which he spoke in great detail regarding several trials he had litigated.  I am informed and believe that an OCTC investigator confirmed Mr. Girardi's participation and that the interview took place on October 6, 2020 (the video was posted online on October 24, 2020).  The video of this interview is available publicly at https://www.youtube.com/watch?v=nluZO-BCiFQ.

11. I am informed and believe that on November 21, 2020, Mr. Girardi moderated a 1.5-hour long continuing legal education panel discussion sponsored by the Consumer Attorneys of California, during which Girardi delivered advice regarding how to conduct a jury trial and engaged conversantly with the four other attorney panelists.  The State Bar has obtained the video of this presentation and can provide it to the Court upon request.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on March 12, 2021, at Los Angeles, California.

_____
MELANIE J. LAWRENCE

**PROOF OF SERVICE**

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On March 12, 2021, I served the foregoing document described as:

**VERIFIED OBJECTION OF INTERESTED PARTY STATE BAR OF CALIFORNIA TO PETITION FOR TEMPORARY CONSERVATORSHIP OF PERSON AND ESTATE; DECLARATION OF MELANIE J. LAWRENCE; REQUEST FOR EVIDENTIARY HEARING AND NEUTRAL MEDICAL EVALUATION**

on the below-listed interested parties in this action via the following means:

Nicholas James Van Brunt
Sheppard Mullin Richter & Hampton LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles CA 90067
nvanbrunt@sheppardmullin.com
*Counsel for Petitioner/Temporary Conservator Robert J. Girardi*
Via email pursuant to Emergency Rule 12 of
the California Rules of Court

R.M. Anthony Cosio
Law Office of R.M. Anthony Cosio
520 Redondo Avenue
Long Beach, CA 90814-1572
acosio@lawrmac.com and
admin@lawrmac.com
*Court-Appointed Counsel for Thomas V. Girardi*
Via email pursuant to Emergency Rule 12 of
the California Rules of Court

Robert J. Girardi
3662 Aquarius Drive
Huntington Beach, CA 92649
*Petitioner/Temporary Conservator*
Via U.S. Mail

Thomas V. Girardi
100 Los Altos Dr.
Pasadena, CA 91105
*Proposed Conservatee*
Via U.S. Mail

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on March 12, 2021.

_____
/s/ *Joan Randolph*
Joan Randolph

Proof of Service                                                                CASE NO. 21STPB00413