CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CRAIG A. HARBAUGH (Bar. No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
GEORGINA WAKEFIELD (Bar. No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
J. ALEJANDRO BARRIENTOS (Bar. No. 346676)
(E-Mail: Alejandro_Barrientos@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-7568
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS VINCENT GIRARDI,<br><br>Defendant. | Case No. 2:23-cr-00047-JLS-1<br><br>**THOMAS V. GIRARDI'S OPPOSITION TO THE GOVERNMENT'S *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND COOPERATING WITNESS INFORMATION; DECLARATION OF DEFENSE COUNSEL** |

//
//
//
//
//
//

Thomas V. Girardi, by counsel, Deputy Federal Public Defenders, Craig A. Harbaugh, Georgina Wakefield and J. Alejandro Barrientos, hereby submits this opposition to the Government's *ex parte* application for a protective order regarding discovery containing personal identifying information, medical information, Privacy Act information, and cooperating witness information, ECF. No. 44.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: March 17, 2023      By: /s/ *J. Alejandro Barrientos*
CRAIG A. HARBAUGH
GEORGINA WAKEFIELD
J. ALEJANDRO BARRIENTOS
Deputy Federal Public Defenders
Attorneys for Thomas V. Girardi

# OPPOSITION TO THE GOVERNMENT'S *EX PARTE* APPLICATION FOR A PROTECTIVE ORDER

## ARGUMENT

Mr. Thomas V. Girardi does not object to the imposition of a protective order generally, but he does object to the following provisions of the Government's proposed protective order, ECF No. 44-1, because the Government has failed to establish "good cause" for such provisions under Fed. R. Crim. P. 16(d)(1).

## I. PARAGRAPH 2: THE GOVERNMENT HAS NOT OFFERED ANY INFORMATION TO SUPPORT ITS CLAIM THAT A PROTECTIVE ORDER IS NECESSARY TO PROTECT COOPERATING WITNESSES.

The Government claims in paragraph 2 that the unauthorized dissemination of certain information may expose cooperating witnesses to "potential safety risks." But as explained below, *see infra* Section III, the Government has not provided any information substantiating that claim. The defense therefore proposes that the Court strike paragraph 2 or replace it with the following alternative language following:

> The Government intends to produce the defense materials regarding witnesses who participated in the Government's investigation and may testify at trial. Without having reviewed any materials relating to such individuals at this stage, the defense is willing to accept the Government's good faith representations that these individuals qualify as cooperating witnesses. Nevertheless, the defense reserves the right to seek full disclosure of the witness identities and modification of the protective order at any time pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957).

3

## II. PARAGRAPH 3: THE GOVERNMENT ASKS THE COURT TO ENDORSE UNSUPPORTED AND PLAINLY INCORRECT STATEMENTS.

In the latter half of paragraph 3, the Government incorrectly claims: (i) that it cannot produce unredacted discovery without a court order, and (ii) "strict compliance" with Rule 49.1, the local rules regarding redaction, and the Privacy Policy of the United States Judicial Conference require it to redact certain discovery that it produces in this case. The Court should not endorse such unsupported and plainly incorrect statements. It should therefore strike the latter half of paragraph 3 in its entirety.[1]

***First.*** The Government claims it cannot produce unredacted discovery without a protective order. This assertion is undone by the Government's own admission that it "has already produced certain discovery to defendants that contains the above referenced sensitive information." ECF No. 44, at 4. It is further undone by the Government's total failure to explain why any particular statute, rule, or regulation prohibits the unredacted production of any particular discovery.

***Second***. The Government additionally asks the Court to endorse the plainly incorrect assertion that certain rules and regulations require it to redact discovery.

The Government first cites Fed. R. Crim. Rule 49.1, which is titled "Privacy Protection For Filings Made with the Court," and does not govern discovery in any manner or even mention the term "discovery." Rather, as its title suggests, the rule only governs public filings made with a court.

The Government next relies on the Local Criminal Rules, but they further demonstrate the absurdity of the Government's assertions. Those rules merely implement Fed. R. Crim. P. 49.1 by requiring attorneys to redact certain public filings. *See, e.g.*, L. Cr. R. 49-1.3.2(a) ("It is the responsibility of the filer to ensure full compliance with

---

[1] Specifically, the Court should strike everything after the third sentence of paragraph 3.

4

the redaction requirements of Federal Rule of Criminal Procedure 49.1 and L.Cr.R. 49.1-1"). But such requirements do not extend to discovery. To the contrary, under Local Criminal Rule 49.1-2, various documents are "excluded from the redaction requirements of F. R. Crim. P. 49.1 and L. Cr. R. 49.1-1," because they "are not to be included in the public case file." Obviously, the Government does not provide discovery by filing it with the Court. Discovery is therefore "excluded from the redaction requirements of F. R. Crim. P. 49.1 and L. Cr. R. 49.1-1." *Id*.

