E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/1786
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-47-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF _EX PARTE_ APPLICATION FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, MEDICAL INFORMATION, PRIVACY ACT INFORMATION, AND COOPERATING WITNESS INFORMATION |
| v. | |
| THOMAS VINCENT GIRARDI and CHRISTOPHER KAZUO KAMON, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby files its reply in support of an ex parte application for a protective order in this case.

//

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 20, 2023	Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

	     /s/
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The government's proposed protective order is no different than numerous protective orders that have been issued in this district, including by this very Court.  Defendant fails to cite to a single case holding that any of the instant provisions are contrary to law or unreasonable.  Instead, defendant argues that the government has failed to show "good cause" for the redaction provisions in paragraphs 2-3. 6(f), and 6(p) of the proposed protective order.  However, as clearly stated in the government's application, the government has an ongoing obligation to protect third parties' PII.  Moreover, the government holds a limited privilege to conceal the identity of cooperating witnesses, which is especially true here when one of the defendants is presently in custody.  Ultimately, in this case, there will be no question as to the identity of the cooperator irrespective of redactions to his or her name.  However, such precautions are imperative to protect the identities of government cooperators, not necessarily from defendant Girardi, but from others with access and an ability to do them harm.

Accordingly, given the lack of any articulated prejudice or opposition from co-defendant Christopher Kamon, and this district's common practice of allowing such redactions, the government respectfully requests the Court enter the government's proposed protective order without modification.

**II.   ARGUMENT**

The government should be permitted to redact third parties' PII and identifying information for cooperating witnesses consistent with its legal obligations.  As stated in its ex parte application, the

government holds a limited privilege to conceal the identity of cooperating witnesses.  (Dkt. 44 at 7.)  The widespread fear of being identified as a cooperator, or of even being suspected of assisting the government, is a major impediment to law enforcement efforts to prosecute crime.  The government must be able to protect cooperating witnesses from danger and from unnecessary publicity in order to convince them to provide information.  United States v. Long, 533 F.2d 505, 508 (9th Cir. 1976).  That is why the government is permitted to delay disclosing the personal identifying information of a cooperating witness until a defendant "show[s] need for the disclosure."  United States v. Wong, 886 F.2d 252, 256 (9th Cir. 1989).

Here, the government anticipates that there will be no question as to the identity of the government's cooperating witness.  Thus, in light of defendant's failure to make any concrete showing that at this stage of the proceedings the cooperator's identity is "relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause," see Roviaro v. United States, 353 U.S. 53, 60-61 (1957), there is no actual prejudice to defendant.  The only remaining concern, therefore, is protection of the cooperator's identity from the public, including those who may presently have access to him or her, and the ability to inflict harm.  See United States v. Hernandez, 608 F.2d 741, 745 (9th Cir. 1979) (recognizing the government's paramount interest in protecting the identities of cooperators to ensure their safety).

Defendant wrongly argues that the government's stated need has somehow been "undone" by its limited production to date.  (Dkt. 48 at 4.)  However, the discovery produced to defendant did not include the

identity of the cooperating witness, who was only recently interviewed. Moreover, to the extent the government's initial production included third parties' PII, this production was provided to defense counsel with the understanding that a protective order would subsequently issue which would codify, among other things, the protections of any PII of third parties and cooperators. The government provided this discovery to defendant before this Court issued a protective order solely at defendant's request, in order to assist counsel in assessing whether defendant is mentally competent—specifically whether defendant is aware of the nature and circumstances of the criminal proceedings against him and can aid in his defense. Thus, the government's initial production was not a waiver of the need to protect third party PII, but rather was an affirmation of the government's duty to protect confidential information while at the same time adhering to its discovery obligations.

To date, no redacted discovery has been produced to defendant. However, as future productions are prepared, the government needs to maintain the discretion to redact certain PII from discovery until such time as disclosure is legally required. Consistent with the rules governing public filings of PII or other sensitive information, the government seeks to produce confidential material in a manner that protects the privacy of victims and cooperating witnesses while remaining consistent with its discovery obligations. Here, that may include redacting largely immaterial PII from the discovery, such as the address of a cooperating witness or that witness's family member or a victim's social security number or date of birth. It may also include redacting cooperating witness PII from printed documents,

3

thereby providing the witness some protection in case these printed documents were accidentally disseminated or shown to untrustworthy individuals.

The redaction requirements the government seeks are a necessary additional layer of protection that operates independently of and in addition to the protections against public filing of such information. Defendant's assertion that the redaction rules for public filings do not reference criminal discovery (Dkt. 48 at 4-5) misses the point. Disclosure of relevant PII can come in many forms, and does not occur solely via a public filing or an unredacted sheet of paper. Further, as noted above, defendant fails to provide any explanation or argument that this information would somehow assist him in preparing his defense or that he would otherwise suffer prejudice at this stage of the proceedings if he does not have access to this information. Indeed, the parties are presently engaged in competency proceedings to determine whether defendant can ultimately stand trial on the present charges.

Moreover, as noted in the government's application, the proposed protective order, including its provisions regarding redactions, is consistent with the protective order issued by this Court in United States v. Calvin, 22-134-JLS, Dkt. 26, which was also a case involving the Office of the Public Defender. (See id. ¶¶ 3, 6(e), 6(o).) As in Calvin, the instant protective order includes a meet and confer mechanism by which defendant can challenge any designation under the protective order, including redactions, and provides an avenue for defendant to apply to the Court to have any such designation removed. (Compare id. ¶ 6(f) with Dkt. 44-1 ¶ 6(g).) Thus, to the extent that any of the government's redactions inhibit

4

1  defendant's understanding of the materials, the parties can meet and
2  confer to resolve any confusion and raise the issue with the Court if
3  no agreement can be reached.  The government is fully aware of its
4  discovery obligations and does not intend to redact PII or
5  cooperating witness materials in a way that conflicts with these
6  obligations.  Accordingly, the Court should not strike these portions
7  of the proposed protective order.

8  **III. CONCLUSION**

9  For the foregoing reasons, the government respectfully requests
10 that this Court grant its ex parte application and enter its Proposed
11 Protective Order without modification.

12 Dated: March 20, 2023              Respectfully submitted,

13                                    E. MARTIN ESTRADA
                                      United States Attorney
14
                                      MACK E. JENKINS
15                                    Assistant United States Attorney
                                      Chief, Criminal Division
16

17                                        /s/
                                      _____
                                      SCOTT PAETTY
18                                    ALI MOGHADDAS
                                      Assistant United States Attorney
19
                                      Attorneys for Plaintiff
20                                    UNITED STATES OF AMERICA

21

22

23

24

25

26

27

28