CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CRAIG A. HARBAUGH (Bar. No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
GEORGINA WAKEFIELD (Bar. No. 282094)
(E-Mail: georgina_wakefield@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS VINCENT GIRARDI,<br><br>    Defendant. | Case No. 2:23-cr-00047-JLS-1<br><br>**REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER FOR MENTAL COMPETENCY EVALUATION** |

The parties' dispute about the scope of the mental competency evaluation has narrowed to just two issues: (1) whether the evaluator may administer personality tests; and (2) whether time limits may be imposed on the examination. Both provisions are reasonable measures intended to protect an 83-year-old man with documented dementia.

The Government first contends that its expert, Dr. Diana Goldstein, should be allowed to administer personality testing, specifically the Minnesota Multiphasic Personality Inventory-2 (MMPI-2), because changes in personality can be the first sign

1

of certain neurodegenerative disorders and frequently co-occur with cognitive decline and behavioral changes. (Gov't Opp. at 4:12-17.) The government provides no citation for either of these propositions and no citation for using personality tests to measure changes in personality. In fact, the defense is not aware of prior personality test results from which the government's expert could compare subsequent test results to identify "changes in [Mr. Girardi's] personality." At best, the government provides a quote from a single article that says "personality measures can be useful in establishing the existence of a mental illness." But dementia is not a mental illness. The government does not contend that personality testing is proper to assess competency or cognitive functioning. Nor could it. Personality testing is intended to illuminate aspects of personality and the existence of components of psychopathology.

Next the government claims that the MMPI-2 should be administered because of its internal validity measures, i.e., its ability to identify malingering. (Gov't Opp. at 5:1-4). But the primary purpose of the MMPI-2 is not to detect malingering. And, as discussed above, it has no proper application in this case, since Mr. Girardi is not believed to be suffering from a mental illness or a personality disorder. It would be odd to permit the evaluator to administer a test that has no applicability for the sole purpose of identifying malingering.

More importantly, personality tests can be lengthy and onerous. The MMPI-2, for example, consists of 567 questions. This could pose a significant hardship on Mr. Girardi and his care at the assisted living facility. On balance, given the limited utility of personality testing in this case, compared to the hardship such testing could pose on an elderly man living in assisted care, the government's expert should be precluded from administering personality tests.

///

///

///

With regard to the proposed time limitations, the Government insists that the time frame must be left to the sole discretion of Dr. Goldstein.[1]  Again, this ignores Mr. Girardi's age and condition.  Long hours of testing would have a significant impact on the health of any person, let alone an 83-year-old living in assisted living.  A reasonable time limit every day will minimize the disruption on Mr. Girardi's care.  Under the government's proposal, the defense and/or Mr. Girardi's care providers would be powerless to stop the examination no matter how grueling so long as Dr. Goldstein deems it suitable.  The government offers no explanation for why Dr. Goldstein cannot restrict her daily session to a four-hour time frame (the defense expert will certainly do so).  To be sure, the defense in no way seeks to impose overall time restrictions for her evaluation.  Indeed, Dr. Goldstein is free to meet with Mr. Girardi as often as she would like.  The defense merely seeks reasonable restrictions on the amount of time for each session.

Because the defense proposal is reasonable and proper, the defense requests that the Court issue the proposed order as presented.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  March 20, 2023          By  */s/ Craig A. Harbaugh*
CRAIG A. HARBAUGH
Deputy Federal Public Defender
Attorney for THOMAS VINCENT GIRARDI

---

[1] While the government states that the defense is not challenging Dr. Goldstein's qualifications, experience, or professionalism, this stage of the proceedings is not the appropriate time to do so.  The defense reserves its right to challenge Dr. Goldstein's methodology and conclusions at the appropriate time.

3