UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00047-JLS-1 |
|---|---|
| Plaintiff, | **ORDER FOR MENTAL COMPETENCY EVALUATION [43]** |
| v. | |
| THOMAS VINCENT GIRARDI, | |
| Defendant. | |

The Court has read and considered the *Ex Parte* Application for Order for Mental Competency Evaluation, filed by the defendant THOMAS VINCENT GIRARDI ("defendant") in this matter on March 13, 2023, the government's response filed on March 17, 2023, and defendant's reply filed on March 20, 2023, and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1. On January 31, 2023, defendant was indicted with five counts of wire fraud, in violation of 18 U.S.C. § 1343. On February 6, 2023, defendant made his initial appearance before the Honorable Karen L. Stevenson, United States Magistrate Judge.

1

2. On February 3, 2023, defendant filed an *ex parte* application for determination of competency pursuant to 18 U.S.C. § 4241(a), requesting that the Court order an examination pursuant to § 4241(b). (Dkt. 19.)

3. On February 6, 2023, Judge Stevenson found reasonable cause to believe that defendant may be presently suffering from a mental disease or defect rendering defendant mentally incompetent and ordered the parties to meet and confer regarding the examination, briefing and subsequent hearing regarding defendant's competency. (Dkt. 20.) Judge Stevenson's order further required the parties to submit a stipulation and proposed order related to the competency determination for this Court's review. (Id.)

4. The Court hereby incorporates Judge Stevenson's findings here and, accordingly, and orders that each party will retain their own expert to conduct a psychiatric or psychological examination of defendant to determine his competency to stand trial pursuant to 18 U.S.C. §§ 4241 and 4247(b), (c). The question at issue is whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense. *See* 18 U.S.C. § 4241(a).

    b. The psychiatric or psychological examination of the defendant by the Government's expert will proceed as follows:

        i. The Government's expert shall coordinate with Mr. Girardi's conservator, Robert Girardi, to schedule the examination. Robert Girardi, through coordination with the administrator of the elder care facility, defense counsel, and the Government's expert, will ensure that the facility has a suitable private space to conduct the examination.

        ii. The examination may take place virtually (via video conferencing capability or similar mechanism) or in person, at the election of the Government's expert, provided the examination takes place where

Mr. Girardi's resides at the elder care facility.

   iii. Mr. Girardi's agreement to the evaluation by the Government expert does not constitute a waiver of his Fifth Amendment privilege as to the alleged offenses at issue in this case or any other offense.  The government's expert will not opine on whether defendant had the requisite *mens rea* for criminal culpability.  To alleviate any concern that the prosecution team will be exposed to any privileged information, counsel for Mr. Girardi will have the opportunity to review the government expert's report prior to the report being provided to the government and make any necessary redactions.  The government reserves the right to request *in camera* review of any disputed redactions.

  c. The defense will similarly conduct their own psychiatric or psychological examination of defendant to determine his competency to stand trial pursuant to 18 U.S.C. §§ 4241 and 4247(b),(c).

  d. Upon conclusion of the examinations, each party's respective expert shall supply a written report containing their assessment of defendant and determination regarding whether defendant is competent to stand trial. Each report shall include  (1) defendant's history and present symptoms; (2) a description of the psychiatric, psychological, and medical tests that were employed and their results; (3) the experts' respective findings; and (4) the experts' respective opinions as to diagnosis, prognosis, and (5) whether defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

  e. A copy of each report shall be filed with the Court under seal, with copies provided to counsel for defendant and for the government no later than May 26, 2023.  The respective production of expert reports shall include the production of any raw data obtained during the course of the examination and

interview to each party's respective expert only.

  f. Thereafter, defendant's motion regarding competency is due by June 16, 2023, the government's opposition, if any, is due by July 7, 2023, and any reply is due by July 21, 2023.  The motion will be heard after the competency hearing, which will occur on August 3, 2023, or as soon thereafter as the Court is available. The parties, including defendant, as well as their respective experts, are ordered to appear at that time.

  g. Each party's designated expert, is permitted to view all produced discovery, pleadings and filings, and other materials in this case.

5. No statement made by a defendant in the course of any examination, no testimony by the expert based on the statement, and no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding except on an issue regarding mental condition on which the defendant has introduced evidence of incompetency or evidence requiring notice under Federal Rules of Criminal Procedure Rule 12.2(a) or (b)(1).

6. In light of the delay resulting from the determination of defendant's mental competency and evaluation pursuant to § 4241(b), the parties agree that the time period between February 6, 2023, the date Judge Stevenson issued her order regarding defendant's mental competency, and the date when this Court issues a final order on defendant's competency, inclusive, is excludable in computing the time within which the trial must commence pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)(D), (h)(7)(A), and (h)(7)(B)(i).

IT IS SO ORDERED.

DATED:  March 22, 2023

               HONORABLE JOSEPHINE L. STATON
               UNITED STATES DISTRICT JUDGE