E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/1786
    Facsimile: (213) 894-6269
    E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-47-JLS-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR ACCESS TO THE UNREDACTED EXPERT REPORT OF DR. DIANA GOLDSTEIN; DECLARATION OF SCOTT PAETTY |
| v. | |
| THOMAS VINCENT GIRARDI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby applies ex parte for access to the unredacted expert report of Dr. Diana Goldstein related to defendant Thomas Vincent Girardi's competency proceedings.

On a meet and confer telephone call on June 7, 2023, counsel for defendant stated that they do not object to the ex parte nature of the application; however, defendant objects to providing the

government with the unredacted Goldstein report and intends to file a response to this application.

This application is based upon the attached memorandum of points and authorities, the declaration of Scott Paetty, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 9, 2023                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

          /s/
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendant Thomas Vincent Girardi ("defendant") has been charged with numerous crimes in two federal jurisdictions related to his alleged embezzlement of tens of millions of dollars of client funds from the trust accounts of his former law firm, Girardi Keese.  The Court previously issued an order governing defendant's competency proceedings, which required the parties' experts to provide written reports containing their assessments of defendant and determination regarding whether defendant is competent to stand trial.  (Dkt. 54, the "Order".)  The government's expert neuropsychologist, Dr. Diana Goldstein, has concluded her examination and opined, among other things, that defendant is competent to stand trial.  (Dkt. 64, filed under seal.)

Pursuant to the Order, and to alleviate any concern that the prosecution team would be exposed to any privileged information, the government proposed that Dr. Goldstein's report first be provided to the defense so that any privileged information would be redacted before review by the government.  The defense has completed this review and applied significant redactions to nearly ten pages of Dr. Goldstein's report.  Defendant's redactions are purportedly based on his Fifth Amendment right.  However, a defendant does not have a Fifth Amendment right against self-incrimination in a competency hearing, provided the statements are not sought to be introduced during the guilt phase.  See Estelle v. Smith, 451 U.S. 454, 465 (1981) (stating that if the psychiatrist's findings from the competency examination had been restricted to use at the competency hearing, "no Fifth Amendment issue would have arisen").

The government, and its expert(s), should have the ability to refer to the entirety of defendant's evaluation, including any statements purportedly implicating defendant's Fifth Amendment right.  Accordingly, and in light of the upcoming competency briefing deadlines, the government requests that it be granted immediate access to the unredacted Goldstein report.

**II.   ARGUMENT**

The Court's Order for mental competency evaluation provided defense counsel the opportunity to review the report of the government's expert prior to its release to the government to make any redactions necessary to protect against disclosure of privileged information.  (Dkt. 54 at ¶ 4(b)(iii).)  The Order also gave the government the right to request in camera review to the extent there were any disputed redactions that could not be resolved.  (Id.)

Dr. Goldstein provided her report to defense counsel on June 2, 2023.  (See attached Declaration of Scott Paetty ¶ 2.)  That same day, defendant emailed two expert reports to the government, along with an expert disclosure for an attorney expert, Kate Corrigan. (Id.)  Defense counsel provided the government with a redacted version of Dr. Goldstein's report on June 5 (the "Redacted Goldstein Report") wherein significant redactions had been applied to nearly ten pages.  (Id. at ¶ 3.)  The government filed the Redacted Goldstein Report under seal (Dkt. 64) and noted that the government had not yet had an opportunity to review the significant redactions to the report made by defense counsel (see id. at 25, 27-35) and reserved the right to request in camera review of any disputed redactions (Dkt. 61 at ¶ 2).  On June 7, 2023, the parties met and conferred via telephone regarding defendant's redactions of the

Goldstein report. (Paetty Decl. at ¶ 4.) Counsel for defendant stated that the redactions were based solely on defendant's assertion of his Fifth Amendment right and not on any other assertion of privilege. (Id.)

The government agrees that statements made by defendant during the competency evaluations are not admissible against defendant at trial, unless he raises a mental status defense. See Pawlyk v. Wood, 248 F.3d 815, 825 (9th Cir. 2001) ("[A] defendant who asserts a mental status defense lacks a Fifth Amendment right to remain silent regarding the mental status that he has placed at issue."). However, invocation of the Fifth Amendment is not an appropriate justification for redacting defendant's statements from Dr. Goldstein's report for use during the competency determination stage. See generally United States v. Bounds, No. 21-30114, 2022 WL 1284302, at *1 (9th Cir. Apr. 29, 2022) (citing Estelle, 451 U.S. at 465 (holding that the defendant suffered no deprivation of his Fifth Amendment or Sixth Amendment rights because the findings during his competency evaluation were not used beyond the "limited, neutral purpose of determining his competency."). Indeed, as the Estelle Court held, no Fifth Amendment issue arises where a medical expert's findings are confined to the limited, neutral purpose of determining the defendant's competency to stand trial. See id. Not only are competency hearings entirely distinct in purpose from the guilt phase of trial, but competency hearings do not invoke the same concerns of self-incrimination -- the right Miranda is designed to protect -- that are relevant during the guilt and penalty phases of trial. Huu Thanh Nguyen v. Garcia, 477 F.3d 716, 725 (9th Cir. 2007) (holding such concerns have no place at a competency hearing).

The Fifth Amendment privilege against self-incrimination exists to prohibit the government from forcing the defendant to talk and then using the defendant's own statements to satisfy its burden of establishing guilt. The current procedural posture —- a competency determination —- does not involve a determination of guilt. Accordingly, the government and its expert(s) should have access to all of defendant's statements made in connection with his competency evaluation.

**III. CONCLUSION**

For the reasons above, and because defendant has no Fifth Amendment right that would shield any statements he made to Dr. Goldstein for use during the competency proceedings, the government respectfully requests that the Court grant the government immediate access to the unredacted Goldstein report.[1]

Dated: June 9, 2023                    Respectfully submitted,

                                       E. MARTIN ESTRADA
                                       United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division

                                          /s/
                                       SCOTT PAETTY
                                       ALI MOGHADDAS
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

---

[1] To the extent the Court deems it necessary to review the redacted portions of the Goldstein report prior to their release to the government, defense counsel should be ordered to file the unredacted Goldstein report <u>in camera</u> forthwith for the Court's review. However, based on defendant's sole justification of its redactions on Fifth Amendment grounds, the government submits the Court can rule without review of the redacted portions.

4

**DECLARATION OF SCOTT PAETTY**

I, SCOTT PAETTY, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am one of the attorneys assigned to represent the government in this case.

2. On June 2, 2023, the government's expert, Dr. Diana Goldstein, provided her report to defense counsel. That same day, defendant emailed two expert reports to the government along with an expert disclosure for an attorney expert, Kate Corrigan.

3. On June 5, 2023, defense counsel provided the government with a redacted version of Dr. Goldstein's report wherein significant redactions had been applied to nearly ten pages.

4. On June 7, 2023, the parties met and conferred via telephone regarding defendant's redactions of the Goldstein report. Counsel for defendant stated that the redactions were based solely on defendant's assertion of his Fifth Amendment rights and not on any other assertion of privilege.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed in Los Angeles, California, on June 9, 2023.

SCOTT PAETTY