CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CRAIG A. HARBAUGH (Bar. No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
GEORGINA WAKEFIELD (Bar. No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
J. ALEJANDRO BARRIENTOS (Bar. No. 346676)
(E-Mail: Alejandro_Barrientos@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-7568
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS VINCENT GIRARDI,<br><br>Defendant. | Case No. 2:23-cr-00047-JLS-1<br><br>**THOMAS V. GIRARDI'S OPPOSITION TO THE GOVERNMENT'S *EX PARTE* APPLICATION FOR ACCESS TO THE UNREDACTED EXPERT REPORT OF DR. DIANA GOLDSTEIN** |

//
//
//
//
//
//
//

1  Thomas V. Girardi, by Deputy Federal Public Defenders Craig A. Harbaugh,
2  Georgina Wakefield, and J. Alejandro Barrientos, submits this opposition to the
3  Government's *ex parte* application for access to the unredacted expert report of Dr. Diana
4  Goldstein, ECF. No. 65.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 16, 2023          By:  /s/ J. Alejandro Barrientos
CRAIG A. HARBAUGH
GEORGINA WAKEFIELD
J. ALEJANDRO BARRIENTOS
Deputy Federal Public Defenders
Attorneys for Thomas V. Girardi

# **OPPOSITION TO THE GOVERNMENT'S *EX PARTE* APPLICATION**

## **INTRODUCTION**

As detailed in her report, the government's neuropsychologist Dr. Diana Goldstein informed Mr. Thomas Girardi that "nothing we discussed about case details and/or potential defenses that might further the Government's case could be provided to the U.S. Attorney's Office." ECF No. 64, at 19. Nonetheless, the government now contradicts its own expert's representations to Mr. Girardi and seeks access to details of conversations between Goldstein and Girardi that could further the instant or other prosecutions, specifically the following portions of Goldstein's report that were redacted by the defense:

1. In the section labeled "Substance Use History," less than two lines of text regarding Girardi's response to a question about his alcohol consumption. ECF No. 64, at 25.
2. In the section labeled "Legal History," a little over four lines of text regarding Girardi's response to a question about the charges in the instant matter. ECF No. 64, at 27.
3. In the section labeled "General Charge-Related Questions," approximately 6.5 pages regarding Girardi's responses to questions about the charges in the instant matter. ECF No. 64, at 28-35.

In making this request, the government fails to identify any need for the requested statements, which comprise only about 7 pages of a nearly 100-page report. And it ignores Mr. Girardi's Fifth Amendment rights. The Court should reject the government's request.

# ARGUMENT

## I. THE GOVERNMENT FAILS TO IDENTIFY ANY NEED FOR THE REDACTED INFORMATION.

The government makes the conclusory assertion that "[it] and its expert(s), should have the ability to refer to . . . any statements purportedly implicating defendant's Fifth Amendment right." ECF No. 65, at 6. But the government fails to explain its need for such statements. It has not offered the Court, for instance, a declaration from any expert(s) asserting that such statements are independently necessary or sufficient to form any opinion relevant to these competency proceedings. *See* ECF No. 54, at 2 ("The question at issue is whether the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense."). Nor does it identify any prejudice resulting from approximately 7 pages of redactions in a nearly 100-page report. The approximately 90 pages of unredacted information is sufficient to understand Goldstein's conclusions. Goldstein does not say otherwise. And, most tellingly, the defense did not redact any of the approximately 20 pages of the report that provide Goldstein's opinions, rather than the 80 pages that provide her summaries of medical records, collateral interviews, or other information. *See* ECF No. 64, at 51-72 (section of report titled "opinions" not containing any redactions.)

## II. GOVERNMENT ACCESS TO MR. GIRARDI'S STATEMENTS COULD JEOPARDIZE THIS PROSECUTION.

The government admits that "statements made by defendant during the competency evaluations are not admissible against defendant at trial." ECF No. 65, at 5. But it fails to acknowledge—as the Court already has—that the Fifth Amendment additionally prohibits the government from using Mr. Girardi's statements to acquire additional evidence against him. *See* ECF No. 43, at 4 ("no other fruits of the statement may be admitted into evidence against the defendant in any criminal proceeding . . . .");

*see also Estelle v. Smith*, 451 U.S. 454, 462 (1981) (holding that "the availability of the Fifth Amendment privilege does not turn upon the type of proceeding in which its protection is invoked, but upon the nature of the statement or admission and the exposure which it invites," and vacating a sentence based in part on statements made during a court-ordered competency evaluation) (cleaned up); *Kastigar v. United States*, 406 U.S. 441, 453 (1972) (holding that the Fifth Amendment extends to "testimony or other information compelled . . . or any information directly or indirectly derived from such testimony or other information.").[1]

      The government seeks an order that would allow the same Assistant U.S. Attorneys who are prosecuting Mr. Girardi to access statements Girardi made about the facts underlying this matter. If they were given such access, it may be impossible to separate any additional evidence that the government may uncover from its access to Mr. Girardi's statement. The government fails to offer any means of mitigating such risk. In light of its similar failure to identify any particular need for Mr. Girardi's statements, the Court should not risk tainting this entire matter so the government can access a few pages of redacted material.

//
//
//
//
//
//
//

---

[1] None of the government's cited authorities suggest otherwise. *See Estelle v. Smith*, 451 U.S. 454 (1981); *Pawlyk v. Wood*, 248 F.3d 815 (9th Cir. 2001); *United States v. Bounds*, No. 21-30114, 2022 WL 1284302, (9th Cir. Apr. 29, 2022).

## CONCLUSION

For the stated reasons, the Court should deny the government's *ex parte* application requesting access to the unredacted report of Dr. Goldstein.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 16, 2023                By:  /s/ J. Alejandro Barrientos
                                                CRAIG A. HARBAUGH
                                                GEORGINA WAKEFIELD
                                                J. ALEJANDRO BARRIENTOS
                                                Deputy Federal Public Defenders
                                                Attorneys for Thomas V. Girardi