E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/1786
    Facsimile: (213) 894-6269
    E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 22-47-JLS-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR ACCESS TO THE UNREDACTED EXPERT REPORT OF DR. DIANA GOLDSTEIN |
| v. | |
| THOMAS VINCENT GIRARDI, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby files its reply in support of the government's ex parte application for access to the unredacted expert report of Dr. Diana Goldstein.

//

//

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 21, 2023                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

          /s/
_____
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The purpose of the competency evaluation process in this case is to determine whether defendant Thomas Vincent Girardi ("defendant") has the requisite mental capacity to understand the nature of the proceedings against him and assist in his own defense. To that end, the parties, their respective experts, and most importantly, the Court, need access to the full set of information regarding the evaluations that have been conducted in order to reach an informed decision regarding defendant's competency.  Defendant opposes providing the government with access to an unredacted copy of the report written by the government's neuropsychologist, Dr. Diana Goldstein, for two reasons:  1) the government has not shown a need to review the unredacted report or prejudice due to the redactions; and 2) review of the unredacted report would result in the prosecution team being tainted.

Defendant's opposition lack merit.  First, the government's need to review Dr. Goldstein's unredacted report is premised on the necessity of providing the Court with a full set of facts and arguments so that the Court's ultimate decision on whether defendant is competent to stand trial is grounded in a complete review of the record.  Indeed, the redacted portions seem to primarily involve defendant's responses to questions about the charges in the instant matter, which go to the crux of the proceedings. See Hoffman v. Arave, 455 F.3d 926, 927 (9th Cir. 2006) (finding defendant competent to stand trial if "he understands the proceedings and is able to assist counsel in his defendant").  Defendant's unilateral decision to redact what is arguably the most relevant sections of

the report directly impedes the government and Court's ability to fully assess the facts required for the Court's ultimate decision.

Second, defendant's claim of potential taint to the prosecution if allowed to view the information is wrong. Competency proceedings do not implicate the same concerns as grants of statutory immunity that give rise to Kastigar protections. Therefore, for the reasons discussed more fully below, the Court should grant the government's request for access to an unredacted copy of Dr. Goldstein's report, or, alternatively, the Court should allow an unredacted copy of the report to be shared with the government's neurologist, Dr. Ryan Darby, who is currently preparing his rebuttal expert report in this matter, and conduct an in camera review of the disputed redactions to determine whether the redated material is being properly withheld from the prosecution.

**II. ARGUMENT**

    **A. The Government and the Court Need Access to Dr. Goldstein's Full Unredacted Report**

Defendant argues that the government has not identified a need for or prejudice resulting from receipt of a redacted report. However, until defendant's opposition (Dkt. 67), the government did not know what the redacted portions pertained to. Defendant's opposition cites two general categories of information that were redacted: 1) information regarding defendant's alcohol use; and 2) defendant's responses to questions regarding the underlying charges against him. (Id. at 3.) Even with this limited clarification, the potential relevance of the redacted information is clear. Defendant's ability to understand and discuss the charges against him relate directly to the evaluation of whether he understands

those charges and can assist his counsel in defending against them -- a burden the government bears. Hoffman, 455 F.3d at 927.

Moreover, beyond just the need for the government to review and evaluate the relevance of this redacted material, this need extends to the government's neurologist, Dr. Darby, who is currently completing his rebuttal expert report. Both the defense and prosecution experts should have access to te complete, unredacted reports of other experts in order to review, analyze, and further opine on any facts, findings, and conclusions. The prejudice in withholding that information from the government is that Dr. Darby, and by extension the Court, will not be basing conclusions regarding whether defendant is competent to stand trial on the full record.

### B. The Prosecution Team Will Not Be Tainted Upon Review of Dr. Goldstein's Unredacted Report

As stated in the government's application, the Fifth Amendment does not shield statements made by defendant during the competency stage of criminal proceedings, unless the government seeks to affirmatively use those statements against defendant at trial in the absence of defendant's assertion of a mental status defense. (See Dkt. 65 at 3-4 (citing cases)[1].) Defendant does not cite to any cases holding otherwise, nor distinguish the authority cited by the government. Instead, defendant alleges that the prosecution team might be tainted if granted access to the redacted information in Dr. Goldstein's report. Defendant appears to rest his concern on a desire to protect against the derivative use of any statement made by him during the competency proceedings. (See Dkt. 67 at 4-5).

---

[1] Citations to page numbers in government filings refer to the page of the brief, as opposed to pages listed on the ECF header.

3

However, defendant cites no authority for the notion that his statements made during a competency evaluation are afforded the same treatment as statements made in the context of statutory immunity, which might give rise to a Kastigar hearing. Kastigar v. United States, 406 U.S. 441 (1972); see also 18 U.S.C. § 6002 et seq. The government can find only one case in which a Kastigar hearing was ordered following a competency evaluation. In United States v. Benson, the district court ordered a Kastigar hearing related to information obtained during a defendant's competency evaluation but acknowledged that it acted without reliance on any Ninth Circuit authority. No. 12-CR-00480-YGR-1, 2015 WL 1064738, at *1 (N.D. Cal. Mar. 11, 2015). The government has been unable to find any other district or appellate court that has cited Benson, or reached a similar conclusion and, respectfully, submits Benson was incorrectly decided.

On the other hand, the Second Circuit's opinion in United States v. Stockwell is instructive in an analogous circumstance. 743 F.2d 123 (2nd Cir. 1984). The Stockwell court refused to apply Kastigar to the subsequent use of statements made during a pre-trial psychiatrist's interview. Id. at 124. Stockwell involved a dispute over statements made by a defendant in the context of a sanity evaluation. Id. The court distinguished between evidence obtained from a defendant during a government psychiatric examination, which can be used in limited circumstances, with evidence obtained under a grant of immunity under 18 U.S.C. § 6002, which "cannot be used in any manner in a prosecution of the defendant." Id. at 127. In concluding that a Kastigar hearing was not warranted, the court stated, among other things, that reliance on the medical expert's

4

report of the results of the examination provided suitable protections against prosecutorial overreach. Id. That same logic applies to defendant's statements made during Dr. Goldstein's competency evaluation. Furthermore, the derivative use of defendant's statements, even if they did contain a discussion of the facts related to the instant charges, is not a significant concern here because defendant has already been indicted. Indeed, the government has already outlined its charges with specificity in the indictment and produced overwhelming evidence of defendant's guilt. Thus, there is no real risk of any derivative use from these statements.

Defendant should not be allowed to conceal statements made during a competency evaluation that he requested from consideration, especially given the topic involved, i.e., his understanding of the pending charges. As noted above, this topic goes directly to the factors this Court must weigh in ultimately determining his competency: whether defendant understands the charges and can assist his counsel in defending against them. The government seeks permission not to make use of those statements to establish his guilt, but rather to complete the record concerning his present ability to stand trial. If the Court finds that additional protections are warranted, the Court should order defendant to provide an unredacted report for in camera review.

**III. CONCLUSION**

For the reasons stated above, the government requests that the Court grant the government immediate access to the unredacted Goldstein report or, in the alternative, allow an unredacted version of the report to be shared with the government's neurologist, Dr.

Darby, and conduct an in camera review of the redactions to determine whether any privilege applies that prevents production to the prosecution.

Dated: June 21, 2023

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

  /s/
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA