1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   SCOTT PAETTY (Cal. Bar No. 274719)
4  ALI MOGHADDAS (Cal. Bar No. 305654)
   Assistant United States Attorneys
5  Major Frauds Section
        1100 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone: (213) 894-2400
        Facsimile: (213) 894-5269
8       E-mail:    scott.paetty@usdoj.gov
                   ali.moghaddas@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11                  UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,          No. CR 23-47-JLS-1

14         Plaintiff,                 GOVERNMENT'S MOTION TO EXCLUDE
                                      EXPERT TESTIMONY OF KATE CORRIGAN
15         v.                         PURSUANT TO FEDERAL RULES OF
                                      EVIDENCE 401, 402, 403, AND 702
16 THOMAS VINCENT GIRARDI,
                                      Hearing Date: July 21, 2023
17         Defendant.                 Hearing Time: 11:30 a.m.
                                      Location:  Courtroom of the
18                                    Honorable Josephine L. Staton

19

20      Plaintiff United States of America, by and through its counsel

21 of record, the United States Attorney for the Central District of

22 California and Assistant United States Attorneys Scott Paetty and Ali

23 Moghaddas, hereby files its Motion to Exclude Expert Testimony of

24 Kate Corrigan Pursuant to Federal Rules of Evidence 401, 402, 403,

25 and 702.

26      This motion is based upon the attached memorandum of points and

27 authorities, the files and records in this case, and such further

28 evidence and argument as the Court may permit.  The parties met and

1    conferred on June 7, 2023 but were unable to come to an agreement on

2    the admissibility, necessity, and scope of Ms. Corrigan's testimony.

3     Dated: June 23, 2023                Respectfully submitted,

4                                         E. MARTIN ESTRADA
                                          United States Attorney
5
                                          MACK E. JENKINS
6                                         Assistant United States Attorney
                                          Chief, Criminal Division
7

8                                           /s/
                                          SCOTT PAETTY
9                                         ALI MOGHADDAS
                                          Assistant United States Attorneys
10
                                          Attorneys for Plaintiff
11                                        UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   INTRODUCTION**

3    Defendant THOMAS VINCENT GIRARDI ("defendant") is charged with

4    numerous crimes related to his alleged embezzlement of tens of

5    millions of dollars of client settlement funds from the trust

6    accounts of his former law firm, Girardi Keese.  Defendant's counsel

7    sought a determination of defendant's competency, pursuant to 18

8    U.S.C. § 4241(a), and the Court ordered a "psychiatric or

9    psychological examination" of defendant, which has now been

10   completed by both a defense expert and a government expert.  In

11   addition to the defense neuropsychologist who completed this

12   examination, defendant has also retained two additional experts:  a

13   neurologist and Kate Corrigan, a criminal defense attorney who would

14   provide purported expert testimony on the responsibilities of

15   defense counsel, her personal observations of defendant at several

16   meetings of defendant and his counsel, and her opinion that

17   defendant is unable to assist in his defense.  The proposed expert

18   testimony from Ms. Corrigan is unnecessary, irrelevant, and a waste

19   of time.  Furthermore, her opinions are unreliable because she is

20   not qualified to identify malingering, which may be an issue in this

21   case.  As a result, the Court should exclude her testimony under

22   Federal Rules of Evidence 401, 402, 403, and 702.

23   **II.   FACTUAL AND PROCEDURAL BACKGROUND**

24   Defendant is charged in an indictment with five counts of wire

25   fraud, in violation of 18 U.S.C. § 1343, related to the embezzlement

26   of over $18 million in Girardi Keese client funds.  (Dkt. 1.)

27   Defendant is also charged in the Northern District of Illinois with

28   additional counts of wire fraud and criminal contempt arising from a

1  similar scheme to embezzle over $3 million in client funds related

2  to an airplane crash.  (See United States v. Thomas V. Girardi, et

3  al., 23-CR-54, N.D. Ill., Dkt. 1.)

4      Prior to defendant's initial appearance in this case, defendant

5  sought a determination of competency pursuant to 18 U.S.C.

6  § 4241(a), and the Court ordered the parties each to retain an

7  expert to conduct a psychiatric or psychological examination of

8  defendant to determine his competency.  (Dkt. 54 at 2.)  The

9  government retained neuropsychologist, Dr. Diana Goldstein, and

10 defendant retained neuropsychologist, Dr. Stacey Wood.  The defense

11 also retained a neurologist, Dr. Helena Chui, and a criminal defense

12 attorney, Kate Corrigan.  (See Dkt. 60, Ex. C.)

13     Ms. Corrigan is a practicing criminal defense attorney but is

14 not counsel of record for defendant.  Defendant seeks to elicit the

15 following expert opinions from Ms. Corrigan at the hearing on

16 defendant's competency: (1) the responsibilities of defense counsel

17 with respect to effectively advising and preparing a client; (2) her

18 personal observations of defendant during meetings she attended with

19 defense counsel; and (3) how defendant's perceived impairments would

20 affect his counsel's ability to prepare defendant's case.  (Id. at

21 2, 4, and 16.)  As discussed below, Ms. Corrigan's opinions are

22 irrelevant, unreliable, and a waste of time.  The parties have

23 already retained medical professionals who have examined defendant

24 and are more qualified than a lay person such as Ms. Corrigan to

25 opine as to his competency to proceed to trial.  Testimony from a

26 criminal defense attorney with no medical background or training,

27 let alone experience in neuropsychiatry or neurology, would not

28 assist the Court in its task of determining defendant's mental

2

1 competency.  For the reasons below, the Court should exclude Ms.

