CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CRAIG A. HARBAUGH (Bar. No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
GEORGINA WAKEFIELD (Bar. No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
J. ALEJANDRO BARRIENTOS (Bar. No. 346676)
(E-Mail: Alejandro_Barrientos@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-7568
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS VINCENT GIRARDI,<br><br>Defendant. | Case No. 2:23-cr-00047-JLS-1<br><br>**REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER TO FILE DOCUMENTS UNDER SEAL** |

//
//
//
//
//
//
//

Thomas V. Girardi, by Deputy Federal Public Defenders, Craig A. Harbaugh, Georgina Wakefield, and J. Alejandro Barrientos, submits this reply in support of his *ex parte* application for an order to file documents under seal, ECF. No. 77.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 14, 2023      By: /s/ J. Alejandro Barrientos
CRAIG A. HARBAUGH
GEORGINA WAKEFIELD
J. ALEJANDRO BARRIENTOS
Deputy Federal Public Defenders

## REPLY IN SUPPORT OF *EX PARTE* APPLICATION

### INTRODUCTION

This Court has repeatedly ordered that documents related to Mr. Thomas V. Girardi's competency proceedings be filed under seal without requiring the parties to publicly file redacted versions of such documents. *See* ECF Nos. 54 ("A copy of each report shall be filed with the Court under seal . . . ."); 59 (granting application to file defense expert reports under seal); 63 (granting application to file government expert report under seal). Indeed, just last month, the government asked to file an expert report under seal without publicly filing a redacted version—even though the government knew it contained information that was already public. *See* ECF Nos. 61 (application to file under seal); 64 (report of government expert citing publicly available media, including, *inter alia*, YouTube and Law360).

Nonetheless, the government now reverses its course and asks the Court to order the public filing of a redacted version of the defense's competency motion solely because some information contained in the motion is already public.[1] The Court should reject this argument and grant the defense's application to file its competency motion under seal. If necessary, the Court can reassess such a decision after the hearing on the underlying motion. *See* Fed. R. Crim. P. 49.1(d) ("The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.").

### ARGUMENT

***First.*** The Court has already determined on three occasions that competency-related expert reports should be filed under seal without requiring the public filing of redacted reports. ECF Nos. 54, 59, 61. The instant application concerns a motion that relies heavily on those sealed reports. The motion also relies heavily on medical information that courts in this district routinely permit to be filed under seal, and that

---

[1] The government does not dispute that non-public information contained in the defense's competency motion should be filed under seal.

3

Mr. Girardi has a legally recognized interest in keeping private. *See Doe v. Att'y Gen. of U.S.*, 941 F.2d 780, 795 (9th Cir. 1991) (recognizing that privacy interest in "medical information" is protected by the Fifth Amendment right);[2] *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1198 (2006) ("[T]he California Constitution recognizes . . . the right to privacy. As we have previously observed, the right of privacy extends . . . medical records . . . ."). The defense's application is therefore consistent with both this Court's prior rulings and standard practice in this district. It should be granted for the same reasons supporting such rulings and practice.

**Second.** The government's argument is meritless. "At common law, there is a strong presumption in favor of access to information filed with a court. To overcome the presumption, a party seeking to seal a judicial record must demonstrate not just good cause, but compelling reasons or sufficiently important countervailing interests. Generally speaking, compelling reasons exist when court records might have become a vehicle for improper purposes, such as to gratify private spite, promote public scandal, commit libel, or release trade secrets." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 429 (9th Cir. 2011) (cleaned up).

Mr. Girardi has sufficiently important countervailing interests to support his application. On one hand, the government has failed to identify any important public interest that would be advanced by the public filing of information that is already public. On the other hand, courts have held that "where an extraordinary level of publicity has made exceptionally difficult the selection of a jury and has created a circus atmosphere around the trial, or where the administrative and mechanical difficulties attending inspection and copying would disrupt the progress of the proceeding, denial of access [to judicial records] may be warranted." *United States v. Edwards*, 672 F.2d 1289, 1296 (7th Cir. 1982) (cleaned up).

---

[2] *Overruled on other grounds by Lane v. Pena*, 518 U.S. 187 (1996) (addressing a question of sovereign immunity).

Consistent with these principles, Mr. Girardi has important interests in (i) preserving defense counsels' time so that they may adequately prepare his defense, and (ii) protecting against the risk that publicity will compromise his right to a fair trial if one is ultimately necessary. Combing through the extensive media coverage of Mr. Girardi to distinguish public and non-public information would needlessly distract from the substantive matters being litigated, especially where the purported benefit of doing so is ensuring public access to information that is already public. Notably, the government did not take any time, or make any effort, to specifically identify the pages of the defense's competency motion that it believes should be publicly available.

More importantly, this matter has already received extensive media coverage due to Mr. Girardi's prior prominence in the legal profession and his prior marriage to a reality television star. In the event a trial is ultimately necessary, the Court should protect Mr. Girardi's right to a fair trial by declining to encourage scandal-driven media coverage at this time. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) ([C]ourts should consider . . . whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes . . . ."), quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995).

## CONCLUSION

For the stated reasons, the Court should grant the defense's application to file its competency motion under seal, ECF No. 77. If necessary, it can reassess such a ruling after the hearing on the underlying competency motion. *See* Fed. R. Crim. P. 49.1(d).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 14, 2023                By:  /s/ J. Alejandro Barrientos
                                    CRAIG A. HARBAUGH
                                    GEORGINA WAKEFIELD
                                    J. ALEJANDRO BARRIENTOS
                                    Deputy Federal Public Defenders