CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CRAIG A. HARBAUGH (Bar. No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
GEORGINA WAKEFIELD (Bar. No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
J. ALEJANDRO BARRIENTOS (Bar. No. 346676)
(E-Mail: Alejandro_Barrientos@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-7568
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS VINCENT GIRARDI, <br><br> Defendant. | Case No. 2:23-cr-00047-JLS-1 <br><br> **THOMAS V. GIRARDI'S *EX PARTE* APPLICATION TO CONTINUE COMPETENCY HEARING** <br><br> Current Hearing Date: August 23, 2023 |

//
//
//
//
//
//
//
//

Thomas V. Girardi, by Deputy Federal Public Defenders, Craig A. Harbaugh, Georgina Wakefield, and J. Alejandro Barrientos, submits this *ex parte* application for an order continuing Mr. Girardi's competency hearing from August 23, 2023 to consecutive dates convenient to the Court and parties. Attached are a supporting memorandum of points and authorities and the declaration of J. Alejandro Barrientos. The parties conferred regarding this application. The government opposes a continuance.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 3, 2023     By: */s/ J. Alejandro Barrientos*
CRAIG A. HARBAUGH
GEORGINA WAKEFIELD
J. ALEJANDRO BARRIENTOS
Deputy Federal Public Defenders
Attorneys for THOMAS V. GIRARDI

# MEMORANDUM OF POINTS & AUTHORITIES

## ARGUMENT

The Court should grant a brief continuance of Mr. Thomas V. Girardi's competency hearing to alternative dates to ensure that all experts testify on consecutive days and thereby resolve these competency proceedings in the most efficient manner. Mr. Girardi's competency hearing is certain to require more than two court days due to the volume of relevant, non-cumulative evidence and Mr. Girardi's statutory right to a robust hearing. And as further explained below, consecutive days of testimony are the most efficient use of the Court and the parties' resources.

Though Mr. Girardi moved for an order finding incompetency, the government still bears the burden of proving by a preponderance of the evidence that he is competent to stand trial. *United States v. Frank*, 956 F.2d 872, 875 (9th Cir. 1991). As the party with the burden, the government must proceed first. *See United States v. Glover*, 43 F.Supp.2d 1217, 1234 (D.Kan. 1999) ("Consistent with American jurisprudence, the party bearing the burden of proof proceeds first and last in all trial proceedings.").

Further, federal law mandates a robust hearing to determine Mr. Girardi's competency. It entitled him to many of the same procedural rights required at trial, including the "opportunity to testify, to present evidence, to subpoena witnesses . . . and to confront and cross-examine witnesses . . . ." 18 U.S.C. § 4247(d). *See also United States v. Gillenwater*, 717 F.3d 1070, 1077 (9th Cir. 2013) ("Congress recognized that such procedural safeguards were, at a minimum, desirable, if not constitutionally mandated."). Consistent with these statutory rights, courts routinely consider the testimony of both expert and lay witnesses. *See, e.g.*, *United States v. Benson*, No. 12-CR-00480-YGR-1, 2015 WL 1869476, at *2 (N.D. Cal. Apr. 22, 2015) (considering testimony of eight lay witnesses); *United States v. Mitchell*, 706 F.Supp.2d 1148, 1151 (D. Utah 2010) ("Lay witness testimony is especially important where the evidence

indicates a defendant may be malingering or manipulating the system."); *United States v. Makris*, 535 F.2d 899, 905 (5th Cir.1976) (upholding district court's determination that testimony of lay witnesses rebutted that of medical experts).

In light of these statutory requirements and the number of expert and potential lay witnesses, the defense asked the government to stipulate to a request to continue Mr. Girardi's competency hearing in order to allow for consecutive days of at least the testimony of all expert witnesses. The government declined the request. *See* Decl. of J. Alejandro Barrientos. It represented that, to satisfy its burden, it will likely submit its experts' reports in lieu of direct testimony. *Id.* For this reason, the government believes that all four experts can testify on a single day, rendering consecutive hearing dates unnecessary. *Id.*

But even with the government proceeding first and submitting on its experts' reports, the government underestimates the time it will take to complete the testimony of all experts in this matter. Four experts—two neuropsychologists and two neurologists—submitted reports totaling to approximately 200 pages, each relying on thousands of pages of medical records, witness interviews, and other material. Dr. Diana Goldstein's report, which the government will submit in its case-in-chief, totals to 96 pages and includes, *inter alia*, her assessment of prior expert assessments of Mr. Girardi, years of medical records and reports, numerous witness statements, and video recordings. Similarly, the government's "rebuttal expert," Dr. Ryan Darby, wrote a report that totals to 30 pages.[1]

Examinations of all experts will cover a host of highly technical topics, including the etiology of Mr. Girardi's universally recognized cognitive impairment, brain scan evidence, the function of affected portions of the brain, symptoms, the time course of his impairment, and its effect on his ability to assist properly in defense of his case.

---

[1] Though characterized as a "rebuttal" expert, Dr. Darby, a neurologist, offers opinions on malingering and the ultimate issue of Mr. Girardi's competency to stand trial that far exceed the opinions of the defense's neurologist, which are limited to the etiology and severity of Mr. Girardi's dementia.

The testimony will also discuss scientific literature and studies concerning, *inter alia*, relevant neuropathological conditions, neuroimaging, cognitive impairment, and methodologies for assessing neuropsychological functioning and malingering.

Additionally, there will be testimony by lay witnesses who have observed Mr. Girardi over time and can speak to the decline in his functioning and the progression of his dementia, testimony relevant to the etiology and authenticity of his dementia, and to how his dementia affects his functional abilities. Such testimony will be crucial because all four experts rely on interviews of such witnesses in rendering their opinions. It will also be crucial because the defense has already identified at least one instance where a government expert inaccurately reported her interview of a lay witness. *See* Def.'s Mot. for Order Finding Incompetency, Ex. 39.

Because Mr. Girardi's competency hearing is certain to take more than one day, especially the expert examinations, the Court should permit a brief continuance to allow for consecutive days of expert testimony. Non-consecutive days would be incredibly inefficient. It would require the experts, counsel, and the Court to spend time reviewing transcripts and refreshing their memories of what previously occurred. All four experts would be compensated for such extra work at public expense. And the government experts would likely incur additional travel expenses if made to attend non-consecutive hearing dates, as neither reside in California. There is simply no need to waste time and money in this manner.

//
//
//
//
//
//
//
//

# CONCLUSION

For the stated reasons, Mr. Girardi respectfully requests that the Court continue his competency hearing from August 23, 2023 to a future mutually convenient date to allow for consecutive days of witness testimony.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 3, 2023         By: /s/ J. Alejandro Barrientos
CRAIG A. HARBAUGH
GEORGINA WAKEFIELD
J. ALEJANDRO BARRIENTOS
Deputy Federal Public Defenders
Attorneys for THOMAS V. GIRARDI

6

## DECLARATION OF J. ALEJANDRO BARRIENTOS

I, J. Alejandro Barrientos, declare as follows:

1. I am a Deputy Federal Public Defender representing Mr. Thomas V. Girardi in the above-captioned case.

2. The parties conferred via email regarding Mr. Girardi's application for an order continuing his competency hearing.

3. Counsel for the government declined to stipulate to a request for a continuance, stating, *inter alia*, that "[they] believe we can get through the four experts' testimony in a single court day, especially since [they] will likely submit [their] experts' reports in lieu of any direct examination." They also noted that, if allowed, any lay witnesses could testify the week following the August 23rd hearing.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: August 3, 2023                    */s/ J. Alejandro Barrientos*
                                         J. Alejandro Barrientos