CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CRAIG A. HARBAUGH (Bar. No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
J. ALEJANDRO BARRIENTOS (Bar. No. 346676)
(E-Mail: Alejandro_Barrientos@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-7568
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS VINCENT GIRARDI, <br><br> Defendant. | Case No. 2:23-cr-00047-JLS-1 <br><br> **DECLARATION OF DEFENSE COUNSEL REGARDING SETTING OF TRIAL DATE** <br><br> Status Conference Date: January 10, 2024 |

//
//
//

1 | Thomas V. Girardi, by Deputy Federal Public Defenders, Craig A. Harbaugh and
2 | J. Alejandro Barrientos, submits this declaration of defense counsel regarding the setting
3 | of a trial date in this matter.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 8, 2024          By:  /s/ J. Alejandro Barrientos
                                CRAIG A. HARBAUGH
                                J. ALEJANDRO BARRIENTOS
                                Deputy Federal Public Defenders
                                Attorneys for Thomas V. Girardi

# DECLARATION OF J. ALEJANDRO BARRIENTOS

I, J. Alejandro Barrientos, declare as follows:

1. I am a Deputy Federal Public Defender representing Mr. Thomas V. Girardi in the above-captioned case.

## STATUS CONFERENCE OF JAN. 10, 2024

1. On January 2, 2024, the Court issued a sealed order finding Mr. Girardi competent to stand trial, which was later unsealed on January 5, 2024.

2. On January 3, 2024, the parties requested a status conference regarding the setting of a trial date in this matter.

3. On January 4, 2024, the Court informed the parties that it would set a status conference for January 18, 2024 or, alternatively, that each party could submit a status report regarding a trial date and the Court could set a trial date without holding a status conference. In response, the government indicated that it would file a status report but additionally requested that a status conference be held. The Court set a status conference for January 10, 2024.

4. At this time, the defense believes that setting a trial date is the only matter that needs to be addressed at the January 10 status conference. The government has not identified any other issues that it wishes to address.

## THE DEFENSE'S PROPOSED TRIAL DATE

5. For the reasons explained below, the defense proposes a trial date of February 11, 2025.

6. Mr. Girardi joins in this request.[1]

---

[1] The defense respectfully disagrees with the Court's order finding Mr. Girardi competent to stand trial. In light of the Court's order finding him competent, however, the defense is attempting to treat Mr. Girardi as if he were competent. In doing so, the defense does not concede Mr. Girardi's competency.

3

**PROCEDURAL BACKGROUND**

7. The indictment in this case was filed on January 31, 2023. Mr. Girardi first appeared before a judicial officer of the court in which the charges in this case were pending on February 6, 2023.

8. On March 22, 2023, the Court ordered a mental competency evaluation of Mr. Girardi. ECF No. 54. As part of that order, it found the time period between February 6, 2023, and the date when the Court issues a final order on Mr. Girardi's competency, inclusive, is excludable in computing the time within which the trial must commence pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (h)(1)(D), (h)(7)(A), and (h)(7)(B)(i).

9. As already noted, the Court issued an order finding Mr. Girardi competent on January 2, 2024.

10. No trial date has ever been set as to Mr. Girardi.

11. However, trial was initially set for co-defendant Christopher Kamon for April 4, 2023. That trial date has been continued twice per stipulations between Mr. Kamon and the government (but not Mr. Girardi), first to December 12, 2023 (ECF No. 52) and then to March 12, 2024 (ECF No. 137).

**DISCOVERY & NECESSARY INVESTIGATION**

12. This is a wire fraud case involving allegations that Mr. Girardi engaged in a decade-long scheme with co-defendant Christopher Kamon and others to defraud at least five clients of the Girardi Keese law firm by misappropriating settlement funds.

13. To date, the government has produced approximately 640,000 pages of discovery, including, *inter alia*, 105,661 separate PDF files and 114 separate video/audio files.

14. The discovery includes bank and other financial records; phone records; legal records, such as retention and settlement agreements; emails; and State Bar of California records, among other categories of records.

15. Preparing a defense will require substantial additional investigation and preparation, including additional discovery requests to the government related to the

Girardi Keese law firm and its finances, third-party subpoenas, a forensic accounting, and consultation with experts.

## COMPETENCY FOCUSED LITIGATION

16. Thus far, defense counsel has been overwhelmingly focused on litigating the question of Mr. Girardi's competency, as evidenced by its consultation with four experts (Drs. Chui, Wood, and Schroeder, as well as attorney Kate Corrigan), its extensive briefing on the issue (*see, e.g.*, ECF Nos. 74, 106, 110, 146), and the three-day competency hearing involving four experts and five lay witnesses. Attorneys at the Office of the Federal Public Defender have spent at least 1,914 hours on this competency-focused portion of litigation (including counsel of record and attorneys consulting on an *ad hoc* basis). Other staff, including investigators and paralegals, have also spent substantial time working on this matter.

17. The issues raised in competency proceedings are largely distinct from those raised in litigating the substance of a criminal matter.

18. Thus, the defense requires substantial time to adequately prepare Mr. Girardi's substantive defense, as opposed to litigating his competency.

## THE *LION AIR* PROSECUTION IN N.D. Ill.

19. Moreover, this matter is further complicated due to the pending criminal proceedings against Mr. Girardi, Mr. Kamon, and Mr. David Lira in *United States v. Girardi*, 1:23-cr-00054 (N.D. Ill.), in which the defendants are accused of participating in a scheme to defraud plaintiffs in various civil lawsuits related to the 2018 crash of Lion Air Flight 610 (the, "*Lion Air* case").

20. The defense anticipates that there will be substantial disputes about the relevance and admissibility of evidence related to the *Lion Air* case. In this matter, for example, the government alleges a scheme to defraud clients of the Girardi Keese law firm in this district and "elsewhere" from at least 2010 to December 2020—a time period that covers the allegations of the *Lion Air* case. The government has produced documents related to the *Lion Air* case in this matter, including emails and text messages. And the

5

Court cited circumstances related to the *Lion Air* case in its order finding Mr. Girardi competent in this matter. *See, e.g.*, ECF No. 150, at 44 ("Overall, the evidence of Defendant's conduct and performance in 2020 and 2021 is highly inconsistent with the claims of cognitive impairment made in the mid-December *Lion Air* hearing and at the time of the initiation of the conservatorship proceeding").

21. Given the government's apparent view that this case and the *Lion Air* case are related, the decision to negotiate a plea agreement or proceed to trial in this matter is especially complicated, as evidence submitted or admissions made in this matter could be used against Mr. Girardi in the *Lion Air* case.

22. Moreover, Mr. Girardi has separate counsel in the *Lion Air* case, who will certainly have their own views about how this case may impact the *Lion Air* case.

## DEFENSE COUNSEL CONLICTS & DUTIES

23. I, J. Alejandro Barrientos, have the following trials or other significant hearings scheduled in 2024:

    a. *United States v. Bryant Rivera*, 23-cv-08153-MCS-KS (C.D. Cal.), an extradition hearing stemming from femicide charges in Mexico, scheduled to begin on February 14, 2024;

    b. *United States v. Tavarus Rideout*, CR 22-00539-MEMF, a possession with intent to distribute a controlled substance trial, scheduled to begin on March 25, 2024, and to last approximately two to three days;

    c. *United States v. Mark Anthony Torres*, CR 23-515-HDV (C.D. Cal.), a stalking trial, scheduled to begin March 26, 2024, and to last approximately three days;

    d. *United States v. Edwin I. Bernard*, 2:23-CR-00514-JLS (C.D. Cal.), a trial, scheduled to begin April 9, 2024, and to last approximately three days;

  e. *United States v. Keith Middlebrook*, III, CR 20-00229-DSF (C.D. Cal.), a wire fraud trial, scheduled to begin on May 14, 2024, and to last approximately five to seven days;

  f. *United States v. Jimmy Vernon, III*, CR 22-00456-GW (C.D. Cal.), an interference with commerce by robbery trial, scheduled to begin June 11, 2023, and to last approximately four days.

24. On January 26, 2024, Mr. Craig Harbaugh will be retiring from the Office of the Federal Public Defender. He will not be joining the CJA panel and instead will be working at a private law firm. Mr. Harbaugh will be unavailable to work on this matter upon his departure.

25. Because of Mr. Harbaugh's retirement, the Office of the Federal Public Defender has assigned Deputy Federal Public Defenders Sam Cross and Charles Snyder to work on this matter in addition to myself. They will be filing their notices of appearance shortly.

26. Mr. Cross has the following trials scheduled in 2024:

  a. *United States v. Ramsey*, 2:22-cr-567-FWS, three defendants, conspiracy to commit wire fraud trial, set to start February 27, 2024, 3-4 days;

  b. *United States v. Garcia-Jimenez*, 8:23-cr-00017-JVS, one defendant remaining, distribution and conspiracy to distribute a controlled substance trial, set to start March 5, 2024, 2-3 days;

  c. *United States v. Serena Lieu*, 8:23-cr-20-FWS, one defendant, wire fraud trial, set to start April 9, 2024, 3-4 days;

  d. *United States v. Ma*, 8:23-cr-73-JVS, one defendant possession with intent to distribute a controlled substance trial, set to start April 2, 2024, 1-2 days;

    e.    *United States v. Cao*, 8:23-cr-00104-HDV, one defendant possession with intent to distribute a controlled substance trial, set to start April 16, 2024, 2 days;

    f.    *United States v. Cabrera Ramirez*, 8:21-cr-00180-JLS, one defendant illegal re-entry trial, set to start May 14, 2024, 2-3 days;

    g.    *United States v. Taiese*, 8:23-cr-43-CJC, one defendant, felon in possession of a firearm trial, set to start June 4, 2024, 2 days;

    h.    *United States v. Zuniga*, 8:21-cr-72-CJC, one defendant illegal re-entry trial, set to start August 13, 2024, 1-2 days.

    i.    *United States v. Carreon Moreno*, 8:23-cr-165-CJC, one defendant, passport fraud trial, set to start November 2, 2024, 2-3 days;

27.    Mr. Snyder has the following trials scheduled in 2024:

    a.    *United States v. Echevarria*; CR-23-236-ODW, a seven-defendant drug and gun trial set to begin February 27, 2024, which is estimated to last approximately one week;

    b.    *United States v. Garcia*; CR-20-225-DSF, a three-defendant fraud trial set to begin February 27, 2024, which is estimated to last approximately four days;

    c.    *United States v. Medina*, CR-22-139-MEMF, a two-defendant drug and gun-trafficking trial set to begin March 7, 2024, which is estimated to last approximately four days;

    d.    *United States v. Chavez*, CR-23-67-MWF, a one-defendant gun-possession trial set to begin March 19, 2024, which is estimated to last approximately four days;

    e.    *United States v. Grey*, CR-23-31-FMO, a one-defendant gun-possession trial set to begin April 9, 2024, which is estimated to last approximately four days;

|   |   |   |
|---|---|---|
| f. | *United States v. Power*, CR-20-15-FMO, a one-defendant anti-kickback trial set to begin on April 24, 2024, which is estimated to last approximately four days; |
| g. | *United States v. Jimmy Vernon*, CR-22-456-GW, a three-defendant robbery trial set to begin June 11, 2024, which is estimated to last approximately four days; |
| h. | *United States v. Fritsch*; CR-17-520-DSF, a one-defendant fraud trial set to begin August 13, 2024, which is estimated to last approximately 10 days; |
| i. | *United States v. Diamantides-Abel*, CR-23-461-MCS, a three-defendant campaign-finance trial set to begin December 10, 2024, which is estimated to last approximately seven days; |
| j. | *United States v. Randy Grabeel*, CR-23-200-MCS, a fourteen-defendant RICO fraud trial with no current trial date, which is estimated to last approximately two weeks. |

28. In addition to these conflicts, many of which involve older cases expected to proceed to trial, Mr. Snyder and Mr. Cross also have ethical and Constitutional duties requiring them to review the discovery in this case, investigate defenses, and fully prepare to represent Mr. Girardi at trial.

29. In light of Mr. Harbaugh's retirement, the addition of brand new attorneys to the defense, the new attorneys' conflicts and ethical duties, and the new attorneys' obligations to other clients and Courts throughout the District, the defense requires a substantial period of time to adequately prepare Mr. Girardi's defense.

**MR. GIRARDI'S COGNITIVE IMPAIRMENT**

30. Though the Court denied the defense's motion for a finding of incompetency, it agreed that Mr. Girardi "suffers from mild-to-moderate cognitive impairment" and has a "reduced" ability to form new short term memories. ECF No. 150, at 37, 51. The Court credited, for example, a report that Mr. Girardi wandered into a

9

|   |   |
|---|---|
| 1 | federal courthouse in downtown Los Angeles in March of 2020 while under the mistaken |
| 2 | impression that he had entered the Los Angeles Superior Court—a place where he had |
| 3 | practiced law for years. *Id*. at 45. |
| 4 | 31.   In addition to recognizing Mr. Girardi's cognitive impairment, the Court |
| 5 | further recognized that certain aids could assist Mr. Girardi in overcoming that |
| 6 | impairment, including "***frequent conferences with counsel***," note-taking, and "cueing." |
| 7 | *Id*. at 51 (emphasis added). |
| 8 | 32.   In light of Mr. Girardi's universally recognized cognitive impairment and |
| 9 | the Court's recognition of the need for aids, reviewing all discovery with Mr. Girardi, |
| 10 | investigating the case, determining whether to plead or go to trial, and formulating a |
| 11 | defense will take longer than in the typical matter. |

**THE GOVERNMENT'S ANTICIPATED PROPOSED TRIAL DATE**

|   |   |
|---|---|
| 13 | 33.   After conferring with counsel for the government, it is the defense's |
| 14 | understanding that the government intends to propose a trial date in March of 2024 or |
| 15 | earlier. |
| 16 | 34.   Such a proposal would make little sense. Most importantly, the defense |
| 17 | requires substantial time to prepare for the reasons explained above, including the |
| 18 | incredible volume of discovery, the need for additional defense investigation, new |
| 19 | defense counsel, the need to consult with/notice experts as necessary, complications |
| 20 | caused by the *Lion Air* case and Girardi Keese bankruptcy, and Mr. Girardi's universally |
| 21 | recognized cognitive impairment. |
| 22 | 35.   On a simpler level, the government's anticipated proposal leaves very little |
| 23 | time to even make pre-trial motions. Per the Court's order on criminal matters, pre-trial |
| 24 | motions be filed at least 39 days in advance of trial because: (i) pre-trial motions must be |
| 25 | filed no fewer than 28 days in advance of the hearing date and (ii) the latest a motion may |
| 26 | be heard is the pretrial status conference, which is typically set for the Friday that is 11 |
| 27 | days in advance of trial. If, for example, the government sought to set Mr. Girardi's trial |
| 28 | for March 12 (the current trial date for Mr. Kamon), pre-trial motions would be due on |

February 2, 2024, which is less than four weeks from now. Such time would be wholly inadequate given the size and complexity of this case, as well as Mr. Girardi's cognitive impairment.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: January 8. 2024  /s/*J. Alejandro Barrientos*
J. Alejandro Barrientos