CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
SAMUEL CROSS (Bar No. 304718)
Email: Sam_Cross@fd.org
J. ALEJANDRO BARRIENTOS (Bar. No. 346676)
Email: Alejandro_Barrientos@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS VINCENT GIRARDI,<br><br>Defendant. | Case No. 2:23-cr-00047-JLS-1<br><br>**EX PARTE APPLICATION TO FILE FOR SUBPOENA IN CAMERA** |

Thomas Girardi, through counsel, applies ex parte for an order that his Ex Parte Application for an Order Issuing Subpoena Duces Tecum be filed in camera. Girardi bases this application on the attached memorandum of points and authorities, the files and records in this case, and any further information as may be provided to the Court regarding the application.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 9, 2024      By  */s/ Charles J. Snyder*
                                 CHARLES J. SNYDER
                                 Attorney for Thomas Girardi

## MEMORANDUM OF POINTS AND AUTHORITIES

Consistent with Rule 17 and Girardi's Sixth Amendment right to compulsory process, Girardi is lodging for <u>in camera</u> and under seal filing an <u>ex parte</u> application for issuance of subpoena duces tecum.

A court has supervisory powers over its records and files to seal documents under appropriate circumstances. <u>See</u> <u>United States v. Mann</u>, 829 F.2d 849, 853 (9th Cir. 1987). Rule 17(b) of the Federal Rules of Criminal Procedure provides that indigent defendants may apply <u>ex parte</u> to the court for subpoenas necessary to an adequate defense. The right to apply <u>ex parte</u> was added in a 1966 amendment, for the purpose of assuring that indigent defendants would not have to disclose their defenses in exercising their right to compulsory process. <u>See id.</u>, advisory committee note (1966 amendment). Local Rule 17-4 provides that issuance and service of the subpoenas for the defense shall not be disclosed to anyone except upon order of the Court and/or as necessary to service of the subpoena, and Local Rule 79-5.1 provides that a party may request that documents be filed <u>in camera</u>.

The Ninth Circuit has made clear that there is no presumptive right of public access to Rule 17 subpoena requests. <u>See</u> <u>United States v. Sleugh</u>, 896 F.3d 1007 (9th Cir. 2018). Nor does Rule 17 contemplate the accused being forced to reveal his defense strategy to the government in order to avail himself of his Sixth Amendment right to compulsory process. <u>See id.</u> at 1012 ("If the grounds articulated in support of the subpoena request were made part of the public record, such a showing could reveal counsel's trial strategies or defense theories to the opposing party."); <u>United States v. Tomison</u>, 969 F.Supp. 587, 592 (E.D. Cal. 1997) ("An interpretation which would require the defendant to divulge his or her theory of the case as a prerequisite for pre-trial production would discourage the defendant from using the Rule in the first place."); <u>United States v. Beckford</u>, 964 F.Supp. 1010, 1027 (E.D. Va. 1997) ("Forcing any defendant to confront the choice between issuing a pre-trial subpoena duces tecum

1

and disclosing his defense to the Government places an unconstitutional limitation on the defendant's right to compulsory process."); Wardius v. Oregon, 412 U.S. 470, 476 (1973) ("It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the [prosecution].").

      The Ninth Circuit has approved of filing items in camera where a party has "no obligation to disclose them." United States v. Gurolla, 333 F.3d 944, 951 (9th Cir. 2003) (quoting United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998)); see also United States v. Peltier, 693 F.2d 96, 97-98 (9th Cir. 1982) (per curiam) (reviewing offer of proof made in camera by defendant's counsel below). This is so because the need for in camera review of a criminal defendant's memorandum of privileged information is critical to protecting a defendant's Sixth Amendment right to due process. Tomison, 969 F.Supp. at 592-93. The fact that a defendant has "a right to protect his trial strategy contraindicates a noticed motion practice requiring disclosure to the government of the defendant's theory of the case as a precondition to obtaining" access to the courts. Id. at 593. Requiring a defendant to divulge his theory of defense in order to avail himself of constitutional protections would only serve to undermine a defendant's right to a fair trial. Id.

      Similarly, the law endorses a defendant's right to protect his theory of defense in his communications with the Court. In United States v. Hicks, 103 F.3d 837, 842 (9th Cir. 1996), for example, the district court was held to have erroneously, though harmlessly, required parties to exchange witness lists and tentative summaries of testimony in advance of trial. Other cases are in accord where the secrecy of the defense strategy is threatened by a public filing. See also United States v. Eshkol, 108 F.3d 1025, 1028 (9th Cir. 1997) (approving of in camera memoranda to prevent disclosure of defense theory); United States v. McKeon, 738 F.2d 26, 33 (2d Cir. 1984) (court should allow defendant's in camera offer of proof "where the attorney-client

privilege, the privilege against self-incrimination, the fear of impeachment by a prior conviction, apprehension over having to change attorneys, the revelation of work product, trial tactics, or legal theories of defense counsel may be involved"); United States v. Poindexter, 727 F.Supp. 1470, 1479 n.16 (D.D.C. 1988) ("The Court considers the ex parte nature of the showing to be appropriate at this time because it does not wish to require the defendant to reveal to the prosecution the theories of his defense as a prerequisite to attempting to secure the discovery to which he may be entitled."); United States v. Beckford, 964 F.Supp. 1010, 1031 (E.D. Va. 1997) ("ex parte process is proper because the defendants' various Nixon disclosures implicate the rights of defendants not to disclose their trial strategy and to maintain the privacy of their confidential records."); United States v. McVeigh, 954 F.Supp. 1441, 1444-45 (D. Colo. 1997) (approving the ex parte filing of supporting documents for a defense discovery request, where the documents disclosed portions of the defense strategy).

In short, the practice of in camera filings where privileged information is at stake is rooted in fundamental principles of due process, and has long been upheld. The application for an order issuing subpoena is thus appropriately filed in camera.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: February 9, 2024         By  /s/ Charles J. Snyder
                                CHARLES J. SNYDER
                                Attorney for Thomas Girardi

3

**DECLARATION OF CHARLES J. SNYDER**

I, Charles J. Snyder, hereby declare as follows:

1. I am a California-licensed DFPD appointed to represent Thomas Girardi in this matter. I make this declaration based on personal knowledge, the filings in this case, and discovery produced by the government.

2. I seek the Court's permission to file <u>in camera</u> the concurrently-lodged <u>ex parte</u> application for issuance of <u>in camera</u> trial subpoena because the contents of that document contain information relevant to and reflective of my confidential investigation, attorney work product, and theories of defense on behalf of Girardi. Filing this document <u>in camera</u> and under seal will assure that Girardi doesn't disclose his theory of defense or privileged communications in exercising his right to compulsory process.

3. On February 9, 2024, the government indicated that it neither opposes the <u>ex parte</u> nature of this application nor the filing of the subpoena application <u>in camera</u>.

4. For the forgoing reasons, I respectfully request that the Court permit the filing of the <u>ex parte</u> application, lodged herewith, <u>in camera</u> and under seal.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Executed February 9, 2024 at Los Angeles, California.

                                                   */s/ Charles J. Snyder*
                                                       Charles J. Snyder