E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate & Securities Fraud Strike Force
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-0141
     E-mail:    scott.paetty@usdoj.gov
                ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-CR-00047-JLS |
| Plaintiff, | JOINT STATUS REPORT RE: DISCOVERY |
| v. | |
| THOMAS VINCENT GIRARDI and CHRISTOPHER KAZUO KAMON, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, and defendant Thomas Vincent Girardi, by and through his counsel of record Deputy Federal Public Defenders Charles Snyder, Samuel Cross, and Alejandro Barrientos, and defendant Christopher Kazuo Kamon, by and through his counsel of record Michael Severo, hereby file a joint status report re: discovery.

The parties provide their respective positions in advance of the February 23, 2024 discovery conference.

Dated: February 16, 2024            Respectfully submitted,

                                              E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


         /s/
SCOTT PAETTY
ALI MOGHADDAS

Attorneys for Plaintiff
UNITED STATES OF AMERICA


Dated: February 16, 2024

         /s/ with permission
CHARLES SNYDER
SAMUEL CROSS
ALEJANDRO BARRIENTOS

Attorneys for Defendant
THOMAS VINCENT GIRARDI


Dated: February 16, 2024

         /s/ with permission
MICHAEL SEVERO

Attorney for Defendant
CHRISTOPHER KAZUO KAMON

**JOINT STATUS REPORT**

I.  **Defendant Girardi's Position**[1]

   A.  **State of discovery as of the January 10 trial-setting conference.**

As of the January 10 trial-setting conference, the government had made four tranches of discovery productions consisting of 640,634 Bates-stamped pages. While much of the discovery consists of sequentially-numbered PDFs, it also contains numerous recordings and spreadsheets, each of which is denominated by a single Bates number. In general, Production 1 consists of grand-jury returns, documents received from the State Bar and individuals associated with the charged executions of the alleged wire-fraud scheme, interview and investigative reports, and recordings; production 2 consists of grand-jury returns, voluntary third-party productions, and reports; and productions 3 and 4 consist of grand-jury returns, items received from the trustee, interview and investigative reports, and recordings.

   B.  **Discovery requests and productions since the trial-setting conference.**

In the month since the trial-setting conference, Girardi has sent the government a number of discovery requests citing Rule 16 and Brady. Without providing an exhaustive recitation, these requests include: (1) Girardi Keese's accounting and timekeeping records; (2) GK's emails; (3) a forensic image of GK's computers; (4) GK's litigation-management databases; (5) certain analyses compiled by the

---

[1] Defendant Christopher Kamon does not provide his own section in this report; however, he joins in defendant Girardi's discovery requests as stated in section I.B. and joins in the contention that the Trustee is part of the prosecution team for Brady purposes.

GK bankruptcy trustee; and (6) evidence related Christopher Kamon's alleged separate embezzlement schemes.  Over the same time period, the government has produced approximately 36,000 Bates-numbered items – some of which are native documents, spreadsheets, and recordings marked with a single Bates page – as well as Chris Kamon's digital devices.[2]  These productions have brought the total Bates range from 640,634 to 676,831, not including Kamon's devices.

**C.   Forward-looking issues and outstanding evidence.**

The parties have generally worked cooperatively since the trial-setting conference, but have disagreed about the extent to which the government is responsible for items nominally held by the GK bankruptcy trustee.  Girardi contends that the trustee is a member of the prosecution team for Brady purposes, and that the items within the trustee's possession are within the government's possession, custody, or control under Rule 16.  The government takes the opposite position.  To date, the parties have "agreed to disagree" on this point, and the issue has not yet crystallized into a dispute requiring the Court's intervention.

---

[2] Specifically, on January 10, after the trial-setting conference, the government produced additional grand-jury returns and interview memos.  On January 12, the government produced the discovery from Kamon's separate embezzlement case, including information regarding his efforts to proffer throughout 2023.  On January 24, the government produced forensic copies of Kamon's seized digital devices, including at least one computer and multiple cell phones, the contents of which are not Bates stamped.  On January 30, the government produced certain items received from the trustee, reports related to its interactions with the trustee, some of Kamon's emails, and additional grand-jury returns.  On February 15, the government produced another set of discovery including selected GK emails and other documents related to its case-in-chief, reports, and voluminous GK accounting records in its possession since May 2023, each of which is denominated by a single Bates page (e.g., the ledger of every GK partner draw and contribution from 1999-2020 is allocated a single Bates page).

2

One effect of that disagreement is that, rather than obtaining certain evidence directly from the government, Girardi has had to seek it from the trustee, who has refused to produce anything without a subpoena. This has prolonged the time necessary for Girardi to obtain and review evidence critical to his trial defense. As the Court knows, Girardi recently obtained a subpoena for items in the trustee's possession, which he served on the trustee on February 13.[3] The trustee has yet to produce responsive items.

Presently, the parties do not have discovery disputes that require the Court's intervention, though there is a possibility that they may arise in the future. Girardi's mostly-new defense team is diligently reviewing the existing discovery as well as material from dozens of related litigations and investigations and believes that there is likely to be substantial additional evidence key to his trial defense, much of which is likely to be in the hands of the trustee.

**II.   Government's Position**

Following the January 10 status conference, defendant Girardi has made multiple discovery requests, to which the government has promptly responded. The government believes that many of these requests exceed the ambit of its discovery obligations, but nevertheless it worked diligently to comply with these requests to avoid unnecessary litigation and/or further delays. To that end, the government has facilitated defendant Girardi's direct contact with the bankruptcy trustee in order to enable his access to any materials

---

[3] Girardi has consistently maintained that the government is responsible for producing any material or favorable evidence in the possession of the trustee under Rule 16 and Brady, and that he was not required to seek a subpoena at all.

3

in the trustee's possession that may assist in the preparation of his defense and remains ready to assist Girardi as appropriate.

The government understands that there are currently no active discovery disputes.  Furthermore, as stated at the January 10 status conference, in an effort to streamline this case, the government has agreed to provide the defense with its witness and exhibit lists in advance of trial.  Consistent with that position, the government intends to provide these lists to defendants on or before the discovery conference scheduled for February 23, 2024.  The government will endeavor to provide as complete a version of both lists as possible but reserves the right to modify the lists in advance of trial.  Further, the government anticipates that the vast majority of its exhibits are documents and materials the defense has long possessed, including records from the government's first production in this matter from nearly a year ago.