1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   SCOTT PAETTY (Cal. Bar No. 274719)
4  Assistant United States Attorney
   Deputy Chief, Major Frauds Section
5  ALI MOGHADDAS (Cal. Bar No. 305654)
   Assistant United States Attorney
6  Corporate & Securities Fraud Strike Force
        1200 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone:  (213) 894-2400
        Facsimile:  (213) 894-0141
9       E-mail:     scott.paetty@usdoj.gov
                    ali.moghaddas@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12                  UNITED STATES DISTRICT COURT

13             FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,          No. CR 23-47-JLS

15            Plaintiff,              GOVERNMENT'S OPPOSITION TO
                                      DEFENDANT'S *IN CAMERA* AND UNDER
16            v.                      SEAL APPLICATION FOR RULE 17
                                      SUBPOENA DUCES TECUM
17 THOMAS VINCENT GIRARDI and
   CHRISTOPHER KAZUO KAMON,
18
            Defendants.
19

20       Plaintiff United States of America, by and through its counsel

21 of record, the United States Attorney for the Central District of

22 California and Assistant United States Attorneys Scott Paetty and Ali

23 Moghaddas, hereby files its opposition to defendant Thomas Vincent

24 Girardi's in-camera and under seal application for Rule 17 subpoena

25 duces tecum as an improper use of Rule 17 and asks the Court to deny

26 defendant's request.  Alternatively, if the Court grants the

27 requested subpoena, the government respectfully requests that any

28

responsive materials produced to defendant also be provided to the government.

This opposition is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: February 23, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

            /s/
_____
SCOTT PAETTY
ALI MOGHADDAS

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.   INTRODUCTION**

3

Defendant Girardi has recently filed an <u>in camera</u> and under seal

4 request for what appears to be a Rule 17 subpoena duces tecum,

5 seemingly to embark on impermissible discovery and pretrial

6 investigation in violation of the Federal Rules of Criminal

7 Procedure.  Defendant has not provided any details to the government

8 including the identity of the third party recipient, whether the

9 requested subpoena includes a non-disclosure order precluding the

10 third party from discussing the subpoena with the U.S. Attorney's

11 Office, or whether any documents produced pursuant to the subpoena

12 will be available to both parties.

13

Courts faced with similar requests by defendants have held that

14 such improper fishing expeditions should be denied.  This Court

15 should likewise deny defendant's improper request.  Alternatively, if

16 the Court grants defendant's request, the Court should permit the

17 government to obtain any records produced in response as contemplated

18 by the text of Rule 17.  <u>See</u> Fed. R. Crim. P. 17 ("The court may

19 direct the witness to produce the designated items in court before

20 trial or before they are to be offered in evidence.  When the items

21 arrive, the court may permit the parties and their attorneys to

22 inspect all or part of them.").

23

**II.  ARGUMENT**

24

**A.   General Requirements for Rule 17 Subpoenas**

25

Rule 17 provides for the issuance of subpoenas to compel the

26 testimony of witnesses at criminal proceedings and the production of

27 evidentiary documents.  Fed. R. Crim. P. 17.  However, a subpoena

28 duces tecum issued under Rule 17 has a limited purpose: to procure

1   evidence that will be introduced at the attendant proceeding, usually

2   trial.  <u>United States v. Nixon</u>, 418 U.S. 683, 698-99 (1974).

3       In <u>Nixon</u>, the Supreme Court held that the proponent of the

4   subpoena must "clear three hurdles: (1) relevancy; (2) admissibility;

5   (3) specificity."  <u>Id.</u> at 700.  As courts have noted, the failure to

6   show relevance, admissibility, and specificity indicates the

7   requested Rule 17 subpoena is an impermissible fishing expedition.

8   <u>See</u> <u>United States v. Noriega</u>, 764 F. Supp. 1480, 1493 (S.D. Fla.

9   1991) ("If the moving party cannot reasonably specify the information

10  contained or believed to be contained in the documents sought but

11  merely hopes that something useful will turn up, this is a sure sign

12  that the subpoena is being misused.").

13      <u>Nixon</u> further provides that, even upon a showing that the

14  subpoena seeks relevant, admissible, and specific evidence, if the

15  subpoenaing party requests pre-trial production, a court must also

16  consider whether the materials are "(2) . . . not otherwise

17  procurable reasonably in advance of trial by exercise of due

18  diligence; (3) that the party cannot properly prepare for trial

19  without such production and inspection in advance of trial and that

20  the failure to obtain such inspection may tend unreasonably to delay

21  the trial; and (4) that the application is made in good faith and is

22  not intended as a general 'fishing expedition.'"  418 U.S. at 699.

23      It is clear that Rule 17(c) requires a showing of relevancy,

24  admissibility, and specificity to support a subpoena for documents.

25  Rule 17(c)(2) allows the Court to consider a motion to quash if the

26  subpoena is unreasonable or oppressive.  Upon the filing of a motion

27  to quash, it is the defendant's burden to show the requested

28  documents are relevant, admissible, and the request is sufficiently

1  specific.  Nixon, 418 U.S. at 700.  As discussed more fully below,

2  defendant cannot meet his burden if the subpoena is for a purpose

3  beyond the scope of Rule 17, such as to gather "discovery"

4  information.  If the subpoena is nothing more than a "fishing

5  expedition" and the documents are available from another source, such

6  as discovery from the government, it is unreasonable and oppressive

7  and should not be issued.

8         **B.   Rule 17(c) Subpoenas Cannot Be Used to Seek Discovery**

9      Courts have long held that, given the detailed rules set forth

10  in Rule 16 regarding the government's disclosure obligations before

11  and during trial, a defendant may not circumvent Rule 16 by seeking

12  broader discovery through the use of Rule 17(c) subpoenas to

13  government agencies.  As the Supreme Court long ago made clear in

14  Bowman Dairy Co. v. United States, "[i]t was not intended by Rule 16

15  to give a limited right of discovery, and then by Rule 17 to give a

16  right of discovery in the broadest terms. . . . Rule 17(c) was not

17  intended to provide an additional means of discovery."  341 U.S. 214,

18  220 (1951).  As a result, Rule 17(c) subpoenas in general are not

19  proper if "intended as a general 'fishing expedition.'"  Nixon, 418

20  U.S. at 700.  "[Rule 17's] chief innovation was to expedite the trial

21  by providing a time and place before trial for the inspection of the

22  subpoenaed materials."  Bowman Dairy, 341 U.S. at 220.  Hence, any

23  attempt to justify the subpoena as a method to obtain documents and

24  objects "material to preparing the defense" pursuant to Rule

25  16(a)(1)(E)(i), is to no avail.

26      The Ninth Circuit in United States v. Reed, 726 F.2d 570, 577

27  (9th Cir. 1984), determined the district court properly quashed a

28  Rule 17 subpoena where the defendant had sought entire arson

investigation files, not specific documents.  The Reed court stated, "Rule 17(c) was not intended as a discovery device, or to 'allow a blind fishing expedition seeking unknown evidence.'"  Id. (quoting United States v. MacKey, 647 F.2d 898, 901 (9th Cir. 1981)).  The Reed court also commented that the defendant did not establish relevance or admissibility of the subpoenaed files.  Id.  The instant subpoena, like the one in Reed, may seek a large swath of documents (such as an employee's personnel file), not specific records.  If the subpoena does seek a large variety of documents, it is unclear how such an array of documents would be admissible.  See id.; see also United States v. Richardson, 607 F.3d 357, 368 (4th Cir. 2010) ("[T]he subpoena duces tecum is not intended to provide a means of pretrial discovery . . .").

The Ninth Circuit does not stand alone in quashing Rule 17 subpoenas in those instances where a subpoena goes beyond those limited Nixon circumstances.  Subpoenas seeking pre-trial discovery such as material otherwise governed by the Jencks Act, Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), are routinely quashed.  See Nixon, 418 U.S. at 701 ("Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."); United States v. Fields, 663 F.2d 880, 881 (9th Cir. 1981) (where defendant's purpose for seeking Rule 17(c) subpoena was to obtain impeachment material, subpoena was improper); United States v. Hughes, 895 F.2d 1135, 1145-46 (6th Cir. 1990) (finding a Rule 17(c) subpoena to a third party for impeachment material improper); United States v. Cuthbertson, 651 F.2d 189, 195 (3d Cir. 1981) (Rule 17(c) subpoenas not available to obtain exculpatory (Brady) material in

4

possession of prosecution or hearsay evidence that could only be used for impeachment); see also Fed. R. Crim. P. 17(h) (precluding from production via Rule 17 subpoena a witness's prior statements, which are governed by Rule 26.2 and the Jencks Act, 18 U.S.C. § 3500).

Finally, if the information sought is actually an attempt to gain "discovery" that could potentially be disclosed in the discovery process, defendant has not shown the information is not otherwise reasonably procurable in advance of trial, one of the Nixon components. Nixon, 418 U.S. at 699. In United States v. Beckford, 964 F. Supp. 1010 (E.D. Va. 1997), the district court issued subpoenas ex parte and under seal. The government challenged several of the subpoenas because, the government argued, they sought pre-trial discovery. The court acknowledged that "[t]he Government correctly notes that a Rule 17(c) subpoena duces tecum is improper where it calls for the production of Brady, Jencks, or Giglio material." Id. at 1031. As the Beckford court noted, materials subject to disclosure in discovery would not be materials the Nixon court described as "not otherwise procurable reasonably in advance of trial." Id. at 1032.

In a case in this district, United States v. Norris, No. CR 12-450-JFW, involving a defendant's attempt to improperly use Rule 17 as a discovery tool, the Honorable John F. Walter issued an order denying an ex parte application requesting the issuance of the improper subpoenas. (CR 12-450-JFW, Dkt. 28.) In that case, defendant sought "entire categories of documents instead of specific documents" and made no showing of the relevancy of the requested documents. (Id.) Such requests constituted discovery requests and

1    were wholly inappropriate under Rule 17.  As such, defendant's

2    application for the issuance of subpoenas was denied.  (Id.)

3         Similarly, in United States v. Murillo, No. CR 05-1111(A)-RGK,

4    the Honorable R. Gary Klausner granted the government's motion to

5    quash subpoenas issued to a wide range of institutions seeking

6    materials related to a confidential informant and a government

7    witness.  (CR 05-1111(A)-RGK, Dkt. 493.)  The court explained that

8    "[a] criminal defendant cannot use subpoenas to circumvent the

9    discovery limitations of Rule 16."  The court further explained that

10   if the defendant had issues with the government's production of

11   discovery, the proper channel for addressing such matters would be a

12   discovery motion.  Id.

13        In another case in this district, United States v. Roach, et

14   al., No. CR 12-165-PSG, also involving a defendant's attempt to

15   improperly use Rule 17 subpoenas, the Honorable Phillip S. Gutierrez

16   granted the government's motion to quash the subpoenas as an improper

17   use of Rule 17.  In that case, as here, the defendant filed his

18   subpoena requests under seal and in camera.  Without knowing the

19   identities of the entities to be served with subpoenas or the nature

20   of the documents sought by the subpoenas, the government moved to

21   quash the subpoenas to the extent they were improper under Rule 17,

22   and the district court granted the government's motion.  (CR 12-165-

23   PSG Dkt. 49.)

24        Here, defendant's in camera request potentially implicates pre-

25   trial discovery materials, including Brady/Giglio requests.  To the

26   extent defendant believes that there are discovery disputes, the

27   proper method to obtain such discovery is through a motion to compel.

28   If the in camera request is for a law enforcement officer or

government employee witness and the subject of the subpoena will be called as a government witness at trial, a subpoena is unnecessary as government trial counsel will request a review of such records as part of the government's obligations under Giglio v. United States, 405 U.S. 150 (1972), and United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).  If defendant's in camera request is an attempt to obtain otherwise discoverable materials, then the request should be denied.

**C. No Exceptional Circumstances Justify Ex Parte Procedure**

Ex parte procedure with respect to the issuance of pre-trial subpoenas is authorized only in "exceptional circumstances." Beckford, 964 F. Supp. at 1030; see also United States v. Bran, 2013 WL 1193338, at *2 (E.D. Va. Mar. 22, 2013).  "[A] party seeking to proceed ex parte will have to meet a heavy burden to proceed in that fashion."  Beckford, 964 F. Supp. at 1030.  "Ordinarily, ex parte procedure will be unnecessary and thus inappropriate."  Id.

In this case, defendant has -- ex parte, under seal, and in camera -- sought permission to presumably conduct a clandestine investigation of an undisclosed person or entity.  In doing so, defendant has effectively prevented the government from challenging the subpoena in a precise and helpful manner before the Court.  To the extent defendant contends that disclosing his application for a subpoena would unfairly reveal his trial strategy, the government requests that only the subpoena itself be disclosed to allow argument and proper resolution of this matter.  Beckford, 964 F. Supp. at 1030 ("In most instances, it will not be necessary to disclose trial strategy, divulge witnesses or work product, or implicate a privacy right merely to make the application for issuance of a pre-trial subpoena duces tecum.  And, a party seeking to proceed ex parte will

7

have to meet a heavy burden to proceed in that fashion."); cf. United States v. Mark Ridley-Thomas, No. CR 21-485-DSF (C.D. Cal. May 24, 2022), Dkt. 52 at 2 (finding in camera nature of application proper so that defense theories and strategy would not be revealed to the government) (citation omitted).  Indeed, should the Court find defendant's subpoena proper, the government does not seek the attorney affidavit in support of the subpoena filed in camera. Rather, the government only requests the subpoena itself and, as discussed below, any responsive materials produced pursuant to the subpoena as contemplated by Rule 17(c).

### D. Alternatively, if Granted, Any Materials Produced Should Be Likewise Shared With the Government Pursuant to Rule 17(c)

The government respectfully requests that this Court unseal the subpoena (but not the attorney affidavit filed in camera) so that it can meaningfully participate in any further proceedings relating to the request.  Because Rule 17(c) makes no provision for allowing only one party to access documents produced in response to a subpoena, both parties should have access to the subpoenas (if not the items produced themselves).  Jenkins, 895 F. Supp. at 1395 (holding that the Court erred in failing to permit the government to examine the documents produced in response to the subpoenas ahead of trial). Indeed, the text of Rule 17(c) states that documents should be "inspected by the parties and their attorneys."  Id.  Indeed, in United States v. Alonzo, the Honorable Dale S. Fischer held that "basic fairness" dictates that a "'[d]efendant cannot unilaterally use helpful information without allowing the Government to rebut using harmful evidence gleaned from the same.'"  No. CR 15-009-DSF (C.D. Cal. Jun. 16, 2016), Dkt. 46 (quoting United States v.

8

McLaughlin, 2012 U.S. Dist. LEXIS 145772, at *7-8 (D. Nev. Oct. 9, 2012)).  As such, if defendant's request is approved, the government respectfully requests that it too be provided with any materials produced by the third party.

Furthermore, to the extent defendant seeks to preclude the subpoenaed party from disclosing the application or subpoena, the government respectfully requests that the Court deny such a request since it would, among other issues, interfere with the rights of the subpoenaed party.  Ridley-Thomas, Dkt. 52 at 2 ("[T]he Court declines to place any limit on the subpoenaed party's ability to disclose the contents of the documents or the fact of its service.  To do so would interfere with the rights of the subpoenaed party.").

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court deny defendant's in camera request, or in the alternative, that any responsive materials produced to defendant also be provided to the government as well.