# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>THOMAS VINCENT GIRARDI,<br>Defendant. | Case No. 2:23-CR00047-JLS<br><br>██████████████<br><br>**ORDER GRANTING EX PARTE APPLICATION TO FILE SUBPOENA APPLICATION AND RELATED DOCUMENTS IN CAMERA**<br><br>**ORDER DENYING EX PARTE APPLICATION FOR ORDER ISSUING SUBPOENAS DUCES TECUM** |

Defendant Thomas Girardi seeks to file in camera an application for the issuance of twelve subpoenas which seek materials Girardi claims are related to the present prosecution. With the Court's leave, the Government filed a response, even though it remains unaware of the details of Girardi's in camera filings. (*See* Doc. 173.) The defense filed a reply. (Doc. 175.) The Court herein addresses (1) Girardi's request that he be permitted to file his application ex parte and in camera, and (2) Girardi's request for the issuance of the subpoenas.

## I.  LEGAL STANDARD

Rule 17 of the Federal Rules of Criminal Procedure governs issuance of subpoenas in criminal proceedings.  Where a defendant is indigent and submits a filing ex parte (and seeks in camera treatment of the application[1]) for the appearance of a witness at trial, "the court must order that a subpoena be issued for a named witness if the defendant shows . . . the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). However, the issuance of subpoenas duces tecum for the pretrial production of documents and objects is governed by Rule 17(c), and contains no similar provision for in camera treatment of the application by an indigent defendant:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

*Id.*

Whether to issue or enforce Rule 17 subpoenas is within the discretion of the trial court. *United States v. Nixon*, 418 U.S. 683, 702 (1974); *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) ("Enforcing or quashing Rule 17(c) subpoenas is within the discretion of the trial judge and will not be disturbed unless clearly arbitrary or without

---

[1] The term "ex parte application" as used in this district is often a misnomer, because as the term is used in the Local Rules, it contemplates a filing that seeks expedited treatment of a matter before the Court, and not necessarily one resolved without input from both sides. *See* Central Dist. L.R. 17-19.1 (requiring the filer of an ex parte application to give notice to other parties of "the date and substance of [a] proposed ex parte application and . . . to advise the Court in writing . . . whether any other counsel . . . opposes the application").  Indeed, in practice such filings are rarely resolved without input from other parties.  In more generic usage, the term "ex parte" is used in the sense of its literal translation from the Latin: "from one party."  Where a filing is ex parte in the sense of the term's literal translation, it is maintained on the docket not only "under seal" but also "in camera."  "In camera" is literally translated as "in chambers," and the term always refers only to those documents that are submitted to the Court without disclosure to another party or to the public.  The precise meaning of these terms as used herein should be apparent from context.

support in the record.")  Generally, such pretrial subpoenas duces tecum are not intended to provide a means of discovery in criminal cases.  *See Bowman Dairy Co. v. United States*, 341 U.S. 214, 220-21 (1951).  The Supreme Court discussed the showing necessary for issuance of a subpoena in *Nixon*, 418 U.S. at 697-702, which first quoted with approval a test that requires the moving party to establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* at 699-700 (1974) (footnote omitted).  The Supreme Court went on to identify "three hurdles" that the moving party had to clear:  "(1) relevancy; (2) admissibility; (3) specificity."  *Id.* at 700.[2]

Although the Supreme Court reserved the issue of whether this standard applied to subpoenas addressed to third parties, *id.* at 699 n.12, the Ninth Circuit has held that it does. *See United States v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) ("[W]e see no basis for using a lesser evidentiary standard merely because production is sought from a third party rather than from the United States.").  District courts in the Ninth Circuit continue to apply the *Nixon* standard to cases involving third-party subpoenas.  *See, e.g., United States v. Jesenik*, 2023 WL 1879682 at *3 (D. Oregon, Feb. 10, 2023); *United States v. Arabi*, 2023 WL 6798499, at *2 (S.D. Cal. Oct. 13, 2023); *United States v. Burley*, 2023 WL 3792641, at *3

---

[2] Although not noting it as part of the "hurdles" the moving party must clear, the requirement that the materials are not "otherwise procurable" remains.  *See Nixon*, 418 U.S. at 702 (in upholding the enforcement of the Rule 17 subpoena, expressly noting that "subpoenaed materials [were] not available from any other source").

(N.D. Cal. June 2, 2023); *United States v. Byler*, 2021 WL 5984990, at *2 n.19 (D. Alaska Dec. 16, 2021). This Court does as well.

## II.   IN CAMERA FILINGS

The Government has objected to the in camera nature of the filing. On this, the Court is guided by *United States v. Sellers*, 275 F.R.D. 620 (D. Nev. 2011). Therein, the court noted the distinction between Rule 17(b) subpoenas, which are issued to compel witnesses to appear at trial, and Rule 17(c) subpoenas, that compel a recipient to produce "books, papers, documents, data, or other objects" as specified in the subpoena. *Id.* at 622 (quoting Fed. R. Crim. P. 17(c)).

The *Sellers* court observed that while Rule 17(b) expressly permits an ex parte application by an indigent defendant to the court for issuance of a subpoena *ad testificandum*, Rule 17(c) does not have similar language. *Id.* at 624. And indeed, Rule 17(c) contemplates inspection of the materials by "the parties," which implies by all parties, including the Government *Id.* at 625. But the *Sellers* court also noted that there is no binding authority on this issue, and district courts are split as to whether Rule 17(c) subpoenas may be sought on an ex parte basis. *Id.* at 623-24 (collecting cases).

This Court is of the opinion that courts may, in the exercise of the discretion referred to in *Nixon*, permit an application for Rule 17(c) subpoenas to be filed on an ex parte basis where it is necessary "to avoid disclosing [the defense's] trial strategy to the Government.'" *Id.* at 624-25; *see also United States v. Fry*, 2012 WL 117117, at *1 (E.D. Wash. Jan. 13, 2012) ("The ex parte procedure is justified in circumstances where it is necessary to avoid disclosure of trial strategy or a witness list."). This is by necessity an individualized determination.

Here, most of the materials before the Court warrant in camera treatment. The reasons underlying Girardi's request for issuing ten of the twelve subpoenas discuss

defense attorney work product and strategies and should be protected from disclosure.[3] But the remaining two subpoenas address evidence potentially relevant to a contemplated pretrial motion, not trial, and therefore the Court sees a lack of need to address these on an ex parte basis. The defense may resubmit its application as to these two subpoenas after it meets and confers with the Government. In addition to not warranting in camera treatment, the Court does not see the need for under-seal filing as to these two subpoenas. Therefore, future Rule 17(c) filings as to these two subpoenas may not be submitted to the Court for in camera treatment, and instead must be filed on the public docket unless cause is shown to seal the filings.

As to the present filings, the Court GRANTS the application to file in camera and ORDERS the in camera filing of the Ex Parte Application to File Subpoena Application and Related Documents In Camera, the Ex Parte Application for Order Issuing Subpoenas Duces Tecum ("Subpoena Application"), the Proposed Orders (including copies of attached subpoenas), Manual Exhibit 5, and this Order.

## III. SUBPOENA APPLICATION

The Court next determines whether the requested subpoenas duces tecum—which generally fall into the three categories identified below— are within the permissible scope of pretrial subpoenas pursuant to Federal Rule of Criminal Procedure 17(c). As set forth herein, the Court concludes they are not and DENIES Girardi's Subpoena Application.

---

[3] But as set forth below, the Court declines to issue these subpoenas, as all ten fail to clear any one of the three "hurdles" referred to in Nixon.

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

     This first category clearly seeks discovery. "'[I]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused.'" *Sellers*, 275 F.R.D. at 624. By seeking ████████████████ ██████████████████████████████ the defense demonstrates its request is based on the "hope[] that something useful will turn up," rather than on the specificity required by *Nixon*. It simply "is not sufficient for the moving party to argue that the evidence might be helpful or assist in defense counsel's investigation." *Arabi*, 2023 WL 6798499 at *3.

     Moreover, Girardi also fails to clear the relevance and admissibility hurdles. █

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████ there is not even a minimal showing of the likelihood of recovering solely admissible (or even relevant) materials. It appears, therefore, like the proverbial fishing expedition.

█ ████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

These subpoenas are likewise discovery requests. There is a lack of specificity, relevance is not shown, and there is no demonstrated likelihood of admissibility. The defense is not entitled to a fishing expedition to determine ████████████████████

████████████████████████████████████████

███████████████████████████████

█ █████████████████████

████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████

█████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████

These subpoenas make somewhat more specific requests. The materials are sought in furtherance of a pretrial motion to suppress[6] and appear relevant to an argument the defense would like to advance on behalf of Girardi. The admissibility requirement is at least lessened, if not excused entirely, by the fact that suppression motions may be supported by inadmissible evidence. *See United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.").

However, *Nixon* requires that the materials not be available from any other source. 418 U.S. at 702. Girardi has made no showing that these materials are not available from the Government. Moreover, as noted in Section II above, the Court sees no need for in camera treatment of this category of subpoenas. If the defense wishes to pursue this matter

---

[6] The Court expresses no opinion on the merits of such a motion.

further, it must do so after meeting and conferring with the Government and refiling an application.[7]

## III.   CONCLUSION

As set forth herein, the Court GRANTS the Application to file ex parte and in camera and ORDERS all materials be filed and maintained under seal and in camera, and that this in camera version of this Order be served on and available only to counsel for Defendant Girardi and no other party.

The Court DENIES the Subpoena Application.  The proposed subpoenas shall be filed and maintained under seal and in camera.

**IT IS SO ORDERED.**

DATED:  March 4, 2024

HON. JOSEPHINE L. STATON
United States District Judge

---

[7] Any materials produced pursuant to Rule 17(c) subpoenas, even those issued on an ex parte basis, are unlikely to be shielded from disclosure.  This is because although trial strategy is protected from disclosure, Rule 17(c) expressly provides for inspection of the materials by all parties and is not intended to give defendants "strategic advantage or tactical surprise." *Sellers*, 275 F.R.D. at 625; *accord United States v. Harbour*, 2021 WL 308886, at *2 (D. Ariz. Jan. 29, 2021); *see* Fed. R. Crim. P. 17(c) (expressly authorizing courts to "permit the parties and their attorneys to inspect all or part of" the materials produced).  Thus, the Court is unlikely to order a subpoena recipient to refrain from revealing the documents to federal law enforcement agencies or the United States Attorney's Office.  The Court may (or may not) order that the fact a subpoena was issued and/or the contents of the subpoena itself not be disclosed; this determination must be on a subpoena-by-subpoena basis.  Moreover, although requested by the defense, the Court will not limit disclosure to "only those parties necessary to effectuate the subpoenas," because any person receiving a subpoena may freely consult with his, her, or its legal counsel before responding.