E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate & Securities Fraud Strike Force
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/1786
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-CR-00047-JLS |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| THOMAS V. GIRARDI, et al., | |
| Defendants. | **PROPOSED TRIAL DATE:** 08/06/2024 |
| | **PROPOSED STATUS CONF.:** 07/26/2024 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, and defendant Thomas V. Girardi, both individually and by and through his counsel of record, J. Alejandro Barrientos, Charles J. Snyder, and Samuel O. Cross, and defendant Christopher K. Kamon ("defendant"), both individually and by and through his counsel of record, Michael Severo, hereby stipulate as follows:

1. The Indictment in this case was filed on January 31, 2023. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on February 6, 2023. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 17, 2023.

2. On February 3, 2023, defendant Girardi filed an ex parte application for determination of competency pursuant to 18 U.S.C. § 4241(a), requesting that the Court order an examination pursuant to § 4241(b). (Dkt. 19.) On February 6, 2023, the Honorable Karen Stevenson, United States Magistrate Judge, found reasonable cause to believe that defendant may be suffering from a mental disease or defect rendering defendant mentally incompetent (Dkt. 20), which this Court incorporated into its order for a mental competency evaluation (Dkt. 54). On January 2, 2024, after a three-day evidentiary hearing, and the submission of extensive expert reports, exhibits, and briefing, the Court found defendant Girardi competent to stand trial. (Dkt. 148.) Accordingly, the time period of February 6, 2023 to January 2, 2024, inclusive, is excluded pursuant to, inter alia, 18 U.S.C. § 3161(h)(1)(A) because the delay resulted from proceedings and examinations to determine the mental competency of defendant Girardi.

3. Further, on February 6, 2023, the Court set a trial date of April 4, 2023 for defendant Kamon. Pursuant to a stipulation filed by defendant Kamon and the government, the Court previously continued the trial date in this case to March 12, 2024 and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. 138.)

4. On January 19, 2024, the Court continued the trial date in this case from March 12, 2024 to May 21, 2024, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. (Dkt. 165.)

5. Defendant Girardi is released on bond pending trial. Defendant Kamon is detained pending trial. The parties estimate that the trial in this matter will last two weeks. All defendants are joined for trial and a severance has not been granted.

6. By this stipulation, defendants move to continue the trial date to August 6, 2024, and the status conference date to July 26, 2024. This is the fourth request for a continuance by defendant Kamon. This is the second request for a continuance by defendant Girardi.

7. The parties further agree to the following pretrial deadlines:

    a. All pretrial motions shall be filed by June 21, 2024; oppositions shall be filed by July 5, 2024; and optional replies shall be July 12, 2024. A hearing on pretrial motions shall occur on July 26, 2024, or a subsequent date convenient for the Court.

8. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are charged with violations of 18 U.S.C. § 1343: wire fraud. The government has produced over 676,000 pages of discovery to the defense, which includes bank records, credit card statements, e-mail communications, witness interviews, investigative reports, and other internal communications.

3

  b. On September 27, 2023, the Court granted Michael Severo's request to substitute in as counsel for defendant Kamon. (Dkt. 133.) On January 9, 2024, Samuel Cross substituted in as counsel of record for defendant Girardi. (Dkt. 156.) On January 10, 2024, Charles Snyder substituted in as counsel of record for defendant Girardi. (Dkt. 157.)

  c. On February 23, 2024, the Court held a discovery status conference at which counsel for defendant Girardi described delays in their efforts to obtain, among other things, access to the Girardi Keese email server, which contains all Girardi Keese emails, from the bankruptcy trustee. Shortly thereafter, on or about February 27, 2024, counsel for defendant Girardi obtained access to the server from the bankruptcy trustee.

  d. On March 7, 2024, counsel for defendant Girardi additionally requested a forensic copy of the Girardi Keese email server that was in the possession of the government's taint team, who possessed a largely unimaged copy of the server. On March 11, 2024, the government provided counsel for defendant Girardi a hard drive containing the unimaged copy of the server, comprising approximately two terabytes of data. The government maintains that this copy of the server, which the government understands contains identical data to that which is available through the access provided to counsel for defendant Girardi by the bankruptcy trustee, contains information outside of its discovery obligations under Rule 16 of the Federal Rules of Criminal Procedure, Brady, Giglio, or other authorities. However, based on counsel for defendant Girardi's representations that they would be unable to effectively represent their client without access to and additional time to review these materials, and

counsel for defendants Girardi and Severo's further agreement that defendants will not seek further continuances of the trial date, and that no further continuance should be granted, absent good cause and the existence of new information not known as of the date of this stipulation, the government joins in this stipulation. Counsel for defendant Girardi also represents that they are seeking a continuance for the purpose of preparing for trial, not as additional time to re-initiate competency proceedings.

e. Additionally, counsel for defendant Girardi, Samuel Cross, is presently preparing for trial in the following case:

i. United States v. Cabrera Ramirez, 8:21-cr-00180-JLS, one defendant 1326, set to start May 14, 2024, 2-3 days.

f. Counsel for defendant Girardi, Alejandro Barrientos, is presently preparing for trial in the following cases:

i. United States v. Temur Akhmedov, 2:24-cr-00101-PA, a bank fraud trial scheduled to begin on April 8, 2024, and to last approximately three to five days;

ii. United States v. Edwin I. Bernard, 2:23-CR-00514-JLS, a child exploitation trial, scheduled to begin April 9, 2024, and to last approximately three days;

iii. United States v. Keith Middlebrook, 2:20-cr-00229-DSF, a wire fraud trial, scheduled to begin on May 7, 2024, and to last approximately five to seven days;

iv. United States v. Jimmy Vernon, III, CR 22-00456-GW, an interference with commerce by robbery trial, scheduled to begin June 11, 2023, and to last approximately five to seven days.

v. United States v. Tavarus Rideout, 2:22-cr-00539-MEMF, a possession with intent to distribute a controlled substance

5

trial, scheduled to begin on June 17, 2024, and to last approximately two to three days;

   vi. Mr. Barrientos is also preparing for an extradition hearing arising from femicide charges in Mexico, in <u>United States v. Bryant Rivera</u>, 2:23-cv-08153-MCS, scheduled to begin on June 27, 2024.

  g. Counsel for defendant Girardi, Charles Snyder, is presently preparing for trial in the following cases:

   i. <u>United States v. Santana</u>, CR-24-77-MCS, a one-defendant gun-possession trial set to begin on April 2, 2024, which is estimated to last approximately three days;

   ii. <u>United States v. Garcia</u>, CR-20-225-DSF, a three-defendant fraud trial set to begin April 23, 2024, which is estimated to last approximately four days;

   iii. <u>United States v. Power</u>, CR-20-15-FMO, a one-defendant anti-kickback trial set to begin on April 23, 2024, which is estimated to last approximately four days;

   iv. <u>United States v. Medina</u>, CR-22-139-MEMF, a two-defendant drug and gun-trafficking trial set to begin June 3, 2024, which is estimated to last approximately four days.

  h. Counsel for defendant Kamon, Michael Severo, is presently preparing for trials and/or hearings in the following cases:

   i. <u>People v. Hurtado</u>, San Bernardino Superior Court, case number FMV23002123; allegations of possession for sale of a controlled substance; unlawful possession of ammunition; evading an officer and willful disregard; resisting an executive officer; 2-day hearing estimate; scheduled hearing date April 4, 2024;

          ii. <u>U.S. v. Martinez</u>, case number 23-CR-97-RGA (D. Del.); allegations of possession of a controlled substance, and possession of a firearm in relation to drug trafficking; 6-day estimate; excludable time ends on April 8, 2024, per the Speedy Trial Act;

          iii. <u>People v. Diaz</u>, L.A. Superior Court, case number PA099068; multiple allegations of grand theft, forgery, and unauthorized use of personal identifying information; 2-day preliminary hearing estimate; estimated hearing date late-April 2024.

          iv. <u>U.S. v. Colindres, et al.</u>, case number 23-CR-0086-BCB-SMB (D. Neb.); allegations of conspiracy to distribute and possession with intent to distribute a controlled substance and committing money laundering; 10-defendant case; 2-week estimate; excludable time runs on May 15, 2024, per the Speedy Trial Act;

          v. <u>U.S. v. Ortiz-Plata, et al.</u>, case number 22-CR-00250-TLN (E.D. Cal.); allegations of conspiracy to distribute and distribution of controlled substances; 2-defendant case; 1-week estimate; no trial date set. Excludable time ends on June 6, 2024, per the Speedy Trial Act;

          vi. <u>People v. Tornez</u>, S.B. Superior Court, Rancho Cucamonga Courthouse, case number FSB19000747; allegations of assault with a deadly weapon, 10-day trial estimate; expected trial date mid-June 2024;

          vii. <u>United States v. Granados, et al.</u>, case number 20-CR-00019-CJC; allegations of conspiracy to distribute and distribution of controlled substances; 24-defendant case; 2-week estimate; trial date July 23, 2024.

7

  i. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  j. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

  k. The government does not object to the continuance.

  l. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

 9. For purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of May 21, 2024 to August 6, 2024, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(A), (h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure

8

to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: March 19, 2024                   Respectfully submitted,

                                          E. MARTIN ESTRADA
                                          United States Attorney

                                          MACK E. JENKINS
                                          Assistant United States Attorney
                                          Chief, Criminal Division

                                              /s/
                                          SCOTT PAETTY
                                          ALI MOGHADDAS
                                          Assistant United States Attorneys

                                          Attorneys for Plaintiff
                                          UNITED STATES OF AMERICA

//

| | |
|---|---|
| 1 | I am Thomas V. Girardi's attorney. I have carefully discussed |
| 2 | every part of this stipulation and the continuance of the trial date |
| 3 | with my client. I have fully informed my client of his Speedy Trial |
| 4 | rights. |

*/s/ J. Alejandro Barrientos*  3/21/24
J. ALEJANDRO BARRIENTOS                    Date
CHARLES J. SNYDER
SAMUEL O. CROSS
Counsel for Defendant
THOMAS V. GIRARDI[1]

    I have read this stipulation and have carefully discussed it
with my attorney. I voluntarily agree to the continuance of the
trial date, and give up my right to be brought to trial earlier than
August 6, 2024.

*/s/*  3-21-24
THOMAS V. GIRARDI                          Date
Defendant

//

---

[1] Defendant Girardi's counsel respectfully disagrees with the Court's order finding him competent to stand trial. In light of the Court's order, however, counsel is attempting to treat him as if he were competent. In doing so, the defense does not concede defendant Girardi's competency.

1   I am Christopher K. Kamon's attorney. I have carefully
2   discussed every part of this stipulation and the continuance of the
3   trial date with my client. I have fully informed my client of his
4   Speedy Trial rights. To my knowledge, my client understands those
5   rights and agrees to waive them. I believe that my client's decision
6   to give up the right to be brought to trial earlier than August 6,
7   2024 is an informed and voluntary one.

_____    3·21·24
MICHAEL SEVERO              Date
Counsel for Defendant
CHRISTOPHER K. KAMON

12   I have read this stipulation and have carefully discussed it
13   with my attorney. I understand my Speedy Trial rights. I
14   voluntarily agree to the continuance of the trial date, and give up
15   my right to be brought to trial earlier than August 6, 2024.

_____    3/21/2024
CHRISTOPHER K. KAMON         Date
Defendant

11