CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
SAMUEL CROSS (Bar No. 304718)
Email: Sam_Cross@fd.org
J. ALEJANDRO BARRIENTOS (Bar. No. 346676)
Email: Alejandro_Barrientos@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS VINCENT GIRARDI,<br><br>Defendant. | Case No. 2:23-cr-47-JLS-1<br><br>**EX PARTE APPLICATION TO SET BRIEFING SCHEDULE ON CHRISTOPHER KAMON'S MOTION TO EXCLUDE EVIDENCE OF OTHER ACTS** |

Thomas Girardi, through counsel, applies <u>ex parte</u> for a briefing schedule on Chrisopher Kamon's Motion to Exclude Other Acts Evidence (Docket No. 189). Girardi bases this application on the attached declaration, the files and records in the case, and any other argument or evidence that the Court may consider.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: May 24, 2024      By  */s/ Charles J. Snyder*

CHARLES J. SNYDER
Attorney for Thomas Girardi

**DECLARATION OF CHARLES J. SNYDER**

I, Charles J. Snyder, declare as follows:

1. I am a California-licensed DFPD appointed to represent Tom Girardi in this matter. Unless otherwise stated, I make this declaration based on personal knowledge and, if called as a witness, would attest to its contents under oath.

2. On March 25, 2024, based on a stipulation of the parties, the Court entered an order continuing the trial date and setting a schedule for filing and hearing pretrial motions, with initial filings due on June 21, 2024.

3. On the afternoon of May 23, 2024, Girardi's codefendant, Christopher Kamon, filed a motion to preclude other acts evidence from a potential joint trial. The motion was filed without any prior communication about a briefing schedule. From earlier conversations, Kamon knows that Girardi intends to oppose the substance of his motion.

4. Upon receiving notice of the filing via CM/ECF, Girardi communicated with Kamon and the government about stipulating to an alternative briefing schedule. Because neither the government nor Kamon agreed,[1] and because oppositions are now due in a week (including a weekend and federal holiday), Girardi has been required to file this <u>ex parte</u> application.

5. Girardi is seeking to modify the briefing and hearing schedule for Kamon's motion for two principal reasons:

   a. <u>First</u>, as the Court knows, there has been a substantial turnover of Girardi's defense team, which is working rapidly to learn and try the entire case within seven months. Moreover, in the four months since competency proceedings concluded,

---

[1] It is Girardi's understanding that, although Kamon did not meet and confer with the government, the government intends to file an opposition next Friday, on the date set by Local Rule. While the government is free to do so, it has also been working on this case for multiple years, and previously expressed a plan to file a motion to admit the same evidence Kamon now seeks to exclude, which may already be substantially drafted. The government's scheduling preferences should not dictate Girardi's scheduling requirements.

1

Girardi has received, for the first time, substantial exculpatory discovery related to Kamon, including reports and notes from five proffers, multiple digital devices containing large volumes of data, and millions of emails sent or received by Kamon and other government witnesses.  Requiring Girardi to oppose an important, unexpected, and evidence-heavy motion a month earlier than anticipated – while he is still reviewing voluminous discovery for the first time – would result in substantial prejudice.  This is especially true because the issues raised by the motion implicate Girardi's Constitutional right to present a "complete defense," Crane v. Kentucky, 476 U.S. 683, 690 (1986), which includes, "at a minimum . . . the right to put before a jury evidence that might influence the determination of guilt." Pennsylvania v. Ritchie, 480 U.S. 39, 56 (1987).

        b.     Second, briefing and hearing the motion on the current schedule will lead to a wasteful duplication of resources.  As communicated to the government and Kamon multiple times before May 23, Girardi plans to file a severance motion, which is due on June 21.  In that motion, he anticipates making arguments premised on his intention to present evidence similar or identical to the evidence at issue in Kamon's recent filing.  Between now and then, Girardi will be continuing to review discovery and formulate his defense.  Briefing and hearing Kamon's motion on June 20, only to receive an overlapping and further developed severance motion on June 21, as contemplated by the jointly-agreed scheduling order, would result in wasteful duplication.

     6.     For these reasons, Girardi respectfully asks that the Court set a schedule for Kamon's motion that would see Girardi's response due on June 21, at the same time as his severance motion, any Reply due on June 28, and a hearing set for July 5 or 12, 2024.  Girardi does not disagree that Kamon's motion raises issues that should be decided in advance of the late-July pretrial conference.  By this application, he seeks only to have the motion heard on a fair, orderly, and efficient schedule that affords a

1 | reasonable opportunity for all sides to present their positions while also not wasting or
2 | duplicating judicial resources.

3 |       7.     On May 24, 2024, Girardi emailed the government and Kamon about his
4 | intention to file this ex parte application.  As of the time of this filing, the government
5 | responded but had not yet taken a position on whether it intended to file a response to
6 | the application within 24 hours.  Kamon stated that he "opposes any motion that seeks
7 | to delay or postpone the hearing on his motion to exclude evidence as set," and would
8 | "file the opposition by the close of business on the next business day."  Due to the
9 | holiday, "the close of business on the next business day" would be approximately 96
10 | hours after the filing of this ex parte application, and three days before the deadline to
11 | oppose Kamon's unilaterally-scheduled motion.

13 |     I declare under penalty of perjury that the foregoing is true and correct to the best
14 | of my knowledge and belief.  Executed May 24, 2024 at Los Angeles, California.

17 |                                         /s/ Charles J. Snyder
18 |                                         Charles J. Snyder