Michael V. Severo, Esq.  (SBN.: 072599)
**THE SEVERO LAW FIRM**
301 N. Lake Avenue, Suite 315
Pasadena, CA 91101
(626)844-6400
msevero@mvslaw.com

Attorneys for Defendant,
  CHRISTOPHER KAMON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>vs.<br><br>CHRISTOPHER KAMON,<br><br>                          Defendant. | Case No.  23-CR-00047-JLS<br><br>**DEFENDANT CHRISTOPHER KAMON'S** <u>REPLY</u> **TO GIRARDI'S OPPOSITION TO DEFENDANT'S MOTION FOR A PRETRIAL ORDER EXCLUDING EVIDENCE OF OTHER ACTS UNDER FED.R.EV. 404(b); MEMORANDUM OF POINTS AND AUTHORITIES.**<br><br>Hearing Date:   June 20, 2024<br>Hearing Time:   1:30 p.m.<br>Courtroom 8A, Hon. Josephine Staton |

Defendant CHRISTOPHER KAMON hereby offers his reply to Girardi's opposition to his motion to exclude evidence of other acts.

This reply is based upon the motion and supporting authorities, the reply to the Government's opposition to KAMON's motion to exclude (filed concurrently herewith), the annexed memorandum of points and authorities, all other papers and pleadings on file in this action and any other oral or documentary evidence that may be adduced at the hearing on the motion.

Dated:  June 10, 2024                          THE SEVERO LAW FIRM

                                        By    /s/  *Michael V. Severo*
                                               Michael V. Severo
                                               Attorney for Defendant

1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 5

    INTRODUCTION ............................................................................................ 5

    ARGUMENT ................................................................................................... 6

        A.    Defendant Complied with The Meet and Confer Rule ................... 6

        B.    Girardi Lacks Standing to Oppose the Motion to Exclude, And in Any Event, The Proffered Evidence Does Not Meet The Standard for Admissibility as Other Acts Evidence ................................................................................................ 6

            1.    Evidence of KAMON's Alleged Other Acts Is Not Intrinsic to The Charges in This Indictment And Girardi Has No Standing to Seek Its Admissibility .............. 7

            2.    Girardi Has No Standing to Invoke Rule 404(b) ........................... 10

        C.    The Evidence Does Not Meet Third Party Culpability Standards .................. 12

        D.    Rule 403 ....................................................................................... 12

    CONCLUSION ............................................................................................... 16

CERTIFICATE OF COMPLIANCE ...................................................................... 17

THE SEVERO LAW FIRM
301 N. LAKE AVENUE, STE. 315 ♦ PASADENA, CA 91101

# TABLE OF AUTHORITIES

**U.S. SUPREME COURT CASES**

*Chambers v. Mississippi,* 410 U.S. 284, 302–03, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) 12

*Holmes v. South Carolina,* 547 U.S. 319, 327, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006)..12

*Michelson v. United States,* 335 U.S. 469, 475–476, 69 S.Ct. 213, 218–219, 93 L.Ed. 168 (1948) ...............................................................................................................14

*Old Chief v. United States,* 519 U.S. 172, 180-181, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997) ...............................................................................................................13

**U.S. COURT OF APPEALS CASES**

*Spivey v. Rocha,* 194 F.3d 971, 978 (9th Cir. 1999) ............................................12

*U.S. v. Crosby,* 75 F.3d 1343, 1347 (9th Cir. 1996) .............................................12

*U.S. v. David,* 940 F.2d 722, 736 (1st Cir. 1991) ................................................10

*U.S. v. DeGeorge* (9th Cir. 2004) 380 F.3d 1203, 1220..................................7, 9

*U.S. v. Dorsey,* 677 F.3d 944 (9th Cir. 2012) ....................................................7, 9

*U.S. v. Gonzalez–Sanchez,* 825 F.2d 572, 583 (1st Cir. 1987) ..........................10

*U.S. v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992) ...................................................13

*U.S. v. Jimenez-Chaidez,* 96 F.4th 1257 (9th Cir. 2024).....................................10

*U.S. v. Loftis,* 843 F.3d 1173 (9th Cir. 2016) ....................................................... 8

*U.S. v. Miller,* 953 F.3d 1095, 1101 (9th Cir. 2020)............................................. 8

*U.S. v. Vallejo,* 237 F.3d 1008, 1023 (9th Cir. 2001) ..........................................12

*U.S. v. Vo,* 413 F.3d 1010, 1018 (9th Cir. 2005) ................................................10

**RULES**

Fed. R. Ev. 404(b)..................................................................................................7

THE SEVERO LAW FIRM
301 N. LAKE AVENUE, STE. 315 ♦ PASADENA, CA 91101

**TREATISES**

1 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:13 (4th ed. 2023)
 ....................................................................................................................................14

**OTHER AUTHORITIES**

Ninth Circuit Model Criminal Jury Instructions 15.35 (18 U.S.C. § 1343) ........................ 8

# MEMORANDUM OF POINTS AND AUTHORITIES
# INTRODUCTION

Girardi opposes KAMON's motion to exclude evidence of other acts, as proposed to be introduced by the Government ("the proffered evidence"). The proffered evidence consists of the Government's exhibits as set forth in their initial Exhibit List. Exhibit 332 is a compilation of images of checks written on the firm's operating account between January 2018 and September 2020, payable to Bravo's Construction. Exhibit 333 through 339, inclusive, are images of purported invoices from Bravo's Construction between 2011 and 2014. Exhibit 340 appears to be a listing of amounts mostly between 2011 and 2015, as well as March through May 2019. The Government also seeks introduction of the testimony of Nicole Rokita and checks written to Rokita management, marked for trial as Exhibit 331. Exhibit 331 consists of images of checks written to Rokita Management between June 2017 and September 2018.

Girardi's opposition is more a brief on severance of defendants than a cogent argument on the exclusion of other acts committed by a co-defendant.

His opposition – filled with fantasy and platitudes – fails to coherently argue the requisite elements for admission or exclusion of evidence of other acts.

As noted in other filings by this defendant, the evidence against Girardi is overwhelming. His argument that he was taken advantage of by virtue of his loss of faculties – the fantasy – is severely undercut by the Government's evidence. Letters, witnesses, and audio recordings clearly demonstrate that he acted knowingly and had full use of his faculties at all times that he unabashedly stole his clients' funds.

While Girardi grandly proclaims that, "The Ninth Circuit has repeatedly reversed convictions where courts have excluded similar evidence," Girardi Opp., p. 1, ll. 23 – 24, the cases that he cites dealt with either third party culpability in a single defendant case or impeachment of witnesses. There is no reference in the opposition to any authority for the proposition that a defendant may introduce evidence of a co-defendant's "other acts." As discussed below, Girardi has no standing to introduce such evidence, and, as

such, has no standing to oppose this motion.

Furthermore, as seen below, the "meet and confer" requirements of Local Rule 7-3 and this court's Order Re Criminal Proceedings were met.

## ARGUMENT

### A. Defendant Complied with The Meet and Confer Rule

Because Girardi has no standing to introduce the other acts evidence or to oppose this motion, as argued below, it was not entitled to "meet and confer" with KAMON's counsel regarding the issues presented in KAMON's motion. Still, as Girardi's counsel readily admits, the parties personally met on February 23, 2024. During that meeting, the Government stated it would be seeking to introduce the proffered evidence. KAMON's defense counsel stated he would oppose the introduction of the evidence and Girardi's counsel said they would agree with the introduction of the evidence. Girardi Opp., Declaration of Charles Snyder, p. 1, par. 9, ll. 25 – 28; p. 2, ll. 1 – 7.[1]

### B. Girardi Lacks Standing to Oppose the Motion to Exclude, And in Any Event, The Proffered Evidence Does Not Meet The Standard for Admissibility as Other Acts Evidence

Girardi seeks to align himself with the Government in seeking to introduce the proffered evidence. In his tortured argument, he relies on traditional notions of admissibility of prior acts decided in cases where a single defendant is charged and seeks to introduce evidence of third party culpability or cases where the evidence of other criminal conduct is introduced to impeach a prosecution witness. None of those cases are apposite.

//
//

---

[1] Notably, Girardi's counsel did not seek to meet and confer with Kamon's counsel with respect to the former's motion regarding juror questionnaires, See, Docket 199, despite the fact that the subject of jury selection – unlike the instant motion to exclude other acts by KAMON – directly impacts KAMON.

1. <u>Evidence of KAMON's Alleged Other Acts Is Not Intrinsic to The Charges in This Indictment And Girardi Has No Standing to Seek Its Admissibility.</u>

Evidence of "other acts" is not subject to Fed. R. Ev. 404(b) if it is "inextricably intertwined" with the charged offense. *U.S. v. Vizcarra-Martinez,* 66 F.3d 1006 (9th Cir. 1995). The Ninth Circuit has recognized two categories of evidence that may be considered "inextricably intertwined" with a charged offense and therefore admitted without regard to Rule 404(b). "First, evidence of prior acts may be admitted if the evidence constitutes a part of the transaction that serves as the basis for the criminal charge. Second, prior act evidence may be admitted when it was necessary to do so in order to permit *the prosecutor* to offer a coherent and comprehensible story regarding the commission of the crime." *U.S. v. DeGeorge* (9th Cir. 2004) 380 F.3d 1203, 1220; See also, *U.S. v. Dorsey*, 677 F.3d 944 (9th Cir. 2012).

In order to satisfy the inextricably intertwined exception to Rule 404(b), "[t]here must be sufficient contextual or substantive connection between the proffered evidence and the alleged crime." *U.S. v. Vizcarra-Martinez*, 66 F.3d 1006, 1013 (9th Cir. 1995). In order to establish the requisite connection in a wire fraud prosecution, the proffered evidence must be linked to the elements of the charged offense. Of course, the charged offense in this case is Girardi's scheme to misappropriate clients' funds. The Government alleges that KAMON aided and abetted Girardi in that scheme.

In his opposition, Girardi rambles on about how the proffered evidence is intrinsic to the charged offenses. He does not, however, offer the court any indication as to how the proffered evidence helps his case. Does he argue that he did not lie to his clients about the status of their settlements when the evidence abounds as to his many deceiving statements to them? Does he say that he did not sign the trust account checks, moved trust accounts to different banks, did not use the funds to support his actress wife's endeavors, his private jet plane, and otherwise lavish lifestyle?

Girardi's only notable argument is an attempt to re-litigate the incompetence defense which, of course, the court has already addressed.

Here, the job of stating the criminal charges is the sole province of the prosecution. Both defendants in this case are charged in the Indictment with jointly committing the offense. The burden of proving guilty beyond a reasonable doubt to attempt to convict KAMON is within the scope of the Government's function, not Girardi's.

In any event, the proffered evidence is not intrinsic to the charges in the Indictment.

As noted in the motion, the elements of wire fraud are (1) the existence of a scheme to defraud; (2) the use of wire, radio, or television to further the scheme; (3) specific intent to defraud. *U.S. v. Loftis*, 843 F.3d 1173 (9th Cir. 2016). To be guilty of wire fraud, "a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive *and* cheat." *U.S. v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020). (Italics in the original.)

The Ninth Circuit Model Criminal Jury Instructions 15.35 (18 U.S.C. § 1343) sets forth the requirements of wire fraud as follows:

"First, the defendant knowingly [participated in] [devised] [intended to devise] a scheme or plan to defraud for the purpose of obtaining money or property by means of false or fraudulent pretenses, representations, or promises [, or omitted facts.] [Deceitful statements of half-truths may constitute false or fraudulent representations];

"Second, the statements made [or facts omitted] as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

"Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

"Fourth, the defendant used, or caused to be used, an interstate [or foreign] wire communication to carry out or attempt to carry out an essential part of the scheme.

"In determining whether a scheme to defraud exists, you may consider not only

the defendant's words and statements but also the circumstances in which they are used as a whole.

"[To convict the defendant of wire fraud based on omission[s] of material fact[s], you must find that the defendant had a duty to disclose the omitted fact[s] arising out of a relationship of trust.  That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.]"

Both Girardi and the Government fall woefully short of establishing a connection between the proffered evidence and the elements of wire fraud as alleged in the Main Fraud Scheme.  Any alleged diversion of funds from the firm's operating account which is alleged to be part of the Side Fraud Scheme is not substantively connected to the Main Fraud Scheme, viz., the misappropriation of client funds by Girardi or to any deceitful statements made to the firm's clients.  Neither Bravo's testimony and related exhibits nor Rokita's testimony and related exhibits are shown to be linked to the charged conduct in this case.

Highlighting the fact that Girardi has no standing to introduce other acts evidence is the second prong of the inextricably intertwined theory.   The entire body of case law provides that admitting other acts evidence is permissible where it is necessary order to permit *the prosecutor* to offer a coherent and comprehensible story regarding the commission of the crime." *U.S. v. DeGeorge, supra; U.S. v. Dorsey, supra.* (Italics added.)  No case has ruled that other acts evidence is admissible to permit a *co-defendant* to make a coherent and comprehensible argument as Girardi argues.  Simply substituting himself for the prosecutor is insufficient to bring him within the rule permitting admission of the evidence. In any event, Girardi fails to state how his argument would be less coherent or comprehensible if the proffered evidence were not admitted.

Therefore, the proffered evidence is not inextricably intertwined with the charges

in this case and Girardi has no standing to argue its admissibility because it is not the prosecutor in this case.

    2. <u>Girardi Has No Standing to Invoke Rule 404(b)</u>

The proffered evidence concerns the acts of KAMON—not conduct attributable to Girardi.

"Objections based on Rule 404(b) may be raised only by the person whose 'other crimes, wrongs, or acts' are attempted to be revealed. See, e.g., *U.S. v. Gonzalez–Sanchez*, 825 F.2d 572, 583 (1st Cir. 1987) ('Rule 404(b) does not exclude evidence of prior crimes of persons other than the defendant'), *cert. denied*, 484 U.S. 989, 108 S.Ct. 510, 98 L.Ed.2d 508 (1987). Because the evidence in question was evidence of David's behavior, the Toros and Yarden lack standing to invoke the rule." *U.S. v. David*, 940 F.2d 722, 736 (1st Cir. 1991).

For the same reasons, in a joint prosecution, seeking to admit a co-defendant's other acts may also be raised only by the Government.

Girardi admits as much in his opposition.

As noted in the motion, "In making admissibility decisions, the [district] court will admit Rule 404(b) evidence if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged." *U.S. v. Jimenez-Chaidez,* 96 F.4th 1257 (9th Cir. 2024)*; U.S. v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005).

There must be a clear connection between the prior act evidence and a disputed issue at trial. Without such connection, Rule 404's general prohibition against offering character evidence to show propensity to commit crimes would be violated.

Girardi admits that under the prevailing standard, the first two elements are "encompassed by the [Government's] pleading, or if not, whether it is inextricably intertwined with the conduct alleged in the pleading." Girardi Opp., p. 6 l. 27; p. 7, ll. 1 – 2. The opposition continues by saying that such a "framework is well-established

10

and *makes no sense where it is the defendant seeking to introduced the challenged evidence."* Girardi Opp., p. 7, ll. 5 – 7.  (Italics added.)   It then seeks to blaze a new trail by stating that this court should disregard the strictures of Rule 404(b) or the intrinsic evidence requirement and tailor a new standard just for him.   Obviously, Girardi does so without pointing the court to any authority.

Furthermore, while Girardi may have a right to present a complete defense, he has no right to do so with irrelevant evidence.

Here, the proffered evidence does not tend to prove a material point in the Main Fraud Scheme.  It does not establish the elements of wire fraud as set forth in Model Jury Instruction 15.35, to wit, the making of deceitful statements or omissions of fact *to the firm's clients*, or the intent to defraud *the firm's clients*.

The proffered evidence, in many sections is remote in time as it pertains to the charges in the Indictment.   Most of Bravo's invoices date back 9 years before the offenses charged in this case.  Rokita's checks as far back as two to three years.  Again, none of these expenses are tied to the misappropriation of client funds.

Neither the Government nor Girardi has offered the court anything to establish that the Bravo and Rokita payments were unauthorized or constituted embezzlement by KAMON.

Moreover, the proponents of the proffered evidence seek to make this court believe that the only way to have embezzled funds from the firm was to have the firm steal funds from its clients.  They fail to note that the firm reported to the Internal Revenue Service, on the average, income exceeding $50 million for many of the years in question.   As noted in the motion, Girardi was a prominent torts lawyer and earned legitimate income far in excess of any amount that the prosecution may try to show was allegedly embezzled by KAMON.  In brief, there was no need for Girardi to steal from clients in order for KAMON to steal from Girardi.

The issue before the court is whether the conduct alleged in the Side Fraud Scheme is admissible in this case.   As a proponent of the proffered evidence, Girardi has

failed to establish any legal basis for its admission.

### C. The Evidence Does Not Meet Third Party Culpability Standards

Tracking standards for admissibility of other acts, third-party culpability evidence must be admitted when its exclusion would deprive the defendant of his due process rights. *Chambers v. Mississippi,* 410 U.S. 284, 302–03, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). However, "such evidence may be excluded where it does not sufficiently connect the other person to the crime, as, for example when the evidence is speculative or remote." *Holmes v. South Carolina,* 547 U.S. 319, 327, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (internal quotation marks and citation omitted); *see also U.S. v. Vallejo,* 237 F.3d 1008, 1023 (9th Cir.2001) (holding that third-party culpability evidence is only admissible if it tends to prove that a person other than the defendant committed the charged crime); *Spivey v. Rocha,* 194 F.3d 971, 978 (9th Cir. 1999) (To admit third party culpability evidence under California law, "there must be direct or circumstantial evidence linking the third person to the actual perpetration of the crime[.]") (internal quotation marks and citation omitted).

"Fundamental standards of relevancy … require the admission of testimony which tends to prove that a person other than the defendant committed the crime that is charged." *U.S. v. Vallejo*, 237 F.3d 1008, 1023 (9th Cir. 2001), opinion amended on denial of reh'g, 246 F.3d 1150 (9th Cir. 2001) quoting *U.S. v. Crosby,* 75 F.3d 1343, 1347 (9th Cir. 1996).

As argued above and in the reply to the Government's opposition, the proffered evidence does not meet the basic requirements of relevancy.

Accordingly, Girardi is not entitled to have the evidence of third party culpability admitted in this joint trial.

### D. Rule 403

KAMON contends that that evidence has no relevance at all to the charges in this case. While the lack of relevancy should end the inquiry, defendant addresses the Rule 403 balancing tests and how, on balance, the evidence must be excluded.

In this regard, both Girardi's and the Government's argument are confined to a conclusory statement that the proffered evidence is "probative of defendant's motive, knowledge, and intent and does not have the tendency to provoke" a significant emotional response.

"Where the evidence is of very slight (if any) probative value, … even a modest likelihood of unfair prejudice or a small risk of misleading the jury" will justify excluding that evidence. *U.S. v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992).

Girardi clamors that the proffered evidence exculpates him. Far from it. Such evidence does nothing to block the allegations that he deceived his clients with outrageous lies and took their money for his own use. Since the evidence has no probative qualities, its admission would cause KAMON unfair prejudice.

Unfair prejudice "speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged…. [G]eneralizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the later bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily). As then-Judge Breyer put it, "Although … 'propensity evidence' is relevant, the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance."" *Old Chief v. United States*, 519 U.S. 172, 180-181, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

The proponent of the proffered evidence "may not show defendant's … specific criminal acts…, even though such facts might logically be persuasive that he is by propensity a probable perpetrator of the crime. The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge. The overriding policy of excluding such evidence, despite its admitted probative value, is the practical experience that its

disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice." *Id.* at 650-651*,* citing *Michelson v. United States,* 335 U.S. 469, 475–476, 69 S.Ct. 213, 218–219, 93 L.Ed. 168 (1948) (footnotes omitted).

To the extent that the opposition erroneously relies on the notion that the unfair prejudice must provoke an emotional response in the jury, it is incorrect.

"Actually, the term describes two very different kinds of danger. One is emotionalism that can enter the case by way of evidence that is overly charged with appeal to this less rational side of human nature, by rhetorical excess on the part of lawyers, or (less often) witnesses. The other is misuse of evidence that is admissible for one purpose (or against one party) but not another." 1 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 4:13 (4th ed. 2023) § 4:13 Reasons for exclusion—Unfair prejudice, citing *Old Chief v. U.S., supra*.

KAMON has not admitted wrongdoing for purposes of the Government's proposed introduction of the proffered evidence. Therefore, it is impossible for the jury to discern his involvement in the Side Fraud Scheme unless the issues presented by such evidence are fully defended. Moreover, the proffered evidence is intended to show that the Side Fraud Scheme netted KAMON tens of millions of dollars, a sum so large that it will cause the jury to be misled and/or confused in believing that KAMON and not Girardi is solely responsible for the theft of clients' funds. In fact, Girardi has filed an opposition to KAMON's motion to exclude the evidence arguing that it intends to use the proffered evidence as a defense.

While there is a modicum of emotion attached to the proffered evidence, its most significant danger is its misuse. In this case, the jury may consider evidence of other acts of embezzlement too offensive to be disassociated with the charges in this case. To attempt to correct the obvious danger of introducing the evidence, the Government offers to – at a later date – propose "a limiting instruction regarding the significance of the evidence, including its applicability only to Kamon."

14

Despite a limiting instruction to the effect that the evidence is to be considered in some way on issues of motive, knowledge, or intent, there is the ever-present danger that the jury will be unwilling or unable to so confine itself. A limiting instruction in this case – whatever form it takes – is likely to be ineffective in its purpose. The possible ensuing prejudice must be weighed against the statement's probative value which, as seen, is lacking or very low.

Not to be underestimated is the likelihood of waste of time and delay. At the trial setting conference, the Government announced that it would present "a streamlined case-in-chief" which consisted only of the five counts in the Indictment. Relying on that representation, defendant has limited his preparation to the issues related to the alleged misappropriation of funds belonging to four different sets of Girardi clients. With the addition of the proffered evidence, the Government and now Girardi seek to introduce another evidentiary dimension to the case with "evidence regarding the Side Fraud Scheme." The preparation to meet such evidence is significant and adds an estimated 2 or 3 more days solely related to the issues presented by the proffered evidence. Defendant is not fully prepared for such a different trial and will need additional time to do so. For example, while KAMON had not planned on calling a variety of experts, including forensic accountants, to defend against these charges, it may need to do so to defend against the proffered evidence.

Of course, the introduction of the proffered evidence will turn attention to a side issue that has little or no relevance to the Main Fraud Scheme, and in that sense becomes extremely prejudicial to KAMON.

//
//
//
//
//

## CONCLUSION

For all the reasons stated herein and in his motion, defendant respectfully requests that his motion to exclude evidence of prior "other acts" be granted.

Dated: June 10, 2024                    THE SEVERO LAW FIRM

By   /s/ *Michael V. Severo*
     Michael V. Severo
     Attorney for Defendant
          CHRISTOPHER KAMON

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendant CHRISTOPHER KAMON, certifies that this brief contains 3,697 words, which complies with the word limit of L.R. 11-6.1 and this court's standing order.

Dated: June 10, 2024

/s/ *Michael V. Severo*
Michael V. Severo
Attorney for Defendant