E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate and Securities Fraud Strikeforce
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/1786
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-47-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE OF DEFENDANT GIRARDI'S MISAPPROPRIATION OF SETTLEMENT FUNDS |
| v. | |
| THOMAS VINCENT GIRARDI and CHRISTOPHER KAZUO KAMON, | Hearing Date: July 26, 2024 |
| Defendants. | Location:     Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby moves the Court in limine to admit evidence of defendant Girardi's misappropriation of client settlement funds.

The government files this motion based upon a meet and confer session that the government had with counsel for defendant Girardi

after the motions hearing before the Court that took place on June 20, 2024.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 21, 2024                 Respectfully submitted,

                                     E. MARTIN ESTRADA
                                     United States Attorney

                                     MACK E. JENKINS
                                     Assistant United States Attorney
                                     Chief, Criminal Division


                                          /s/
                                     ─────────────────────────────
                                     SCOTT PAETTY
                                     ALI MOGHADDAS
                                     Assistant United States Attorneys

                                     Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Defendants Thomas Vincent Girardi and Christopher Kamon are charged in the indictment with a scheme to defraud former clients of the Girardi Keese law firm through the misappropriation of settlement funds from the law firm's client trust accounts. At a motions hearing on June 20, 2024 (the "Motions Hearing"), the Court heard argument from counsel for both defendants and the government regarding defendant Kamon's motion to exclude evidence of defendant Kamon's theft of funds from the Girardi Keese operating account.[1] During the Motions Hearing, counsel for defendant Girardi asserted that they will seek to exculpate their client, in part, by placing blame for the misappropriation of Girardi Keese client funds on defendant Kamon. Specifically, that the Side Fraud Scheme explains the large deficits in the trust and operating accounts at Girardi Keese. Counsel for defendant Girardi also intimated that it planned to introduce evidence that during the relevant time period, defendant Girardi was liquidating personal assets and depositing those funds into the firm's accounts to cover expenses, including paying certain victims.

At a meet and confer session attended by the government and counsel for defendant Girardi outside the courtroom after the Motions Hearing, the government notified counsel for defendant Girardi that if defendant Girardi sought to place blame for the massive fraud at Girardi Keese solely on defendant Kamon, or introduce evidence of defendant Girardi's personal money used to cover expenses during the

---

[1] This theft has been referred to by the parties as the "Side Fraud Scheme".

relevant time period, the government would rebut those allegations with evidence (previously produced to both defendants during discovery) that during the same timeframe as the charged conduct in this case defendant Girardi diverted tens of millions from the Girardi Keese operating account to pay illegitimate expenses, including over $25 million to pay the expenses of EJ Global, a company formed by his spouse related to her entertainment career. Notwithstanding that defendants' embezzlement and misappropriation is already identified in the indictment as part of defendants' scheme to defraud (see Dkt. 1 at ¶ 3(d)), the government expressed to counsel for defendant Girardi that such evidence, including specifics about defendant Girardi's misappropriation to pay EJ Global expenses, would be necessary to rebut any allegation that defendant Girardi's lies to clients about their settlements and efforts to lull them into accepting delays in payments of their settlement funds was due to defendant Girardi's efforts to "plug holes"[2] in the balance sheet caused by defendant Kamon's Side Fraud scheme. Counsel for defendant Girardi responded that they would confer and respond to the government's position via email. The government subsequently received an email (attached hereto as Exhibit 1) from counsel which deferred taking a position on whether they would object to such evidence of defendant Girardi's misappropriation of client funds for the benefit of his former wife.

    To obviate any later issues regarding the admission of this evidence at trial, the government brings this motion in limine seeking a ruling from the Court that evidence of defendant Girardi's

---

[2] A term used by counsel for defendant Girardi at the Motions Hearing.

2

authorization of payments out of the Girardi Keese bank accounts to pay illegitimate expenses, including the expenses of EJ Global, is direct evidence of, if not inextricably intertwined with, the charged fraud scheme and should therefore be admissible at trial because, inter alia, the evidence is both (1) part of the transactions that serve as the basis for criminal charges; and (2) necessary for the government to present a coherent theory of its case. Accordingly, such evidence should be admitted.

**II.   ARGUMENT**

As stated above, the government's position is that evidence of defendant Girardi's misappropriation of client settlement funds to pay illegitimate expenses is admissible as direct evidence of the charged scheme. Alternatively, such evidence is inextricably intertwined with the charged conduct.

### 1.   Legal Standard

Under well-established Ninth Circuit authority, "[t]wo general categories of other act evidence may be 'inextricably intertwined' with a charged crime and thus exempted from the requirements of [Federal Rule of Evidence] 404(b)." United States v. Dorsey, 677 F.3d 944, 951 (9th Cir. 2012), cert. denied, 133 S. Ct. 2850 (2013). "First, other act evidence may 'constitute[ ] a part of the transaction that serves as the basis for the criminal charge.'" Id. (quoting United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (9th Cir. 1995) (alteration in original)). "Second, admission of other act evidence may be 'necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime.'" Id. (quoting Vizcarra-Martinez, 66 F.3d at 1012-13 (alteration in original)); see also United States v. Daly, 974 F.2d

1215, 1217 (9th Cir. 1992) ("evidence concerning other acts that are inextricably intertwined with the charged acts may be admitted" to "put [defendant's] illegal conduct into context and to rebut his [defense]"). "In illustrating a broad scheme to the jury, the Government is permitted to present the circumstances and background of the criminal charge." United States v. Babichenko, 543 F. Supp. 3d 930, 942 (D. Idaho 2021) (cleaned up).

### 2. The Evidence is Direct Evidence of, or Inextricably Intertwined with, the Charged Scheme

The Indictment charges a fraud scheme orchestrated by defendant Girardi and aided and abetted by defendant Kamon that involved defendants' embezzlement and misappropriation of settlement funds from the Girardi Keese IOLTA accounts belonging to clients for improper purposes. (Dkt. 1 at ¶ 3(d).) The indictment goes on to provide examples of such improper purposes, including, "among other things, paying other Girardi Keese clients whose own settlement funds previously had been misappropriated, paying Girardi Keese's payroll, and paying other Girardi Keese[] expenses, including its American Express Card bills encompassing charges for defendant Girardi's and defendant Kamon's personal expenses." (Id.)

Although the vast sums of Girardi Keese funds that were used for defendant Girardi's personal expenses, including to bankroll EJ Global, were not expressly referenced in the indictment, it is evident that such payments were an improper use of client settlement funds and not related to any legitimate purpose or to the business of Girardi Keese. For example, by authorizing and directing that law firm funds be used to pay for his ex-wife's entertainment career, defendant was engaging in exactly the sort of fraudulent diversion of

4

client settlement funds that defendant Kamon undertook in the Side Fraud Scheme. Such activity clearly constitutes a part of the conduct that serves as the basis for the criminal charge and shows, at a minimum, that by directing Girardi Keese accounting personnel to make these payments for the benefit of EJ Global defendant Girardi knowingly and intentionally funneled payments sourced from client funds for the improper personal enrichment of his family members. See, e.g., United States v. Loftis, 843 F.3d 1173, 1177 (9th Cir. 2016) ("[T]he commission of . . . a mail fraud or wire fraud offense necessarily includes a fraudulent scheme as a whole . . . , including additional executions of the scheme that were not specifically charged."); United States v. Serang, 156 F.3d 910, 915 (9th Cir. 1998) (government not precluded from introducing evidence relevant to entire conspiracy or scheme simply because defendant is indicted for less than all of their actions). Similarly, evidence of the EJ Global payments is essential to enable the government to tell a coherent and complete story of the charged scheme.

    This motion is predicated on counsel for defendant Girardi's reference to the government's assertion that it would present a case at trial that is tethered to the four corners of the indictment.[3] (See Exhibit 1.) Indeed, the government has endeavored to do so. Nothing about that representation, however, should be construed as a

---

[3] That the government made such representation to the Court and counsel should not be construed as a commitment to try this case with one hand tied behind its back. Evidence of defendant Girardi's misappropriation of client funds for improper purposes, including but not limited to expenditures on behalf of EJ Global, is relevant and probative of defendant Girardi's knowledge of the scheme and his intent to defraud and should be admitted at trial. The government reserves the right to seek the admission of any such evidence to rebut the argument that defendant Kamon was the sole culpable party in the fraud scheme.

5

concession that direct evidence, including evidence otherwise admissible as inextricably intertwined, should be omitted at trial. Moreover, where, as here, defendant Girardi intends to introduce evidence of, and argue at trial that, defendant Girardi liquidated tens of millions in personal assets to cover the firm's expenses, it is wholly appropriate for the government to provide additional context for the jury that he equally misappropriated tens of millions of dollars prior to that.  Excluding such evidence would only serve to distort the truth and leave the jury with the mistaken impression that only defendant Kamon is to blame for such misappropriation when, in truth, defendant Girardi similarly misappropriated tens of millions himself.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant its motion in limine to admit evidence of defendant Girardi's misappropriation of client funds.

Dated: June 21, 2024                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


         /s/
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

6

The undersigned, counsel of record for the government, certifies that this brief contains 1,521 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 21, 2024    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

          /s/
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA