E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate and Securities Fraud Strikeforce
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/1786
    Facsimile: (213) 894-6269
    E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>THOMAS VINCENT GIRARDI and CHRISTOPHER KAZUO KAMON,<br><br>    Defendants. | No. CR 23-47-JLS<br><br>GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT AT TRIAL EVIDENCE OF DEFENDANT CHRISTOPHER KAMON'S FLIGHT FROM PROSECUTION<br><br>Hearing Date: July 26, 2024<br>Location:    Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby moves the Court in limine to admit at trial evidence of defendant Christopher Kamon's flight from prosecution.

//

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further

evidence and argument as the Court may permit.  Defendant Girardi does not oppose this motion.  Defendant Kamon will file an opposition.

Dated: June 21, 2024              Respectfully submitted,

                                        E. MARTIN ESTRADA
                                      United States Attorney

                                      MACK E. JENKINS
                                      Assistant United States Attorney
                                      Chief, Criminal Division

                                            /s/
                                      SCOTT PAETTY
                                      ALI MOGHADDAS
                                      Assistant United States Attorneys

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In late 2020, as news of the fraud scheme at Girardi Keese perpetrated by defendants Thomas V. Girardi and Christopher Kamon broke, defendant Kamon told a female companion that he feared Girardi Keese would shut down and that he was planning to leave the United States because he would likely be implicated in the scheme to misappropriate client settlement funds. Defendant Kamon further told the woman that he was going to change his name and hide from authorities in connection with whatever federal case might be brought. To that end, defendant Kamon wired over $2.4 million to the Bahamas to purchase a house because he understood that the Bahamas would grant permanent residency with the purchase of a residential property. In September 2022, defendant Kamon booked a roundtrip ticket from Los Angeles to the Bahamas but then did not board the return flight and remained in the Bahamas until he was arrested two months later at the Baltimore airport.

The government submits that defendant's flight from prosecution is relevant to defendant's "consciousness of guilt and of guilt itself." United States v. Harris, 792 F.2d 866, 869 (9th Cir. 1986). Therefore, as explained in further detail below, evidence of defendant's flight from prosecution is relevant and should be admitted at trial.

## II. ARGUMENT

### A. Legal Standard

In the Ninth Circuit, "[e]vidence of flight is generally admissible as evidence of consciousness of guilt and of guilt itself." Harris, 792 F.2d at 869. "The relevance and the probative

value of the evidence are, in the first instance, for the judge." Id. "Thereafter, the probative value of flight evidence depends upon all facts and circumstances and is a question of fact for the jury." Id. "Since 'flight' is essentially an admission by conduct, its probative value as circumstantial evidence depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged." United States v. Felix-Gutierrez, 940 F.2d 1200, 1207 (9th Cir. 1991).

    **B.    Evidence of Defendant's Flight Is Highly Probative of Defendant's Participation in the Charged Fraud Scheme**

Evidence of defendant Kamon's efforts to flee to the Bahamas to evade prosecution should be admitted at trial because it is relevant to show his guilt for the charged offenses.  Here, the facts surrounding defendant Kamon's efforts to flee to the Bahamas from the United States after his involvement in the fraudulent conduct at Girardi Keese came to light strongly support an inference of defendant Kamon's consciousness of guilt.  Specifically, the timing of his departure shows that defendant Kamon was fleeing the country in order to avoid prosecution for his efforts to aid and abet the scheme to misappropriate client settlement funds orchestrated by defendant Girardi.  See Felix-Gutierrez, 940 F.2d at 1208.  Indeed, consistent with comments to his former female companion regarding changing his name and buying a house in the Bahamas to escape culpability, defendant Kamon did just that.  He booked a round trip

flight from Los Angeles to the Bahamas in September 2022, never boarded his return flight, and finalized a sale on a $2.4 million home in New Providence, Bahamas on October 13, 2022. Thus, at the time he moved to the Bahamas, defendant Kamon was conscious of the impending charges against him in this case and, despite his subsequent arrest in Baltimore, there is a clear inference that he was attempting to avoid those charges. Courts have found an inference of flight to be supported by facts similar to these. See, e.g., United States v. King, 200 F.3d 1207, 1215 (9th Cir. 1999) (the defendant fled to Mexico immediately prior to his scheduled extradition hearing); United States v. Fox, 627 F. App'x 608, 609 (9th Cir. 2015) (the inference existed where the defendant fled out the back of his residence in four-degree weather while wearing minimal clothing when police arrived at his home).

Although "[t]he government need not, as a condition of admissibility, lay a foundation that the defendant knew he was being sought for the crime charged", Harris, 792 F.2d at 869 (citations omitted), here defendant Kamon's flight to the Bahamas occurred after allegations of misappropriation of Girardi Keese client funds came to light in the Northern District of Illinois in December 2020 and the case was referred to the United States Attorney's Office in Chicago for prosecution. Given that evidence of flight is "generally admissible as evidence of consciousness of guilt and of guilt itself," evidence of defendant Kamon's efforts to flee the United States should be admissible at trial in this case. See Harris, 792 F.2d at 869.

### C. There is No Risk of Unfair Prejudice

The probative value of defendant Kamon's flight to the Bahamas is not substantially outweighed by any potential for unfair prejudice. The Supreme Court has long recognized that flight evidence is both probative and admissible. "In fact, deliberatively furtive actions and flight at the approach of law officers are strong indicia of mens rea." District of Columbia v. Wesby, 583 U.S. 48, 59 (2018) (cleaned up). And "[h]eadlong flight—wherever it occurs—is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such." Illinois v. Wardlow, 528 U.S. 119, 124 (2000). The Ninth Circuit has similarly recognized that "the fact of an accused's flight [is] admissible as evidence of consciousness of guilt, and thus of guilt itself" and that "the admissibility of evidence relating to flight is no longer open to question." United States v. Greiser, 502 F.2d 1295, 1299 (9th Cir. 1974); see also United States v. Harrison, 585 F.3d 1155, 1159-60 (9th Cir. 2009); United States v. Dixon, 201 F.3d 1223, 1232-33 (9th Cir. 2000); United States v. King, 200 F.3d 1207, 1215 (9th Cir. 1999); United States v. Felix-Gutierrez, 940 F.2d 1200, 1207-08 (9th Cir. 1991).

Here, no unfair prejudice would result from admission of the flight evidence. Evidence of defendant Kamon's flight is highly probative because it shows that he knew that he and defendant Girardi were improperly handling client settlement funds and thus provides context for the charged offenses. And while the admission of this evidence will undercut defendant Kamon's claim that he was merely carrying out defendant Girardi's instructions with no understanding of the criminal misappropriation of client money that was occurring,

that is not unfair prejudice.  At a minimum, there is no sense in which any such prejudice to defendant Kamon's defense would substantially outweigh the probative value of this evidence.  In any event, the district court can mitigate the risk of any unfair prejudice by giving an appropriate limiting instruction.  Indeed, the Ninth Circuit recently reversed the exclusion of flight evidence in a case brought in this district.  The appellate court held that it was an abuse of discretion to prohibit the government from introducing evidence of post-theft flight because such evidence was probative of, among other things, mens rea and consciousness of guilt.  See United States v. Flores, 23-4002, Dkt. 37 at 3 (9th Cir. June 3, 2024) (unpublished) (denial of rehearing, Appellate Dkt. 39).  Notably, the court also found that "[t]o the extent that the district court's determination was based upon a conclusion that the jury might draw impermissible propensity inferences, the district court abused its discretion in implicitly concluding that such inferences could not be resolved by the government's requested jury instructions."  Id. at 4; see also United States v. Rodriguez, 880 F.3d 1151, 1168 (9th Cir. 2018) (holding that exclusion was not required under Rule 403, in part, because "the district court gave an adequate limiting instruction to reduce the danger of unfair prejudice"); United States v. Ramos-Atondo, 732 F.3d 1113, 1124 (9th Cir. 2013) (same).
//

## III. CONCLUSION

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion and find that evidence of defendant's flight from prosecution is admissible at trial in this case.

Dated: June 21, 2024

Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


          /s/
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

The undersigned, counsel of record for the government, certifies that this brief contains 1,349 words, which complies with the word limit of L.R. 11-6.1.

Dated: June 21, 2024         Respectfully submitted,

                             E. MARTIN ESTRADA
                             United States Attorney

                             MACK E. JENKINS
                             Assistant United States Attorney
                             Chief, Criminal Division


                                   /s/
                             _____
                             SCOTT PAETTY
                             ALI MOGHADDAS
                             Assistant United States Attorneys

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA