E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate and Securities Fraud Strikeforce
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/1786
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-47-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF DEFENDANT GIRARDI'S POST-SCHEME MENTAL CONDITION |
| v. | |
| THOMAS VINCENT GIRARDI and CHRISTOPHER KAZUO KAMON, | Hearing Date: July 26, 2024 |
| Defendants. | Location:     Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby moves the Court in limine to preclude evidence of defendant Girardi's post-scheme mental condition.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.  On June 20, 2024, the

government met and conferred with counsel for defendant Girardi and understands defendant Girardi opposes this motion.

Dated: June 21, 2024        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

    /s/
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Defendants Thomas Vincent Girardi and Christopher Kamon are charged in the indictment with a scheme to defraud former clients of the Girardi Keese law firm through the misappropriation of settlement funds from the law firm's client trust accounts.  As the Court heard during the competency proceedings, at the end of 2020, as defendant and his law firm faced mounting legal problems related to his years' long theft of funds, Girardi Keese was forced into involuntary bankruptcy by mid-December 2020.  Facing an avalanche of civil lawsuits and potential criminal exposure, defendant's response quickly shifted from the facts of his alleged wrongdoing to his purported diminished mental state.  Less than one month after the bankruptcy proceedings were initiated, and criminal and State Bar referrals were made by federal and state judges, defendant's brother filed a petition in Los Angeles Superior Court to have a conservator appointed, alleging that defendant could no longer care for himself or his estate.

During the course of the competency proceedings, the government presented compelling evidence why defendant's claimed precipitous decline was not credible.  This evidence included contemporaneous recordings of defendant during the relevant time period, defendant's own medical records, and examinations by at least two experts who both opined that defendant was, in part, malingering.  During these proceedings, defendant was allowed to present evidence from both his experts as well as lay witnesses who testified about defendant's purported decline and current mental condition.  This included testimony from the program coordinator at his current residential

facility, Margarita Munoz, who described his day to day activities and her belief regarding his current mental condition. Defendant's witnesses also included friends and associates who testified about anecdotal examples of defendant's forgetfulness or unusual behavior after a 2017 car accident, including his collection of Styrofoam cups.

Through this motion, the government moves to preclude such testimony, whether defendant Girardi seeks to introduce it at trial through lay witnesses or by direct examination of Dr. Helena Chui (if the Court allows her testimony), including other incidents of defendant's purported decline both during and post-dating the charged scheme. Defendant's mental and physical condition in 2021 through the present is not relevant to the facts at issue at trial, which directly related to his fraud scheme between 2010 and 2020, and would only serve to mislead the jury. Further, isolated anecdotes of defendant's purported cognitive decline – even during the charged scheme – without a nexus to any fact at issue should likewise be precluded. Accordingly, the government requests the Court exclude such evidence pursuant to Rules 401, 402, and 403.

**II.   ARGUMENT**

At a motions hearing on June 20, 2024, counsel for defendant Girardi argued, among other things, that evidence of defendant's post-scheme condition was relevant and should be admitted at trial. In a follow-up email after the Motions Hearing between defendant Girardi and the government, defendant Girardi asserted that while he would not "elicit lay testimony about Girardi's memory after 2020," he intends to introduce it "to the extent it addresses events shortly after 2020, e.g., the first few months of 2021" and that "all of Dr.

Chui's opinions/proposed testimony, as well as the basis and reasons for them are relevant." Regardless of whether defendant Girardi intends to present the lay witnesses themselves, or backdoor this impermissible testimony through its expert, the government believes such testimony should be excluded.

As courts have held in the context of expert testimony, evidence of a defendant's mental state is only relevant and admissible "when such evidence focuses on the defendant's specific state of mind <u>at the time of the charged offense</u>." <u>United States v. Cameron</u>, 907 F.2d 1051, 1067 (11th Cir. 1990) (emphasis added); <u>see also</u> <u>United States v. Flores</u>, 2016 U.S. Dist. Lexis 112453 (C.D. Cal. 2016) (holding that "it is entirely unclear how any of [the witnesses' proffered] observations relate to-or in any way negate-the specific intent at issue here") (cleaned up). The same logic applies to the testimony offered here. Defendant should not be permitted to call lay witnesses at trial to testify to defendant's purported, post-scheme mental issues. Such testimony would only confuse the jury and distract from the relevant facts at issue.

The Court should also limit defendant's attempt to present such lay witness testimony during the charged scheme. For example, during the competency proceeding the defense presented testimony from defendant's housekeeper, Isabella Mancilla, who testified, among other things, that after defendant's 2017 car accident, he began collecting Styrofoam cups. When compared to the other evidence the defense plans to present, <u>e.g.</u>, contemporaneous emails of defendant's memory issues and witness accounts of defendant's failing memory as it related to the charged client cases, such anecdotal testimony regarding this and similar unusual activities is minimally probative

3

and substantially outweighed by unfair prejudice.  Federal Rule of Evidence 403 mandates that courts weigh the probative nature of evidence against factors such as its capacity to mislead or confuse the jury, and to exclude evidence where the latter factors substantially outweigh its probative qualities.  On balance, testimony regarding defendant's post-scheme conduct and anecdotal references to defendant's purported cognitive deficits untethered to the charged crimes carries a substantial risk of misleading the jury and confusing the issues, while providing little additional helpful information to the jury.  The government is unaware of any witness, including defendant's expert, Dr. Chui, who will connect this testimony to defendant's ability (or lack thereof) to form criminal intent or any other fact at issue at trial.

Moreover, the presence of a motive for defendant to feign or exaggerate any symptoms of cognitive decline post-December 2020, and the findings of several experts and the Court that defendant was, in fact, at least partially malingering during the competency proceedings, is further grounds to preclude lay testimony during the post-2020 timeframe under Rule 403.  Accordingly, the Court should exclude such lay testimony, or any reference to it, at trial.

//
//
//

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant its motion in limine to preclude evidence of defendant's post-scheme condition.

Dated: June 21, 2024                    Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

           /s/
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA