E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate and Securities Fraud Strikeforce
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/1786
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-47-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO INTRODUCE AT TRIAL DEFENDANT CHRISTOPHER KAMON'S PROFFER STATEMENTS IF DEFENDANT MAKES CONTRARY ARGUMENTS, STATEMENTS, OR REPRESENTATIONS |
| v. | |
| THOMAS VINCENT GIRARDI and CHRISTOPHER KAZUO KAMON, | |
| Defendants. | Hearing Date: July 26, 2024<br>Location:     Courtroom of the Hon. Josephine L. Staton |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby files its reply to motion in limine to admit defendant Christopher Kazuo Kamon's proffer statements if defendant Kamon makes presents any evidence, argument, statement, or

representation in his defense contrary to or inconsistent with his proffer statements.

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 5, 2024               Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney

                                  MACK E. JENKINS
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                         /s/
                                  _____
                                  SCOTT PAETTY
                                  ALI MOGHADDAS
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

The government's motion to admit statements of defendant Christopher Kamon at trial if certain conditions are met (the "Motion"), pertains to the statements defendant made during a June 21, 2023 proffer with the government (the "June 21 Proffer") wherein he acknowledged his embezzlement of funds held in the Girardi Keese operating account for his personal benefit (this conduct has been referred to by the parties as the "side fraud" scheme).[1]  The Court has ruled that evidence of the side fraud scheme is admissible at trial because it is intrinsic to the fraud scheme charged in this case.  (Dkt. 235.)

Defendant Kamon ("defendant") opposes introduction of his statements at the June 21 Proffer on two grounds.  First, he alleges that the admissions he made during that proffer were not covered by the proffer agreement that he signed with the government but were instead statements made during plea negotiations.  (Opp'n at 6-7.)  Second, defendant argues that the proffer agreement itself is an "illusory contract" and therefore is invalid.  (Opp'n at 7-9.)  Neither argument has merit and the government's motion should be granted.[2]

---

[1] As stated in the Motion, the government seeks only to introduce defendant's statements from the June 21 Proffer.  (See Mot. at 2, n.2.)  These statements are identified in bullet points on pages 4-6 of the Motion.  These statements comprise his acknowledgment of criminal conduct related to the "side fraud" embezzlement scheme that forms the basis of charges against defendant in a criminal complaint (22-MJ-04385) and information (23-cr-24-JLS).

[2] Defendant's opposition also requests reconsideration of the Court's denial of his motion to exclude evidence of other acts under Fed. R. Evid. 404(b).  (See Opp'n at 1, referencing Dkt. 235.) However, defendant fails to address any of the predicate factors
*(footnote cont'd on next page)*

**II. ARGUMENT**

    **A.   Defendant's Proffer Agreement Executed on March 9, 2023 Governed the June 21 Proffer**

As defendant acknowledges, he signed a proffer agreement (the "Proffer Agreement") prior to his initial meeting with the government in March 2023. (See Opp'n at 4; Mot, Ex. 1.) Defendant does not allege that he was coerced into entering the Proffer Agreement or that his waivers in the agreement were otherwise unknowing or involuntary. The Proffer Agreement was signed by defendant and his then counsel at Skadden, Arps, Slate Meagher, and Flom LLP. (See Mot., Ex. 1.)

Defendant instead argues that the Proffer Agreement does not cover the statements made at the June 21 Proffer because there was no email confirmation that the proffer would be covered by the Proffer Agreement. However, defendant's argument is belied by the course of conduct of the parties from the date the Proffer Agreement was signed until the June 21 Proffer. Namely, the parties' behavior is consistent with their intent to proceed with the series of proffers under the same protections in place as articulated in the Proffer Agreement. Indeed, the parties continued to meet on five successive occasions over the course of approximately three months; defendant was present with the same counsel at each meeting; and in each

---

which would permit a motion to reconsider: i.e., whether there is (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. (See L.R. 7-18.) The Court should therefore reject defendant's request to reconsider its prior ruling.

meeting the government sought information about defendant's involvement in fraud at Girardi Keese. To that end, the June 21 Proffer addressed not only defendant's admissions to his own involvement in the side fraud scheme, but also sought information from defendant about additional potential fraud at Girardi Keese. (See Mot., Ex. 3 at 2-3.) The Proffer Agreement contained the standard language and protections afforded under the "queen for a day" letter that is consistently used by the United States Attorney's Office in this district, including that the government would not use any of defendant's statements made during the proffer against him in its case-in-chief, unless defendant sought to refute or counter any evidence, argument, statement, or representation made by him or on his behalf during the proffer. (Mot. at 3-4.) Notably, if the protections in the Proffer Agreement were not in place for the June 21 Proffer, then all of defendant's admissions regarding the side fraud scheme would be admissible against him as admissions of a party opponent under Federal Rule of Evidence 801(d)(2) without further inquiry or need to petition the Court, as the government did through the Motion.

That the parties continued to perform in the same manner through all five proffers evinces their intent to be bound by the terms of the Proffer Agreement. The government does not agree that the Proffer Agreement expired prior to the June 21 proffer, but even if it did, when parties continue to perform even after an agreement has expired "an implication arises that they have mutually assented to a new contract containing the same provisions as the old." Autohaus Brugger, Inc. v. Saab Motors, Inc., 567 F.2d 901, 915 (1978) (quoting Martin v. Campanaro, 156 F.2d 127, 129 (2nd Cir. 1946)); see also

3

U.S. ex rel. Oliver v. Parsons Co., 195 F.3d 457, 462 (9th Cir. 1999) (holding the same principle applies under California law). Thus, regardless of whether the parties memorialized the continued operation of the Proffer Agreement in advance of each successive proffer, the objective evidence surrounding their continued performance would lead "a reasonable [person to] think the parties intended to make such a new binding agreement" because "they acted as if they so intended." Autohaus Brugger, Inc., 567 F.2d at 915. And again, the proffer agreements protections are for defendant's benefit. If the Court concludes the June 21 Proffer was not covered, then defendant's statements would be admissible under Rule 803(d)(2) as statements of a party opponent.

Defendant's next claim that his statements at the June 21 Proffer were a part of plea discussions is not supported by the record. First, the Proffer Agreement which, as discussed above, was the operative agreement under which the June 21 Proffer took place, expressly noted that defendant's proffer statements were not a part of plea discussions, and therefore were not subject to Federal Rule of Evidence 410(a) and Federal Rule of Criminal Procedure 11(f) (see Motion at 7, n.3). Second, there was no reference at the June 21 Proffer (or at any of the five proffers) to a plea to charges in either the side fraud scheme or the main fraud scheme, no reference to a plea agreement (or indeed the possibility of any such agreement), and no plea agreement was ever extended to defendant in either 23-24-JLS or this case. "Confessions or admissions which are either made in the absence of plea negotiations or which are wholly independent from any plea negotiations are still admissible." See

4

Hutto v. Ross, 429 U.S. 28, 30 (1976); see also United States v. Robertson, 582 F.2d 1356, 1368 (5th Cir. 1978).

In sum, an objective assessment of the parties' conduct supports a finding that the terms of the Proffer Agreement governed the June 21 Proffer. In any event, there is simply no evidence to support the claim that defendant's admission of his criminal conduct in the side fraud case at the June 21 Proffer was a part of plea discussions.

**B. The Proffer Agreement is Not an Illusory Contract**

Defendant's final argument that a proffer agreement is an illusory contract (Opp'n at 7-9) is similarly unavailing. As stated above, the Proffer Agreement contained the same standard language and provisions that are included in every proffer agreement extended by the United States Attorney's Office in this district. Defendant points to no case holding that this, or any other proffer agreement for that matter, is an illusory contract. Conversely, the government has cited numerous circuit court and district court rulings affirming the introduction of proffer statements governed by proffer agreements containing similar language under similar circumstances. (See Mot. at 10.) Indeed, the Ninth Circuit has affirmed this Court's prior admission of proffer statements at a recent trial. See United States v. Cha, 11-cr-181-JLS, Dkt. 309, aff'd, 769 F. App'x 435, 436 (9th Cir. 2019).

Furthermore, defendant's argument that the Proffer Agreement is an illusory contract because the parties' performance is not mutual is wrong. The Proffer Agreement does provide for mutual performance and consideration – namely, provided defendant adheres to the terms of the agreement, the government agrees not to use defendant's statements in its case-in-chief (except under certain conditions).

5

1  There is no requirement that the government's consideration be co-
2  equal to that of the defendant.  And even if there was disparity
3  between the promises codified in the agreement that does not
4  invalidate waivers agreed to in proffer letters.  See United States
5  v. Mezzanatto, 513 U.S. 196, 209-10 (1995) ("The dilemma flagged by
6  respondent is indistinguishable from any of a number of difficult
7  choices that criminal defendants face every day . . . We hold that
8  absent some affirmative indication that the agreement was entered
9  into unknowingly or involuntarily, an agreement to waive [legal
10 rights held by the defendant] is valid and enforceable.").  The fact
11 that the agreement allows for derivative use of defendant's
12 statements to pursue other leads or other evidence does not alter
13 that conclusion.  In any event, defendant does not identify any
14 derivative use by the government of any information that he provided
15 during the June 21 Proffer.
16     As a final note, the government will only seek to offer
17 defendant's statements identified in the Motion if contradictory or
18 inconsistent evidence or factual assertions are made by or on behalf
19 of defendant.  The test for what is contradictory or inconsistent is
20 clear.  "Statements are inconsistent only if the truth of one implies
21 the falsity of the other." United States v. Krilich, 159 F.3d 1020,
22 1025-26 (9th Cir. 1998).  Thus, there is a clear guide as to what
23 should be admitted and what should be excluded.  To address any
24 additional concerns, the government has agreed to raise any issue
25 implicating admission of the statements outside the presence of the
26 jury.
27 //
28

**III. CONCLUSION**

For the foregoing reasons, the Court should grant the government's motion in limine regarding defendant's statements at the June 21 Proffer if defendant makes presents any evidence, argument, statement, or representation in his defense contrary to or inconsistent with his proffer statements.

Dated: July 12, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

      /s/
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

The undersigned, counsel of record for the goverment, certifies that this brief contains 1,767 words, which: complies with the word limit of L.R. 11-6.1.

Dated: July 12, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

           /s/
_____
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA