Michael V. Severo, Esq. (SBN.: 072599)
**THE SEVERO LAW FIRM**
301 N. Lake Avenue, Suite 315
Pasadena, CA 91101
(626)844-6400
msevero@mvslaw.com

Attorneys for Defendant,
CHRISTOPHER KAMON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>CHRISTOPHER KAMON,<br><br>       Defendant. | Case No. 23-CR-00047-JLS<br><br>**DEFENDANT CHRISTOPHER KAMON'S MOTION TO ALLOW JOINDER IN CO-DEFENDANT GIRARDI'S APPLICATION FOR ORDER CONTINUING TRIAL DATE.**<br><br>Trial Date:   August 6, 2024<br><br>Hearing Date:   July 19, 2024<br>Hearing Time:   11:30 AM<br>Courtroom 8A, Hon. Josephine Staton |

Defendant CHRISTOPHER KAMON ("Kamon") hereby moves this court or an order permitting him to join in co-defendant Thomas Girardi's application for order continuing the trial date.

Defendant Kamon joins Girardi's application for continuance on the grounds set forth in the application, and upon the further grounds set forth hereafter.

Dated: July 16, 2024

THE SEVERO LAW FIRM

By /s/ *Michael V. Severo*
    Michael V. Severo
    Attorney for Defendant
        CHRISTOPHER KAMON

# DECLARATION OF MICHAEL V. SEVERO

I, Michael V. Severo, do hereby declare as follows:

1. I am an attorney at law duly licensed to practice before all courts in the State of California and the attorney of record for defendant CHRISTOPHER KAMON.

2. I offer this declaration in support of Kamon's motion for joinder in defendant Girardi's application for continuance of the trial date, and in further support of the continuance request.

3. I am a sole practitioner. I am aided in my practice by one paralegal and one assistant, both of whom work to organize the discovery in the cases I handle.

4. When the parties appeared for a status conference on January 10, 2024, the government, in its bid to obtain the earliest trial date, represented to court and counsel that it would confine the trial to the four client matters – stated in five counts – as set forth in the Indictment.

5. Based on that representation, I concurred with the court's May 21, 2024 trial date.

6. Approximately six weeks after the status conference, on February 28, 2024, the Government provided counsel with notice of its intent to introduce evidence of defendant Kamon's alleged embezzlement from Girardi Keese. This "side fraud" conduct is alleged in case number 23-cr-00024 JLS where Kamon is the only defendant charged. The trial on case ending in 00024 is set on October 22, 2024.

7. On May 27, 2024, I caused to be filed with this court, a motion to exclude the "side fraud" evidence. At the time of the filing, I informed the court that, "A decision to allow the evidence would…require that KAMON …present a defense, not only to the charges in this case, but to the charges in CR 23-00024

JLS. This would necessitate additional time and resources and may delay the trial in this case."

8. The court heard arguments on Kamon's motion to exclude evidence and other motions on June 20, 2024. At that time, I reiterated Kamon's position that allowing in evidence of "other acts" as proffered by Government would require additional preparation, not taken into account at the time of the trial setting conference or at the subsequent order continuing the trial to August 6, 2024.

9. Since then, the Government has sought to expand the case even further by moving the court *in-limine* to permit use of Kamon's pretrial proffer if (read: when) Kamon takes a position inconsistent with his statements during the proffer sessions, as well as evidence of flight from prosecution.

10. These two *in-limine* requests would invite evidence of conduct well beyond that in the notice to introduce evidence of other acts.

11. Essentially, KAMON would be defending both cases as if consolidated for trial.

12. Furthermore, my client has been in custody since his arrest in January 2023. At the time that I became counsel of record in September 2023, Kamon had not reviewed to any significant degree the discovery in the case. Of course, since that time, the discovery has expanded exponentially to include Girardi Keese's email server and thousands of other documents not originally contemplated when the current trial date was agreed upon. See Declaration of Charles Snyder, Docket No. 274.

13. Review of the discovery at the Metropolitan Detention Center is slow and painful. With limited hours, no breaks, and no water, it is difficult to sustain those sessions for longer than a handful of hours at a time. Of course, the added time required for travel, security clearance and the like add to the difficulties in obtaining client input.

14. On July 18, 2024, the day before the hearing on this application, my wife is required to undergo surgery to relieve at time excruciating pain in her left hand. While the surgery itself is not particularly complicated, the recovery at our age is slow, and she will not have use of her hand for several days. This requires my assistance and care and will necessarily cause loss of valuable time to continue trial preparation.

15. My client waited patiently for over 9 months while the Girardi competency proceeding was completed. After this court's order in January 2024 finding Girardi competent to stand trial, this would be only the second continuance requested. In a case projected to last 12 days with thousands of documents to review and dozens of witnesses, trial to start less than 10 months from its operative start date (January 2024) is quite reasonable.

16. I am the only lawyer preparing this case for trial. Both the Government and Girardi are represented by teams of lawyers, support personnel and investigators. The only factor that somewhat levels the field is time.

17. I join in, and hereby incorporate, the factual narrative in the *ex parte* application and declaration of Charles J. Snyder except to the extent that it seeks to implicate Kamon in any criminal conduct, specifically paragraph 11.

18. Accordingly, I respectfully request that the court grant this motion for joinder and grant the request to continue the trial from August 6, 2024, to October 8, or October 15, 2024.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Pasadena, California on July 16, 2024.

/s/ *Michael V. Severo*
Michael V. Severo, Declarant

5