E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate and Securities Fraud Strikeforce
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/1786
     Facsimile: (213) 894-6269
     E-mail:   scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-47-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANT GIRARDI'S *EX PARTE* APPLICATION TO CONTINUE TRIAL DATE FROM AUGUST 6, 2024 TO OCTOBER 8, 2024 |
| v. | |
| THOMAS VINCENT GIRARDI and CHRISTOPHER KAZUO KAMON, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby files its opposition to defendant's ex parte application for an order continuing the trial date (Dkt. 274).

//

This opposition is based upon the attached memorandum of points and authorities, the exhibits attached hereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 17, 2024                    Respectfully submitted,

                                        E. MARTIN ESTRADA
                                        United States Attorney

                                        MACK E. JENKINS
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        _____/s/_____
                                        SCOTT PAETTY
                                        ALI MOGHADDAS
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

After agreeing to seek no further continuances of the trial date in this matter, and less than three weeks before the current trial date that he stipulated to, defendant Thomas Vincent Girardi ("defendant Girardi" or "Girardi") requests that this Court once again delay his trial. Defendant's application raises no good cause justifying an additional continuance and should be denied.

At the January 2024 status conference, this Court announced its tentative ruling to set this case for trial on May 21, 2024. (Dkt. 161 at 4:10.) Thereafter, counsel for defendant Girardi began requesting a vast array of additional discovery, much of it beyond the ambit of Rule 16, including all communications contained on the Girardi Keese server (dating back decades), all analyses prepared by the bankruptcy trustee (or her agents) of the Girardi Keese financial systems, including all the government's communications with the trustee, all forensic images of computers at Girardi Keese, and all forensic images of defendant Kamon's multiple phones and laptop. The government produced and/or facilitated the production of all of these materials (and more), while explicitly noting that "[b]y producing such materials, we do not concede that . . . these materials constitute Brady or Rule 16 information" and that "the government does not . . . waive its right to object to any future requests to continue the trial data as a result of this or other discovery productions."

In March 2024, notwithstanding the government's assistance with these discovery requests and the above admonition, the defense requested a continuance to August 2024 in order to better prepare for

trial.[1]   The government begrudgingly agreed to this continuance, in part, because defense counsel explicitly agreed that "defendants will not seek further continuances of the trial date, and that no further continuance should be granted, absent good cause and the existence of new information not known as of the date of this stipulation[.]" (Dkt. 184 at 5.)   Now, notwithstanding their repeated representations, and less than three weeks before the current trial date, defendant has filed an _ex parte_ application and several "supplements" seeking more time.   Defendant's application raises seven reasons why the Court should further continue this case; however, none justify good cause warranting a continuance.

First, as articulated in the government's briefing related to its motion to admit evidence of defendant's misappropriation of settlement funds (Dkts. 214 & 267), the government's representation that it would present a streamlined case focused on the four executions alleged in the indictment did not limit its ability to present evidence of defendant's misappropriation of client funds. But even if it did, the government has consistently and clearly stated to defense counsel that it reserved its right to introduce other evidence, including in rebuttal, depending on the defense theory, which has now directly put this evidence at issue.   (See, _e.g._, Ex. 3; see also Dkt. 267 at 6 ("[T]he fact that Girardi now

---

[1] In negotiating this continuance, counsel represented that "[a]s part of a compromise, we're saying that four months is what we need to get through this voluminous information.   Why not give us that already limited amount of time and take the issue off the table?"   Counsel further represented that "we can agree to no further continuances absent something new plus good cause[.]"   (See Ex. 1 attached hereto; see also Ex. 2 (email stating that "because we (Girardi's defense team) made an agreement with the government, we will not ask for a continuance to the October date even though we may want the additional time").)

2

intends to present a contorted view of the facts necessitates that the government be allowed to provide the jury with the full context of defendant's actions").)

Second, that there are six outstanding pretrial motions pending is not unusual, let alone a basis for more time.  In fact, this briefing schedule was agreed to by counsel for both defendants in the prior stipulation for more time.  (Dkt. 184 at 3.)  This is hardly the "good cause and the existence of new information not known as of the date of this stipulation" justifying a further continuance.

Third, after having been provided a near identical, cut-and-paste disclosure for Dr. Chui from her opinions in the competency proceedings, the government repeatedly requested a supplement so that it could meaningfully consider its options, "including retaining [its] own expert and/or moving to limit/exclude Dr. Chui's testimony."  (See Exhibit 4.)  After months of requesting a supplement, defendant Girardi finally provided one in June, three months after Dr. Chui's initial disclosure and weeks after the government filed its motion to exclude Dr. Chui's testimony.  (See Dkt. 188.)  After the Court denied the government's motion, the government promptly served its disclosure for rebuttal testimony from Dr. Darby, which like Dr. Chui's disclosure, largely mirrors his opinions and testimony from the competency proceeding.  Defendant claims that he no longer has a meaningful opportunity to challenge Dr. Darby's opinions.  Setting aside that defendant has already challenged Dr. Darby and his opinions in connection with the competency proceedings, defendant's team of lawyers, who in less than 24 hours after receiving Dr. Darby's disclosure were able to prepare and file his 15-page ex parte application for a continuance, are

3

1   clearly capable of filing a motion on shortened time to challenge Dr.

2   Darby ahead of the government's rebuttal case.[2]

3        Fourth, defendant's complaints regarding evidentiary

4   stipulations is a red herring.  As an initial matter, the lack of any

5   stipulation as to the admissibility of exhibits is not a reason to

6   continue a trial date.  Parties often proceed to trial without such

7   stipulations and simply lay foundation pursuant to the Federal Rules

8   of Evidence.  But in this case, the government has been transparent

9   with the defense that it intends to seek evidentiary stipulations,

10  including stipulations regarding records produced by the trustee.

11  Indeed, it was the government who initially contacted the defense to

12  reach such agreement.  In any event, as of this filing, the parties

13  have tentatively reached agreement on stipulations regarding the

14  admissibility of much of the parties' respective evidence.

15  Therefore, this too does not qualify as good cause for a continuance.

16       Fifth, counsel suggests the government has told witnesses that

17  it wished to be present for any conversations with the defense.  This

18  is patently false.  In witness interviews, the government often

19  advises witnesses that they may be contacted by the defense, and it

20  is the witnesses' choice whether they choose to accept, decline, or

21  ask that the government participate.  That has been and will continue

22  to be the advisement provided to witnesses in this case, and is

23

24       [2] Notably, in arguing the lack of prejudice for defendant's
    failure to provide any supplemental disclosure for Dr. Chui,
25  defendant argued that "the near-exclusive focus of this case for
    approximately a year was on mental-state evidence and expert
26  testimony," that the "government has already received a fulsome
    disclosure from Dr. Chiu [sic] and had a chance to cross-examine
27  her," and that "any claims of prejudice would be baseless on this
    record."  (See Ex. 4 at 4.)  These same arguments apply equally to
28  defendant should he choose to challenge Dr. Darby's proffered
    testimony in the government's rebuttal case.

                                    4

consistent with the admonition provided to witnesses in other cases

prosecuted by the government in this district.  Despite the

government's request for the identities of the witnesses who have

purportedly said otherwise, counsel has refused.  In any event, a

continuance is not an appropriate remedy for such allegations.

Sixth, this case does not present any unique "time-consuming

distractions from trial preparation."  Indeed, defendants have

possessed the government's draft witness and exhibit lists for nearly

six months,[3] the documents and legal theories at issue are not

complex, and, as referenced above, the parties have met and conferred

and reached agreements in principle on the admissibility of general

categories of documents for trial.  Moreover, counsel's request for a

jury questionnaire -- made over the government's objection -- cannot

now serve as a basis for delay.  (Dkt. 274 at 12 (claiming the jury

questionnaire will require a "substantial amount of time" to process

and review).)  If counsel no longer wishes to use a jury

---

[3] Defendant's latest supplement in support of his request for a continuance goes too far and baselessly accuses the government of gamesmanship.  Among other things, defendant argues the government should not be allowed to add exhibits to its list in advance of trial.  (See Dkt. 280.)  However, defendant's claim is not based on facts or common sense.  Despite no rule or legal obligation to provide the defense with its draft witness and exhibit lists, the government did so as early as February 2024, noting expressly that it reserved the right to supplement its list in advance of trial.  (See Exhibit 5.)  With still three weeks until trial, the government has provided a revised exhibit list that adds approximately 80 new exhibits, half of which are related to Kamon's side fraud and mostly images of checks and bank statements.  Much of the remaining new exhibits, many of which are spreadsheets, are simply underlying sources of data supporting draft summary charts, which the government intends to produce upon receipt of executed draft summary chart agreements from the defense.  Defendant's repeated claim that the government is now broadening the scope of its case despite its previous representations also ignores that much of this evidence is to rebut the defendant's theories.  Clearly the government must be allowed to rebut defendant's tilted view of the evidence and nothing in the government's prior representations precludes that.

questionnaire, the parties can proceed with traditional voir dire, which has proved appropriate in countless other cases.

Seventh, and finally, whether any trial witnesses are "producing or participating in a podcast," is beyond the government's control and is hardly a reason to continue the trial date.  Indeed, as the defense acknowledges, this case has been "widely reported and discussed," (Dkt. 186 at 1), and "presumably, the same witnesses will be engaged in the same activities at any trial date" (Dkt. 274 at 12.)  Furthermore, the government's intervention in a related civil matter before scheduled depositions of the government's witnesses is neither unusual nor improper.  See, e.g., Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995).  The government has also produced recent witness memoranda and proffer letters, including for at least one individual who is not expected to testify in this case, and will continue to do so on a rolling basis.  (See, e.g., Dkt. 275.)  The defense has not articulated any prejudice from its recent receipt of these materials, which largely track information contained in prior filings and witness memoranda.  In any event, the government has advised the defense that it will begin producing agent notes of witness interviews in lieu of formal memoranda between now and trial, thereby minimizing the risk of further delay.[4] Accordingly, these excuses too do not justify defendants' request for more time.

_____

[4] Defendant's supplement also complains that the government's recent productions include approximately 2,000 pages (Dkt. 280 at 3-4), but fails to explain that approximately 700 of those pages relate to defendant Girardi's tax filings that the government cited to in its opposition to defendant's motion to suppress.  The government does not intend to use this material, or much of what else has been recently produced, at trial.

For the foregoing reasons, the government respectfully requests that this Court deny defendant's _ex parte_ application for a continuance of trial.[5]

_____

[5] The government submits that this _ex parte_ application can be denied on the papers with no further hearing.  Of course, should the Court intend to proceed with the hearing on July 19, 2024, the government will appear and present further argument in support of its opposition.

7