# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 2:23-CR00047-JLS |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING EX PARTE APPLICATION TO CONTINUE TRIAL** |
| THOMAS VINCENT GIRARDI, and CHRISTOPHER KAZUO KAMON, | |
| | **ORDER VACATING HEARING** |
| Defendants. | |

The Court has reviewed Defendant Girardi's Ex Parte Application to Continue Trial, his two supplemental filings, and Defendant Kamon's Joinder. (*See* Docs. 274-275, 279-280.) The Court has also reviewed the Government's Opposition. (Doc. 281.) The Court set a hearing to provide Defendant an opportunity to reply, but Defendant filed a written reply, which the Court has now reviewed. (Doc. 282.) Accordingly, the Court VACATES the hearing set for July 19, 2024 at 11:30 a.m. For the reasons set forth herein, the Court DENIES the Ex Parte Application to Continue Trial.

First, neither the ex parte application nor the reply read like documents drafted within the last few days to respond to unforeseeable circumstances. The Court has some concern that this request for another continuance was long in the making. Further, the Defendant's reply reflects a misunderstanding of what needs to be shown for a continuance at this stage, arguing that "the government makes no effort to explain why any compelling interest requires the denial of a two-month continuance." (Reply at 4.) Rather, less than

three weeks before trial and after jury summonses after been issued and a large time-qualified panel identified, the question before the Court is whether there is good cause for a continuance. Addressing below the points raised by Defendant Girardi, the Court concludes there is not.

Defendant Girardi contends that the prosecution has violated its promise to "narrow[] its case to just . . . four client matters." (*See* Doc. 161 (Jan. 10, 2024 Tr. at 6.).) The context of the government's representation is made clear from the transcript of the hearing: namely, while there may have been other client matters where the government could attempt to show misappropriation of client funds, the focus of this case would be on four specific transactions. (*See id.*) The Court did not interpret this to mean that the government could not introduce any evidence beyond the identified four transactions as proof of the alleged 10-year scheme to defraud, and if there were any doubt, the government clarified the issue for the defense in a January 10, 2024 email. ("As we represented in our status report and at the hearing, the government's case-in-chief will focus on the four client matters outlined in its indictment. However, the government reserves the right to introduce other evidence, including in rebuttal, depending on the defense's case.) On this record, Defendant Girardi cannot now claim surprise.

The fact that pretrial motions remain outstanding is a result of the parties' agreed-upon briefing schedule rather than any particular delay by any party or the Court. (*See* Docs. 184-185.)

The Government disclosed its expert only fifteen days after the Court ruled on the admissibility of the defense expert. (*Compare* Doc. 235 (June 27, 2024 Order) *with* Doc. 274 (Ex Parte App. at 8 (identifying July 12, 2024 as the date of the Government's expert disclosure).) Reports of the parties' experts have been part of the record since before the time of the Court's January 2, 2024 Order finding Defendant Girardi competent to stand trial.

As for the evidentiary stipulations, it appears these are details that the parties could

have worked out sooner, but such details are often left to the last weeks before trial. Moreover, it appears significant progress has been made on this front. (*See* Doc. 280, Def. Further Supplement at 1.)

The fact that the Government continues to produce discovery is not a basis for trial continuance. The defense has not identified any discovery obligations that it contends the Government has violated.

As for the technical difficulties related to the production of documents from the Girardi Keese bankruptcy trustee, those were known to the defense at least as early as defense counsel Snyder's detailed email to the prosecutor on March 6, 2024. (*See* Doc. 281-1 at 4, Opp. Ex. 1.) As such, this is not "new information not known as of the date of [the Court's] Order" continuing trial that would justify a continuance. (Doc. 185 at 2.)

The Government has provided a sufficient response to the concern raised by Defendant regarding its communications with potential defense witnesses. (*Compare* Ex Parte App. at 10-11 *with* Opp. at 4-5.)

The Government's involvement in related civil matters is beyond the control of the Court. Defendant's contention regarding the Government's motivation for seeking a stay of discovery is, at best, unsupported and speculative. (*See* Ex Parte App. at 12 & n.7.)

And finally, involvement by witnesses in producing podcasts timed to coincide with beginning of the trial is entirely beyond the control of the Court. The fact that Defendant would like develop additional evidence related to the podcast is not a reason to continue trial.

For all these reasons, the Court DENIES the Ex Parte Application to Continue Trial.

**IT IS SO ORDERED.**

DATED: July 17, 2024

_____
Hon. Josephine L. Staton
United States District Judge