UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>        v.<br>THOMAS VINCENT GIRARDI, and<br>CHRISTOPHER KAZUO KAMON,<br><br>    Defendants. | Case No. 2:23-CR00047-JLS<br><br>**ORDER GRANTING MOTION FOR SEVERANCE** |

    Presently before the Court is Defendant Girardi's Motion for Severance, which seeks separate trials for the two Defendants. Defendant Kamon has joined in Motion, which is fully briefed. (*See* Doc. 242 (sealed Mot. & Def. Exs. A-I); Doc. 254 (Def. Kamon Joinder); Doc. 257 (Opp.); Doc. 269 (Reply).) The Court finds this Motion appropriate for resolution without a hearing. For the reasons set forth herein, the Court grants Defendant's Motion for Severance.

    Federal Rule of Criminal Procedure 8(b) permits defendants to be jointly charged "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Generally, jointly charged defendants are tried jointly. *See Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). But district courts may order separate trials where a joint "trial appears to prejudice a defendant." Fed R. Crim. P. 14(a).

Prejudice requiring severance may be found where "a specific trial right of one of the defendants" may be compromised or where a joint trial may "prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539.

Here, the Government has characterized the evidence as establishing that Defendant Girardi carried out the main fraudulent scheme and that he was aided and abetted by Defendant Kamon in the latter's role as an accountant. Generally, this fact lends itself to a joint trial, as evidence of the existence of a scheme to defraud and the manner and means through which it was allegedly carried out is likely to be the same as to both Defendants. But the potential for prejudice arises out of the anticipated defenses, which pits Defendant Girardi against Defendant Kamon such that each will tend to act as a "second prosecutor" of the other. (*See, e.g.*, Mot. at 4-5 ("Girardi's defense team fully intends to act as a 'second prosecutor' of Kamon [and] will argue that Kamon intended to cheat and deceive Girardi, his firm, and clients . . . ."); Joinder at 3 ("For his part, Kamon may claim that he, as well as others, simply followed Girardi's orders [and] did not intend to help Girardi deceive and cheat [his] clients.").) This will result in each defendant having to defend against two different, conflicting theories as to why he is guilty of the charged offenses. Although such situations do not always compel the conclusion that the defendants should be tried separately, the Court determines in this instance that it does.

In making this determination, the Court is guided by a case upon which Defendant Girardi relies. (*See* Mot. at 6-7 (citing *United States v. Shkreli*, 260 F. Supp. 3d 247, 256-57 (E.D.N.Y. 2017).) Although not finding mutually antagonistic defenses, the court nevertheless granted the defendants' motion for severance. *Id.* at 253, 256. The court did so because while the first defendant intended to present a defense that he lacked the requisite intent (and thus, was not guilty of the charged crimes), the second defendant's theory and evidence would tend to show that the first defendant was in fact guilty of the crime and that the second defendant was merely another victim of the first defendant's scheme. *Id.* at 256. This bears a striking similarity to the situation here, in which

Defendant Girardi has indicated a defense that will tend to show he was himself fooled by his co-defendant's deceptions. (*See* Mot. at 4 (noting that in arguing "that Kamon intended to cheat and deceive Girardi, his firm, and clients," the defendant will also contend that "in doing so, . . . Kamon exploited Girardi's cognitive decline, which was well known to Kamon").) Therefore, the Court finds the reasoning of *Shkreli* persuasive on this issue.

The Court is also guided by a district court's order granting a motion for separate trials where evidence expected to be offered by one defendant would suggest she was subjected to abuse by her co-defendant. *See United States v. Holmes, et al.*, No. 5:18-CR-00258-EJD (N.D. Cal., Mar. 30, 2020) (Doc. 977 (public redacted version)). In *Holmes*, a defendant moved for separate trials where his co-defendant's evidence would compel him to answer evidence offered by his co-defendant, relevant to her own *mens rea*, regarding the defendant's mistreatment of her. *Id.* at 14. The *Holmes* court noted that "the proffered evidence, spanning a decade of alleged abuse," could compromise the jury's "ability to judge [the defendant] fairly on the merits" and could lead the jury to convict him on charged crimes not based on the evidence but instead based upon an irrelevant belief that the defendant "committed uncharged crimes of [intimate partner] abuse." *Id.* at 14-15. Here, the situation is similar. Although this case lacks any suggestion related to the type of intimate abuse alluded to in *Holmes*, both cases involve a defendant who claims exploitation by a co-defendant in a manner that is relevant to a *mens rea* element of jointly charged offenses. Accordingly, the Court also finds the rationale set forth in *Holmes* persuasive.

The Court has considered whether a limiting instruction might cure any risk of prejudice. *See Zafiro*, 506 U.S. at 539. The Court does not believe that a limiting instruction could cure the effects of the multiple narratives of guilt anticipated in a joint trial, particularly one in which a proffered defense—the exploitation by a defendant of his co-defendant's vulnerability—could be especially prejudicial as viewed by the jury's eyes.

The Court likewise considered whether conducting a trial with two separate juries, as

was contemplated in *Holmes*, might cure the prejudice.  (*See Holmes* at 15.)  The Court concludes that although in theory this may be a viable option, any efficiencies gained by such a joint trial would likely be offset by administrative difficulties and could easily result in a multitude of additional evidentiary complexities.

Therefore, the Motion for Severance is GRANTED.  Defendant Girardi's trial remains calendared for August 6, 2024.  The parties are directed to confer to discuss a trial date for Defendant Kamon and to advise the Court of how they wish to proceed.

**IT IS SO ORDERED.**

DATED:  July 17, 2024

_____
HON. JOSEPHINE L. STATON
United States District Judge