# Exhibit A

Electronically FILED by
Superior Court of California,
County of Los Angeles
3/06/2024 9:51 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By R. Perez, Deputy Clerk

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate & Securities Fraud Strike Force
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2400
     Facsimile: (213) 894-0141
     E-mail:    scott.paetty@usdoj.gov
                ali.moghaddas@usdoj.gov

Attorneys for Intervenors
UNITED STATES OF AMERICA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| JOSEPH RUIGOMEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ABIR COHEN TREYZON SALO, LLP, et al., <br><br> Defendants. | Case No. 23-STCV-01084 <br><br> <u>UNOPPOSED EX PARTE APPLICATION OF UNITED STATES OF AMERICA FOR LEAVE TO INTERVENE AND STAY PENDING RESOLUTION OF FEDERAL CRIMINAL TRIAL; MEMORANDUM OF POINTS OF AUTHORITIES; DECLARATION OF ALI MOGHADDAS</u> <br><br> Hearing Date: March 8, 2024 <br> Hearing Time: 8:30 a.m. <br> Dept.:         36 |

TO THE COURT, ALL PARTIES, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 8, 2024 at 8:30 a.m. or as soon thereafter as the matter may be heard in Department 36 of the above-entitled Court located at 111 N. Hill Street, Los Angeles, California, non-party United States of America will and hereby does apply to this Court *ex parte* for an order to intervene in this civil

action and to stay the case pending the resolution of the United States' ongoing criminal trial.

This *ex parte* application is unopposed and, as discussed herein, good cause exists to grant this *ex parte* application and issue an order staying the case pending the resolution of the United States' ongoing criminal trial.  This *ex parte* application is based on Section 387 of the California Code of Civil Procedure, the attached Memorandum of Points and Authorities, the declaration of Ali Moghaddas, and such further evidence and argument as the United States may present at or before any hearing on this application.

Dated: March 6, 2024            Respectfully submitted,

                                E. MARTIN ESTRADA
                                United States Attorney

                                /s/ Ali Moghaddas
                                SCOTT PAETTY
                                ALI MOGHADDAS

                                Attorneys for Interveners
                                UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

By this *ex parte* application, the United States of America (the "government") seeks leave to intervene and move to stay this civil case pending the resolution of the government's criminal trial. Specifically, the government has filed a criminal indictment against Thomas Vincent Girardi, the former head of the now-defunct plaintiff's law firm, Girardi Keese.  (*See United States v. Thomas Vincent Girardi*, CR 23-47-JLS.)  Trial in the criminal matter is scheduled to begin on May 21, 2024, and will involve at least several witnesses who are scheduled to be deposed in this civil matter.  The government understands that discovery in this civil matter is underway and that deposition notices have been issued.  The government has contacted all parties involved in the civil matter and understands that all parties consent to a stay of the entire case until the criminal trial concludes, which the government anticipates will occur by June 2024.

Accordingly, through this unopposed application, the government seeks to intervene and stay this case in order to preserve the integrity of the prosecution of the criminal case and advance the public interest.

**II.    LEGAL STANDARD**

Pursuant to California Civil Procedure Code § 387, the Court may "permit a nonparty to intervene in the action or proceeding if the person has an interest in the matter of litigation, or in the success of either of the parties, or an interest against both."  Cal. Civ. Proc. Code § 387(d)(2).  Courts regularly recognize that prosecutors have a substantial interest -- if not the highest interest -- in

intervening in a civil action in order to represent the United States and to secure criminal convictions in a criminal case.  *See, e.g., In re Conservatorship of the Estate of Geiger*, 3 Cal. App. 4th 127, 132 n.3, 133 n.4 (1992) (permitting federal government to intervene as the "real party in interest" based on "sufficient interests of the United States government because of existing civil judgments and criminal actions against [Geiger]").

Further, a trial court has inherent discretionary power to stay any action within its jurisdiction.  A court properly exercises this power in order to defer civil proceedings pending the outcome of related criminal proceedings whenever "the ends of justice seem to require such an action."  *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *cf.* Cal. Penal Code § 1050 (recognizing the precedence of criminal cases over civil cases).  Protecting the government's ability to effectively prosecute alleged criminals serves the ends of justice because "administrative policy gives priority to the public interest in law enforcement."  *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).  In determining whether to stay any portion of a civil proceeding, the Court must balance the competing interests at stake, including those of the prosecution, the civil litigants, the Court, and the public.  In doing so, courts consider the following factors: (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to any plaintiffs of a delay; (2) the burden that any particular aspect of the proceedings may impose on defendants; (3) the convenience of the Court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interests

of the public in the pending civil and criminal litigation. *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995), quoted in *Avant! Corp. v. Superior Court*, 79 Cal. App. 4th 876, 885 (2000). Civil litigants have an interest in having their claims decided in a timely manner. Yet when civil discovery interferes with a criminal prosecution, those interests must be balanced against other concerns, such as the great weight that a trial court should give to the relevant law enforcement interests such as those implicated here. *See Campbell*, 307 F.2d at 487.

## III. **ARGUMENT**

The government's intervention under California Civil Procedure Code § 387 is appropriate. The government has a significant interest in intervening in the instant case given its pending criminal indictment against Thomas Girardi. As noted herein, there is significant overlap in the underlying facts and witnesses. As a result, the Court should allow the government to intervene in this case, as other courts have readily done. *See, e.g., In re Conservatorship of the Estate of Geiger*, 3 Cal. App. 4th at 132; *Cnty. of San Bernardino v. Harsh Cal. Corp.*, 52 Cal. 2d 341, 346 (1959) (reversing denial of permission to intervene to United States in light of its interest to "protect its fiscal policy").

The Court should likewise stay this matter in the interest of justice. *See Keating*, 45 F.3d at 324 (holding that courts have discretion to stay civil proceedings when it is in the "interests of justice"); *see also In Pacers, Inc. v. Superior Court*, 162 Cal. App. 3d 686, 690 (1984) (staying civil case in favor of criminal proceeding). In *Pacers*, the California Court of Appeal upheld a trial court order staying the civil case until the expiration of the

criminal statute of limitations.  In so holding, the court noted that its holding was "in accord with federal practice where it has been consistently held that when both civil and criminal proceedings arise out of the same or related transactions, an objecting party is generally entitled to a stay of discovery in the civil action until disposition of the criminal matter."  *Id.*; *see also Fuller v. Superior Court*, 87 Cal. App. 4th 299, 306 (2001) ("Staying civil discovery to await the outcome of a related criminal case might benefit the litigants and does not implicate constitutional issues."); *United Pac./Reliance Ins. Co. v. DiDomenico*, 173 Cal. App. 3d 673, 675 (1985) (noting that trial court stayed the deposition in civil case of a potential witness in related criminal trial and curtailed discovery by both sides in civil case until criminal prosecution was concluded).

Here, the factors weigh heavily in favor of the government's request to stay the civil matter pending resolution of the federal criminal trial, which is only months away.  As noted above, Girardi's pending criminal case is scheduled to proceed on May 21, 2024.  Given the overlap between the civil and criminal cases, if allowed to conduct discovery, and in particular to depose anticipated government witnesses, such discovery would almost certainly bear on issues in the criminal case.  The balance of the relevant factors identified in *Keating*, 45 F.3d at 324-25, and adopted in *Avant!*, 79 Cal. App. 4th at 885, strongly favors a stay.

The government has met and conferred with all parties to the civil matter and each consents in the government's request to intervene and its request for a complete stay of the proceedings

4

until the resolution of criminal trial.  For all of these reasons, the Court should order a stay of this matter.

## IV. CONCLUSION

    For the foregoing reasons, the government respectfully requests that this Court stay this civil matter until the resolution of the criminal trial, which is anticipated to conclude in June 2024.

Dated: March 6, 2024                       Respectfully submitted,

                                        E. MARTIN ESTRADA
                                        United States Attorney

                                        */s/ Ali Moghaddas*
                                        SCOTT PAETTY
                                        ALI MOGHADDAS

                                        Attorneys for Interveners
                                        UNITED STATES OF AMERICA

## DECLARATION OF ALI MOGHADDAS

I, Ali Moghaddas, declare as follows:

1. I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California. I admitted to practice before all courts of the State of California. I have knowledge of the facts set forth herein and could and would testify to those fact fully and truthfully if called and sworn as a witness.

2. Together with my colleague, AUSA Scott Paetty, we are prosecuting Thomas Vincent Girardi and Christopher Kazuo Kamon in a criminal matter pending in the United States District Court for the Central District of California. (*See United States v. Thomas Vincent Girardi*, CR 23-47-JLS.)

3. On February 27, 2024, AUSA Paetty and I spoke with counsel for all plaintiffs and defendants in this matter. After discussing the government's *ex parte* application to intervene and stay the civil case, all parties agreed to a stay of the instant civil matter pending our trial in the criminal case. Following this conversation, I sent a confirmation email to all counsel of record. A true and correct copy of this email is attached hereto as **Exhibit A**.

//
//
//

3. On March 6, 2024, I emailed counsel for all parties to inform them that the government would be moving *ex parte* to intervene and stay the civil matter with a hearing set for March 8, 2024 at 8:30 a.m. in Department 36. A true and correct copy of this email is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on March 6, 2024.

*Ali Moghaddas*
ALI MOGHADDAS

2

# EXHIBIT A

| | |
|---|---|
| **From:** | Moghaddas, Ali (USACAC) |
| **To:** | HRosing@KlinedinstLaw.com; gboldrini@klinedinstlaw.com; mcole@nemecek-cole.com; jbodenstein@nemecek-cole.com; alan.forsley@flpllp.com |
| **Cc:** | Paetty, Scott (USACAC) |
| **Bcc:** | Roberson Ryan |
| **Subject:** | JOSEPH RUIGOMEZ, ET AL. VS ABIR COHEN TREYZON SALO, LLP, ET AL. |
| **Date:** | Tuesday, February 27, 2024 7:04:21 PM |

Counsel:

Thank you all for your time today and for confirming the parties' consent to the government's forthcoming ex parte application to intervene and stay the above-referenced matter. As discussed, the government will seek to stay all aspects of the case, including any pending motions, until after the conclusion of our criminal trial in United States v. Girardi el al., CR 23-47-JLS, which is scheduled to begin May 21, 2024. Accordingly, pending approval by your court, we understand that all scheduled depositions, including Joseph and Kathleen Ruigomez's depositions, will be suspended.

Based on our communications with all counsel, we will represent that our application is unopposed. Please let us know if you'd like to discuss further.

Best,
Ali

# EXHIBIT B

| | |
|---|---|
| **From:** | Moghaddas, Ali (USACAC) |
| **To:** | HRosing@KlinedinstLaw.com; gboldrini@klinedinstlaw.com; mcole@nemecek-cole.com; jbodenstein@nemecek-cole.com; alan.forsley@flpllp.com |
| **Cc:** | Paetty, Scott (USACAC) |
| **Subject:** | RE: JOSEPH RUIGOMEZ, ET AL. VS ABIR COHEN TREYZON SALO, LLP, ET AL. |
| **Date:** | Wednesday, March 6, 2024 9:41:00 PM |

Counsel:

As you are all aware, the government intends to file an *ex parte* application to intervene and stay the above-referenced matter. Although the civil parties have indicated that they do not oppose this application, we understand that the Court still requires an in-person hearing. Given your impending depositions of several of our witnesses, and our own rapidly approaching criminal trial, we intend to request a hearing for this **Friday, March 8, 2024, at 8:30 a.m. in Department 36.**

Please let us know if you have any questions. Otherwise, we look forward to seeing you this Friday at 8:30 a.m.

Best,
Ali


**Ali Moghaddas | Assistant United States Attorney**

United States Attorney's Office | Central District of California
1100 United States Courthouse | 312 North Spring Street | Los Angeles, California 90012
T: 213.894.1786 | F: 213.894.6269 | **Ali.Moghaddas@usdoj.gov**


**From:** Moghaddas, Ali (USACAC)
**Sent:** Tuesday, February 27, 2024 7:04 PM
**To:** HRosing@KlinedinstLaw.com; gboldrini@klinedinstlaw.com; mcole@nemecek-cole.com; jbodenstein@nemecek-cole.com; alan.forsley@flpllp.com
**Cc:** Paetty, Scott (USACAC) <spaetty@usa.doj.gov>
**Subject:** JOSEPH RUIGOMEZ, ET AL. VS ABIR COHEN TREYZON SALO, LLP, ET AL.

Counsel:

Thank you all for your time today and for confirming the parties' consent to the government's forthcoming ex parte application to intervene and stay the above-referenced matter. As discussed, the government will seek to stay all aspects of the case, including any pending motions, until after the conclusion of our criminal trial in United States v. Girardi el al., CR 23-47-JLS, which is scheduled to begin May 21, 2024. Accordingly, pending approval by your court, we understand that all scheduled depositions, including Joseph and Kathleen Ruigomez's depositions, will be suspended.

Based on our communications with all counsel, we will represent that our application is unopposed. Please let us know if you'd like to discuss further.