CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
SAMUEL CROSS (Bar No. 304718)
Email: Sam_Cross@fd.org
J. ALEJANDRO BARRIENTOS (Bar. No. 346676)
Email: Alejandro_Barrientos@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00047-JLS-1 |
| Plaintiff, | |
| v. | **THOMAS V. GIRARDI'S *EX PARTE* APPLICATION FOR ORDER EXCLUDING TESTIMONY OF DR. RYAN DARBY; EXHIBITS A-B; DECLARATION OF COUNSEL; PROPOSED ORDER** |
| THOMAS VINCENT GIRARDI, | |
| Defendant. | |

Thomas V. Girardi, by undersigned counsel, applies *ex parte* for an order excluding the putative expert testimony of Dr. Ryan Darby. This application is based on the attached memorandum of points and authorities and its exhibits, the files and records in this case, and any argument or evidence that is offered at the hearing on this motion. Girardi's counsel conferred with counsel for the government regarding this motion. If the Court does not exclude Dr. Darby's proposed testimony on grounds other than F.R.E. 702, the defense requests a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579 (1993). The parties conferred about this application. The government opposes it, and requests until Thursday, July 25, 2024 to file a written response.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 22, 2024          By:   /s/ J. Alejandro Barrientos
CHARLES J. SNYDER
SAMUEL CROSS
J. ALEJANDRO BARRIENTOS
Deputy Federal Public Defenders
Attorneys for Thomas V. Girardi

ii

# **TABLE OF CONTENTS**

ARGUMENT ...................................................................................................... 1

I.    The government's notice of Dr. Ryan Darby's proposed trial testimony is inexcusably late given the Court's stated expectations regarding counsel's preparation for adverse rulings and the government's representation, made to secure an early trial date, that it would disclose its witnesses "well in advance of trial." ........................................................................................................... 1

II.   Much of Dr. Ryan Darby's testimony exceeds the scope of Dr. Helena Chui's testimony and is therefore improper rebuttal testimony and is instead inexcusably late affirmative testimony ................................................................ 3

III.  A substantial portion of Dr. Darby's proposed testimony is irrelevant and inadmissible under F.R.E. 403. ............................................................................ 4

IV.   To the extent Dr. Darby's malingering and competency opinions are not excluded for other reasons, Dr. Darby is also unqualified to opine on those subjects and has failed to apply a reliable methodology in reaching his opinions. .............................................................................................................. 6

CONCLUSION ................................................................................................... 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS & AUTHORITIES**</u>

**ARGUMENT**

**I.**   **The government's notice of Dr. Ryan Darby's proposed trial testimony is inexcusably late given the Court's stated expectations regarding counsel's preparation for adverse rulings and the government's representation, made to secure an early trial date, that it would disclose its witnesses "well in advance of trial."**

Pursuant to the previous order continuing trial, the defense timely disclosed its intent to call Dr. Helena Chui as an expert witness on March 11, 2024. Ex. A, Chui Disclosure; *see also* ECF No. 165, at 2 (setting March 11 deadline for expert disclosures).[1] Four months later, after losing a bid to exclude Dr. Chui's testimony and after the motions deadline passed, the government provided notice of its intent to call Dr. Ryan Darby in rebuttal to Dr. Chui. *See* Ex. B, Darby Disclosure.

The government has no excuse for failing to timely provide notice of its intent to call Dr. Darby. At the January 10, 2024 trial-setting conference, the Court explained its expectation that counsel be prepared to proceed with litigation despite adverse rulings, stating:

> The Court believes that defense counsel always has to be thinking what if my motion is denied, whether that's a competency motion or suppression motion or anything.

ECF No. 161, 11:25-12:3. In order to secure an early trial date, the government additionally represented to the Court and the defense that it would "provide . . . its witness list well in advance of trial . . . to put [defendant] fully on notice of what we intend to present to the jury." ECF No. 161, 6:22-7:3. Given these circumstances, there is no legitimate excuse for the government's belated notice of Dr. Darby's proposed trial

---

[1] The defense also provided a supplement to Dr. Chui's disclosure on June 4, 2024, which was approximately three weeks before the June 21 motions deadline.

1

1  testimony, which overlaps, though not completely, with his competency related
2  testimony.
3       Indeed, rather than heeding the Court's warning and adhering to its own
4  representations, the government expressly bet that the Court would excuse its lack of
5  preparation for an adverse ruling on its motion to exclude Dr. Chui, noting its belief that
6  "the Court's decision on admission or exclusion of this expert testimony warrants swifter
7  resolution given the parties' need to incorporate the Court's ruling into their case
8  presentation with adequate time before trial." ECF No. 188, 3 n.1. It additionally cited
9  the denial of its motion to exclude Dr. Chui while conferring with the defense about it
10 late notice of Dr. Darby's testimony. Decl. of Defense Counsel. But, as the Court has
11 already indicated, that is not an excuse for a lack of preparation.
12      In waiting four months to provide its notice, the government has avoided its burden
13 of timely preparing its case and placed the burden on defense counsel to step away from
14 preparing witness examinations and conducting other trial preparation in order to prepare
15 this motion and potentially preparing an additional cross examination. This has the effect
16 of diminishing defense counsel's time to prepare to examine the government witnesses
17 that government did disclose pursuant to its prior representation that it would "provide
18 . . . its witness list well in advance of trial . . . to put [defendants] fully on notice of what
19 we intend to present to the jury." ECF No. 161, 6:22-7:3.
20      The Court should not condone such sandbagging, which is contrary to both the
21 Court's expectations and the government's representations. Dr. Darby's proposed
22 testimony should be excluded in its entirety, especially since the Court has denied
23 Girardi's application to continue trial. The Court similarly excluded a late-disclosed
24 government fingerprint expert in *U.S. v. Ramirez*, 8:21-cr-00045-JLS-1 (C.D. Cal.).
25
26
27
28
                                    2

1
2
3

**II.    Much of Dr. Ryan Darby's testimony exceeds the scope of Dr. Helena Chui's testimony and is therefore improper rebuttal testimony and is instead inexcusably late affirmative testimony.**

4
5

The Court should at least exclude portions of Dr. Darby's proposed testimony as improper rebuttal.

6
7
8
9
10
11

Dr. Chui, was asked to opine on the presence and etiology of Mr. Girardi's dementia, its progression, its severity, and Mr. Girardi's prognosis, the last of which the Court has excluded. Dr. Chui was not asked to opine on whether Mr. Girardi was competent to stand trial or the related subject of potential malingering in 2023. Nonetheless, Dr. Darby's proposed testimony includes those two subjects and at least one other new subject as follows:

12
13
14
15

- The section of Dr. Darby's initial report titled "Competency Specific Evaluation," which relates to Girardi's "overall understanding of the charges and factors related to proving guilt or innocence." ECF No. 91, Darby Rpt., at 22-24.

16
17
18

- The section of Dr. Darby's initial report titled "Mr. Girardi is malingering or exaggerating the severity of his memory impairment." *Id.*, at 28-29.

19
20

- The section of Dr. Darby's initial report titled "Forensic Opinions," which relates competency. *Id.*, at 29-30.

21
22
23
24

- The statement in Dr. Darby's initial report that "[t]he cognitive capacity to malinger or exaggerate symptoms also indicates that Mr. Girardi is unlikely to be at a moderate dementia stage and is more likely to have MCI or mild dementia." *Id.*, at 27.[2]

25
26
27
28

---

[2] This statement should also be excluded under F.R.E. 702 because it is based on the illogical circular reasoning that Girardi is malingering and therefore does not have dementia and the absence of dementia shows he is malingering. *See United States v.*

1     ▪ The government's disclosure of potential testimony about
2        Girardi's "ability to distinguish right from wrong." Ex. B, Darby
3        Disclosure, at 2.

4       The Court should exclude such improper rebuttal, especially given its late
5  disclosure to the defense, just as other courts have excluded improper rebuttal opinions
6  in analogous circumstances. *See, e.g.*, *United States v. Balwani*, No. 5:18-CR-00258-
7  EJD-2, 2022 WL 1720081, at *6 (N.D. Cal. May 27, 2022) ("[T]he Government may not
8  introduce rebuttal evidence regarding the accuracy or reliability of Theranos tests based
9  on the LIS data because [the defense expert] will not testify on that topic."); *United States*
10 *v. Holmes*, No. 18-CR-00258-EJD-1, 2020 WL 5414786, at *5 (N.D. Cal. Sept. 9, 2020)
11 ("[T]he examination is for rebuttal purposes only. Accordingly, the scope of the
12 [government's] examination is limited to the topics identified in Defendant Holmes's
13 Rule 12.2(b) notice . . . .").

14 **III.  A substantial portion of Dr. Darby's proposed testimony is irrelevant and**
15 **inadmissible under F.R.E. 403.**

16      Similarly, Dr. Darby's proposed testimony on competency, malingering, and
17 Girardi's "ability to distinguish right from wrong" are irrelevant and inadmissible under
18 F.R.E. 403.

19      In offering testimony about Girardi's ability to distinguish right from wrong, the
20 government effectively attempts to "rebut" an insanity defense that Girardi is not
21 asserting. *See* 18 U.S.C. § 17(a) ("It is an affirmative defense . . . that . . . the defendant
22 . . . was unable to appreciate the . . . wrongfulness of his acts."). Indeed, the government
23 cannot convict Girardi of wire fraud by showing that he knew his actions were "wrong"

24

25 *Hermanek*, 289 F.3d 1076, 1096 (9th Cir. 2002) ("Such circular, subjective reasoning
26 does not satisfy the Rule 702 reliability requirement.").

27

28

4

according to some unspecified standard not contained in the wire fraud statute. *See* 18 U.S.C. § 1343. The government's plan to offer such testimony reflects its apparently continuing confusion about the various roles that mental state evidence can play in a criminal prosecution. Insanity, diminished capacity, and failure-of-proof arguments are *not* the same despite the government's repeated conflation of the concepts. Girardi's "ability to distinguish right and wrong" is therefore irrelevant absent an insanity defense, which Girardi is not asserting. And testimony on such issues would confuse the jury about, at the very least, (i) the specific intent to deceive and cheat and knowing making of false statements required under the wire fraud statute and (ii) the significance of Girardi's failing memory to rebutting the government's argument that he intended to deceive and cheat and know and knowingly made false statements. The government's notice of Dr. Darby's opinion about Girardi's ability to distinguish right from wrong is additionally deficient under Fed. R. Crim. P. 16 because it fails to identify what Darby's opinion is on the matter (stating only that Dr. Darby will "opine on" the issue) and fails to explain any reason for his opinion. Testimony on the matter should be excluded in its entirety.

Competency and malingering opinions are similarly irrelevant and their probative value, if any, is substantially outweighed by unfair prejudice. The government cannot convict Girardi of wire fraud by showing he is competent to stand trial or based on the related notion of malingering. Perhaps most importantly, Dr. Darby does *not* offer an opinion that Girardi was malingering during the alleged scheme period. To the contrary, he states that "there is little evidence regarding any progression of cognitive problems between 2017 through 2020." Darby Rpt. at 27. He is therefore not offering an opinion that malingering in 2021 or later can be used to infer malingering at an earlier time. He instead argues that malingering in 2021 can be used to infer malingering in 2023. Moreover, any malingering opinion would create a risk of unfair prejudice substantially

5

outweighing any probative value. It is essentially impermissible character evidence—a claim that Girardi is lying now to show that he was lying during the scheme period.

**IV.  To the extent Dr. Darby's malingering and competency opinions are not excluded for other reasons, Dr. Darby is also unqualified to opine on those subjects and has failed to apply a reliable methodology in reaching his opinions.**

Dr. Darby is additionally unqualified to opine on competency or malingering and failed to apply a reliable methodology in addressing those issues. *See* F.R.E. 702. In March of 2022, just a year before testifying in the competency proceedings in this case, he admitted in a different case that "I don't have expertise in competency to stand trial." ECF No. 110, Ex. 45, 75-80 (transcript from *U.S. v. Brockman*, 4:21-CR-00009-1 (S.D. TX). He testified at the competency proceedings in this matter that "[t]here is not a fellowship or a field in forensic neurology," and that he had unspecified "training mentorship" from his brother among other unidentified psychiatrists. ECF No. 145, 295:4-15.  He failed to identify any standard that he used to assess malingering, much less a reliable standard. ECF No. 145, 295:21-23; *see also* F.R.E. 702(c), (d). He administered only one performance validity test to Girardi—an inadequate number of tests according to the government's other expert during competency proceedings—and Girardi passed it with a perfect score, which indicates no malingering. ECF No. 145, 284:22-285:15; *see* ECF No. 64, Goldstein Rpt., at 64 ("The absence of numerous performance validity measures throughout testing is problematic as it is accepted practice and the use of stand-alone measures is considered 'medically necessary' in clinical examinations, let alone in a forensic context."). At bottom, Dr. Darby is not qualified to opine on competency or malingering and has not applied a reliable methodology in addressing them. His testimony on those issues should be excluded.

//

//

6

1

## CONCLUSION

2      For the stated reasons, the Court should exclude Dr. Ryan Darby's proposed

3 testimony in its entirety or limit it as described above.

4                              Respectfully submitted,

5                              CUAUHTEMOC ORTEGA
                               Federal Public Defender
6

7 DATED: July 22, 2024          By:  _/s/J. Alejandro Barrientos_____

8                                  CHARLES J. SNYDER

9                                  SAMUEL CROSS
                                   J. ALEJANDRO BARRIENTOS
10                                 Deputy Federal Public Defenders
                                   Attorneys for Thomas V. Girardi
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>DECLARATION OF DEFENSE COUNSEL</u>

I, J. Alejandro Barrientos, declare as follows:

    1.   I am Deputy Federal Public defender appointed to represent Mr. Thomas Girardi in the above-captioned case.

    2.   **Exhibit A** to this application is a true and correct copy of the March 11, 2024 email from the defense to the government disclosing the defense's intent to call Dr. Helena Chui as an expert witness, as well as Dr. Chui's report, which was attached to the email. Phone numbers and address have been redacted.

    3.   **Exhibit B** to this application is a true and correct copy of the government's July 12, 2024 disclosure of its intent to call Dr. Ryan Darby as an expert witness at the trial in this matter.

    4.   The parties conferred regarding this application. The government opposes this application, and requests until Thursday, July 25, 2024 to file a written response. While conferring, the government additionally noted that it did not see any issue with the timing of its disclosure of Dr. Darby "[g]iven the Court's recent admission of Dr. Chui's testimony (and your own belated disclosure)."

    5.   As indicated in exhibit A, the defense disclosed its intent to call Dr. Chui as an expert witness on March 11, 2024, which was the deadline for disclosing experts under the then-operative order setting trial deadlines, ECF No. 165, at 2.

    I swear that the foregoing is true and correct to the best of my knowledge.

Dated: July 22, 2024                    <u>*/s/J. Alejandro Barrientos*</u>

                                     J. Alejandro Barrientos