E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate and Securities Fraud Strikeforce
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/1786
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>         v.<br><br>THOMAS VINCENT GIRARDI,<br><br>         Defendant. | No. CR 23-47-JLS-1<br><br>OPPOSITION TO DEFENDANT THOMAS V. GIRARDI'S *EX PARTE* APPLICATION FOR ORDER EXCLUDING TESTIMONY OF DR. RYAN DARBY (DKT. 292); EXHIBIT<br><br>Hearing Date: July 26, 2024<br>Hearing Time: 8:30 a.m.<br>Location:    Courtroom of the<br>             Hon. Josephine L.<br>             Staton |
|---|---|

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby files its opposition to defendant Thomas V. Girardi's ex parte application for order excluding testimony of Dr. Ryan Darby (Dkt. 292).

//

This opposition is based upon the attached memorandum of points and authorities, the attached exhibit, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: July 25, 2024                    Respectfully submitted,

                                        E. MARTIN ESTRADA
                                        United States Attorney

                                        MACK E. JENKINS
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                             /s/
                                        SCOTT PAETTY
                                        ALI MOGHADDAS
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

As the defense admits, "the near-exclusive focus of this case for approximately a year was on [defendant Girardi's] mental-state evidence and expert testimony." (Dkt. 281-4 at 3.) Indeed, as of January 2024, the defense had spent nearly 2,000 hours on issues related to defendant Girardi's mental condition, including as discussed in expert reports like Dr. Darby's that was provided by the government over a year ago. (See Dkt. 154 at 5.) Notwithstanding the enormous amount of time and resources spent on such matters, and defendant's familiarity with Dr. Darby's previous and anticipated testimony, defendant nevertheless seeks its exclusion based, in part, on purported delay and prejudice. The Court should deny defendant's application.

In keeping with defendant's attempt to skew the evidence, he would have the jury hear only from his expert and not the government's rebuttal expert. However, since the Court has already ruled Dr. Chui's testimony is admissible, the government should be allowed to present appropriate, rebuttal testimony to address her opinions. Excluding such testimony, on the basis of alleged late notice, ignores that defendant has possessed the bulk of Dr. Darby's opinions for over a year, and that he has already thoroughly cross-examined him. Given defendant's decision to call Dr. Chui at trial as his expert, the government should be allowed to call Dr. Darby in rebuttal to create a complete record for the jury.

For the reasons below, the Court should deny defendant's application.

**II. ARGUMENT**

    **A.    The Government's Rebuttal Notice is Timely**

In March, defendant Girardi provided a cut-and-paste disclosure for Dr. Chui based entirely on what was previously disclosed in the competency proceedings. (Dkt. 188-1.) The government did not provide any expert disclosure at that time because it did not intend to introduce any expert testimony in its case-in-chief. After receipt of defendant's initial disclosure, the government repeatedly advised the defense that its disclosure was inadequate and asked for a supplement. (Exhibit 1 attached hereto.) Defendant stated he would provide a supplement, but given counsel's trial schedule, they would need nearly two months. (<u>Id.</u>) When the government argued that it would be prejudiced by such a late supplement, defendant provided the following response:

> During the call, you suggested at times that the government might somehow be handicapped by receiving a supplemental expert disclosure roughly two months before trial, as it may need to scramble to retain a rebuttal expert. As you know better than I do, <u>the near-exclusive focus of this case for approximately a year was on mental-state evidence and expert testimony. The government has already received a fulsome disclosure from Dr. Chiu and had a chance to cross-examine her.</u> The government is in possession of extensive medical evidence and has retained several of its own experts. . . . we provided you with a timely notice for an expert that you have previously cross-examined in a proceeding where you have had extensive access to medical evidence and your own experts. We'll continue trying to get you stuff on a timely and rolling basis, <u>but we think any claims of prejudice would be baseless on this record</u>.

(Dkt. 281-4 at 3-4 (emphasis added).) Given the importance of this issue, and the government's need to retain its own rebuttal expert should such testimony be allowed, the government filed a motion

related to Dr. Chui approximately two weeks later, and over a month before the parties' deadline for pretrial motions. (Dkt. 188.)

Upon receiving the Court's order allowing much of Dr. Chui's testimony (Dkt. 235), the government noticed Dr. Darby as a rebuttal expert "only fifteen days after the Court ruled on the admissibility of the defense expert." (Dkt. 283 at 2.) Far from "sandbagging," the government acted diligently and in good faith in attempting to exclude Dr. Chui's testimony and, in light of the Court's order allowing it, retain its own rebuttal expert and provide notice forthwith. Defendant's suggestion that the government should have noticed Dr. Darby by the March deadline, or soon thereafter, ignores the fact that a disclosure by Dr. Darby prior to receipt of Dr. Chui's supplement would have been premature. Indeed, at that point, Dr. Chui's opinions mirrored those provided at the competency hearing, which Dr. Darby already addressed in his rebuttal expert report there. And, in any event, as the Court already ruled in denying defendant's recent request to delay trial, "[r]eports of the parties' experts have been part of the record since before the time of the Court's January 2, 2024 Order finding Defendant Girardi competent to stand trial." (Dkt. 283 at 2.) Defendant has had access to Dr. Darby's report for over a year (see Dkt. 91 at 2) and has already cross-examined him on much of this material (see Dkt. 143). Accordingly, the government's disclosure of Dr. Darby's rebuttal testimony was timely and should be permitted.

**B. Dr. Darby's Rebuttal Testimony is Relevant and Probative**

Next, defendant seeks to alternatively exclude portions of Dr. Darby's proposed testimony as "improper rebuttal." (Dkt. 292 at 3.) He argues that because Dr. Chui does not intend to opine on

3

malingering, neither can Dr. Darby.  However, defendant ignores that Dr. Chui's opinion regarding defendant's current diagnosis, i.e., moderate dementia, directly implicates his ability to malinger and exaggerate his symptoms.  Indeed, it is Dr. Darby's opinion that defendant's "cognitive capacity to malinger or exaggerate symptoms [] indicates that Mr. Girardi is unlikely to be at a moderate dementia stage and is more likely to have MCI or mild dementia."  (Dkt. 91 at 27.)  Since the Court has admitted evidence of defendant's current mental condition to provide a baseline for the jury to evaluate defendant's past mental state, Dr. Darby's opinion as to defendant's baseline, and "how []he arrived at that" opinion (see Dkt. 235 at 16), should likewise be admissible.  Moreover, such evidence directly impeaches Dr. Chui's opinions and the basis for such opinions.  As the Court will recall, the government's prior cross-examination of Dr. Chui, and the Court's additional inquiry, addressed Dr. Chui's failure to conduct a forensic examination and to specifically consider this issue when reaching her conclusion about the presence and severity of defendant's dementia.  (See Dkt. 139 at 115:9-117:12, 142:6-143:14.)

In sum, defendant cannot pick and choose what aspects of defendant's mental state he wants to introduce.  Given that defendant's "mental status after December 2020 is relevant only to the extent that it reflects upon what his mental status was during the relevant time period," (id. at 16), it is appropriate that Dr. Darby too be entitled to present his views of defendant's current state, including any impact that defendant's ability to malinger has

4

on that determination.[1] (See, e.g., Dkt. 91 at 29 ("defendant's exaggeration of memory impairment . . . suggests continued awareness of the purpose of [current proceedings] and efforts to portray himself in a way that could be beneficial").)

**C.   Dr. Darby's Testimony is Not Unfairly Prejudicial**

Last, defendant argues that Dr. Darby's testimony on competency, malingering, and his "ability to distinguish right from wrong" are irrelevant and inadmissible under Rule 403.[2]  Not so.

For the reasons articulated above, Dr. Darby's testimony regarding defendant's malingering is relevant and not unfairly prejudicial, especially given that defendant is putting such topics at issue.  When the defense chooses to present this evidence, the government must surely be allowed to present its competing theory.  Nor is Dr. Darby's testimony regarding defendant's ability to distinguish right from wrong improper.  As the government has previously argued, defendant is attempting to present something akin to an imperfect diminished capacity defense.  Indeed, the defense has stated that it seeks to use Dr. Chui's testimony:

> So we will be able to argue that there is no intent to deceive here, intent to cheat, or even knowing false statements, right? Because a statement can be false, but if

---

[1] Defendant's arguments on Dr. Darby's qualifications and reliability are baseless.  The Court already found him qualified and reliable in reaching its opinion on defendant's competency. (Dkt. 150 at 7 n.5, 30-35, 47-48.)  There is no basis to reconsider that ruling.  See also United States v. Brockman, 604 F. Supp. 3d 612, 615-616, 632 (S.D. Tex. 2022) (finding Dr. Darby's testimony "clear, credible, and reliable").  Rather, defendant's objections to his testimony are more appropriate for cross-examination.

[2] While the government's rebuttal disclosure adopts Dr. Darby's initial report (similar to the defense adopting the entirety of Dr. Chui's disclosure from the competency proceeding), the government will not elicit testimony related to the legal standards for competency, or Dr. Darby's opinion that defendant is competent to proceed to trial.

5

>      Mr. Girardi thinks it's true, or is just confused, that is
>      not enough to get you the wire fraud conviction. So we will
>      be able to make all of those arguments.

(Dkt. 228 at 51.)  Given the defense theory, i.e., that defendant was too demented to appreciate the nature of his lies, the government should be allowed to present evidence to rebut this.  One method by which the government seeks to rebut this theory is through Dr. Darby, and specifically his opinion that defendant's mental condition, whatever it may now be, did not preclude him from appreciating right from wrong at the time of the charged crimes.  This proffered opinion is squarely admissible, rebuttal testimony.  See United States v. Jackson, 757 F. App'x 547, 551 (9th Cir. 2018) ("The clear implication of [Jackson's expert's] testimony, although she did not offer her own direct opinions as to Jackson's mental capacity, was that Jackson's undisputed [mental conditions] could have caused him to have a diminished capacity.  Accordingly, [the government's rebuttal expert] was properly permitted to offer testimony to show that Jackson did not actually have such diminished capacity…").

   Like Dr. Chui, Dr. Darby will not opine that defendant had the requisite mental state for criminal culpability, but his testimony will establish that defendant did not suffer from any mental impediments such that he could not form the requisite intent.  This testimony is relevant to "contextualize" defendant's mental health condition and the "likelihood that those with [that] condition would have a particular mental state."  (See Dkt. 235 at 15 citing Diaz v. United States, No. 23-14, 2024 WL 3056012 at *7 (U.S. June 20, 2024) (concurring opinion).)  Moreover, his testimony directly responds to the defense theory and would address any confusion and unanswered questions that may arise after Dr. Chui's testimony.  The purpose of

6

rebuttal testimony is to explain, repel, counteract, or disprove the evidence of the adverse party and if the defendant opens the door to the line of testimony, he cannot successfully object to the prosecution accepting the challenge and attempting to rebut the proposition asserted.  See United States v. Jackson, 327 F.3d 273, 293 (4th Cir. 2003) ("any fact tended to be proved by the original evidence -- whether directly, by inference, or by logic -- can be rebutted.  Our focus on what evidence may be offered in rebuttal must be directed at what is reasonably tailored to rebut the original evidence, including any inference that may fairly be drawn from it").  Accordingly, the Court should reject defendant's attempt to narrow the scope of Dr. Darby's rebuttal testimony, especially given what he intends to affirmatively introduce.

**III. CONCLUSION**

For the foregoing reasons, the Court should deny defendant Girardi's application to exclude Dr. Ryan Darby.