CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
SAMUEL CROSS (Bar No. 304718)
Email: Sam_Cross@fd.org
J. ALEJANDRO BARRIENTOS (Bar. No. 346676)
Email: Alejandro_Barrientos@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00047-JLS-1 |
| Plaintiff, | **EX PARTE APPLICATION TO FILE SUBPOENA APPLICATION IN CAMERA** |
| v. | |
| THOMAS VINCENT GIRARDI, | |
| Defendant. | |

Thomas Girardi, through counsel, applies <u>ex parte</u> for an order that the following documents be filed <u>in camera</u>:

- the <u>Ex Parte</u> Application for an Order Issuing Subpoena;
- the [Proposed] Order issuing the subpoena; and
- the subpoena attached to the [Proposed] Order;

Girardi bases this application on the attached memorandum of points and authorities, the files and records in this case, and any further information as may be provided to the Court regarding the application.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  July 25, 2024        By  */s/ Charles J. Snyder*

CHARLES J. SNYDER
Attorney for Thomas Girardi

## MEMORANDUM OF POINTS AND AUTHORITIES

Consistent with Rule 17 and Girardi's Sixth Amendment right to compulsory process, Girardi is lodging for <u>in camera</u> and under seal filing an <u>ex parte</u> application for issuance of a witness subpoena, as well as a proposed order issuing the subpoena.

A court has supervisory powers over its records and files to seal documents under appropriate circumstances.  <u>See</u> <u>United States v. Mann</u>, 829 F.2d 849, 853 (9th Cir. 1987).  Rule 17(b) of the Federal Rules of Criminal Procedure provides that indigent defendants may apply <u>ex parte</u> to the court for subpoenas necessary to an adequate defense.  The right to apply <u>ex parte</u> was added in a 1966 amendment, for the purpose of assuring that indigent defendants would not have to disclose their defenses in exercising their right to compulsory process.  <u>See</u> <u>id.</u>, advisory committee note (1966 amendment).  Local Rule 17-2 specifically references Rule 17(b) and allows a defendant to apply <u>in camera</u> for an out-of-district witness subpoena.  C.D. Cal. L.R. 17-2.[1]

The Ninth Circuit has made clear that there is no presumptive right of public access to Rule 17 subpoena requests.  <u>See</u> <u>United States v. Sleugh</u>, 896 F.3d 1007 (9th Cir. 2018).  Nor does Rule 17 contemplate the accused being forced to reveal his defense strategy to the government in order to avail himself of his Sixth Amendment right to compulsory process.  <u>See</u> <u>id.</u> at 1012 ("If the grounds articulated in support of the subpoena request were made part of the public record, such a showing could reveal counsel's trial strategies or defense theories to the opposing party."); <u>United States v.</u>

---

[1] While the terminology may be different, it is clear that the "<u>ex parte</u>" application referred to in Rule 17(b) is what we refer to in this District as <u>in camera</u>, meaning not shared with the government.  <u>See</u> Fed. R. Crim. P. 17, adv. comm. note 1946 ("Criticism has been directed at the requirement that an indigent defendant disclose in advance the theory of his defense in order to obtain the issuance of a subpoena at government expense while the government and defendants able to pay may have subpoenas issued in blank without any disclosure . . . . The amendment makes several changes. The references to a judge are deleted since applications should be made to the court. An ex parte application followed by a satisfactory showing is substituted for the requirement of a request or motion supported by affidavit. The court is required to order the issuance of a subpoena upon finding that the defendant is unable to pay the witness fees and that the presence of the witness is necessary to an adequate defense.")

1   <u>Tomison</u>, 969 F.Supp. 587, 592 (E.D. Cal. 1997) ("An interpretation which would

2   require the defendant to divulge his or her theory of the case as a prerequisite for pre-

3   trial production would discourage the defendant from using the Rule in the first

4   place."); <u>United States v. Beckford</u>, 964 F.Supp. 1010, 1027 (E.D. Va. 1997) ("Forcing

5   any defendant to confront the choice between issuing a pre-trial subpoena duces tecum

6   and disclosing his defense to the Government places an unconstitutional limitation on

7   the defendant's right to compulsory process."); <u>Wardius v. Oregon</u>, 412 U.S. 470, 476

8   (1973) ("It is fundamentally unfair to require a defendant to divulge the details of his

9   own case while at the same time subjecting him to the hazard of surprise concerning

10  refutation of the very pieces of evidence which he disclosed to the [prosecution].").

11         Moreover, the <u>ex parte</u> application, proposed order, and the subpoena itself

12  contain information and litigation strategy based on attorney-client communications

13  and protected by the attorney-client privilege and the attorney work-product doctrine.

14  The defendant has a Fifth Amendment right not to disclose this information to the

15  government.  See <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 389 (1981) (stating that

16  the attorney-client privilege prevents the government from compelling the production

17  of confidential communications).

18         The Ninth Circuit has approved of filing items <u>in camera</u> where a party has "no

19  obligation to disclose them." <u>United States v. Gurolla</u>, 333 F.3d 944, 951 (9th Cir.

20  2003) (quoting <u>United States v. Klimavicius-Viloria</u>, 144 F.3d 1249, 1261 (9th Cir.

21  1998)); <u>see also United States v. Peltier</u>, 693 F.2d 96, 97-98 (9th Cir. 1982) (per

22  curiam) (reviewing offer of proof made <u>in camera</u> by defendant's counsel below).  This

23  is so because the need for <u>in camera</u> review of a criminal defendant's memorandum of

24  privileged information is critical to protecting a defendant's Sixth Amendment right to

25  due process. <u>Tomison</u>, 969 F.Supp. at 592-93.  The fact that a defendant has "a right to

26  protect his trial strategy contraindicates a noticed motion practice requiring disclosure

27  to the government of the defendant's theory of the case as a precondition to obtaining"

28  access to the courts. <u>Id.</u> at 593.  Requiring a defendant to divulge his theory of defense

2

in order to avail himself of constitutional protections would only serve to undermine a defendant's right to a fair trial.  Id.

Similarly, the law endorses a defendant's right to protect his theory of defense in his communications with the Court.  In United States v. Hicks, 103 F.3d 837, 842 (9th Cir. 1996), for example, the district court was held to have erroneously, though harmlessly, required parties to exchange witness lists and tentative summaries of testimony in advance of trial.  Other cases are in accord where the secrecy of the defense strategy is threatened by a public filing.  See also United States v. Eshkol, 108 F.3d 1025, 1028 (9th Cir. 1997) (approving of in camera memoranda to prevent disclosure of defense theory); United States v. McKeon, 738 F.2d 26, 33 (2d Cir. 1984) (court should allow defendant's in camera offer of proof "where the attorney-client privilege, the privilege against self-incrimination, the fear of impeachment by a prior conviction, apprehension over having to change attorneys, the revelation of work product, trial tactics, or legal theories of defense counsel may be involved"); United States v. Poindexter, 727 F.Supp. 1470, 1479 n.16 (D.D.C. 1988) ("The Court considers the ex parte nature of the showing to be appropriate at this time because it does not wish to require the defendant to reveal to the prosecution the theories of his defense as a prerequisite to attempting to secure the discovery to which he may be entitled."); United States v. Beckford, 964 F.Supp. 1010, 1031 (E.D. Va. 1997) ("ex parte process is proper because the defendants' various Nixon disclosures implicate the rights of defendants not to disclose their trial strategy and to maintain the privacy of their confidential records."); United States v. McVeigh, 954 F.Supp. 1441, 1444-45 (D. Colo. 1997) (approving the ex parte filing of supporting documents for a defense discovery request, where the documents disclosed portions of the defense strategy).

In short, the practice of in camera filings where privileged information is at stake is rooted in fundamental principles of due process, and has long been upheld.  It is for these reasons that Rule 17 was amended to authorize in camera applications in 1946, and that Rule, which is incorporated into Local Rule 17-2, has remained the same ever since.

This application for an order issuing subpoena, the subpoena itself, and the accompanying proposed order is thus appropriately filed <u>in camera</u>.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  July 25, 2024            By  */s/ Charles J. Snyder*

CHARLES J. SNYDER
Attorney for Thomas Girardi

## <u>DECLARATION OF CHARLES J. SNYDER</u>

I, Charles J. Snyder, declare as follows:

1.      I am a California-licensed DFPD appointed to represent Tom Girardi in this matter.  Unless otherwise stated, I make this declaration based on personal knowledge and, if called as a witness, would attest to its contents under oath.

2.      I seek the Court's permission to file <u>in camera</u> the concurrently-lodged <u>ex parte</u> application for issuance of an <u>in camera</u> trial subpoena and proposed order because the contents of these documents contain information relevant to and reflective of my confidential investigation, attorney work product, and theories of defense on behalf of Girardi.  Filing these documents <u>in camera</u> and under seal will assure that Girardi doesn't disclose his theory of defense or privileged communications in exercising his right to compulsory process, and is provided for in both Rule 17(b) and Local Rule 17-2.

3.      For the forgoing reasons, I respectfully request that the Court permit the filing of the <u>ex parte</u> application and proposed orders, lodged herewith, <u>in camera</u> and under seal.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.  Executed July 25, 2024 at Los Angeles, California.

_/s/ Charles J. Snyder_
Charles J. Snyder