E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate and Securities Fraud Strikeforce
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6527/1786
    Facsimile: (213) 894-6269
    E-mail:   scott.paetty@usdoj.gov/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>           v.<br><br>THOMAS VINCENT GIRARDI,<br><br>        Defendant. | No. CR 23-47-JLS-1<br><br>JOINT AND DISPUTED PROPOSED JURY INSTRUCTIONS<br><br>Trial Date: August 6, 2024<br>Trial Time: 8:30 a.m.<br>Location:   Courtroom of the Hon.<br>                Josephine L. Staton |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, and defendant Thomas Vincent Girardi, by and through his counsel of record Charles Snyder, Alejandro Barrientos, and Sam Cross, hereby submit their Joint and Disputed Proposed Jury Instructions in the above-captioned case.  The parties respectfully reserve the right to supplement these jury instructions as needed.

//

1      Unless otherwise noted, the parties have used the most recent

2  version (as of June 29, 2024) of the Jury Instructions found on the

3  Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-

4  instructions/model-criminal.

5  Dated: July 29, 2024         Respectfully submitted,

6                              E. MARTIN ESTRADA
                               United States Attorney
7
                               MACK E. JENKINS
8                              Assistant United States Attorney
                               Chief, Criminal Division
9

10                             _____/s/_____
                               SCOTT PAETTY
11                             ALI MOGHADDAS
                               Assistant United States Attorneys
12
                               Attorneys for Plaintiff
13                             UNITED STATES OF AMERICA

14

15
   Dated: July 29, 2024         _____/s/ with permission_____
16                             CHARLES SNYDER
                               ALEJANDRO BARRIENTOS
17                             SAM CROSS
                               Attorneys for Defendant
18                             THOMAS VINCENT GIRARDI

19

20

21

22

23

24

25

26

27

28

**INDEX OF AGREED-UPON JOINT PROPOSED JURY INSTRUCTIONS**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 1 | | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 (2022 ed.) | 1 |
| 2 | | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 (2022 ed.) | 3 |
| 3 | | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) | 5 |
| 4 | | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) | 7 |
| 5 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.) | 9 |
| 6 | | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) | 11 |
| 7 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.) | 13 |
| 8 | | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.) | 15 |
| 9 | | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.) | 19 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 10 | | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) | 21 |
| 11 | | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) | 23 |
| 12 | | Bench Conferences And Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) | 25 |
| 13 | | Cautionary Instruction | Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.) | 27 |
| 14 | | Stipulations of Fact **(if necessary)** | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.) | 30 |
| 15 | | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2022 ed.) | 32 |
| 16 | | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) | 34 |
| 17 | | Impeachment Evidence – Witness **(if applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2022 ed.) | 36 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 18 | | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea | Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2022 ed.) | 38 |
| 19 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) | 40 |
| 20 | | Charts and Summaries Not Admitted Into Evidence **(if applicable)** | Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.) | 42 |
| 21 | | Charts and Summaries Admitted Into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.17 (2022 ed.) | 44 |
| 22 | | Knowingly | Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2022 ed.) | 46 |
| 23 | | Duties of the Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) | 48 |
| 24 | | Charge Against Defendant Not Evidence –– Presumption of Innocence –– Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) | 50 |
| 25 | | Defendant's Decision Not to Testify/to Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) | 52 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 26 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) | 54 |
| 27 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) | 56 |
| 28 | | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) | 58 |
| 29 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) | 60 |
| 30 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) | 63 |
| 31 | | Separate Consideration of Multiple Counts -- Single Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.) | 65 |
| 32 | | On or About -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) | 67 |
| 33 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) | 69 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 34 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) | 72 |
| 35 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) | 75 |
| 36 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) | 77 |
| 37 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) | 79 |
| 38 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) | 81 |

**INDEX OF GOVERNMENT'S DISPUTED PROPOSED JURY INSTRUCTIONS**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 1 | | Mental State Evidence | Court's Order (Dkt. 235) | 84 |
| 2 | | Reasonable Doubt -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) | 88 |
| 3 | | Duties of a Lawyer Under California Law | California Rules of Professional Conduct; Case law | 94 |

v

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 4 | | Wire Fraud (18 U.S.C. § 1343) | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.); Case Law | 104 |
| 5 | | Belief that Victims Will Be Repaid Not a Defense | Comment to Ninth Circuit Model Criminal Jury Instructions, No. 4.13 (2022 ed.); Case Law | 111 |

### INDEX OF DEFENDANT'S DISPUTED PROPOSED JURY INSTRUCTIONS

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 1 | | Wire Fraud | Case Law | 118 |
| 2 | | Mere Ownership | n/a | 122 |
| 3 | | Singe-vs.-Multiple Schemes | Case Law | 125 |
| 4 | | Separate Consideration of Defendants | Ninth Circuit Model Criminal Jury Instructions, No. 1.13 (2022 ed.) | 128 |

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 1

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.)

[Duty of Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 2

This is a criminal case brought by the United States government.  The government charges the defendant with wire fraud, in violation of 18 U.S.C. § 1343.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

Ninth Circuit Model Jury Instructions, No. 1.2 (2022 ed.) [The
Charge -- Presumption of Innocence] (modified to reflect indictment)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.)

[What Is Evidence]

1                    COURT'S INSTRUCTION NO. _____

2                 JOINT PROPOSED INSTRUCTION NO. 4

3        The following things are *not* evidence, and you must not

4    consider them as evidence in deciding the facts of this case:

5        (1)  statements and arguments of the attorneys;

6        (2)  questions and objections of the attorneys;

7        (3)  testimony that I instruct you to disregard; and

8        (4)  anything you may see or hear when the court is not in

9    session even if what you see or hear is done or said by one of the

10   parties or by one of the witnesses.

1    Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.)

2    [What Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

1   Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.)

2   [Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.)

[Ruling on Objections]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.)

[Credibility of Witnesses]

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 8

3      I will now say a few words about your conduct as jurors.

4      First, keep an open mind throughout the trial, and do not

5  decide what the verdict should be until you and your fellow jurors

6  have completed your deliberations at the end of the case.

7      Second, because you must decide this case based only on the

8  evidence received in the case and on my instructions as to the law

9  that applies, you must not be exposed to any other information about

10 the case or to the issues it involves during the course of your jury

11 duty.  Thus, until the end of the case or unless I tell you

12 otherwise:

13     Do not communicate with anyone in any way and do not let anyone

14 else communicate with you in any way about the merits of the case or

15 anything to do with it.  This restriction includes discussing the

16 case in person, in writing, by phone, tablet, or computer, or any

17 other means, via email, via text messaging, or any Internet chat

18 room, blog, website or application, including but not limited to

19 Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok,

20 or any other forms of social media.  This restriction also applies

21 to communicating with your fellow jurors until I give you the case

22 for deliberation, and it applies to communicating with everyone else

23 including your family members, your employer, the media or press,

24 and the people involved in the trial, although you may notify your

25 family and your employer that you have been seated as a juror in the

26 case, and how long you expect the trial to last.  But, if you are

27 asked or approached in any way about your jury service or anything

28 about this case, you must respond that you have been ordered not to

discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken

16

an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.)

[Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.)

[No Transcript Available to Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.)

[Taking Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.)

[Outline of Trial]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.)

[Bench Conferences and Recesses]

1        COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 13

3   <u>At the End of Each Day of the Case</u>:

4        As I indicated before this trial started, you as jurors will

5   decide this case based solely on the evidence presented in this

6   courtroom.  This means that, after you leave here for the night, you

7   must not conduct any independent research about this case, the

8   matters in the case, the legal issues in the case, or the

9   individuals or other entities involved in the case.  This is

10  important for the same reasons that jurors have long been instructed

11  to limit their exposure to traditional forms of media information

12  such as television and newspapers.  You also must not communicate

13  with anyone, in any way, about this case.  And you must ignore any

14  information about the case that you might see while browsing the

15  internet or your social media feeds.

16

17  <u>At the Beginning of Each Day of the Case</u>:

18       As I reminded you yesterday and continue to emphasize to you

19  today, it is important that you decide this case based solely on the

20  evidence and the law presented here.  So you must not learn any

21  additional information about the case from sources outside the

22  courtroom.  To ensure fairness to all parties in this trial, I will

23  now ask each of you whether you have learned about or shared any

24  information about this case outside of this courtroom, even if it

25  was accidental.

26

27       [ALTERNATIVE 1 (in open court): if you think that you might

28  have done so, please let me know now by raising your hand. [Wait for

27

a show of hands].  I see no raised hands; however, if you would
prefer to talk to the court privately in response to this question,
please notify a member of the court's staff at the next break.
Thank you for your careful adherence to my instructions.]

[ALTERNATIVE 2 (during voir dire with each juror,
individually): Have you learned about or shared any information
about this case outside of this courtroom? . . . Thank you for your
careful adherence to my instructions.]

Ninth Circuit Model Criminal Jury Instructions, No. 2.1 (2022 ed.)

[Cautionary Instruction]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Model Criminal Jury Instructions, No. 2.3 (2022 ed.)

[Stipulations of Fact]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

You are about to [hear][watch] a recording that has been received in evidence.  Please listen to it very carefully.  Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you hear is controlling.  After the recording has been played, the transcript will be taken from you.

Ninth Circuit Model Criminal Jury Instructions, No. 2.6 (2022 ed.)

[Transcript of Recording in English]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

You have heard testimony that a defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.)

[Statements by Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

[if applicable]

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

Ninth Circuit Model Criminal Jury Instructions, No. 3.8 (2022 ed.)

[Impeachment Evidence]

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 18

3      [if applicable]

4      You have heard testimony from [name of witness], a witness who-

5      [received immunity.  That testimony was given in exchange for a

6      promise by the government that [the witness will not be

7      prosecuted] [the testimony will not be used in any case against

8      the witness]];

9      [received [benefits] [compensation] [favored treatment] from

10     the government in connection with this case];

11     [[admitted being] [was alleged to be] an accomplice to the

12     crime charged.  An accomplice is one who voluntarily and

13     intentionally joins with another person in committing a crime];

14     [pleaded guilty to a crime arising out of the same events for

15     which the defendant is on trial.  This guilty plea is not evidence

16     against the defendant, and you may consider it only in determining

17     this witness's believability].

18

19     For [this] [these] reason[s], in evaluating the testimony of

20     [name of witness], you should consider the extent to which or

21     whether [his] [her] testimony may have been influenced by [this]

22     [any of these] factor[s].  In addition, you should examine the

23     testimony of [name of witness] with greater caution than that of

24     other witnesses.

25

26

27

28

1 Ninth Circuit Model Criminal Jury Instructions, No. 3.9 (2022 ed.)

2 [Testimony of Witnesses Involving Special Circumstances – Immunity,

3 Benefits, Accomplice, Plea]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

You are about to hear testimony from [name] who will testify about [his][her] opinions and the reasons for those opinions.  This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.)

[Opinion Evidence – Expert Witness]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 3.16 (2022 ed.)

[Charts and Summaries Not Admitted Into Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 3.17(2022 ed.)

[Charts and Summaries Admitted Into Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

An act or failure to act is done knowingly if the defendant is aware of the act or failure to act and does not act or fail to act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted or failed to act knowingly.

Ninth Circuit Model Jury Instructions, No. 4.8 (2022 ed.)

[Knowingly]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases[.] [, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.]

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

48

Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.)

[Duties of the Jury to Find Facts and Follow Law]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

The indictment is not evidence.  The defendant has pleaded not guilty to each of the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.)

[Charge Against Defendant Not Evidence -- Presumption of

Innocence  -- Burden of Proof]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

[If defendant does not testify]

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.


[If defendant testifies]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4

(2022 ed.) [Defendant's Decision Not To Testify/To Testify]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

1    Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.)

2    [What Is Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 27

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.)

[What Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.)

[Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

//

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias[, conscious or unconscious,] based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.)

[Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.)

[Activities Not Charged]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Criminal Jury Instructions, No. 6.11 (2022 ed.)

[Separate Consideration of Multiple Counts -- Single Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

The indictment charges that the offense alleged in Counts One through Five were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.)

[On or About -- Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 33

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

69

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1   Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.)

2   [Duty to Deliberate]

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 34

3       Because you must base your verdict only on the evidence

4   received in the case and on these instructions, I remind you that

5   you must not be exposed to any other information about the case or

6   to the issues it involves.  Except for discussing the case with your

7   fellow jurors during your deliberations:

8       Do not communicate with anyone in any way and do not let anyone

9   else communicate with you in any way about the merits of the case or

10  anything to do with it.  This restriction includes discussing the

11  case in person, in writing, by phone, tablet, computer, or any other

12  means, via email, text messaging, or any Internet chat room, blog,

13  website or any other forms of social media.  This restriction

14  applies to communicating with your family members, your employer,

15  the media or press, and the people involved in the trial.  If you

16  are asked or approached in any way about your jury service or

17  anything about this case, you must respond that you have been

18  ordered not to discuss the matter and to report the contact to the

19  court.

20      Do not read, watch, or listen to any news or media accounts or

21  commentary about the case or anything to do with it; do not do any

22  research, such as consulting dictionaries, searching the Internet or

23  using other reference materials; and do not make any investigation

24  or in any other way try to learn about the case on your own.

25      The law requires these restrictions to ensure the parties have

26  a fair trial based on the same evidence that each party has had an

27  opportunity to address.  A juror who violates these restrictions

28  jeopardizes the fairness of these proceedings[, and a mistrial could

72

result that would require the entire trial process to start over].
If any juror is exposed to any outside information, please notify
the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.)

[Consideration of Evidence -- Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.)

[Use of Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 36

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.)

[Jury Consideration of Punishment]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 37

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.)

[Verdict Form]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 38

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.)

[Communication with Court]

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# GOVERNMENT'S DISPUTED PROPOSED INSTRUCTIONS

1          COURT'S INSTRUCTION NO. _____

2       GOVERNMENT'S DISPUTED PROPOSED INSTRUCTION NO. 1

3       One of the elements of the charged offenses is that the

4   defendant acted with the intent to defraud.  Therefore, you must

5   assess defendant's intent at the time of the charged offenses, which

6   was between 2010 and 2020.  During the course of this trial, you

7   have heard testimony about the defendant's present mental condition.

8   This testimony was only admitted for its relevance, if any, in

9   assessing defendant's mental state at the time of the charged

10  offenses, i.e., 2010-2020.  You must consider it only for that

11  limited purpose and not for any other purpose.

1

2

**Defendant's Alternative and Objection to**

**Government's Proposed Instruction**

3  *Evidence has been admitted concerning the defendant's mental*

4  *condition.  You may consider that evidence in deciding whether the*

5  *government has proved beyond a reasonable doubt that the defendant*

6  *acted knowingly and with the intent to defraud at the time of the*

7  *charged crimes.  Therefore, to the extent you heard evidence about*

8  *the defendant's mental condition after the charged crimes, you may*

9  *consider that evidence only for the limited purpose assessing his*

10  *mental state at the time of the charged crimes.*

11  \*\*\*

12  The Court has already ruled that the testimony of defense expert

13  Dr. Helena Chang Chiu is admissible and relevant to whether Girardi

14  had the requisite mental states for the charged crimes.  See Docket

15  No. 235 at 7-16 (relying on United States v. Rahm, 993 F.2d 1405 (9th

16  Cir. 1993), United States v. Finley, 301 F.3d 1000 (9th Cir. 2002),

17  and United States v. Cohen, 510 F.3d 1114 (9th Cir. 2007)); Docket

18  No. 289 at 4.  Girardi's proposed instruction is necessary to inform

19  the jury that it can consider that evidence for that purpose.  See

20  Bradley v. Duncan, 315 F.3d 1091, 1099 (9th Cir. 2002) ("[T]he right

21  to present a defense would be empty if it did not entail the further

22  right to an instruction that allowed the jury to consider the

23  defense.") (cleaned up).

24  The government's proposed instruction is defective.  First, it

25  wrongly states that the mental-condition evidence is relevant only to

26  whether Girardi had the intent to defraud; it is also relevant to

27  whether he acted knowingly.  Second, the government's instruction

28  wrongly suggests that the jury will only hear "testimony about the

85

defendant's present mental condition."  As the Court has ruled, however, "defense expert Dr. Chui [can] analyze 'post hoc evidence' of Defendant Girardi's mental state 'as an indicator of what [his] mental state was during the relevant time period.'"  Docket No. 289 at 4 (quoting Docket No. 235 at 15-16).  It also indicated that "the Court will give the jury a limiting instruction that evidence regarding post-December 2020 time periods must be considered only to the extent such evidence reflects on Defendant Girardi's condition during the relevant time period."  Docket No. 289 at 4.  Girardi's proposed instruction, unlike the government's, clearly makes that distinction.

1

**<u>Government's Response to Defendant's Objection</u>**

2      In putting guardrails on Dr. Chui's testimony to ensure that it

3 is relevant to the issues in this case, the Court specifically held

4 that defendant's "mental status is relevant only during the time

5 period of the scheme charged in the Indictment, 2010 to December

6 2020[.]"  (Dkt. 235 at 16.)   The government's proposed limiting

7 instruction frames the issue clearly for the jury so that there is

8 no confusion and no risk that the jury will conflate defendant's

9 present mental state with his mental state during the charged

10 offense.  While defendant appears to concede evidence of his current

11 condition is only relevant "for the limited purpose [of] assessing

12 his mental state at the time of the charged crimes," his proposal

13 does not sufficiently explain the limited relevance of evidence

14 regarding defendant's present mental state.  The government

15 respectfully requests the Court provide the government's proposed

16 instruction and has no objection to adding that defendant acted

17 "knowingly," which is proposed in defendant's alternative

18 instruction.

19

20

21

22

23

24

25

26

27

28

1                    COURT'S INSTRUCTION NO. \_\_\_\_\_

2             GOVERNMENT'S DISPUTED PROPOSED INSTRUCTION NO. 2

3      Proof beyond a reasonable doubt is proof that leaves you firmly

4 convinced the defendant is guilty.  It is not required that the

5 government prove guilt beyond all possible doubt.

6      A reasonable doubt is a doubt based upon reason and common

7 sense and is not based purely on speculation. It may arise from a

8 careful and impartial consideration of all the evidence, or from

9 lack of evidence.

10      If after a careful and impartial consideration of all the

11 evidence, you are not convinced beyond a reasonable doubt that the

12 defendant is guilty, it is your duty to find the defendant not

13 guilty.  On the other hand, if after a careful and impartial

14 consideration of all the evidence, you are convinced beyond a

15 reasonable doubt that the defendant is guilty, it is your duty to

16 find the defendant guilty.

25 Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.)

26 [Reasonable Doubt -- Defined]

1
2

**Defendant's Alternative and Objection to**

**Government's Proposed Instruction**

3   *Proof beyond a reasonable doubt is proof that leaves you firmly*
4   *convinced the defendant is guilty.  It is not required that the*
5   *government prove guilt beyond all possible doubt.  Still, for you to*
6   *find the defendant guilty under this high burden of proof, you must*
7   *reach a subjective state of near certitude of his guilt.*

8   *A reasonable doubt is a doubt based upon reason and common sense*
9   *and is not based purely on speculation.  It may arise from a careful*
10  *and impartial consideration of all the evidence, or from lack of*
11  *evidence presented by the government.  On the other hand, you also*
12  *may not base a guilty verdict in any part on mere speculation.*

13  *If after a careful and impartial consideration of all the*
14  *evidence, you are not convinced beyond a reasonable doubt that the*
15  *defendant is guilty, it is your duty to find the defendant not guilty.*
16  *On the other hand, if after a careful and impartial consideration of*
17  *all the evidence, you are convinced beyond a reasonable doubt that*
18  *the defendant is guilty, it is your duty to find the defendant guilty.*

19                              * * *

20  The government proposes <u>Manual of Model Criminal Jury</u>
21  <u>Instructions for the District Courts of the Ninth Circuit</u>, No. 6.5
22  (2022 ed., through March 2024 Update).  Girardi's alternative adds
23  two sentences to that model instruction.

24  First, Girardi adds the last sentence of the first paragraph,
25  which is nearly identical to this language from the Ninth Circuit's
26  decision in <u>United States v. Velazquez</u>: "[F]or a jury to convict a
27  defendant under this high burden of proof, the jury must 'reach a
28  subjective state of near certitude of the guilt of the accused.'" 1

89

1  F.4th 1132, 1137 (9th Cir. 2021) (quoting <u>Jackson v. Virginia</u>, 443

2  U.S. 307, 315 (1979)); <u>see also</u> <u>In re Winship</u>, 397 U.S. 358, 364

3  (1970) ("[T]he reasonable-doubt standard is indispensable, for it

4  impresses on the trier of fact the necessity of reaching a

5  subjective state of certitude of the facts in issue.") (cleaned up).

6  In that case, the trial court gave the model instruction, except for

7  the second sentence of the last paragraph.  <u>Velazquez</u>, 1 F.4th at

8  1136.  The government, however, told the jury, "Reasonable doubt is

9  something that you make decisions about every single day."  <u>Id.</u>  The

10  Ninth Circuit reversed because this argument improperly

11  "mischaracterized" the model instruction to reduce the burden of

12  proof.  <u>Id.</u> at 1137-41.  It wrote: "The prosecutor compared the

13  reasonable doubt standard to making decisions like going for a drive

14  or eating a meal—with the confidence that things will not go awry.

15  Such decisions involve a kind of casual judgment that is so ordinary

16  and so mundane that it hardly matches our demand for 'near

17  certitude' of guilt before attaching criminal culpability."  <u>Id.</u> at

18  1137-38 (again quoting <u>Jackson</u>, 443 U.S. at 315).  Thus, the Ninth

19  Circuit twice invoked the Supreme Court's "near certitude" language.

20  <u>See also</u> <u>Winship</u>, 397 U.S. at 364 ("It is also important in our free

21  society that every individual going about his ordinary affairs have

22  confidence that his government cannot adjudge him guilty of a

23  criminal offense without convincing a proper factfinder of his guilt

24  with <u>utmost certainty</u>.") (emphasis added).

25      The government therefore cannot dispute that the proposed

26  addition to the model instruction accurately states the law.  Nor

27  can it reasonably dispute that the modification is necessary.

28  Unless the government believes its colleagues in the Velazquez case

deliberately misstated the reasonable-doubt standard, it must concede the need for clarification.  After all, if even experienced federal prosecutors can misinterpret that instruction, lay jurors are likely to do the same without further guidance.

Second, Girardi adds the last sentence of the second paragraph, which is based on this Ninth Circuit holding: "[E]vidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case[.]" United States v. Nevils, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc) (emphasis added).  The Ninth Circuit has held that the first sentence of that paragraph—"A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation"—is accurate.  United States v. Mikhel, 889 F.3d 1003, 1033 (9th Cir. 2018).  The problem is that expressly prohibiting speculation only as a basis for reasonable doubt, without more, improperly suggests that the jury can otherwise engage in speculation.  The modification is therefore necessary to clarify that a verdict (guilty or not guilty) cannot be based in any way on speculation.  See Jackson, 443 U.S. at 317 (reasonable-doubt standard must "require that the factfinder will rationally apply that standard to the facts in evidence. A 'reasonable doubt,' at a minimum, is one based upon 'reason.'"); id. at 319 (jury has responsibility "fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.") (emphasis added).

The importance of clearly and accurately defining reasonable doubt cannot be overstated.  The Due Process Clause requires the government to prove beyond reasonable doubt "every fact necessary to

91

constitute the crime" charged.  Winship, 397 U.S. at 364.  This constitutional burden of proof "plays a vital role in the American scheme of criminal procedure" because it's "a prime instrument for reducing the risk of convictions resting on factual error" and it "provides concrete substance for the presumption of innocence[.]"  Id. at 363.  Given the above-noted deficiencies in the model instruction, the proposed additions are necessary to render the reasonable-doubt definition constitutional.  See Sullivan v. Louisiana, 508 U.S. 275, 278-82 (1993) (incorrect reasonable-doubt instruction is structural error requiring reversal of a conviction).  At a minimum, the modifications are required so the instructions, "as a whole, fairly and accurately convey the meaning of reasonable doubt."  United States v. Nolasco, 926 F.2d 869, 871 (9th Cir. 1991) (en banc) (cleaned up).

In addition to the foregoing changes, Girardi's proposed alternative adds the words "by the government" to the second sentence of the second paragraph.  This language makes clear that any lack of evidence should be counted against the government, which carries the burden of proof in a criminal trial.

1

**<u>Government's Response to Defendant's Objection</u>**

2

    Defendant's proposed deviation from the model instruction on

3

reasonable doubt is a cut-and-paste from defendant Beal's proposal

4

in <u>United States v. Beal</u>, CR 19-47-JLS, Dkt. 393 at 46-49.  The

5

Court appropriately rejected this in <u>Beal</u> (Dkt. 569 at 14), and

6

should likewise do so here.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S DISPUTED PROPOSED INSTRUCTION NO. 3

I.  **Lawyers' Ethical Duties Under California Law**

During the relevant time period, California law imposed the following duties on lawyers licensed to practice in California, including the defendant:

1.  A lawyer owed a fiduciary duty to his clients.  A lawyer's fiduciary duty to his clients included the duty to protect the information and property of his clients, and to keep such information or property safe so it was not lost or misused.

2.  A lawyer owed a duty of loyalty to his clients.  A lawyer could not act in a manner that would materially disadvantage his clients.  A lawyer also could not subrogate his duty of loyalty to one client in favor of his own interests or the interests of other clients or third parties.

3.  A lawyer owed a duty of honesty and fair dealing to his clients.  A lawyer had a duty to keep clients informed of significant developments in the matter in which the lawyer was representing the clients.  To ensure that a client could make an informed decision, a lawyer was required to provide his clients with true and accurate information.  A lawyer could not withhold material information from or mislead his clients.

Additionally, under California law, a lawyer was required to enter into written contracts with his clients setting forth the scope of the representations, as well as any arrangements regarding the payment of attorneys' fees and costs.

You should keep in mind that proof that the defendant violated one or more of the duties he owed his clients under California law

94

alone is insufficient to find that the defendant is guilty of the charged offenses.  You may, however, consider this evidence when evaluating whether the government has proven the elements of the charged offenses, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, and whether the defendant acted with the intent to defraud.

## II. **Attorney-Client Trust Accounts**

At all times relevant to the charges in this case, the California Rules of Professional Conduct contained specific rules governing a lawyer's receipt of client funds and the use of attorney-client trust accounts.  An "attorney-client trust account" was a bank account that lawyers were required to use to maintain client funds.  The purpose of an attorney-client trust account was to protect the funds of a lawyer's clients.  An Interest on Lawyers' Trust Accounts (or "IOLTA") was a type of attorney-client trust account in which any interest accrued would go to a fund operated by the State Bar of California.  The California Rules of Professional Conduct, however, did not distinguish between standard attorney-client trust accounts and IOLTA accounts.  Under California law, a bank or financial institution which is a depository for an attorney-client trust account must report to the California State Bar any instance in which a client-trust account is overdrawn or has insufficient funds to cover a check written from the account.

The following rules applied to a lawyer's financial relationship with his clients and the use of attorney-client trust accounts, including IOLTA accounts:

95

1.    A lawyer was required to deposit into an attorney-client trust account any money received or held for the benefit of a client, including settlement proceeds and advances for costs and expenses.

2.    A lawyer was required to promptly notify his clients of the receipt of a client's settlement funds and the amount of funds received.

3.    A lawyer was required to maintain records of all funds held or received on behalf of his clients and maintained in an attorney-client trust account.

4.    A lawyer was required to provide to his clients an accounting of any funds the lawyer or his law firm held or received on behalf of their clients, as well as any fees, costs, or other expenses deducted from the payments made to or on behalf the clients.

5.    A lawyer was required to promptly pay to his clients any funds the lawyer or his law firm received on the clients' behalf and to which the client was entitled.

6.    A lawyer was required to obtain authorization from his clients before distributing or withdrawing any funds held or received on behalf of the clients from an attorney-client trust account.

7.    A lawyer could not withdraw from an attorney-client trust account additional amounts beyond those amounts to which his clients agreed could be withdrawn.

8.    Funds belonging to an attorney or a law firm were not allowed to be deposited into an attorney-client trust account.

Commingling attorney funds with client funds was prohibited, unless one of the following two exceptions applied:

        a.   Funds reasonably sufficient to pay bank charges; or

        b.   In the case of funds belonging in part to a client and in part presently or potentially to the attorney or law firm, the portion belonging to the lawyer or law firm must be withdrawn at the earliest reasonable time after the attorney's interest in that portion becomes fixed.

9.   To the extent there was a dispute regarding the payment of any client funds maintained in an attorney-client trust account, a lawyer was required to maintain the disputed amounts in the attorney-client trust account until such dispute was resolved.

You should keep in mind that proof that the defendant violated one or more of the rules governing a lawyer's receipt of client funds and/or the use of attorney-client trust accounts alone is insufficient to find that the defendant is guilty of the charged offenses. You may, however, consider this evidence when evaluating whether the government has proven the elements of the charged offenses, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, and whether the defendant acted with the intent to defraud.

Cal. R. Prof. Conduct 3-310, 4-100, 4-200 (1992 ed.); Cal. Bus. & Prof. Code §§ 6068, 6147, 6148, 6091.1 (West 2004); Magee v. State Bar, 58 Cal.2d 423, 430 (1962) (discussing lawyer's fiduciary duty to clients); Bird, Marella, Boxer & Wolpert v. Superior Court, 106 Cal. App. 4th 419, 431 (2003), as modified on denial of reh'g (Mar. 17, 2003) (discussing attorney's fiduciary duty to clients); Flatt v. Superior Court, 9 Cal. 4th 275 (1994) (discussing lawyer's duty of loyalty); Stanley v. State Bar, 50 Cal. 3d 555, 567 (1990) (discussing attorney's duty of honesty and fair dealing); Barreiro v. State Bar, 2 Cal. 3d 912 (1970) (discussing lawyer's duty of honesty); Matter of Yagman, No. 91-O-03890, 1997 WL 817721, at *5 (Cal. Bar Ct. Dec. 31, 1997) (discussing lawyer's duty of reasonable communication).

1    **<u>Defendant's Objection to Government's Proposed Instruction</u>**

2         Girardi objects to Proposed Instruction 35 for the reasons stated

3    in Docket No. 288.  This instruction is wholly improper and should

4    never be given.  To the extent that the Court considers giving any

5    portion of this instruction, Girardi requests a further opportunity

6    to argue the point before any instructions are finalized or read to

7    the jury.

1

**<u>Government's Response to Defendant's Objection</u>**

2      Defendant's objection to this proposed instruction entirely

3 misses the point.  The government is not attempting to charge a new,

4 or different theory.  Indeed, the indictment expressly references

5 the California Rules of Professional Conduct and defendant's

6 violation of those rules.  (<u>See, e.g.</u>, Dkt. 1 at 2, 4, 9 ("Defendant

7 GIRARDI knew that the California Rules of Professional Conduct

8 required him to, among other things, promptly notify a client of the

9 receipt of any funds the client was entitled to receive, and

10 promptly pay or deliver to the client or such payees as designated

11 by the client any such funds that defendant GIRARDI and Girardi

12 Keese held in trust for the client upon the client's request." (<u>Id.</u>

13 at 2); "Prior to [the deposit of Client 2's funds], and in violation

14 of the California Rules of Professional Conduct governing the

15 management of attorney-client trust accounts, defendants GIRARDI and

16 KAMON transferred and caused the transfer of approximately

17 $183,605.45 from the Torrey Pines IOLTA account to a Girardi Keese

18 operating account, as 'fees' owed . . ..") (<u>Id.</u> at 9.)).  These

19 rules are essential background relevant to the jury's evaluation of

20 whether the government has proven a fraudulent scheme, materiality,

21 and intent to defraud.  <u>See, e.g.</u>, <u>United States v. Goland</u>, 959 F.2d

22 1449, 1454 (9th Cir. 1992) (affirming instruction that violations of

23 civil statutes or regulations are not necessarily violations of

24 criminal law but may be considered in determining whether the

25 defendant had the required specific intent); <u>United States v.</u>

26 <u>Ransom</u>, 642 F.3d 1285, 1291-93 (10th Cir. 2011) (in wire fraud

27 prosecution for falsifying time sheets, trial court properly

28 instructed jury as to regulations governing how federal employees

were to log their work hours or approved leave, but "the defendant's intent as defined in these instructions is for you to decide").

The proposed instruction and the rules governing California attorneys and client trust accounts that it outlines are critical to the charged scheme because they form the backdrop against which the jury should assess defendant's conduct.  The proposed instruction provides necessary context to explain how client funds should have been handled, why clients (and other Girardi Keese attorneys who will testify at trial) believed defendant held client settlement proceeds in the firm's trust account, and a lawyer's fiduciary responsibility to safeguard those funds, among other things. Failure to provide this guidance to the jury, which is an accurate statement of the law, would hamper the government's ability to put defendant's conduct into context and establish several key points, including the nature of defendant's obligations with respect to handling client money and the fiduciary duty defendant owed to his clients.  These points are critical to the elements of wire fraud, including the existence of a scheme, defendant's intent to defraud, the materiality of defendant's statements and omissions, including defendant's duty to "promptly notify a client of the receipt of any funds the client was entitled to receive," which defendant concedes was expressly identified in the indictment.  (Dkt. 296 at 11.)

Moreover, the defense has already highlighted that it intends to introduce evidence of defendant's commingling of his personal money into the firm's trust accounts.  (See, e.g., Dkt. 228 at 23:8-10, "Girardi had a significant amount of his own personal money also swimming around in these [trust] accounts.").  The jury should be informed of the rules governing lawyers and their trust accounts so

that can appropriately consider this evidence, especially as it relates to defendant's knowledge and intent.  Otherwise, defendant will be able to improperly suggest (even implicitly) that he had no intent to defraud where he personally deposited millions back into those accounts.  The jurors should be accurately informed of the manner in which such rules can be considered in determining the existence of a fraudulent scheme and any intent to defraud on the part of defendant.

Not only have circuit courts approved inclusion of similar instructions, but courts in this district as well have given similar instructions in fraud cases.  For example, in United States v. Layfield, CR 18-124-MWF (C.D. Cal.), defendant, a plaintiff's lawyer, was charged with misappropriating client settlement funds much like this case.  The court instructed the jury with a near-identical instruction.  (See Dkt. 315 at 13-17).  Likewise, in United States v. Nguyen, et al., CR 19-195-ODW, defendant was a pharmacist charged with healthcare fraud.  There too the court instructed the jury on California's rules outlining a pharmacist's duties and, like here, the court cautioned the jurors that "proof that the defendant violated one or more of her duties as a pharmacist under California law does not necessarily mean that the defendant is guilty of the charged offenses."  (Dkt. 282 at 33-35.)

Any concern that the jury will determine guilt based solely on a finding that defendant violated these rules is readily dispelled by the government's proposed limiting language, including that "proof that the defendant violated one or more of the duties he owed his clients under California law alone is insufficient to find that the defendant is guilty of the charged offenses."  Accordingly, the

102

Court should give the proffered instruction, which provides necessary context for the jury to understand the charged fraud scheme and is an accurate statement of the law.

1    COURT'S INSTRUCTION NO. _____

2    GOVERNMENT'S DISPUTED PROPOSED INSTRUCTION NO. 4

3    The defendant is charged in Counts One Through Five of the

4    indictment with wire fraud in violation of Section 1343 of Title 18

5    of the United States Code.  For the defendant to be found guilty of

6    that charge, the government must prove each of the following

7    elements beyond a reasonable doubt:

8    First, the defendant knowingly participated in, devised, or

9    intended to devise a scheme or plan to defraud for the purpose of

10   obtaining money or property by means of false or fraudulent

11   pretenses, representations, or promises, or omitted facts.

12   Deceitful statements of half-truths may constitute false or

13   fraudulent representations;

14   Second, the statements made or facts omitted as part of the

15   scheme were material; that is, they had a natural tendency to

16   influence, or were capable of influencing, a person to part with

17   money or property, and they directly or indirectly deceived the

18   person about the nature of the bargain at issue;

19   Third, the defendant acted with the intent to defraud, that is,

20   the intent to deceive and cheat; and

21   Fourth, the defendant used, or caused to be used, an interstate

22   wire communication to carry out or attempt to carry out an essential

23   part of the scheme.

24   In determining whether a scheme to defraud exists, you may

25   consider not only the defendant's words and statements but also the

26   circumstances in which they are used as a whole.

27   To convict the defendant of wire fraud based on omissions of

28   material facts, you must find that the defendant had a duty to

104

disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance that it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.  It need not have been reasonably foreseeable to the defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

1  **Defendant's Alternative and Objection to**

2  **Government's Proposed Instruction**

3  *The defendant is charged in Counts 1-5 of the indictment with*

4  *wire fraud in violation of Section 1343 of Title 18 of the United*

5  *States Code.  For the defendant to be found guilty of that charge,*

6  *the government must prove each of the following elements beyond a*

7  *reasonable doubt:*

8  *First, the defendant knowingly participated in or devised a*

9  *scheme or plan to defraud for the purpose of obtaining money or*

10  *property by means of false or fraudulent pretenses, representations,*

11  *or promises, or omitted facts.  Deceitful statements of half-truths*

12  *may constitute false or fraudulent representations;*

13  *Second, the statements made or facts omitted as part of the*

14  *scheme were material; that is, they had a natural tendency to*

15  *influence, or were capable of influencing, a person to part with*

16  *money or property;*

17  *Third, the defendant acted with the intent to defraud, that is,*

18  *the intent to deceive and cheat; and*

19  *Fourth, the defendant used, or caused to be used, an interstate*

20  *wire communication to carry out or attempt to carry out an essential*

21  *part of the scheme.*

22  *In determining whether a scheme to defraud exists, you may*

23  *consider not only the defendant's words and statements but also the*

24  *circumstances in which they are used as a whole.*

25  *To convict the defendant of wire fraud based on omissions of*

26  *material facts, you must find that the defendant had a duty to*

27  *disclose the omitted facts arising out of a relationship of trust.*

28  *That duty can arise either out of a formal fiduciary relationship,*

1    *or an informal, trusting relationship in which one party acts for*
2    *the benefit of another and induces the trusting party to relax the*
3    *care and vigilance that it would ordinarily exercise.*

4         *In this case, the material omission alleged by the government*
5    *is that Girardi's concealed from Joseph Ruigomez that the true*
6    *amount of his settlement was $53 million, as opposed to $7.25*
7    *million.*

8         *A wiring is caused when one knows that a wire will be used in*
9    *the ordinary course of business or when one can reasonably foresee*
10   *such use.*

11        *It need not have been reasonably foreseeable to the defendant*
12   *that the wire communication would be interstate in nature.  Rather,*
13   *it must have been reasonably foreseeable to the defendant that some*
14   *wire communication would occur in furtherance of the scheme, and an*
15   *interstate wire communication must have actually occurred in*
16   *furtherance of the scheme.*

17                              ***

18        Both the government's proposed instruction and Girardi's
19   alternative are based on <u>Manual of Model Criminal Jury Instructions</u>
20   <u>for the District Courts of the Ninth Circuit</u>, No. 15.35 (2022 ed.,
21   through March 2024 Update).  The model instruction includes this
22   bracketed language for the first element: "the defendant knowingly
23   [participated in] [devised] [intended to devise] a scheme . . . ."
24   The government's proposed instruction includes all three
25   alternatives, but the indictment did not allege an intent-to-devise
26   theory.  Docket No. 1 at 4.  Girardi's alternative therefore leaves
27   that out.

28        Girardi's proposed alternative also specifically identifies the

particular omission identified in the Indictment.  This modification
is necessary to guard against a constructive amendment or fatal
variance given that the indictment alleges only a single specific
omission.  See Docket No. 296 at 5:13-11:19 (citing and discussing
numerous Ninth Circuit cases holding that, particularly in fraud
cases, when an Indictment specifies omissions or misrepresentations,
any material deviation from the specified omissions or
misrepresentations constitutes a constructive amendment or fatal
variance).

1

## **<u>Government's Response to Defendant's Objection</u>**

2   The government has no objection to removing "intended to

3   devise" from the first element of the proposed wire fraud

4   instruction given its omission from the indictment.  However, it

5   does object to specifically identifying any material omission in the

6   instruction.  It is neither necessary nor common to identify

7   specific executions of a scheme in the jury instructions, and the

8   Court should not do so here.

9   The government has no intention of introducing new omission

10  theories at trial.  As defendant concedes, the government has

11  adequately alleged two material omission theories in its indictment.

12  The first relates to Client 1, which defendant proposes be

13  explicitly identified in the instruction.  The second omission

14  theory identified in the indictment relates to defendant's duties as

15  an attorney to "promptly notify a client of the receipt of any funds

16  the client was entitled to receive, and promptly pay or deliver to

17  the client or such payees as designated by the client any such funds

18  that defendant Girardi and Girardi Keese held in trust for the

19  client upon the client's request."  (Dkt. 1 at 2-4.)   Defendant

20  concedes this second omission theory – like the material omission

21  related to Client No. 1 – was adequately disclosed in the

22  indictment.  (<u>See</u> Dkt. 296 at 11 ("Although the indictment alleged

23  'the concealment of material facts, including material facts that

24  defendant Girardi had a duty to disclose,' the only particular

25  alleged disclosure duty was to 'promptly notify a client of the

26  receipt of any funds the client was entitled to receive[.]'").)

27  The government does not intend to argue additional omission

28  theories beyond those identified above.  Nevertheless, there is no

reason to specifically identify them in the jury instructions.
Should the government stray from the above theories at trial (it
won't), defendant is free to object and ask for a curative
instruction at that time.  Until that happens, the Court should not
deviate from the model instructions for wire fraud, including by
specifically itemizing each execution of the scheme.

1                    COURT'S INSTRUCTION NO. _____

2              GOVERNMENT'S DISPUTED PROPOSED INSTRUCTION NO. 5

3        A belief that the victims will be paid in the future or will

4   sustain no economic loss, even if that belief is held in good faith,

5   is no defense to a charge of wire fraud.

**<u>Defendant's Objection to Government's Proposed Instruction</u>**

One of the three cases cited by the government in support of this proposed instruction does not even involve jury instructions. See <u>United States v. Oren</u>, 893 F.2d 1057, 1062-63 (9th Cir. 1990). And the other two cases undermine the government's request. First, <u>United States v. Benny</u> upheld the denial of a defense-requested instruction that a "good faith intent to repay" was a defense to mail fraud. 786 F.2d 1410, 1417 (9th Cir. 1986). And in <u>United States v. Molinaro</u>, the Ninth Circuit cited <u>Benny</u> to uphold the following instruction: "You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud. However, a defendant's belief that the victim of the fraud will be paid in the future or will sustain no economic loss is no defense to the crimes charged in the indictment." 11 F.3d 853, 863 (9th Cir. 1993). Although the government asserts that <u>Molinaro</u> approved an instruction "with similar language," it ignores that the one sentence it pulled from that case was a caveat to an instruction on what would amount to good faith in a fraud case. But Girardi is not requesting a good-faith instruction, so it would be improper (and misleading) to give this partial instruction on what's not good faith. If, however, the Court does intend to instruct with the language proffered by the government, it should do so only as part of the entire instruction given in <u>Molinaro</u>, which is quoted—in full—in the comment to model instruction for "intent to defraud." See <u>Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit</u>, No. 4.13 (2022 ed., through March 2024

1    Update).

1          **Government's Response to Defendant's Objection**

2          In addition to defendant's material misrepresentations and

3     omissions, the indictment alleges that as part of the scheme and to

4     conceal his embezzlements and misappropriation from the victim

5     clients, defendant would also send and cause to be sent lulling

6     payments to clients.  (Dkt. 1 at 6.)  In some cases, defendant

7     Girardi eventually paid a substantial portion (if not all) of the

8     monies owed using money sourced from different locations (including

9     other clients' settlements) and not the client's settlement that was

10    supposed to be held in trust.  But while evidence at trial will show

11    such payments were made to some client victims, or that defendant

12    Girardi believed the client victims would eventually receive money

13    or suffer no loss,[1] the law is clear that a defendant's belief that

14    the victims of the fraud will be paid in the future or will sustain

15    no economic loss is no defense to the charged offense.

16    //

17    //

18

19

20

21

22

23

24    _____

25    [1] Indeed, defendant Girardi often assuaged client fears by assuring
      them that client money was safe and secure.  For example, in a
26    letter to Client No. 1, defendant Girardi wrote: "I thought it would
      be important for me to give you a comfort level of safety regarding
27    this matter.  There is no risk of loss.  Our law firm will guarantee
      there will be no loss."  (USAO_GK_00005075.)  The jury should be
28    instructed that defendant's belief that the victim would be paid
      and/or not sustain any loss is not a defense.

114

Defendant argues that if this instruction is going to be given, it should be given as part of the entire instruction from <u>Molinaro</u>, which is quoted in the comment to model instruction for "intent to defraud."  The government has no objection to the added language and would respectfully ask the Court to give the full instruction as provided below:

***

*You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud. However, a defendant's belief that the victims of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime.*

1
2
3
4
5
6
7
8

# DEFENDANT'S DISPUTED PROPOSED INSTRUCTIONS

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1          COURT'S INSTRUCTION NO. _____

2      DEFENDANT'S DISPUTED PROPOSED INSTRUCTION NO. 1

3      Withholding potentially valuable economic information necessary

4 to make discretionary economic decisions is not fraud.  And not all

5 deception amounts to fraud.  Even if misrepresentations result in

6 money changing hands, they still may not necessarily constitute

7 fraud.

8      To establish a scheme to defraud, the government must prove

9 beyond a reasonable doubt that the defendant had a plan to obtain

10 the alleged victim's money by means of deceit.  Obtaining that money

11 must have been the object of, not merely incidental to, that plan.

12 It is not enough if the defendant both obtained the victim's money

13 and deceived the victim; the deceit must have been the mechanism by

14 which the defendant obtained the victim's money.

15      A separate element requires the government to prove beyond a

16 reasonable doubt that the defendant had the intent to defraud.  A

17 defendant does not have the intent to defraud unless he

18 simultaneously has both the intent to deceive the victim and the

19 intent to obtain that victim's money by mean of that particular

20 deceit at the time of the deception.

1          **<u>Defendant's Argument in Support of Instruction</u>**

2          This instruction is necessary because lawyers and judges have

3   struggled with the fraud statutes for decades, so simply giving the

4   model wire-fraud instruction is not enough to adequately explain to

5   lay jurors what "scheme to defraud" and "intent to defraud" really

6   mean.

7          First, because the jurors might otherwise confuse what they may

8   colloquially consider to be fraud with what legally constitutes

9   fraud, they should be told what does not constitute wire fraud.  <u>See

10  Ciminelli v. United States</u>, 598 U.S. 306, 309 (2023) ("Because

11  potentially valuable economic information necessary to make

12  discretionary economic decisions is not a traditional property

13  interest, we now hold that the right-to-control theory is not a

14  valid basis for liability under § 1343.") (cleaned up); <u>Kelly v.

15  United States</u>, 590 U.S. 391, 393 (2020) ("The evidence the jury

16  heard no doubt shows wrongdoing—deception, corruption, abuse of

17  power.  But the federal fraud statutes at issue do not criminalize

18  all such conduct."); <u>United States v. Milheiser</u>, 98 F.4th 935, 942

19  (9th Cir. 2024) ("[W]e have rejected the notion that depriving an

20  individual of accurate information alone constitutes fraud."); id.

21  ("[W]e have made clear that even if misrepresentations result in

22  money or property changing hands, they still may not necessarily

23  constitute fraud.").

24         Next, it must be explained to the jurors that the victim's

25  money must be the object of the scheme and the deceit must be the

26  means by which the defendant obtained that money.  <u>See Ciminelli</u>,

27  598 U.S. at 312 ("[T]he Government must prove not only that wire

28  fraud defendants engaged in deception, but also that money or

1  property was an object of their fraud.") (cleaned up); <u>Kelly</u>, 590

2  U.S. at 402 ("[The] property must play more than some bit part in a

3  scheme: It must be an object of the fraud.  Or put differently, a

4  property fraud conviction cannot stand when the loss to the victim

5  is only an incidental byproduct of the scheme.") (cleaned up);

6  <u>Milheiser</u>, 98 F.4th at 942 ("'[T]he Government must prove not only

7  that fraud defendants engaged in deception, but also that money or

8  property was an object of their fraud.") (cleaned up); <u>United States</u>

9  <u>v. Miller</u>, 953 F.3d 1095, 1101 (9th Cir. 2020) ("[T]o be guilty of

10  wire fraud, a defendant must act with the intent not only to make

11  false statements or utilize other forms of deception, but also to

12  deprive a victim of money or property by means of those

13  deceptions.").

14      Finally, the jurors must also be told that the intent to

15  defraud requires the intent to obtain money from the one who is

16  deceived by means of that deception.  <u>See</u> <u>United States v. Lew</u>, 875

17  F.2d 219, 220 (9th Cir. 1989) ("[T]he intent must be to obtain money

18  or property from the one who is deceived: the words to defraud

19  commonly refer to wronging one in his property rights by dishonest

20  methods or schemes, and usually signify the deprivation of something

21  of value by trick, deceit, chicane or overreaching.") (cleaned up).

22  Furthermore, it's "hornbook law that in every crime there must be a

23  joint union of act and intent."  <u>Paritem Singh Poonian v. United</u>

24  <u>States</u>, 294 F.2d 74, 76 (9th Cir. 1961); <u>see also</u> <u>City of Grants</u>

25  <u>Pass, Oregon v. Johnson</u>, 144 S. Ct. 2202, 2217 (2024)

26  ("[H]istorically, crimes in England and this country have usually

27  required proof of some act (or actus reus) undertaken with some

28  measure of volition (mens rea).  At common law, a complete crime

generally required both a will and an act.  This view took deep and early root in American soil where, to this day, a crime ordinarily arises only from concurrence of an evil-meaning mind with an evil-doing hand.") (cleaned up); <u>Morissette v. United States</u>, 342 U.S. 246, 251 (1952) ("Crime, as a compound concept, generally constituted only from concurrence of an evil-meaning mind with an evil-doing hand[.]"); <u>United States v. Hernandez</u>, 859 F.3d 817, 823 (9th Cir. 2017) ("It is fundamental that a person is not criminally responsible unless criminal intent accompanies the wrongful act. The defendant must have intended to commit the crime at the time that she did.") (cleaned up).  Thus, the jury should be told that the intent to defraud must exist at the time of any deception.

## **Government's Objection to Defendant's Proposed Instruction**

Defendant's proposed instruction is misleading, entirely unnecessary, and risks confusion.  In United States v. Ciminelli, 598 U.S. 306 (2023), the Supreme Court held that an intangible interest, i.e., the right to control assets, does not constitute property within the meaning of the federal wire fraud statute. Here, by contrast, the government has alleged that defendant engaged in a wire fraud scheme seeking to deprive his victims of "money and property," specifically client settlement funds.  (Dkt. 1 at 4.) The government has not charged a right to control theory and will not rely on that at trial.  Accordingly, this proposed instruction is inappropriate and only risks misleading and confusing the jurors. Defendant has not cited any other cases in this district (or elsewhere) where a court in a traditional wire fraud case, like here, has given this or any similar instruction.  The existing instructions adequately instruct on the elements of the charged offense, including intent to defraud.  Therefore, the Court should not give this instruction.

121

COURT'S INSTRUCTION NO. _____

DEFENDANT'S DISPUTED PROPOSED INSTRUCTION NO. 2

You have heard evidence that the defendant owned the law firm of Girardi Keese.  You may not infer that the defendant is guilty of the charged offenses merely from the fact of the position he held at that firm.  You may only find him guilty if the government proves beyond a reasonable doubt all of the elements of wire fraud, as set forth elsewhere in these instructions.

1

**<u>Defendant's Argument in Support of Instruction</u>**

2    The principles articulated in this instruction should be beyond

3 dispute, but they should be plainly stated to lay jurors, who may

4 not appreciate that Girardi cannot be convicted merely because he

5 owned a firm where wrongdoing may have occurred.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Government's Objection to Defendant's Proposed Instruction**

2   This instruction is not necessary and risks confusing the jury.

3   The government has not and will not suggest that defendant is guilty

4   solely by virtue of his ownership of the Girardi Keese law firm.

5   Rather, the evidence at trial will demonstrate defendant had an

6   attorney-client relationship with each of the client victims and his

7   culpability is a result of his direct misconduct in each of their

8   matters.  However, his ownership and control over the law firm is

9   important evidence of his knowledge and intent.  Defendant provides

10  no authority for this proposed instruction because none exists.  The

11  substantive instruction for wire fraud sufficiently instructs the

12  jurors of the elements of the charged offenses and, therefore,

13  nothing further is required.  Defendant is free to argue the

14  principle stated in his proposed instruction to the jury, but the

15  Court should not give his proposed instruction.

16

17

18

19

20

21

22

23

24

25

26

27

28

124

1          COURT'S INSTRUCTION NO. _____

2       DEFENDANT'S DISPUTED PROPOSED INSTRUCTION NO. 3

3       The indictment alleges the existence of a scheme to defraud.

4  Specifically, the indictment alleges that, beginning in or around

5  2010 and continuing to in or around December 2020, Thomas Girardi

6  knowingly participated in or devised a scheme or plan to defraud

7  clients of the Girardi Keese law firm, for the purpose of obtaining

8  money or property by means of false or fraudulent pretenses,

9  representations, or promises, or omitted facts.  Each of the jurors

10 must find the defendant guilty of participation in the same single

11 scheme to defraud and that the scheme to defraud in which the

12 defendant is found to have participated is the same scheme as the

13 overall fraudulent scheme alleged in the indictment.

1

**Defendant's Argument in Support of Instruction**

2    The indictment charges a single scheme to defraud "[b]eginning

3  at least as early as in or around 2010 and continuing through at

4  least in or around December 2020[.]"  Docket No. 1 at 4.  But it

5  also alleges that the scheme involves five different clients.  Id.

6  at 3-4, 6-15.  To avoid the constructive amendment or fatal variance

7  that would result if the jury is allowed to convict on different

8  separate schemes, it "must be instructed that, to return a guilty

9  verdict, each of the jurors must find the defendant guilty of

10  participation in the same single scheme to defraud alleged in the

11  indictment."  United States v. Morse, 785 F.2d 771, 776-77 (9th Cir.

12  1986).  The Ninth Circuit has "reversed convictions where jury

13  instructions failed to articulate the need for jury unanimity

14  regarding the particular charged fraud or conspiracy."  Id. at 777.

15  Further, having obtained the evidentiary and statute-of-limitations

16  benefits of charging a broad scheme, the government must carry its

17  burden of proving the scheme that it charged, not something else.

18  The proposed instruction closely tracks the language in United

19  States v. Wellington, 754 F.2d 1457, 1463 (9th Cir. 1985).

20

21

22

23

24

25

26

27

28

126

1    **Government's Objection to Defendant's Proposed Instruction**

2        Defendant concedes the indictment alleges a single scheme.

3    Counts One through Four relate to four separate client matters with

4    each client defrauded pursuant to defendant's scheme.[2]  Although the

5    jury must unanimously agree as to whether the government has proven

6    each element of an offense, the jury need not agree as to the

7    government's theory of how that element was met.  (Beal, CR 19-47-

8    JLS, Dkt. 569 at 6 (citing Richardson v. United States, 526 U.S.

9    813, 817 (1999).)  So long as the jurors are unanimous as to each

10   element, they need not be unanimous on the means by which each

11   element is met.  See United States v. Mickey, 897 F.3d 1173, 1181

12   (9th Cir. 2018).

13       On these facts, there is no need for a unanimity instruction as

14   there is no risk of confusion.  If the Court does not intend to send

15   a trial indictment back with the jury during deliberations, the

16   verdict form can be modified to reference each count victim so that

17   there is no risk of confusion regarding which count corresponds with

18   which count victim.

19

20

21

22

23

24

25

26

27

28   [2] In order to streamline its case, the government will soon file an
     unopposed motion to dismiss Count Five of the indictment as to
     defendant Girardi only.

127

COURT'S INSTRUCTION NO. _____

DEFENDANT'S DISPUTED PROPOSED INSTRUCTION NO. 4

The indictment alleges that the defendant and another man, Christoper Kamon, both participated in the alleged scheme to defraud.  Although Kamon is not a participant in this trial, you have heard evidence about him.  You must give separate consideration to each alleged co-schemer.  The fact that you may find that Kamon engaged in the alleged scheme should not control your verdict as to the defendant.  You may only find the defendant guilty if the government proves beyond a reasonable doubt all of the elements of wire fraud, as set forth elsewhere in these instructions.

1

### **Defendant's Argument in Support of Instruction**

2       The indictment alleges that "Girardi and Kamon, together with

3  others known and unknown to the Grand Jury, knowingly and with

4  intent to defraud, devised, participated in, and executed a scheme

5  to defraud victim clients to whom defendant Girardi and Girardi

6  Keese had agreed to provide legal services including, but not

7  limited to, Client 1, Client 2, Client 3, Client 4, and Client 5, as

8  to material matters, and to obtain money and property from such

9  victim clients by means of material false and fraudulent pretenses,

10  representations, and promises, and the concealment of material

11  facts, including material facts that defendant Girardi had a duty to

12  disclose."  Docket No. 1 at 4.  Even though the two defendants have

13  been severed for trial, they are still alleged co-schemers,

14  Girardi's jury will hear evidence pertaining to Kamon, and the

15  government intends to refer to Kamon as a "defendant."  It is

16  therefore appropriate to give this instruction, which is based on

17  Model Criminal Jury Instructions for the District Courts of the

18  Ninth Circuit, No. 1.13 (2022 ed., through March 2024 Update)

19  ("Separate Consideration for Each Defendant").

20

21

22

23

24

25

26

27

28

**<u>Government's Objection to Defendant's Proposed Instruction</u>**

Defendant has not cited to a single case where this instruction has been given where the co-defendant is being tried separately. There is no need for the Court to give this instruction where it is clear, like here, that defendant Girardi is the only defendant currently on trial.  The existing instructions are sufficient and adequately instruct the jury on how to determine defendant's culpability, if any.  Indeed, defendant's proposed instruction even refers them back to the substantive wire fraud instructions "as set forth elsewhere in these instructions."  This additional instruction is inappropriate, misleading, and unnecessarily focuses the jury on co-defendant Kamon's potential culpability, when he is not presently on trial.  Therefore, the Court should not give this instruction.