CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHARLES J. SNYDER (Bar No. 287246)
(Email: Charles_Snyder@fd.org)
SAMUEL O. CROSS (Bar No. 304718)
(Email: sam_cross@fd.org)
J. ALEJANDRO BARRIENTOS (Bar. No. 346676)
Email: Alejandro_Barrientos@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> THOMAS VINCENT GIRARDI, <br><br> Defendant. | Case No. 2:23-cr-47-JLS-1 <br><br> **THOMAS GIRARDI'S MEMORANDUM IN SUPPORT OF REQUEST FOR *IN CAMERA* COMPETENCY INQUIRIES DURING TRIAL; DECLARATIONS OF ALEJANDRO BARRIENTOS, SAMUEL CROSS, CHARLES SNYDER** |

//

//

//

1  Thomas Girardi, through undersigned counsel, submits the attached memorandum and declarations in support of his request, made orally in court on August 2, 2024, that the Court conduct *in camera* competency inquiries throughout Mr. Girardi's trial.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 5, 2024

By  /s/ J. Alejandro Barrientos
SAMUEL O. CROSS
CHARLES SNYDER
J. ALEJANDRO BARRIENTOS
Deputy Federal Public Defenders
Attorneys for Thomas Girardi

## MEMORANDUM OF POINTS & AUTHORITIES

A criminal defendant is incompetent if he is "suffering from a mental disease or defect rendering him . . . unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "The obligation to determine competency to stand trial is continuing, and persists throughout a proceeding including through the sentencing phase." *United States v. Dreyer*, 705 F.3d 951, 961 (9th Cir. 2013), *quoting U.S. v. Ahrendt*, 560 F.3d 69, 74 (1st Cir. 2009). Moreover, "a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975).

Here, there is no real dispute that Mr. Girardi has been suffering from "a mental disease or defect" since at least late 2020. 18 U.S.C. § 4241(a). All experts who evaluated Mr. Girardi, including the government's experts, acknowledge that Mr. Girardi had at least mild cognitive impairment since that time. The vast majority of those experts concluded, at least tentatively, that Mr. Girardi suffers from dementia or major cognitive disorder. Those experts include Drs. Nathan Lavid, Deborah Budding, Eric Frechette, Joseph Pachorek, Aaron McMurtray, Stacy Wood, and Helena Chui. Only the two government experts, Drs. Diana Goldstein and Ryan Darby, believe Mr. Girardi's impairment is mild.

However, the government experts' competency evaluations from 2023 are outdated, incomplete, and express views contrary to the weight of medical and psychological opinions about Mr. Girardi's cognitive function. They are outdated because there is no dispute that the neurodegenerative process causing Mr. Girardi's impairment is progressive and would worsen over time. Indeed, counsel for the government acknowledged as much at the January trial setting conference, stating:

> [Mr. Girardi] has cognitive issues which I think all parties agree, the extent of which we obviously disagree. But the experts have testified that it is a slowly progressing

3

neurocognitive disorder.

And over one year has passed since any doctor or psychologist assessed Mr. Girardi's competency to stand trial. Moreover, the government experts' reports are incomplete because they did not consider the vast array of contemporaneous documentation—including Girardi Keese emails that were not produced to the defense until after competency proceedings—demonstrating that Mr. Girardi's impairment began prior to his legal troubles. The Court has seen some such documents in recent filings, but will see additional documentation at trial.

Moreover, all three attorneys currently working on Mr. Girardi's defense believe that Mr. Girardi is currently incompetent to stand trial. *See* Declarations of Defense Counsel. This means that a total of seven defense attorneys—Georgina Wakefield, Craigh Harbaugh, Alejandro Barrientos, Charles Snyder, Sam Cross, and Kate Corrigan (as an expert witness)—have interacted with Mr. Girardi and affirmed their belief to the Court that he is incompetent. *See Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir.1991) ("[A] defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings.").

For these reasons, the defense requests that at the conclusion of each day of trial, the Court conduct an *in camera* inquiry into Mr. Girardi's to competency.[1] The defense proposes that the Court ask Mr. Girardi the following questions:

    1.    How many days have you been in trial?

    2.    If you have been in trial multiple days, what happened in court on the previous day of trial?

        a.    Did any witnesses testify?

        b.    If so, what were there names?

    3.    What happened in court during today's trial proceedings?

---

[1] Consistent with its stated commitments, the defense is not seeking to re-open competency proceedings at this time, but makes a narrower request to ensure that the Court satisfies its ongoing obligation to determine competency. *See Dreyer*, 705 F.3d at 961.

|     |     |                                           |
| --- | --- | ----------------------------------------- |
|     | a.  | Did any witnesses testify?                |
|     | b.  | If so, what were there names?             |
| 4.  |     | What are your attorneys' names?           |
| 5.  |     | What is today's date?                     |
| 6.  |     | What day of the week is it?               |

An *in camera* inquiry is appropriate to preserve Mr. Girardi's Fifth Amendment rights. *See* Order for Competency Proceedgins, ECF No. 54, at 3 (ordering that "Mr. Girardi's agreement to the evaluation by the Government expert does not constitute a waiver of his Fifth Amendment privilege as to the alleged offenses at issue in this case or any other offense," and "[t]o alleviate any concern that the prosecution team will be exposed to any privileged information, counsel for Mr. Girardi will have the opportunity to review the government expert's report prior to the report being provided to the government and make any necessary redactions.").

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: August 5, 2024         By  /s/ J. Alejandro Barrientos
                              SAMUEL O. CROSS
                              CHARLES SNYDER
                              J. ALEJANDRO BARRIENTOS
                              Deputy Federal Public Defenders
                              Attorneys for Thomas Girardi

5

# DECLARATION OF ALEJANDRO BARRIENTOS

I, Alejandro Barrientos, declare as follows:

1. I am a deputy federal public defender appointed to represent Mr. Thomas Girardi in the above-captioned case.

2. I have represented criminal defendants diagnosed with various mental illnesses.

3. I have personally interacted with Mr. Girardi during my representation of him in these proceedings.

4. Based on my interactions with Mr. Girardi, I believe he is currently incompetent to stand trial. He has not assisted in his defense, and appears unable to do so. He additionally appears unable to remember developments in his case.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: August 5, 2024                             /s/ Alejandro Barrientos
                                                 Alejandro Barrientos

# DECLARATION OF SAMUEL CROSS

I, Samuel Cross, declare as follows:

1. I am a deputy federal public defender appointed to represent Mr. Thomas Girardi in the above-captioned case.

2. I have represented criminal defendants diagnosed with various mental illnesses.

3. I have personally interacted with Mr. Girardi during my representation of him in these proceedings.

4. Based on my interactions with Mr. Girardi, I believe he is currently incompetent to stand trial. He has not assisted in his defense, and appears unable to do so. He additionally appears unable to remember developments in his case.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: August 5, 2024                     */s/ Samuel Cross*
                                          Samuel Cross

# DECLARATION OF CHARLES SNYDER

I, Charles Snyder, declare as follows:

1. I am a deputy federal public defender appointed to represent Mr. Thomas Girardi in the above-captioned case.

2. I have represented criminal defendants diagnosed with various mental illnesses.

3. I have personally interacted with Mr. Girardi during my representation of him in these proceedings.

4. Based on my interactions with Mr. Girardi, I believe he is currently incompetent to stand trial. He has not assisted in his defense, and appears unable to do so. He additionally appears unable to remember developments in his case.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: August 5, 2024                          */s/ Charles Snyder*
                                               Charles Snyder