E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Corporate and Securities Fraud Strikeforce
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/1786
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty@usdoj.gov/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-47-JLS-1 |
|---|---|
| Plaintiff, | PROPOSED JURY INSTRUCTION ON ATTORNEY'S DUTIES |
| v. | |
| THOMAS VINCENT GIRARDI, | Hearing Date: August 6, 2024<br>Hearing Time: 9:00 a.m.<br>Location:    Courtroom of the Hon. Josephine L. Staton |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, and defendant Thomas Vincent Girardi, by and through his counsel of record Charles Snyder, Alejandro Barrientos, and Sam Cross, hereby submit this Proposed Jury Instruction regarding an attorney's duties in the above-captioned case.

Defendant Girardi maintains his objection to this instruction in its entirety.  However, in the event the Court determines that an

instruction on attorney's duties will be given, defendant Girardi proposes the cautionary admonitions included below. Defendant Girardi also believes that the instruction should incorporate the following concepts and asks that he be given an opportunity to make further argument on the topic:

    a.   A lawyer can satisfy these duties through his or her agents, including other people in his or her law firm;

    b.   What constitutes a prompt payment and when a client is entitled to money depend on the circumstances.

    The government has no objection to defendant Girardi's additional cautionary admonishments included below; however, it objects to defendant's above request for instructions on purported delegation of duties and/or what constitutes "prompt payment," for

//

which he provides no authority.  Rather, the government believes that defendant can argue these theories at trial.

Dated: August 5, 2024                     Respectfully submitted,

                                         E. MARTIN ESTRADA
                                         United States Attorney

                                       MACK E. JENKINS
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                                /s/
                                       SCOTT PAETTY
                                       ALI MOGHADDAS
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA


Dated: August 5, 2024                     */s/ with email authorization*
                                       CHARLES SNYDER
                                       ALEJANDRO BARRIENTOS
                                       SAM CROSS
                                       Attorneys for Defendant
                                       THOMAS VINCENT GIRARDI

**JOINT PROPOSED INSTRUCTION ON DUTIES OF AN ATTORNEY[1]**

I.  **Lawyers' Ethical Duties Under California Law**

The government charges the defendant with engaging in a scheme to defraud his legal clients.  Because the defendant was a licensed member of the State Bar of California at all times relevant to the charges in this case, the ethical duties that the defendant owed to his legal clients are determined by California law.  You should keep in mind that proof that the defendant failed to comply with the rules governing a lawyer's duties, including receipt of client funds and/or the use of attorney-client trust accounts, does not, by itself, mean that the defendant is guilty of the charged offenses of wire fraud. Ultimately, you will be asked to determine whether the defendant violated the law-not whether he violated his ethical obligations. You may, however, consider whether the defendant failed to comply with the rules governing the receipt of client funds and use of attorney-client trust accounts when evaluating whether the government has proven the elements of the offense, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, whether the defendant acted with the intent to defraud, and whether the defendant had a duty to disclose an omitted fact arising out of a relationship of trust.

During the relevant time period, California law imposed the following duties on lawyers licensed to practice in California, including the defendant:

---

[1] Defendant Girardi objects to this instruction in its entirety.

1. A lawyer owed a fiduciary duty and a duty of loyalty to his clients.

2. A lawyer could not act in a manner that would materially disadvantage his clients. A lawyer also could not subrogate his duty of loyalty to one client in favor of his own interests or the interests of other clients or third parties.

3. A lawyer owed a duty of honesty and fair dealing to his clients. A lawyer had a duty to keep clients informed of significant developments in the matter in which the lawyer was representing the clients. To ensure that a client could make an informed decision, a lawyer was required to provide his clients with true and accurate information. A lawyer could not withhold material information from or mislead his clients.

Additionally, under California law, a lawyer was required to enter into written contracts with his clients setting forth the scope of the representations, as well as any arrangements regarding the payment of attorneys' fees and costs.

You should keep in mind that proof that the defendant violated one or more of the duties he owed his clients under California law alone is insufficient to find that the defendant is guilty of the charged offenses. You may, however, consider this evidence when evaluating whether the government has proven the elements of the charged offenses, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the scheme were material, and whether the defendant acted with the intent to defraud. I remind you that ultimately, you will be asked to determine whether the defendant violated the law–not whether he violated his ethical obligations. It is possible that the defendant

2

may have violated an ethical obligation or committed legal practice but not have committed a crime.

II. **Attorney-Client Trust Accounts**

At all times relevant to the charges in this case, the California Rules of Professional Conduct contained specific rules governing a lawyer's receipt of client funds and the use of attorney-client trust accounts. An "attorney-client trust account" was a bank account that lawyers were required to use to maintain client funds. The purpose of an attorney-client trust account was to protect the funds of a lawyer's clients. Under California law, a bank or financial institution which is a depository for an attorney-client trust account must report to the California State Bar any instance in which a client-trust account is overdrawn or has insufficient funds to cover a check written from the account.

The following rules applied to a lawyer's financial relationship with his clients and the use of attorney-client trust accounts:

1. A lawyer was required to deposit into an attorney-client trust account any money received or held for the benefit of a client, including settlement proceeds and advances for costs and expenses.

2. A lawyer was required to promptly notify his clients of the receipt of a client's settlement funds and the amount of funds received.

3. A lawyer was required to maintain records of all funds held or received on behalf of his clients and maintained in an attorney-client trust account.

4. A lawyer was required to provide to his clients an accounting of any funds the lawyer or his law firm held or received

3

on behalf of their clients, as well as any fees, costs, or other expenses deducted from the payments made to or on behalf the clients.

    5.   A lawyer was required to promptly pay to his clients any funds the lawyer or his law firm received on the clients' behalf and to which the client was entitled.

    6.   Funds belonging to an attorney or a law firm were not allowed to be deposited into an attorney-client trust account. Commingling attorney funds with client funds was prohibited, unless one of the following two exceptions applied:

        a.   Funds reasonably sufficient to pay bank charges; or

        b.   In the case of funds belonging in part to a client and in part presently or potentially to the attorney or law firm, the portion belonging to the lawyer or law firm must be withdrawn at the earliest reasonable time after the attorney's interest in that portion becomes fixed.

    7.   To the extent there was a dispute regarding the payment of any client funds maintained in an attorney-client trust account, a lawyer was required to maintain the disputed amounts in the attorney-client trust account until such dispute was resolved.

You should keep in mind that proof that the defendant violated one or more of the rules governing a lawyer's receipt of client funds and/or the use of attorney-client trust accounts alone is insufficient to find that the defendant is guilty of the charged offenses. You may, however, consider this evidence when evaluating whether the government has proven the elements of the charged offenses, including whether the defendant engaged in a scheme to defraud, whether the statements made or facts omitted as part of the

scheme were material, and whether the defendant acted with the intent to defraud.

I remind you that ultimately, you will be asked to determine whether the defendant violated the law-not whether he violated his ethical obligations.  It is possible that the defendant may have violated an ethical obligation or committed legal practice but not have committed a crime.