CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
SAMUEL CROSS (Bar No. 304718)
Email: Sam_Cross@fd.org
J. ALEJANDRO BARRIENTOS (Bar. No. 346676)
Email: Alejandro_Barrientos@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS VINCENT GIRARDI,<br><br>Defendant. | Case No. 2:23-cr-00047-JLS-1<br><br>**REPLY IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION FOR NEW TRIAL; DECLARATION OF COUNSEL; EXHIBIT A** |

//
//
//

## REPLY IN SUPPORT OF MOTION FOR NEW TRIAL

In familiar fashion, the government asks the Court to ignore the totality and weight of evidence demonstrating Mr. Thomas Girardi's incompetence while relying on cherry-picked information and a skewed view of the record. The Court should reject the government's arguments and grant Mr. Girardi a new trial.[1]

***First***, the government claims there is no new evidence demonstrating Mr. Girardi's incompetence. Not so. Most obviously, the Court has not previously considered Ms. Tanya McAlprin's declaration regarding Mr. Girardi's behavior during trial, which was submitted with the motion for new trial. And though the government attempts to bury the issue in a footnote, neither the Court, nor the government's competency experts, previously considered evidence regarding the Hollywood Land Development scam. In an ironic twist, the prosecution attempts to handwave the issue by claiming that "there was no conclusive evidence" that Mr. Girardi was being scammed or defrauded. It makes this claim even though it received a bizarre email from Mary Phipps White during the trial in this matter in which she complained about a supposed "sham" lawsuit that was instigated by "proxies of Tom Girardi and Hunter Biden." *See* Ex. A at 2. Despite the prosecution's professed inability to see the Hollywood Land Development Company for what it was—an obvious attempt by Nicholas Phipps White to scam Mr. Girardi as his mental ability was fading—the truth was clear to attorneys at Girardi Keese and Erika Jayne. All that aside, the Court has not considered such evidence together with the other evidence cited in the defense's motion for new trial.

***Second***, the government suggests at various points that Mr. Girardi's behavior at trial demonstrates that he was competent. In doing so, the government resorts to

---

[1] The government incorrectly asserts that the defense previously stated that it "would not seek to reopen competency proceedings." Gov. Opp. at 6. To the contrary, the defense made a narrower promise, which it kept, in connection with a stipulation to continue trial, specifically that the defense was "seeking a continuance for the purpose of preparing for trial, not as additional time to re-initiate competency proceedings." ECF No. 184, at 5. Consistent with that promise, the defense did not re-initiate competency proceedings before trial.

1

superficial analysis that glosses over the law and the facts. "[I]t is not enough for the district judge to find that the defendant is oriented to time and place and has some recollection of events . . . ." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (cleaned up). Rather, "the test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Id*. (cleaned up). The government cites no authority suggesting that a defendant can be deemed competent if they are incapable of remembering what happened the previous day of trial. This is because such a notion is incompatible with the Supreme Court's competency decisions. *See, e.g.*, *id*. Beyond that, Mr. Girardi's behavior at trial comports with the analysis performed by the defense's experts from the competency hearing. *See, e.g.*, Wood Competency Rpt at 36037 (explaining that Mr. Girardi demonstrated a strong factual understanding of court proceedings, but that his poor memory would impair his ability to follow witness testimony at trial even with notes, as well as his ability to testify). In sum, Mr. Girardi's behavior at trial confirms the prior opinions of the defense's experts during competency and negates those of the government's experts.

**Third**, the government refers to its experts' prior malingering opinions. But those opinions rested on incomplete information. They did not account for the exhibits submitted with the defense's motion for new trial, or the email exhibits submitted at trial documenting the pervasive concerns about Mr. Girardi's memory among Girardi Keese attorneys and other employees in 2020 and earlier.[2] At bottom, no expert has offered the Court a malingering opinion based on a full view of the facts. This is especially important because the government experts did not base their opinion on objective Performance Validity Tests, but instead on their subjective assessments of evidence of Mr. Girardi's

---

[2] The vast majority of the Girardi Keese emails submitted at trial were produced after competency proceedings.

decline over time. *See* Goldstein Competency Rpt. at 65-69; Darby Competency Rpt. at 28-29.

***Fourth***, the government argues that Mr. Girardi's condition is slowly progressing and that he therefore could not have declined to the point of incompetency by the time of trial. But this argument rests on an faulty base: It assumes that the government experts correctly opined during competency proceedings that Mr. Girardi has, at most, mild cognitive impairment. As already discussed, however, those opinions were based on subjective assessments of an incomplete body of evidence.[3]

***Finally***, the government urges the Court to rely on what the government represents is a complete quotation from *McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001): "The concerns of counsel alone are insufficient to establish doubt of a defendant's competency." Gov. Opp. at 13. Yet the complete quote from *McGregor* is less favorable to the government than the government lets on:

> We have stated that although "the concerns of counsel alone are insufficient to establish doubt of a defendant's competency," "[d]efense counsel is often in the best position to determine whether a defendant's competency is questionable."

*McGregor*, 248 F.3d at 959–60 (quoting *Bryson v. Ward*, 187 F.3d 1193, 1201–02 (10th Cir. 1999)). Moreover, the substance of *McGregor* illustrates why the Court should reject

---

[3] The government makes a related argument that there was no consensus about Mr. Girardi's diagnosis and that this case is therefore distinguishable from *United States v. Dreyer*, 705 F.3d 951 (9th Cir. 2013). However, there was no meaningful disagreement between the neurologists at trial that Mr. Girardi had limbic predominant age-related tdp-43 encephalopathy or LATE. In fact Dr. Ryan Darby changed his opinion between the time of Mr. Girardi's competency proceeding and trial. *Compare* Darby Competency Rpt. at 26 ("LATE affects the hippocampus and mesial temporal lobe preferentially, resulting in what is referred to as an 'amnestic' memory profile . . . . In contrast, Mr. Girardi's testing is more consistent with a 'frontal-retrieval' pattern, with improvement in memory testing when provided with cues or recognition tasks."), *with* Tr. 8-21-24 at 2255:23-25 ("Well, I believe that he had evidence to support a diagnosis of mild cognitive impairment, or MCI, in late 2020, and that the likely reason for that would be LATE.").

3

the government's arguments in this case. *See id.* (granting habeas relief and finding that a reasonable judge would have had a bona fide doubt about the defendant's competence because, *inter alia*, "[t]he final piece of the picture, and perhaps the most important, [was] Irven Box's—McGregor's trial counsel's—frequent assertions on the record that McGregor was incompetent" and "the [trial] court's failure to notice anything odd about petitioner's behavior is not determinative").

*     *     *

For these reasons and those already stated, the Court should grant Mr. Girardi a new trial.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: November 19, 2024          By:  /s/ *J. Alejandro Barrientos*
                                               CHARLES J. SNYDER
                                               SAMUEL CROSS
                                               J. ALEJANDRO BARRIENTOS
                                               Deputy Federal Public Defenders
                                               Attorneys for Thomas V. Girardi

5

# CERTFICATE OF COMPLIANCE

Undersigned counsel of record for Thomas V. Girardi certifies that this brief contains 1.145 words, which complies with this Court's standing order regarding criminal cases. In making this certification, I have relied on the computer program used to prepare this brief (Microsoft Word)

DATED: November 19, 2024      By: _/s/J. Alejandro Barrientos_
                                   J. ALEJANDRO BARRIENTOS

**DECLARATION OF DEFENSE COUNSEL**

I, J. Alejandro Barrientos, declare as follows:

1. I am a Deputy Federal Public Defender assigned to represent Thomas Girardi in the above-captioned case.[4]

2. Attached as exhibit A to the defense's reply in support of motion for new trial is a true and correct copy of an email received by defense counsel during trial in this case from the government counsel, as well as the attachments to that email. Personal identifying information such as phone numbers and email addresses have been redacted, as has a portion of the email reflecting internal defense communications about the email.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: November 19, 2024         /s/J. Alejandro Barrientos
                                 J. Alejandro Barrientos

---

[4] Today, November 19, 2024, is my last day at the FPD.

7