

# ATTORNEY-CLIENT CONTINGENT FEE RETAINER AGREEMENT

This document (the "**Agreement**") is the written fee contract that California law requires lawyers to have with their clients. We, **GIRARDI|KEESE**, 1126 Wilshire Boulevard., Los Angeles, California, will provide legal services to you, the Client(s) as identified on page 4 of this Agreement, on the terms set forth below.

1. CONDITIONS. This Agreement will not take effect, and we will have no obligation to provide legal services, until you return a signed copy of this Agreement to **GIRARDI|KEESE**.

2. SCOPE OF SERVICES. You are hiring us as your attorneys to represent you in the matter of your claims relating to the incident that occurred on or about **September 9, 2010**. We will provide those legal services reasonably required to represent you. We will take reasonable steps to keep you informed of the progress of the matter, and to respond to your inquiries. If a court action is filed, we will represent you until a settlement or judgment, by way of arbitration or trial, is reached.

We will oppose any motion for a new trial or any other post-trial motions filed by an opposing party, or will make any appropriate posttrial motions on your behalf.

Unless we make a different Agreement with you in writing, this Agreement will govern all future services we may perform for you.

3. INSURANCE DISCLOSURE. **GIRARDI|KEESE** does not meet any of the criteria for errors and omissions (malpractice) coverage set forth in *Business and Professions Code* Section 6147.

4. CLIENT'S DUTIES. You agree to be truthful with us, to cooperate, to keep us informed of developments, to abide by this Agreement, to pay our bills for costs (if any) on time, and to keep us informed of your address, telephone number, and whereabouts. You agree to appear, if we so request, for all depositions and court appearances, and to generally cooperate fully with us in all matters related to the preparation and presentation of your claims.

5. LEGAL FEES, COSTS, AND BILLING PRACTICES. We will only be compensated for legal services rendered if a recovery is obtained for you.

EXHIBIT A
2
CONFIDENTIAL INFORMATION-
SUBJECT TO PROTECTIVE ORDER

USAO_GK_00005153



(a)  The fees to be paid to us will be **Twenty-Five percent (25%)** of the total recovery after costs (Section 7 herein) (the term "total recovery" means the total of all amounts received by settlement, arbitration award, or judgment.). The contingent fees are calculated based on the total recovery less reimbursement for unpaid costs and expenses as set forth in Paragraph 7, but before payment of liens (of health care providers or others) or other obligations of the Client(s). No fees will be charged on the property damage portion of the claim.

(b)  In the event of our discharge or withdrawal as provided in Paragraph 10, you agree that, on payment of the settlement, arbitration award or judgment in your favor in this matter, we shall be entitled to be paid by you a reasonable fee for the legal services provided by us to you and reimbursed for the costs and litigation expenses advanced by us on your behalf as provided in Paragraph 7.

6.  NEGOTIABILITY OF FEES. The rates set forth above are not set by law, but are negotiable between Attorney and Client.

7.  COSTS AND LITIGATION EXPENSES. We will incur various costs and expenses in performing legal services under this Agreement. In the event that we obtain a recovery on your behalf, you agree to pay for all costs, disbursements, and expenses paid or owed by you in connection with this matter, or that have been advanced by us on your behalf and that you have not previously paid or reimbursed to us, including, but not limited to, court fees, service of process charges, photocopy services, notary fees, computer-assisted legal research, long distance telephone charges, messenger and delivery fees, postage, in-office photocopying at $0.25 per page, facsimile charges, deposition costs, parking, mileage at $0.50 per mile, investigation expenses, consultants' fees, expert witness fees, and other similar items. All costs and expenses will be charged at our cost. *You will only be obligated to pay for the above-described costs, disbursements, and expenses if a recovery is obtained for you.*

Client authorizes Attorney to incur all reasonable costs and to hire any investigators, consultants or expert witnesses reasonably necessary in Attorney's judgment. Attorney shall not be obligated to obtain Client's consent before incurring any costs or in retaining outside investigators, consultants, or expert witnesses.

In the event that an award of costs is sought on your behalf in this action, you understand that the amount that the court may order as costs is the amount the court believes the party is entitled to recover, and does not necessarily determine what costs **G I R A R D I | K E E S E** is entitled to charge its clients or that only the costs that were allowed were reasonable. You agree that, whether or not attorney's fees or costs are awarded by the court in this action, you remain responsible for the payment in full, of all attorney's fees and costs in connection with this matter.

8.  APPROVAL NECESSARY FOR SETTLEMENT. We will not make any settlement or compromise of any nature of any of your claims without your prior approval. You agree that you will not make any settlement or compromise of any nature of any of your claims without prior notice to us.

9. LIMITATION OF REPRESENTATION. We are representing you only on the matter described in Paragraph 2. Our representation does not include independent or related matters that may arise, including, among other things, claims for property damage, workers' compensation, disputes with a health care provider about the amount owed for their services, defense of cross complaints on other matters, or claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy. If such matters arise later, you agree with us that this Agreement does not apply to any such related legal matters, and we will negotiate a separate Agreement if you wish to retain us for that additional legal work.

Unless we agree with each other by a separate Agreement, you will not be liable to compensate us for any such independent or related legal matter that is not specifically covered by this Agreement.

10. DISCHARGE AND WITHDRAWAL. You may discharge us at any time, on written notice to us, and we will immediately after receiving such notice cease to render additional services. Such a discharge does not, however, relieve you of the obligation to pay any costs incurred prior to such termination, and we have the right to recover from you the reasonable value of our legal services rendered from the effective date of this Agreement (Paragraph 15) to the date of discharge.

We may withdraw from representation of you (a) with your consent, (b) on court approval, or (c) if no court action has been filed, on reasonable notice to you.

11. CONCLUSION OF SERVICES. When our services conclude, all unpaid charges will immediately become due and payable. You authorize us to use any funds held in our trust account as a deposit against costs to apply to such unpaid charges. After our services conclude, we will, upon your request, deliver your file to you, along with any funds or property of yours in our possession.

12. LIEN. You hereby grant us a lien on any and all claims or causes of action that are the subject of our representation under this Agreement. Our lien will be for any sums owing to us for any unpaid costs, or attorney's fees, at the conclusion of our services. The lien will attach to any recovery you obtain, whether by arbitration award, judgment, settlement or otherwise.

13. DISCLAIMER OF GUARANTEE. Nothing in this Agreement and nothing in our statements to you will be construed as a promise or guarantee about the outcome of your matter. We make no such promises or guarantees. There can be no assurance that you will recover any sum or sums in this matter. Our comments about the outcome of your matter are expressions of opinion only.

14. ATTORNEY'S AUTHORITY. In connection with the claims covered by this Agreement, you hereby give us the power and authority to execute any and all claims, deposits, orders, and other papers that you could properly execute, and to receive on your behalf any monies or other things of value to which you may be entitled because of any judgment recovered or any settlement received.

**EXHIBIT A**
4
CONFIDENTIAL INFORMATION-
SUBJECT TO PROTECTIVE ORDER

USAO_GK_00005155

15. **EFFECTIVE DATE.** This Agreement will take effect when you have performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date we first performed services. Even if this Agreement does not take effect, you will be obligated to pay us the reasonable value of any services we may have performed for Client.

I/We have read and understood the foregoing terms and agree to them, as of the date **GIRARDI|KEESE** first provided services. If more than one party signs below, we agree to be liable jointly and severally for all obligations under this Agreement. By signing this Agreement, I/we acknowledge receipt of a fully executed duplicate of this Agreement.

**THE CLIENT(S):**

By: _____  10/01/2010
         J█████ R█████          DATE

Address: _____
         _____

Telephone: _____

**GIRARDI & KEESE:**

By: _____

4 of 4

**EXHIBIT A**
**5**

CONFIDENTIAL INFORMATION- SUBJECT TO PROTECTIVE ORDER

USAO_GK_00005156

We, the undersigned, have read the foregoing General Release and acknowledge our understanding of and agreement to the contents thereof.

Dated: January 10, 2013

By: ▆▆▆ R ▆▆▆

Current Address: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Dated: January 10, 2013

By: ▆▆▆ R ▆▆▆

Current Address: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Dated: January 10, 2013

By: K▆▆▆ R▆▆▆

Current Address: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

Dated: January 10, 2013

By: ▆▆▆ R▆▆▆

Current Address: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

APPROVED AS TO FORM AND CONTENT:

Dated: January 10, 2013

_____
Thomas V. Girardi
Robert W. Finnerty
GIRARDI | KEESE
Counsel for Plaintiffs J▆▆▆ R▆▆▆▆▆▆▆▆

## GENERAL RELEASE

This release is made with reference to the following facts:

The undersigned Releasors, J███ R███, J███ R███, K███ R███ and J███ R███, allege that they sustained damages as a result of the pipeline rupture in the Crestmoor neighborhood of San Bruno, California on September 9, 2010 (herein "the Accident").

1.  In exchange for and in consideration of a payment of the total sum of Fifty Three Million dollars ($53,000,000.00), the undersigned for themselves, any person claiming by or through them, and their predecessors, successors, assigns, attorneys, administrators, executors, estates, representatives, and heirs (collectively "Releasors"), hereby release and forever discharge and hold harmless Pacific Gas and Electric Company, PG&E Corporation, and all of their respective subsidiaries or affiliated companies (collectively "PG&E"), and any and all of their current and former shareholders, officers, directors, employees, agents, representatives, insurers, contractors, attorneys, predecessors, successors, parents, subsidiaries and affiliates, partners, assigns, heirs, representatives and executors, any and all other persons, entities, tortfeasors, and co-obligors whether now known or unknown or identified or unidentified (collectively including PG&E, the "Released Parties") from any and all claims, demands, causes of action, obligations, damages, losses and liabilities of any nature or kind whatsoever, asserted or unasserted, known or unknown, whether based upon tort, statutory or other legal theories of recovery and whether for compensatory or punitive damages, or statutory or other civil penalties, or any other form of damages, attorneys' fees, expert fees, costs, losses or expenses of any kind or nature, or injunctive, declaratory, or other form of equitable relief which the undersigned had in the past, now has, or may have in the future against the Released Parties, arising out of the Accident or in any way connected with any of the matters, conditions or events which are the subject of the Accident or related thereto, including but not limited to, any and all claims allegedly for:

   (i)   Past, present or future injury, illness, disease, condition or death of any Releasor, whether or not it has manifested itself as of the date this Release is executed;

   (ii)  Past, present or future medical expenses, treatment, evaluation, or monitoring of any kind or nature;

   (iii) Past, present or future lost earnings or income from any source, and/or lost earning capacity;

   (iv)  Past, present or future emotional distress, anxiety, pain and suffering, worry, fear, concern, or loss of consortium;

   (v)   Past, present or future psychiatric, psychological or counseling expenses, treatment, evaluation or monitoring of any kind or nature;

   (vi)  Actual or potential increased risk of future disease, injury, illness or condition;



(vii) Actual or anticipated expenses for past, present or future medical surveillance, examination or testing to guard against, or detect at an early stage, any future disease, injury, illness or condition;

(viii) Past, present or future injury or damage to any business or to any real property and/or residence, including any vegetation and trees thereof, and including injury to or loss of, the value thereof;

(ix) Past, present or future injury to, or loss of, personal property of any kind or nature, including but not limited to, crops, vehicles, animals and household effects of any kind or nature;

(x) Any damages allegedly sustained as a result of any medical evaluation, care or treatment provided at PG&E's expense;

(xi) Any damages claimed to be the result of any alleged fraud, concealment, representations or misrepresentations, or any other statements allegedly made by any of the Released Parties, or which Released Parties failed to make, concerning the Accident or any other matter which is in any way connected with any of the matters, conditions or events which are the subject of the Accident, or related thereto, or this Release;

(xii) Any damages allegedly incurred as a result of attempts to compromise or settle, the settlement of, or failure to settle any claim in any way connected with any of the matters, conditions or events which are the subject of the Accident, or related thereto, or this Release;

(xiii) Any damages allegedly incurred as a result of the prosecution, defense or conduct of any party or agent for any Released Parties.

Allocation of the settlement funds shall be determined by the undersigned who hereby agree to indemnify, defend, and hold Released Parties harmless from any and all claims, demands, causes of action, or disputes of any kind or nature related to the allocation of the settlement funds.

Prior to receipt of the payment stated herein, the undersigned may elect to receive some portion of the consideration in future periodic payments "structured settlement." The amount structured and payment schedule shall be determined by undersigned and provided to the structured settlement broker, prior to any settlement drafts being requested. The undersigned hereby acknowledge and agree that should a portion of the consideration be in the form of a structured settlement, PG&E will assign that future periodic payment obligation pursuant to Section 130c of the Internal Revenue Code of 1986, as amended, to a third party assignment company. Upon such assignment the undersigned acknowledge and agree to completely release and hold harmless PG&E from any and all claims, demands, causes of action, disputes, of any kind or nature related to those payments structured. The undersigned will look only to the assignee as the sole obligor for any and all matters relating to the assigned payments. If a structured settlement is hereby elected the undersigned agrees to effectuate a Structured Settlement Addendum to the General Release which will be attached hereto and incorporated therein. Undersigned acknowledge receipt of specimen Addendum at the time of signing this General Release.

2.      The Release herein is intended as a full, final and complete settlement and compromise of each and all of the undersigneds' claims against the Released Parties. Having the advice of counsel, the undersigned expressly waive and relinquish any and all rights and benefits whichthey may have against the Released Parties under Section 1542 of the Civil Code of the State of California, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICHTHE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST INHIS OR HER FAVOR AT THE TIME OF EXECUTING THERELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVEMATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THEDEBTOR.

The undersigned likewise waive and relinquish any and all rights and benefits whichthey may have against the Released Parties as a result of any law of any state or territory of the United States, or principal of common law, which is similar, comparable or equivalent to Section 1542 of the California Civil Code.

The undersigned acknowledge thattheymaydiscover facts in addition to or different from those whichtheynow know or believe to be true with respect to any of the matters, conditions or events which are the subject of the Accident, or related thereto, or the claims released herein, and thattheymay have sustained injuries, damages or claims which are presently unknown or unsuspected or which may be different in magnitude, type, causative agentor potency from injuries, damages or claims that are presently known or suspected, and that suchinjuries, damages or claims may give rise to additional losses or expenses in the future which arenot now anticipated. Nevertheless, the undersigned intend to fully, finally and forever settle andrelease any and all claims, known or unknown, suspected or unsuspected, contingent ornoncontingent, whether or not concealed or hidden which now exist, or heretofore have existedor which may exist in the future, upon any theory of law or equity now existing or coming intoexistence in the future including, but not limited to, conduct of the Released Parties which isnegligent, intentional, with or without malice or a breach of any duty, law or rule, without regardto the subsequent discovery or existence of such different or additional facts.

3.      The undersigned understand that the Released Parties deny the allegations in the Master Complaint and pleadings of the undersigned in the action entitled "In Re San Bruno Fire Litigation," JCCP 4648, and are making the payment set forth herein solely in compromise and settlement of doubtful and disputed claims.

4.      The undersigned further warrant and represent that there are no assignments in law or equity against the claim or cause of action of the undersigned herein released and further that the undersigned are fully entitled to and competent to give this complete release and discharge. This provision does not relate to the claims of the undersigneds' property insurance carrier, if any.

5.      The undersigned acknowledge thattheyarefully responsible for any liens, claims, rights to reimbursement, amounts or payments in respect of or for any and all attorneys' liens, Medicare claims, liens for medical or other life care services or care or provision by reason of any injury or loss whether caused directly or indirectly by the Accident.The undersigned agree to indemnify, defend, and hold harmless the Released Parties from any and all liens, claims, rights to reimbursement, amounts or payments in respect of or for any and all attorneys' liens,

Page 3 of 6



**EXHIBIT A**

**9**

CONFIDENTIAL INFORMATION-
SUBJECT TO PROTECTIVE ORDER

USAO_GK_00005177

Medicare claims, liens for medical or other life care services or care or provision by reason of any injury or loss whether caused directly or indirectly by the Accident.

The subrogation claims of the undersigned's property insurer, if any, is excepted from this release and the undersigned agrees thatthey will not submit any further claim or receive any further benefit from their property insurer that may give rise to any additional or further subrogation claims for any personal property loss caused directly or indirectly by the Accident.This release is not intended to affect and shall not affect the subrogation rights and/or causes of action of the undersigneds' property insurer, if any.

6. The undersigned agree to abandon and dismiss with prejudice any and all causes of action and claims in any way connected with any of the matters, conditions or events which are the subject of the Accident, or related thereto, or this Release and hereby instructs their attorneys to dismiss such causes of action with prejudice. The undersigned hereby assign andconvey to Released Parties and specifically PG&E any claims, causes of actions or any other rights which they may have against all other persons, entities, tortfeasors, and co-obligors whether now known or unknown or identified or unidentified which are in whole or in part responsible for the Accident.

7. The undersigned further declare and represent that no promise, inducement or agreement not herein expressed has been made to the undersigned, that this Release contains the entire agreement between the undersigned and Released Parties, and that the terms of this Release are contractual and not a mere recital. This Release shall be binding upon the undersigned's predecessors, successors, assigns, attorneys, administrators, executors, estates, representatives and heirs.

8. In entering into this release, the undersigned represent thatthey consulted with attorneys of their own choice, and haverelied on any advice provided by their attorneys, and that the undersigned have not relied on any statements or representations of any Released Party. The undersigned further represent thattheyhave discussed the terms of this General Release with attorneys of their choice, that the terms have been completely explained by said attorney, and those terms are fully understood and voluntarily accepted. Because the undersigned have reviewed the terms of this release, and have relied on the advice of their attorneys as to its terms and provisions, the usual rule that the provisions of a document are to be construed against the drafter does not apply to the interpretation of the provisions thereof. Otherwise, it is agreed that this General Release is entered into in the State of California and shall be construed and interpreted in accordance with its laws.

9. The undersigned covenant not to sue or aid in the prosecution of any lawsuit against any of the Released Parties regarding or in any way related to any of the claims released herein except as required by law. Released Parties may plead this General Release as a complete defense and bar to any action by any Releasor concerning any of the matters released herein.

10. The undersigned agree to indemnify and hold harmless the Released Parties from any loss, claim, expense, demand or cause of action of any kind or character asserted by any party or stranger hereto of a claim or claims released and from any loss incurred directly or indirectly by reason of the falsity or inaccuracy of any representation herein by the undersigned.

11. Releasor and Released Parties each shall bear their own attorneys' fees, expert fees, consultant fees, and costs in connection with this agreement and the matters and documents referred to herein, and all related matters.

Page 4 of 6

**EXHIBIT A**

CONFIDENTIAL INFORMATION-
SUBJECT TO PROTECTIVE ORDER

USAO_GK_00005178

12.  The terms of this General Release and all settlement discussions and negotiationspreceding this release shall remain confidential and shall not be disclosed by any parties to thisRelease or their agents or representatives (hereinafter "Party") to any other person or entitywithout the written consent of the other Party unless such disclosure is required by a court oradministrative agency, or otherwise required by law. In the event that a third party requests that a Party disclose the terms of this Release or the substance of any settlement discussion or negotiation and that Party believes that such disclosure is required by law, said Party shall notify the other Party of the request and the intention to comply prior to making such disclosure. Should the other Party contend that such disclosure is not required by law, then said Party may at its sole cost and expense take actions permitted by law to prevent such disclosure and shall defend and indemnify the Party wishing to make such disclosure from any and all claims, causes of action, costs, damages and expenses relating to or arising out of such preventative action. Notwithstanding the foregoing, each Party may disclose the terms of this Release and the settlement to theirrespective legal counsel, accountants, lenders, consultants and insurers, and may disclose this Release in any proceeding regarding enforcement or interpretation of this agreement. Further, PG&E may disclose the terms of this Release, settlement discussions, and negotiations in any communications or proceedings it may have with its insurance carriers, relating to coverage or claims of coverage arising out of or related to the Accident.

13.  Releasors agree to provide to PG&E, and cooperate with PG&Eand other persons and entities to secure for PG&E, at PG&E's expense, any and all requested information relating to the damages sustained by Releasors as a result of the Accident, including but not limited to medical reports, records relating to all past, present and future medical treatment as a result of the Accident,and documents regarding any and all other damages as a result of the Accident, which may be provided to PG&E's insurance carrier(s), relating to coverage or claims of coverage arising out of or related to the Accident.

14.  This Release is enforceable pursuant to the terms of this Release and California Code of Civil Procedure section 664.6.

15.  All parties agree to cooperate fully and execute any and all supplementary documentsand to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release.

16.  Should any portion of this Release be declared void and unenforceable, such portion(s) shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

/ / /

/ / /

/ / /

/ / /

We, the undersigned, have read the foregoing General Release and acknowledge our understanding of and agreement to the contents thereof.

Dated: January 10, 2013

By: ███████████

J███ R███████

Current Address: ███████████

Dated: January 10, 2013

By: ███████████

J███ R███████

Current Address: ███████████

Dated: January 10, 2013

By: ███████████

K███ R███████

Current Address: ███████████

Dated: January 10, 2013

By: ███████████

J. R███████

Current Address: ███████████

APPROVED AS TO FORM AND CONTENT:

Dated: January 10, 2013

_____
Thomas V. Girardi
Robert W. Finnerty
GIRARDI | KEESE
Counsel for Plaintiffs J███ R███████

Torrey Pines Bank

Incoming Wire - Advice of Credit
_____
Date   01/24/2013                    Wire Create Time: 1117

```
Account #           ▉▉▉▉▉▉▉▉
Amount         : $28,000,000.00
GFX Reference  : ▉▉▉▉▉▉▉▉▉▉
Sending Bank   : ▉▉▉▉▉▉▉▉
Sender Name    : PACIFIC GAS & ELECTRIC CO
BANK RECONCILIATION UNIT

77 BEALE ST MAILCODE B7A

SAN FRANCISCO CA 94105-1814



Beneficiary        ▉▉▉▉▉▉▉▉▉
GIRARDI KEESE CLIENT TRUST ACCOUNT


Beneficiary Info (OBI):
REF: R▉▉▉▉▉▉



Bank to Bank Info (BBI):


Reference for Beneficiary (RFB):
```

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Please do not respond to this email address as it is an unmonitored mailbox.

CONFIDENTIAL INFORMATION-
SUBJECT TO PROTECTIVE ORDER

USAO_GK_00005054

**EXHIBIT A**
**13**

Exhibit 5
Page 1 of 1

| | |
|---|---|
| **From:** | Chris K. Kamon |
| **To:** | Chris Aumais |
| **Cc:** | Rita Juarez |
| **Subject:** | ruigomez #2010225 |
| **Date:** | Thursday, June 27, 2019 3:18:13 PM |
| **Attachments:** | 2010225 ▇▇▇ 090314 CONSENT_050319.xlsx |

Attached is the breakdown of payments and what looks to be owed based on the consents I found.

CONFIDENTIAL INFORMATION-
SUBJECT TO PROTECTIVE ORDER
**EXHIBIT A**
**14**
USAO_GK_00003535

Exhibit 90
Page 1 of 6

2010225 ▉

| | | | OPTION#1 | OPTION#2 | OPTION#3 |
|---|---|---|---|---|---|
| SETTLEMENT | | | $ 53,000,000.00 | $ 50,750,000.00 | $ 50,750,000.00 |
| BHG STRUCTURED SETTLEMENTS | | | $ 25,000,000.00 | $ 25,000,000.00 | $ 25,000,000.00 |
| FEES | | | $ 13,250,000.00 | $ 12,687,500.00 | $ 12,687,500.00 |
| COSTS | | | $ 840,599.55 | $ 840,599.55 | $ 840,599.55 |
|     R▉ | $ | 793,707.37 | | | |
|     SB GENERAL | $ | 46,892.18 | | | |
| LIENS | | | $ 915,833.48 | $ 915,833.48 | $ 915,833.48 |
|     ABC/MRC | $ | 866,184.00 | | | |
|     AMG | $ | 3,200.00 | | | |
|     AH | $ | 2,400.00 | | | |
|     CSB | $ | 17,382.48 | | | |
|     MK | $ | 13,000.00 | | | |
|     STFMH | $ | 13,250.00 | | | |
|     UCSF | $ | 417.00 | | | |
| OUTSTANDING LIENS | | | $ 1,000,000.00 | $ 1,000,000.00 | $ 1,000,000.00 |
| COMMON BENEFIT COSTS | | | $ 375,000.00 | $ 125,000.00 | $ 375,000.00 |
| INTEREST(not deducted from settlement) | | | $ 611,243.94 | | |
|     J▉ | $ | 90,000.00 | | | |
|     K▉ | $ | 90,000.00 | | | |
|     J▉ | $ | 24,998.94 | | | |
|     J▉ | $ | 406,245.00 | | | |
| PARTIAL NET RECOVERY | | | $ 200,000.00 | | |
|     J▉ | $ | 100,000.00 | | | |
|     K▉ | $ | 100,000.00 | | | |
| NET RECOVERY | | | $ 11,418,566.97 | $ 10,181,066.97 | $ 9,931,066.97 |

2010225 ▇▇▇▇

| | | | |
|---|---|---|---|
| SETTLEMENT - J▇▇▇ | | | $ 50,750,000.00 |
| BHG STRUCTURED SETTLEMENTS | | | $ 25,000,000.00 |
| FEES | | | $ 12,687,500.00 |
| COSTS | | | $    840,599.55 |
|    R▇▇▇▇ | $ | 793,707.37 | |
|    SB GENERAL | $ | 46,892.18 | |
| LIENS* | | | $  1,278,848.48 |
|    ABC/MRC | $ | 866,184.00 | |
|    AMG | $ | 3,200.00 | |
|    AH | $ | 2,400.00 | |
|    CSB | $ | 17,382.48 | |
|    MK | $ | 151,015.00 | |
|    STFMH | $ | 13,250.00 | |
|    TTAOMWLSC | $ | 225,000.00 | |
|    UCSF | $ | 417.00 | |
| COMMON BENEFIT COSTS | | | $    375,000.00 |
| PAYMENTS MADE AS OF 05/02/2019* | | | $   (866,660.00) |
| NET RECOVERY** | | | $ 10,568,051.97 |

$ 9,701,391.97   Balance Due as of 050319

*Reflect liens paid.  Do no know if additioanl liens are pending
**Not deducted from net recovery
***Does not include any payments made to client

**EXHIBIT A 16**

2010225 ▬▬▬▬

| | | |
|---|---|---|
| SETTLEMENT - J▬▬▬ | $ | 1,000,000.00 |
| FEES | $ | 250,000.00 |
| PAYMENTS MADE AS OF 05/02/2019* | $ | (764,050.00) |
| NET RECOVERY** | $ | 750,000.00 |

*Not deducted from net recoery                                    $ (14,050.00) Balance Due as of 050319
**Does not reflect any lien payments or pending lien payments

**EXHIBIT A**
**17**

2010225 ███████

| | | |
|---|---|---|
| SETTLEMENT - K███████ | $ | 1,000,000.00 |
| FEES | $ | 250,000.00 |
| PAYMENTS MADE AS OF 05/02/2019* | $ | (439,978.73) |
| NET RECOVERY** | $ | 750,000.00 |

*Not deducted from net recoery  $ 310,021.27  Balance Due as of 050319
**Does not reflect any lien payments or pending lien payments

**EXHIBIT A 18**

2010225 ▮▮▮▮▮▮▮

| | | |
|---|---|---|
| SETTLEMENT - J▮▮▮▮ | $ | 250,000.00 |
| FEES | $ | 62,500.00 |
| PAYMENTS MADE AS OF 05/02/2019* | $ | (99,370.94) |
| NET RECOVERY** | $ | 187,500.00 |

$ 88,129.06  Balance due as of 050319

*Not deducted from net recoery
**Does not reflect any lien payments or pending lien payments

**EXHIBIT A**
**19**