**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>        v.<br>THOMAS VINCENT GIRARDI,<br>    Defendant. | Case No. 2:23-CR00047-JLS<br><br>**ORDER REQUIRING BRIEFING ON APPLICABILITY OF 18 U.S.C. § 4244** |

    The Court has reviewed the parties' sentencing position papers filed in this case. Defendant argues in his papers that, given defendant's age and decline in mental health, the Court should sentence him to "lifetime confinement to a medical facility." (*See* Doc. 421 at 5, 16, 18.)  However, neither Defendant nor the Government filed a motion pursuant to 18 U.S.C. § 4244 for a hearing on the present mental condition of Defendant, or otherwise identify this statutory provision in their sentencing papers.

    Section 4244 provides as follows:

> A defendant found guilty of an offense, or the attorney for the Government, may, within ten days after the defendant is found guilty, and prior to the time the defendant is sentenced, file a motion for a hearing on the present mental condition of the defendant if the motion is supported by substantial information indicating that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. The court shall grant the motion, *or at any time prior to the sentencing of the defendant shall order such a hearing on its own motion, if it is of the opinion that there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility.*

18 U.S.C. § 4244(a) (emphasis added).

Section 4244(d) further provides as follows:

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment, the court *shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for care or treatment in a suitable facility.* Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty.

18 U.S.C. § 4244(d) (emphasis added).

The inquiry made under Section 4244 is independent of whether Defendant is competent to stand trial or proceed with sentencing, which is determined pursuant to 18 U.S.C. § 4241. Section 4244 "provides for provisional sentencing of a competent defendant who is 'presently suffering from a mental disease or defect' and who 'should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care and treatment.'" *United States v. Gigante*, 989 F. Supp. 436, 438 (E.D.N.Y. 1998). Moreover, "the decision to have a § 4244 hearing is not discretionary once the district court has

reasonable cause to believe that the defendant's mental disease requires hospitalization." *United States v. Lizama*, 13 F. App'x 738, 740 (9th Cir. 2001)

This Court has already held a hearing and found Defendant competent to stand trial. (Doc. 150.) Further, the Court recently reaffirmed its decision on competency in the context of post-trial motions by Defendant. (Doc 416). However, the parties' briefing is directed to whether Defendant should be sentenced to a custodial term or to another suitable facility based on his age and mental status, and the Court's independent research causes it to believe that a Section 4244 hearing may be necessary in these circumstances.

Accordingly, the Court HEREBY ORDERS the parties to meet and confer on this issue by the end of the day today and file their positions with the Court no later than noon on Wednesday, December 18, 2024. The submissions should be no more than five (5) pages long. The Court will then apprise the parties as to whether the sentencing hearing will proceed on Friday, December 20, 2024.

**IT IS SO ORDERED.**

DATED: December 16, 2024

                                                HON. JOSEPHINE L. STATON
                                                United States District Judge