CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
SAMUEL CROSS (Bar No. 304718)
Email: Samuel_Cross@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012
Tel: 213-894-2854
Fax: 213-894-0081

Attorneys for Defendant
Thomas Vincent Girardi

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>THOMAS VINCENT GIRARDI,<br><br>　　　　　　Defendant. | Case No. CR-23-47-JLS-1<br><br>**THOMAS GIRARDI'S POSITION IN RESPONSE TO THE COURT'S DECEMBER 16, 2024, ORDER AND REQUEST FOR HEARING UNDER 18 U.S.C. § 4244** |

As the Court's recent Order correctly suggests, it *must* hold a hearing under 18 U.S.C. § 4244 to determine whether Tom Girardi is presently suffering from a mental disease or defect and should be committed to a suitable facility for care or treatment. Several points compel this conclusion.

*First*, § 4244 applies here. The statute, by its plain and unambiguous terms, covers a defendant who has been "found guilty of an offense" but has not yet been "sentenced." 18 U.S.C. § 4244(a). Indeed, the very purpose of § 4244 is "to provide a hearing to determine if hospitalization of a defendant is necessary in lieu of incarceration, as is clear from the title 'Hospitalization of a convicted person suffering from mental disease or defect.'" *United States v. Osoba*, 213 F.3d 913, 915 (6th Cir. 2000).

*Second*, the Court must conduct a hearing *sua sponte* if there is "reasonable cause" to believe that the defendant may presently be suffering from a mental disease or defect and should be committed to a suitable facility for care or treatment. 18 U.S.C. § 4244(a) (explaining, in clear terms, that the Court "*shall* order such a hearing on its own motion" (emphasis added)). Put another way, so long as reasonable cause exists, the decision to conduct a hearing is "not discretionary." *United States v. Lizama*, 13 F. App'x 738, 740 (9th Cir. 2001) (unpublished) (explaining that "[a] hearing is required when the district court has 'reasonable cause' to believe that the defendant has a mental defect and requires treatment outside of prison for that defect"); *accord United States v. Callahan*, 800 F.3d 422, 423 (8th Cir. 2015) (explaining that § 4244(a) "*requires* the district court to hold a hearing" if reasonable cause exists (emphasis added)); *United States v. Jensen*, 639 F.3d 802, 804 (8th Cir. 2011) (explaining that "the statute on its face *required* the court to order a hearing" when the defendant suffered from certain mental impairments) (emphasis added)).

Here, Mr. Girardi's sentencing memorandum and supporting documents—as well as the trial evidence and competency proceedings—supply substantial information indicating that Mr. Girardi is presently suffering from a mental disease or defect and

1

should be committed to a suitable facility for care or treatment. Among other things, multiple defense experts have opined that Mr. Girardi suffers from dementia, *see, e.g.*, Docket No. 106; the government's trial expert opined that Mr. Girardi has had LATE since at least 2020, *see* 2024-8-21, Docket No. 372 at 2255:18-25; and the government was "happy to concede [at trial] that he's got potentially mild dementia or even moderate today," 2024-8-15 Tr., Docket No. 369 at 1518:25-1519:1. As the Court itself recently wrote: "[t]hat Defendant suffers from some cognitive issue is not disputed, and the experts who treated and/or examined Defendant agree generally that this assessment had support." Order Denying Motion for New Trial, Docket No. 416 at 7. Further, the *only* evidence presently before the Court about BOP's ability to care for and treat Mr. Girardi's mental condition indicates that it cannot do so. *See* Docket No. 421-1 ¶¶ 35-44. This is far more than "reasonable cause" to conduct a § 4244 hearing. *See Jensen*, 639 F.3d at 806 (finding "reasonable cause" to believe defendant may need care or treatment where record suggested presence of mental diseases or defects from multiple causes or aggravators, including "traumatic brain injury").

*Third*, the Court's prior determination that Mr. Girardi was competent to stand trial in no way obviates the requirement that it now conduct a § 4244 hearing. As the Eighth Circuit has explained, "[t]he current statutory regime establishes separate standards for these distinct situations and requires a greater and more specific showing to establish a lack of competency [to stand trial] than to trigger the procedures and provisional sentencing option of § 4244." *Jensen*, 639 F.3d at 805. Indeed, it is "consistent with the statutory regime to seek a hearing in good faith pursuant to § 4244(a) even though the separate question of competency pursuant to § 4241 may not have presented a close issue in a particular case." *Id.*; *see also United States v. Abou-Kassem,* 78 F.3d 161, 165 (5th Cir. 1996) (observing that "[t]he relevant standards differ," and explaining that "[t]he standard under [§] 4241 asks more and is significantly more onerous than the relevant test under [§] 4244"); *United States v. Roberts*, 915 F.2d 889, 892 (4th Cir. 1990) (explaining that these statutes "apply to

different types of mentally ill patients who cannot be lumped together into a group consisting of people with mental problems facing federal prosecution"). Although Mr. Girardi respectfully disagrees with the Court's competency determination, he is at least entitled to a hearing on whether hospitalization is necessary in lieu of incarceration.

*Fourth*, and finally, holding a § 4244 hearing would be consistent with the Court's overarching duty to impose a punishment that is "sufficient, but not greater than necessary" to achieve the purposes of sentencing. 18 U.S.C. § 3553(a). Indeed, a hearing would—at a bare minimum—aid the Court in determining how "to provide the defendant with needed . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D); *see also* 18 U.S.C. § 4244(b) (envisioning the need for a medical report that "include[s] an opinion by the examiner concerning the sentencing alternatives that could best accord the defendant the kind of treatment he does need"). And the procedures contemplated by § 4244 promote several compelling governmental interests, including "(1) protecting mentally ill prisoners who might be at substantial risk if placed in the general prison population; (2) ensuring the safety of other inmates; and (3) providing humanitarian treatment for mentally ill inmates." *Jensen*, 639 F.3d at 805–06 (quoting *Abou-Kassem,* 78 F.3d at 165).

At bottom, the Court is correct to believe that a § 4244 hearing is "necessary in these circumstances." Order Requiring Briefing on Applicability of 18 U.S.C. § 4244, Docket No. 431 at 4. Mr. Girardi respectfully requests such a hearing on his present mental condition and need for hospitalization.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  December 18, 2024          By  */s/ Charles J. Snyder*

CHARLES J. SNYDER
Attorney for Thomas Girardi