CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
CHARLES J. SNYDER (Bar No. 287246)
Email: Charles_Snyder@fd.org
SAMUEL CROSS (Bar No. 304718)
Email: Samuel_Cross@fd.org
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012
Tel: 213-894-2854
Fax: 213-894-0081

Attorneys for Defendant
Thomas Vincent Girardi

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>THOMAS VINCENT GIRARDI,<br><br>                    Defendant. | Case No.  CR-23-47-JLS-1<br><br>**THOMAS GIRARDI'S OPPOSED EX PARTE APPLICATION TO CONTINUE HEARING UNDER 18 U.S.C. § 4244** |

Tom Girardi, through counsel, applies <u>ex parte</u> for a one- or two-week continuance of the evidentiary hearing currently set for tomorrow, May 8, 2025, at 2:00 p.m., or, alternatively, for an order vacating the hearing pending further information.  Mr. Girardi bases this application on the attached memorandum and sealed declaration of Alejandra Gomez, the files and records in this case, and any other argument or evidence that the Court may consider.  The government opposes this application and states its position as follows:

Defendant has a right to "be afforded an opportunity to testify" at the hearing.  <u>See</u> 18 U.S.C. 4247(d).  However, a continuance of the witness testimony that is scheduled for tomorrow is not necessary to satisfy that statutory requirement.  The Court should bifurcate the hearing and allow the four witnesses (two from the government, two from the defense) who have arranged their schedules to appear at the hearing to testify as

currently scheduled.  Indeed, the hearing was previously continued for nearly one month to accommodate the schedules of the various witnesses, who have gone to great lengths to make themselves available.  (Dkt. Nos. 467, 472.)

Defense counsel has taken the position throughout these proceedings that defendant is not able to assist them.  Proceeding with witness testimony tomorrow in defendant's absence is consistent with that position and will not prejudice defense counsel's ability to examine the witnesses who are scheduled to testify.  The Court and the parties can revisit scheduling the conclusion of the 4244 inquiry, to include defendant's decision whether or not to testify, at a later date.

Defendant has been convicted of serious crimes that have negatively impacted victims who have the "right to proceedings free from unreasonable delay."  18 U.S.C. 3771 (a)(7).  The Court should mitigate the effects of any additional delay by keeping the witness testimony on calendar for tomorrow.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  May 7, 2025          By  /s/ Charles J. Snyder

CHARLES J. SNYDER
SAMUEL CROSS
Attorney for Thomas Girardi

1              **MEMORANDUM**

2              Under 18 U.S.C. § 4244, this Court previously ordered an evaluation and

3       hearing to determine whether Tom Girardi is suffering from a mental disease or defect

4       that requires his placement in a suitable facility rather than imprisonment.  Docket No.

5       439.  That hearing is presently set for tomorrow, May 8, at 2:00 p.m.  At approximately

6       11.30 a.m. on May 7, an investigator on Mr. Girardi's defense team learned that he was

7       taken from his memory-care facility to an emergency room by ambulance, where he

8       was then under evaluation.  At approximately 2.30 p.m. on May 7, the defense team

9       learned that Mr. Girardi was being admitted to the hospital due to liver dysfunction, and

10      that he will likely remain there for multiple days.  Given Mr. Girardi's age and current

11      condition, it is virtually certain that he will not be medically able to attend the

12      evidentiary hearing scheduled for tomorrow.

13             18 U.S.C. § 4244(c) states that the hearing contemplated by § 4244(a) "shall be

14      conducted pursuant to the provisions of section 4247(d)."  18 U.S.C. § 4247(d), in turn,

15      affords Mr. Girardi "an opportunity to testify, to present evidence, to subpoena

16      witnesses on his behalf, and to confront and cross-examine witnesses who appear at the

17      hearing."  The Sixth Amendment further provides Mr. Girardi "the right to be present at

18      any stage of the criminal proceeding that is critical to its outcome if his presence would

19      contribute to the fairness of the procedure."  Kentucky v. Stincer, 482 U.S. 730, 745

20      (1987); see Rushen v. Spain, 464 U.S. 114, 117 (1983) ("Our cases recognize that the

21      right to personal presence at all critical stages of the trial . . . [is a] fundamental right[]

22      of each criminal defendant."); see also United States v. Gagnon, 470 U.S. 522, 527

23      (1985) (per curiam) (same).  Because evidentiary sentencing proceedings affecting Mr.

24      Girardi's liberty are inarguably a critical phase, conducting tomorrow's hearing without

25      his presence would violate both § 4247 and the Constitution.

26             The government nonetheless seeks to go forward with Mr. Girardi in the

27      hospital based on the form waiver that he signed in January 2024.  But that waiver

28      expressly does not apply to sentencing proceedings.  See Docket No. 51 ("except upon

                                            1

1    arraignment, plea, impanelment of a jury and imposition of sentence"). At a minimum,

2    it does not clearly address sentencing-related proceedings under 18 U.S.C. §§ 4244 and

3    4247.[1] To be valid, however, the waiver must be knowing, voluntary, and intelligent,

4    reflecting "a full awareness of both the nature of the right being abandoned and the

5    consequences of the decision to abandon it." Moran v. Burbine, 475 U.S. 412, 421

6    (1986); see also Godinez v. Moran, 509 U.S. 389, 401 n.12 (1993) ("The purpose of the

7    'knowing and voluntary' inquiry . . . is to determine whether the defendant actually

8    does understand the significance and consequences of a particular decision and whether

9    the decision is uncoerced."). It can hardly be said that, when signed, Mr. Girardi

10   understood that he would be precluded from participating in evidentiary sentencing

11   proceedings, without consultation, due to an involuntary hospitalization.

12        The government alternatively suggests that the hearing can be bifurcated, and

13   that Mr. Girardi need not be present for the taking of testimony other than his own. But

14   Mr. Girardi's right to be present applies to all phases of the hearing. Further, while the

15   defense has maintained that Mr. Girardi is not competent to assist in his defense, the

16   Court has repeatedly held otherwise at the government's insistence. There are few

17   proceedings at which a competent defendant's presence is more critical than contested

18   evidentiary matters where the defendant personally participated in the relevant events.

19        While the government's desire to conclude this process is understandable, going

20   forward without Mr. Girardi's presence, at a critical stage, where he has a statutory

21   right to participate, while he is hospitalized and unable to communicate with counsel,

22   would be legally wrong and inject a needlessly high risk of error into this phase of the

23   proceedings. As John Wooden famously said: "If we don't have time to do it right,

24

---

25        [1] The language of the waiver is generally imprecise. For example, it states that Mr.
     Girardi waives his presence "except upon arraignment, plea, impanelment of a jury and

26   imposition of sentence." Docket No. 51 (emph. added). But nobody would seriously
     contend that his waiver includes opening statements, the presentation of evidence, and

27   closing arguments at trial, as opposed to literal jury impanelment. By the same token,
     reading "imposition of sentence" to include only the actual pronouncement of sentence,

28   but not evidentiary proceedings related to the imposition of sentence, would be overly
     restrictive, particularly absent clear evidence that Mr. Girardi possessed that
     understanding when he signed the waiver.

1    when will we have time to do it over?"  Based on the concurrently-filed declaration of

2    Alejandra Gomez, and for the reasons above, the Court should either continue the

3    current hearing date by one or two weeks, or vacate the hearing pending further

4    information.

5

6                                          Respectfully submitted,

7                                          CUAUHTEMOC ORTEGA
                                           Federal Public Defender
8
     DATED:  May 7, 2025           By  /s/ Charles J. Snyder
9                                      _____

10                                         CHARLES J. SNYDER
                                           Attorney for Thomas Girardi
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          3