Finally, the Government's reliance on the Privacy Policy of the United States Judicial Conference is similarly misplaced. That policy does not govern discovery at all. Indeed, the Government fails to mention that the policy's full title is "Privacy Policy for Electronic Case Files." The Judicial Conference of the U.S., *Privacy Policy for Electronic Case Files* (last visited March 17, 2023).[2] The policy dictates that certain documents in criminal cases (*e.g.*, financial affidavits) should not be included in public case files. But, as with Fed. R. Crim. P. 49.1 and the Local Rules, it does not require redaction of discovery.

### III. PARAGRAPH 6(f): THE GOVERNMENT FAILS TO SHOW GOOD CAUSE FOR THE UNLIMITED AUTHORITY TO REDACT ANY PERSONAL IDENTIFYING INFORMATION.

Despite claiming that its proposed protective order is "narrowly tailored," ECF No. 44, at 4, the Government asks the Court to grant it unlimited authority to "redact ***any*** [Personal Identifying Information] contained in the production of Confidential Information," ECF No. 44-1, at ¶6(f) (emphasis added). On its face, this proposed provision is not subject to the discovery requirements of Federal Rule of Criminal Procedure 16. the Jencks Act, 18 U.S.C. § 3500, or the Supreme Court's

---

[2] *Available at* https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files.

decisions in *Brady v. Maryland*[3] or *Giglio v. United States*.[4] Nor is it tailored to the narrow—but factually unsupported—justification offered by the Government, namely the supposed need to protect cooperating witnesses from 83-year-old Thomas Girardi and the incarcerated ex-law firm CFO Christopher Kamon. For the following reasons, the Court should (i) strike the redaction provision in its entirety, or (ii) limit the Government's authority to redact PII such that it comports with the Government's discovery obligations.[5]

**Failure to Show Privilege Applies.** The Government attempts to justify the redaction provision by citing its "limited privilege" to withhold the identity of cooperating witnesses and the related Supreme Court's decision in *Roviaro v. United States*.[6] ECF No. 44, at 9. But the Government neglects to explain two important limitations on that privilege, or to provide the Court with any factual support for its claim that the privilege applies.

First, "once the identity of the informer has been disclosed to those who would have cause to resent the communication, the privilege is no longer applicable." *Roviaro*, 353 U.S. at 60. The Government fails to provide any factual support that the privilege applies to any particular person. This failure contrasts with the Government's cited case of *United States v. Hernandez*[7]—where the prosecution submitted an affidavit that "detailed the existence of threats against [an informant] and his family." *See id.*, at 745-46 ("While an evidentiary hearing might be the better practice, we will not hold here that it was reversible error for the District Court to have based its determination upon the

---

[3] 373 U.S. 83 (1963).

[4] 405 U.S. 150 (1972).

[5] For example, the Court could impose a provision stating, "The government may also redact any PII contained in the production of Confidential Information as long as the PII is not discoverable under any applicable rule, statute, or constitutional provision, including Federal Rule of Criminal Procedure 16; the Jencks Act, 18 U.S.C. § 3500; and the Supreme Court's decisions in Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), and their progeny."

[6] 353 U.S. 53 (1957).

[7] 608 F.2d 741 (9th Cir. 1979).

sworn affidavit before it."). Here, the Court should require the Government to demonstrate the limited privilege applies, as certain witnesses or potential witnesses have already made high-profile and public statements about the underlying facts of this case and have therefore waived any right to have their identity withheld. *See, e.g.*, *The Housewife and the Hustler*, ABC News (June 14, 2021). Moreover, it is hard to imagine what danger could be posed by Mr. Girardi—an 83-year-old man under a conservatorship—or his co-defendant Christopher Kamon, who is a former law firm CFO in federal custody.

Second, "[w]here the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60. The Government does not dispute that the PII it seeks to redact is discoverable under *Brady* or other authorities governing discovery. Nor does it provide any reasonable timeline to disclose such PII. And even its cited cases do not permit the indefinite withholding of such information. *See, e.g.*, *Roviaro*, 353 U.S. at 65 ("[T]he trial court committed prejudicial error in permitting the Government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure."). The Court should not permit the Government to withhold discovery that is indisputably discoverable, especially where other provisions of the proposed protective order will protect against disclosures.

**Overreaching Interpretations of Law.** Beyond its failure to establish that any privilege applies, the Government relies on overreaching interpretations of the law. The Court should reject them.

First, the Government claims this Court's decision in *United States v. Calvin* should settle the redaction issue. But the defense in *Calvin* did not contest the redaction provision of the proposed protective order in that case. *See United States v. Calvin*, 22-CR-134-JLS, ECF No. 24 (defense contesting three different proposed provisions relating to (i) whether certain members of the defense team could review discovery with witnesses, (ii) whether witnesses should be required to provide written consent to the

protective order, and (iii) whether the defense could keep certain discovery after the conclusion of the case). Thus, *Calvin* does not address the redaction issue, much less decide it.

Second, the Government cites the Privacy Act, 5 U.S.C. § 552a(b). But it makes no effort to show that the PII it plans to redact is subject to the non-disclosure provisions of the Privacy Act, *i.e.*, whether the PII is contained in a "system of records" under 5 U.S.C. §§ 552a(a)(5) and (b). On a more fundamental level, the Privacy Act simply does not require an order permitting the Government to redact any PII. It instead permits the disclosure of otherwise protected information "pursuant to the order of a court of competent jurisdiction"—without requiring or even suggesting that the order include any specific terms, much less the terms proposed by the Government in this matter. 5 U.S.C. § 552a(b)(11).

## IV. PARAGRAPH 6(p): THE GOVERNMENT'S PROPOSAL REGARDING PUBLIC FILINGS IS UNNECESSARY AND WILL GENERATE NEEDLESS LITIGATION.

In paragraph 6(p), the Government reasonably proposes that the parties be required to seek to file under seal any filings containing discovery designated as "Confidential Information." The defense does not object to this requirement. But the Government goes a step too far in the last sentence of paragraph 6(p) by requiring the parties to submit filings that redact "any CW Materials, PII Materials, or Medical Materials" even if (i) the Court denies a request to submit such a filing under seal and (ii) the non-filing party has no objection to the filing. This provision is unnecessary and will likely generate needless litigation. The parties are already required to redact certain PII in public filings under Fed. R. Crim. P. 49.1 and Local Criminal Rule 49-1.3. Moreover, once the Court denies an application to submit a filing under seal, it has already determined that there is no reason the filing should not be public. A provision requiring redaction despite such a finding, would likely push the filing party to seek a modification of the protective order so it can ensure the Court has all information necessary to adjudicate the relevant issues.

8

The Court should avoid such needless litigation. If the Court denies an application to file under seal, the filing party should simply move forward in accordance with the Court's denial of its application and the rules governing public filings. The Court should therefore strike the last sentence of paragraph 6(p) in its entirety.

## CONCLUSION

For the stated reasons, Mr. Girardi objects to above-described provisions of the Government's proposed protective order. The Court should strike them in their entirety or, alternatively, amend them as described above.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: March 17, 2023         By:  /s/ J. Alejandro Barrientos
                              CRAIG A. HARBAUGH
                              GEORGINA WAKEFIELD
                              J. ALEJANDRO BARRIENTOS
                              Deputy Federal Public Defenders
                              Attorneys for Thomas V. Girardi

**DECLARATION OF DEFENSE COUNSEL**

I, Craig Harbaugh, declare as follows:

1. I am a Deputy Federal Public Defender appointed to represent Mr. Thomas V. Girardi in the above-captioned case.

2. I conferred with AUSAs Scott Paetty and Ali Moghaddas regarding the Government's proposed protective order in the above-captioned case.

3. While conferring, I objected to certain provisions of the proposed protective order, including by stating, *inter alia*, following:

> We propose the following changes:
>
> p. 2. , para. 2: replace with the following. "The government intends to produce the defense materials regarding witnesses who participated in the government's investigation and may testify at trial. Without having reviewed any materials relating to such individuals at this stage, the defense is willing to accept the Government's good faith representations that these individuals qualify as cooperating witnesses. Nevertheless, the defense reserves the right to seek full disclosure of the witness identities and modification of the protective order at any time pursuant to Roviaro v. U.S, 353 U.S. 53 (1957).
>
> p. 2, para. 3: delete "A protective order is necessary because" capitalize "T" and continue with the first sentence ending in "defendant's medical information." Delete the remainder of the paragraph as it is inaccurate statement of the law, as those statutes only apply to public filings and not disclosure in discovery.
>
> . . .

p. 5, Para. 7 (a). modify the last sentence as follows: "The government may NOT redact any PII contained in the production of Confidential Information." The government cannot have it both ways. Either the government provides unredacted materials pursuant to the protective order or it produces the materials redacted without an order. We cannot agree to both.

. . .

p. 8, Para. 7(k) delete the final sentence beginning with "If the other party does not object" The defense will not agree to the proposed redactions but will comply with the redaction requirements for all public documents ("All filers must redact: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; and in criminal cases, home addresses in compliance with Fed. R. App. P. 25(a)(5), Fed. R. Civ. P. 5.2, Fed. R. Crim. P. 49.1 . . .").

4. The Government did not agree to these proposed changes.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: March 17, 2023

*/s/ Craig Harbaugh*
Craig Harbaugh