2 Corrigan's purported expert testimony.

3 **III. LEGAL STANDARD**

4    Rule 702 provides that "[a] witness who is qualified as an

5 expert by knowledge, skill, experience, training, or education may

6 testify in the form of an opinion, or otherwise if (a) the expert's

7 scientific, technical, or other specialized knowledge will help the

8 trier of fact to understand the evidence or to determine a fact in

9 issue; (b) the testimony is based on sufficient facts or data; (c)

10 the testimony is the product of reliable principles and methods; and

11 (d) the expert has reliably applied the principles and methods to the

12 facts of the case."

13    In evaluating proposed expert testimony under Rule 702, courts

14 play a critical gatekeeping role because of the powerful and

15 potentially misleading effect of expert evidence on a fact finder.

16 See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 592-95 (1993);

17 United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)

18 (stating that the gatekeeping function "cannot be overstated" and is

19 "especially significant since the expert's opinion can be both

20 powerful and quite misleading because of the difficulty in evaluating

21 it[]").  This gatekeeping role applies to all expert testimony, not

22 just scientific testimony.  Kumho Tire Co. v. Carmichael, 526 U.S.

23 137, 147 (1999).  The proponent of the expert testimony bears the

24 burden of demonstrating its admissibility.  Lust v. Merrell Dow

25 Pharmaceuticals, Inc., 89 F.3d 594, 598 (9th Cir. 1996).  District

26 courts enjoy wide latitude in excluding expert testimony, United

27 States v. Byers, 730 F.2d 568, 571 (9th Cir. 1984), which is why such

28 decisions are reviewed for abuse discretion, United States v.

1   Ortland, 109 F.3d 539, 543 (9th Cir. 1997).

2        Evaluating expert opinions, however, does not require trial

3   courts to abandon first principles.  Indeed, "[t]he proper exercise

4   of [the District Court's] gatekeeping function is critically

5   important 'to ensure the reliability and relevancy of expert

6   testimony.'"  Jinro America, Inc. v. Secure Investments, Inc., 266

7   F.3d 993, 1005 (9th Cir. 2001) (quoting Kumho Tire Co., 526 U.S. at

8   152).  Accordingly, expert testimony, like all other evidence, may be

9   excluded if it is irrelevant under Federal Rules of Evidence 401 and

10  402.  See United States v. Vallejo, 237 F.3d 1008, 1015-16 (9th Cir.

11  2001) (evaluating expert testimony under Rule 401).  Expert testimony

12  is only admissible if it "will assist the trier of fact to understand

13  or determine a fact in issue." Daubert, 509 U.S. at 592.  Stated

14  differently, it must be "sufficiently tied to the facts of the case

15  that it will aid the [fact finder] in resolving a factual dispute."

16  Daubert, 509 U.S. at 592; see also Fed. R. Evid. 704 advisory comm.

17  note ("Under Rule 701 and 702, opinions must be helpful to the trier

18  of fact, and Rule 403 provides for exclusion of evidence which wastes

19  time.").

20  **IV.   ARGUMENT**

21       Ms. Corrigan's proffered testimony falls far short of the

22  requirements for admissibility under Federal Rules of Evidence 702,

23  and raises numerous grounds for exclusion under Rules 401, 402, and

24  403.  For the reasons outlined below, it should be excluded in its

25  entirety.

26

27

28

4

**A.    Ms. Corrigan's Testimony About the Responsibilities of Defense Counsel is Irrelevant and Not In Dispute**

If allowed to testify, Ms. Corrigan intends to opine on the "responsibilities of defense counsel with respect to effectively advising and preparing the client at each stage of preparing the defense, along with the information that client [sic] must provide to adequately assist his counsel." (Dkt. 60, Ex. C at 2.)  For example, Ms. Corrigan would describe the stages of litigation including pre-investigation, investigation, post-investigation, defense strategy, deciding to plead or proceed to trial, plea, preparation of the defense case, jury selection, participation in trial, and the client's decision to testify. (Id. at 2-4.)  This proposed testimony is unnecessary and irrelevant.  Moreover, it is a complete waste of time as the Court does not need a witness to explain the various stages of a criminal case, nor are these basic, procedural matters in dispute.

Both parties' medical experts appreciate and understand that defense counsel has certain responsibilities at the various stages of the proceedings.  Furthermore, the Court is already well versed in the stages of a criminal proceeding and the importance of defense counsel's ability to communicate with their client.  Expert testimony is impermissible unless it "will aid the [fact finder] in resolving a factual dispute."  Daubert, 509 U.S. at 591 (internal citation omitted).  Thus, because there is no "factual dispute" about the foregoing, the Court should likewise exclude Ms. Corrigan's unnecessary testimony regarding the responsibilities of defense counsel.  See id. at 592.

**B.   Ms. Corrigan's Opinions About Her Personal Observations of Defendant and How It Affects Counsel's Abilities to Prepare the Case Are Unreliable, Unnecessary, and Cumulative**

Ms. Corrigan's disclosure outlines two additional topics of testimony: (1) her personal observations of defendant, and (2) how defendant's observed impairments would affect counsel's ability to prepare the case.   Both opinions are inappropriate, unreliable, and should be excluded.   As an initial matter, a defendant is competent to stand trial if "he understands the proceedings and is able to assist counsel in his defendant."   Hoffman v. Arave, 455 F.3d 926, 927 (9th Cir. 2006); 18 U.S.C. § 4241(d).   These inquiries are conducted through medical testing and observations by licensed, medical professionals –- not defense attorneys.   Indeed, the procedures for competency evaluations are codified at 18 U.S.C. § 4241, which specifically instructs that the court may order a "psychiatric or psychological examination of the defendant," which "shall be conducted by a licensed psychiatrist or psychologist."   18 U.S.C. § 4247 (emphasis added).

The psychological examinations administered to this defendant utilized clinical testing and medical observations that are grounded in scientific research and academic studies.   Ms. Corrigan's unqualified opinion that defendant "appears unable to provide the type of assistance that is required of a criminal defendant" directly usurps the role of the licensed psychiatrist or psychologist contemplated by § 4247, including those already retained by the parties in this matter.   The government is unaware of any competency proceeding in this district that has involved testimony from a third-party criminal defense attorney on his or her perceived observations and opinion regarding a defendant's ability to assist counsel.   In

1  fact, in United States v. Gastelum-Almeida, 298 F.3d 1167, 1172 (9th

2  Cir. 2002), the Ninth Circuit affirmed a lower court's refusal to let

3  a defendant's own attorney testify as to her personal observations of

4  the defendant -- let alone an unaffiliated attorney such as Ms.

5  Corrigan.  As the Gastelum-Almeida court held, defense counsel had

6  ample opportunity to discuss her observations of her client with the

7  evaluating medical professional so any such observations could be

8  considered in the expert's report.  Id.  Here too, defense counsel

9  has had ample opportunity to share their thoughts and observations

10  with their medical experts, and, in fact, they have shared their

11  observations with their expert.  (See Dkt. 60, Ex. A at 5 (listing

12  Dr. Woods' collateral interviews including with counsel of record

13  Craig Harbaugh and Alejandra Barrientos).)  Thus, Ms. Corrigan's

14  superfluous observations and opinions regarding defendant's present

15  abilities are irrelevant and cumulative at best.

16      Moreover, because Ms. Corrigan lacks any medical training or

17  expertise, the Court should find that her opinions regarding

18  defendant's abilities are unreliable.  A threshold question regarding

19  admission of expert testimony is whether the proffered testimony is

20  reliable.  See Jinro America, Inc., 266 F.3d at 1005.  Defendant

21  proffers that, based on observations of defendant during the course

22  of four meetings, Ms. Corrigan would opine that defendant is unable

23  to sufficiently assist in his defense to the charges he faces here

24  and in the Northern District of Illinois.  (Dkt. 60, Ex. C at 16-17.)

25  However, Ms. Corrigan is a defense attorney, not a doctor.  (See id.

26  at Corrigan CV.)  And while Ms. Corrigan may be an experienced

27  attorney, a review of her resume makes clear that she has no

28  expertise in diagnosing or evaluating whether an individual is

1    cognitively impaired; the potential presence of a mental disease or

2    defect affecting the individual's abilities receive, process and

3    communicate information; and/or whether the individual's presentation

4    is the result of malingering or feigning impairment.  Thus, her

5    medically uninformed opinions will only serve to distort the

6    qualified opinions of the medically trained professionals who have

7    submitted reports and opinions in this case.

8        Last, Ms. Corrigan is not counsel of record for defendant, which

9    also calls into question the relevancy of her testimony.  As

10   discussed above, defense counsel have already provided their

11   observations of their interactions with defendant to their medical

12   experts.  Thus, any additional observations by Ms. Corrigan from four

13   meetings between defense counsel and defendant are superfluous.  As

14   the court held in Gastelum-Almeida, these observations can be

15   appropriately shared with the defense neuropsychologist or

16   neurologist rather than the court.  298 F.3d at 1172.  Because the

17   Court will already have a fulsome factual record before it regarding

18   defendant's personal history and relationship to the facts of this

19   case, any further testimony to that effect by Ms. Corrigan is

20   unnecessary, irrelevant, and cumulative.

21   //

22   //

23

24

25

26

27

28

**V.    CONCLUSION**

For the reasons set forth above, the government respectfully requests that this Court exclude the proffered opinions and expert testimony of Kate Corrigan.

Dated: June 23, 2023                    Respectfully submitted,

                                        E. MARTIN ESTRADA
                                        United States Attorney

                                        MACK E. JENKINS
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                           /s/
                                        SCOTT PAETTY
                                        ALI MOGHADDAS
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA