CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
SAMUEL CROSS (Bar No. 304718)
(E-Mail: sam_cross@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
THOMAS VINCENT GIRARDI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>THOMAS VINCENT GIRARDI,<br><br>        Defendant. | Case No. CR 23-47-JLS-1<br><br>**REPLY IN SUPPORT OF DEFENDANT GIRARDI'S MOTION FOR BAIL PENDING APPEAL** |

Defendant Thomas Vincent Girardi, by and through his counsel of record, Deputy Federal Public Defender Samuel Cross, hereby submits his Reply in support of his Motion for Bail Pending Appeal, ECF No. 554, and in response to the government's Opposition to that Motion, ECF No. 566.

                    Respectfully submitted,

                    CUAUHTEMOC ORTEGA
                    Federal Public Defender

DATED: July 25, 2025        By  /s/ Samuel Cross
                    SAMUEL CROSS
                    Deputy Federal Public Defender
                    Attorney for THOMAS VINCENT GIRARDI

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................... 1

II. ARGUMENT ........................................................................................................... 2

    A. United States v. Handy cabins likelihood of reversal to the type of question presented, and imposes the low bar of fair debatability on the merits of the arguments raised. ............................................................... 2

    B. Handy and 18 U.S.C. § 3143 do not require an appeal to present novel questions of law, as other district judges in this District have recognized. ............................................................................................... 6

    C. Mr. Girardi's raises questions that are at least "fairly debatable." .............. 8

        1. Suppression ......................................................................................... 8

        2. Competency ........................................................................................ 9

III. CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Bisno v. United States,
    299 F.2d 711 (9th Cir. 1961) ............................................................................... 8, 9

Katz v. United States,
    389 U.S. 347 (1967) ............................................................................................. 8

Medina v. California,
    505 U.S. 437 (1992) ........................................................................................... 10

Parr v. United States,
    363 U.S. 370 (1960) ............................................................................................. 3

United States v. Bennett
    (C.D. Cal. Dec. 23, 2024) ................................................................................. 7, 9

United States v. Handy,
    761 F.2d 1279 (9th Cir. 1985) ..................................................................... *passim*

United States v. Jones,
    565 U.S. 400 (2012) ............................................................................................. 8

United States v. Redholtz
    (C.D. Cal. Jul. 22m 2025) ................................................................................. 7, 9

United States v. Sullivan,
    797 F.3d 623 (9th Cir. 2015) ............................................................................... 7

United States v. Ward,
    747 F.3d 1184 (9th Cir. 2014) ............................................................................. 3

**Statutes**

18 U.S.C. § 3143 ........................................................................................................ 6

18 U.S.C. § 3143(b) ........................................................................................ 1, 2, 8, 9

Bail Reform Act ...................................................................................................... 11

**Constitutional Authorities**

Fourth Amendment ........................................................................................... 1, 8, 9

Sixth Amendment ...................................................................................................... 8

## I. INTRODUCTION

The government's Opposition to Mr. Girardi's Motion for Bail Pending Appeal appropriately concedes that he is neither likely to flee nor pose a danger to the community, and that his Motion ("Mot." or "Motion") is not submitted for the purpose of delay. Gov't Opp. ("Opp.") 1 n.1, ECF No. 566. The government thus agrees that Mr. Girardi should be admitted to bail pending appeal if any of the four issues discussed in his Motion "raise[] a substantial question of law or fact likely to result in reversal or an order for a new trial." 18 U.S.C. § 3143(b). But, although the government dutifully recites Ninth Circuit precedent governing the meaning of this statutory text, it fails to correctly apply that standard. See United States v. Handy, 761 F.2d 1279 (9th Cir. 1985).

With one partial exception, the government does not even address whether Mr. Girardi's four issues present questions "likely to result in reversal or an order for a new trial."[1] And, critically, the government's Opposition merely restates its disagreement with each of Mr. Girardi's arguments, and defends the Court's prior rulings, without addressing sufficiently the applicable standard: whether Mr. Girardi raises "fairly debatable" issues that are "of more substance than would be necessary to a finding that [they were] not frivolous." Handy, 761 F.2d at 1283. Because of this significant defect in the government's presentation, this Reply discusses and applies the Handy standard in some depth, and discusses its specific application to two of the issues Mr. Girardi previously raised.

---

[1] The partial exception is the government's brief argument that, in illegally collaborating with and benefitting from the Bankruptcy Trustee's violation of Mr. Girardi's Fourth Amendment rights, it acted in good-faith reliance upon its interpretation of precedent, and that therefore, Mr. Girardi's Motion to Suppress would not have been case-dispositive if granted. See Opp. 7. This argument, raised for the first time in the Opposition, offers (briefly) a defense to suppression it would be the government's burden to assert, if it were found the government had indeed violated Mr. Girardi's Fourth Amendment rights, and would be by no means certain to prevail. Thus, if Mr. Girardi prevailed on appeal, as explained further in Section II(A), infra, a substantial issue likely to result in reversal would be raised within the meaning of 18 U.S.C. § 3143(b).

1

Because Mr. Girardi raised four issues that are "fairly debatable" on appeal, bail pending that appeal is warranted. Id. at 1281.

## II.  ARGUMENT

**A.  United States v. Handy cabins likelihood of reversal to the type of question presented, and imposes the low bar of fair debatability on the merits of the arguments raised.**

Handy, the authoritative Ninth Circuit interpretation of 18 U.S.C. § 3143(b), addressed whether the statute's requirement that a motion for bail pending appeal "raise[] a substantial question of law or fact likely to result in reversal or an order for a new trial" means that a defendant's appellate arguments themselves must be likely to prevail on appeal. The Circuit answered in the negative, explaining:

> The government contends that the disputed phrase plainly limits bail pending appeal to defendants who can demonstrate that they will probably prevail on appeal. Handy argues that, properly interpreted, "substantial" defines the <u>level of merit</u> required in the question presented and "likely to result in reversal or an order for a new trial" defines the <u>type of question</u> that must be presented. The Third Circuit has recently adopted the view urged by Handy, United States v. Miller, 753 F.2d 19 (3d Cir. 1985), as has the Eleventh Circuit, United States v. Giancola, 754 F.2d 898 (11th Cir. 1985).
> We adopt that interpretation of the statute as well.

Handy, 761 F.2d at 1280 (original emphasis).  Thus, likelihood of reversal or an order for a new trial is a question about <u>what relief</u> a defendant would be entitled to from the appellate court <u>were the defendant to prevail fully on appeal</u> and bracketing the question of that appeal's merits, which is fully addressed by the test's other, "substantial question" prong.

The government largely omits to address the "what relief?" question as applied to Mr. Girardi's four arguments.  For example, as to Mr. Girardi's argument that the Court erred by instructing the jury on the contents of an attorney's ethical obligations, rather

2

than requiring the government to prove those obligations by competent evidence, the government simply argues a) that "the Court soundly rejected his argument"; b) that the Court was right to do so; and c) that the Court did not err because it offered limiting language in its instruction. Opp. 10, 11–13, 13. This may go to the strength of the argument, but not to the argument's effect if it prevailed. But, as argued in Mr. Girardi's Motion, if such error constructively amended the counts charged in the Indictment, reversal would almost surely be warranted. Mot. 8–12; see United States v. Ward, 747 F.3d 1184, 1189, 1193 (9th Cir. 2014) (explaining that "characterizing an instruction as a constructive amendment typically mandates reversal," and reversing because the district court constructively amended the Indictment).

So too, and in an even more summary fashion, the government simply states that the Court ruled correctly as to Mr. Girardi's argument that Parr v. United States, 363 U.S. 370 (1960), precludes convictions based on inbound settlement wires; and that in its view Mr. Girardi was indeed competent throughout the proceedings. Opp. 14–16, 16–21. But to argue the Court was right, or to recite the standard of review applicable on various portions of the appeal, is simply not responsive to the question of what relief Mr. Girardi would be entitled to were he to prevail. The government may claim these arguments don't "pose a substantial question likely to result in reversal on appeal," but the claim is a) unsupported by any argument and b) wrong in any case. Id. at 21. Rather, as explained in Mr. Girardi's Motion, and the underlying trial documents, convicting him on an inapplicable theory of criminal liability would result in reversal on three of four counts of conviction, and trying and sentencing an incompetent man would also result in reversal. Mot. 14, 15–19. The government could not contend otherwise.

This distinction matters because, if collapsed, it invites the Court simply to determine that the defense is "unlikely" to prevail on appeal because the Court did indeed rule as it did, and has not since changed its mind. Hence the character of most of the government's arguments—repeating the analysis it offered in its original briefing

and/or claiming that the Court was simply correct, or discussing standards of review, rather than discussing whether room for disagreement exists amongst jurists of reason as to those appellate questions themselves. This was precisely the tack the government allowed itself overtly to take in Handy, of course, and which was soundly, precedentially rejected by Judge Reinhardt, writing for the majority:

> [R]equiring the defendant to demonstrate to the district court that its ruling is likely to result in reversal is tantamount to requiring the district court to certify that it believes its ruling to be erroneous. Such an interpretation of the [Bail Reform] Act would make a mockery of the requirement of [Federal Rule of Appellate Procedure] 9(b) that the application for bail be made in the first instance in the district court. We do not think Congress intended to invalidate that requirement sub silentio and thereby to vest exclusive authority over post-sentencing bail motions in appellate courts. In fact, the new version of 18 U.S.C. § 3141 adopted in the Act, see Bail Reform Act of 1984, Pub. L. No. 98–473, § 203, 98 Stat. 1981, makes it plain that such was not the intent of Congress.

Handy, 761 F.2d at 1281.

The distinction between voluntary self-reversal and recognition of a legally debatable issue is a subtle one, which the Handy court spent most of its opinion addressing, in order to clarify it. As the Handy court explained, the analytical exercise is similar to the district court's decision about whether to grant or withhold a certificate of probable cause in a habeas matter where the court has denied relief but allows, on appeal, that the petition nevertheless raises a "substantial question . . . one that poses issues debatable among jurists of reason[.]" Handy, 761 F.2d at 1282 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (internal quotation marks omitted)). The "substantial question" analysis thus does not depend necessarily on whether the Court agrees with its reasoning and conclusion on a previous occasion—by hypothesis, it does—but rather, stepping back from its previous analysis of the facts and law,

whether the Court can imagine a different jurist, perhaps differently inclined and differently intellectually complected, who might respectfully disagree. This exercise, more thought experiment than pure analysis, is what the Handy court was getting at when it quoted Justice Douglas:

> The first consideration is the soundness of the errors alleged. Are they, or any of them, likely to command the respect of the appellate judges? It is not enough that I am unimpressed. I must decide whether there is a school of thought, a philosophical view, a technical argument, an analogy, an appeal to precedent or to reason commanding respect that might possibly prevail[.]

Handy, 761 F.2d at 1281 (quoting Herzog v. United States, 75 S. Ct. 349, 351 (1955) (Douglas, J.) (internal brackets omitted)).

This approach is particularly important as the Court considers the issue of Mr. Girardi's competency, one of the offered grounds for bond on appeal. There, the government's argument from status quo is at its most egregious. See, e.g., Opp. 16 ("The Court has held that defendant was competent and made factual findings consistent with that conclusion several times during these proceedings – both before trial and after trial." (citations omitted)). It cannot simply be, as the government argues, that because the Court held repeatedly that Mr. Girardi was competent, that finding is beyond question amongst jurists of reason. Indeed, as the Court recognized, it was the Court's continuing obligation to assure itself of Mr. Girardi's competency as proceedings continued. See ECF No. 416 at 8. Nothing about the Court's discharge of its obligation in repeated findings renders the question easy, or anything other than close.

In the end, the Court need only determine that the issues presented bear "something more than the absence of frivolity." Handy, 761 F.2d at 1282 (quoting Barefoot, 463 U.S. at 893). The government's repetition of its previous arguments and of the Court's reasoning as to each is simply insufficient to show Mr. Girardi hasn't met this relatively low bar. As argued in his Motion and discussed below, he has.

**B.     Handy and 18 U.S.C. § 3143 do not require an appeal to present novel questions of law, as other district judges in this District have recognized.**

The government frequently suggests that, in order to be "fairly debatable," a legal issue for appeal must present a "novel" issue of law, raise new or previously unconsidered factual material, or address a legal question that is unsettled.  See, e.g., Opp. 5 ("There Is No Novel Issue or Substantial Question Regarding the Denial of Defendant's Suppression Motion"); id. at 14 ("Thus, inclusion [the contested jury instruction] does not raise a novel issue of law or fact, nor is the propriety of such an instruction fairly debatable.").

While a novel question of law or unsettled precedent is surely one way in which a defendant urging an issue on appeal might raise a substantial question, Handy is clear that there are others.  As per Justice Douglas, there are as many different ways of raising a substantial question as there are arguments that might be "likely to command the respect of appellate judges." Handy, 761 F.2d at 1281. His non-exhaustive list includes categories as general and diverse as "schools of thought," "philosophical views," "technical arguments," "analogies," etc.  Id.  In other words, nothing is categorically ruled out.  Any legitimate ground for appeal, if sufficiently meritorious, will do.

Evidence of this obvious fact abounds.  Handy itself dealt merely with a district judge's determination that officers who searched the defendant lacked the requisite level of suspicion.  See Handy, 761 F.2d at 1280 ("[Handy] contended that the customs officers who strip searched her and discovered heroin had no real suspicion that she was engaged in the smuggling of narcotics." (everything omitted)).  After enunciating the correct legal standard, the court remanded with directions to admit the defendant to bail.  Id. at 1284.

Nearer in time and closer to home, Judge Blumenfeld recently granted bond on appeal based on a suppression issue that the defendant preserved for appeal.

6

See Order Granting Release Pending Appeal, ECF No. 122 at 2, 2:23-cr-00219-SB, United States v. Bennett (C.D. Cal. Dec. 23, 2024) ("Applying the Handy test here, the Court finds that an appeal of the motion to suppress orders presents a substantial question."). There, the district court's denial of Bennett's single, potentially case-dispositive suppression issue turned on a straightforward application of United States v. Sullivan, 797 F.3d 623, 633 (9th Cir. 2015), which lays out a balancing test to be applied when the government delays in obtaining a search warrant. Bennett, Order Denying Def.'s Mot. Suppress 3–8. Nevertheless, Judge Blumenfeld found it straightforward to grant Bennett's motion for bail pending appeal with relatively little analysis. See id., Order Granting Release at 2.

Similarly, Judge Scarsi this week admitted a defendant to bail on appeal based on argument that the Court had wrongly interpreted the precedential weight of two Ninth Circuit cases in denying the defendant's potentially case-dispositive motion to suppress. See Order Re: Mot. for Bond Pending Appeal, ECF No. 141 at 5, 2:22-cr-00433-MCS, United States v. Redholtz (C.D. Cal. Jul. 22m 2025) ("Each of the issues Defendant raises is 'of more substance than would be necessary to a finding that it was not frivolous.'" (quoting Handy, 761 F.2d at 1283)). Although Judge Scarsi had rejected the defendant's arguments and denied the motion, he deemed sufficiently weighty the defendant's argument 1), that a case post-dating the operative facts merely clarified existing law rather than announcing new precedent, and 2), that at 2021 case rejecting application of the good-faith exception under similar circumstances left at least an open question as to whether it would have applied to the operative facts in 2015. Redholtz, Order re: Mot. for Bond Pending Appeal at 4–5. Judge Scarsi thus held that the legal positions he had rejected in denying the motion to suppress raised at least a "substantial question." Id. at 5.

Neither of these cases were exceptionally close, and neither judge held or stated that it was a close case in the order granting bail pending appeal. Both Judge Scarsi and Judge Blumenfeld merely applied the law, recognized that reasonable jurists might disagree, and correctly granted bond. As Handy and both these recent cases from the Central District show, a defendant whose motion to suppress has lost, but who has raised clear, well-argued point in good faith need not make any exceptional showing to be granted bond on appeal.

C.   **Mr. Girardi's raises questions that are at least "fairly debatable."**

Mr. Girardi largely rests on the argument presented in his Motion as to each of the four grounds for offered for bail pending appeal, each of which "raises a substantial question of law or fact likely to result in reversal or an order for a new trial." 18 U.S.C. § 3143(b). One or two specific points regarding suppression and competency follow. Mr. Girardi reasserts and incorporates by reference all arguments previously made.

    **1.   Suppression**

The government's argument regarding Mr. Girardi's motion to suppress has not changed since the first time the government made it. Once again, the government urges that the Court was correct to rely on a brief passage in Bisno v. United States, 299 F.2d 711, 717 (9th Cir. 1961), a 64-year-old Ninth Circuit case dealing with different facts and a different version of the bankruptcy code. Opp. 6–7. Bisno also predated Katz v. United States, 389 U.S. 347 (1967), and United States v. Jones, 565 U.S. 400, 409 (2012), which together announced the shape of modern Fourth Amendment doctrine. Against this, the government proposes that the following lines in Bisno resolve the question: "It is clear that no rights of Bisno no [sic] under the Fourth or the Sixth Amendment were violated. The records involved were not recovered from Bisno by a search or seizure of any kind but vested in the trustee in bankruptcy by operation of law as of the date of the filing of the petition in bankruptcy." Bisno, 299 F.2d at 717.

The notion that the operation of bankruptcy law may extinguish all Fourth Amendment rights, and that a bankruptcy trustee's subsequent yearslong collaboration

8

with a team of federal prosecutors results in no event remotely recognizable as a search is, as Mr. Girardi has extensively explained, wrong.  See Mot. Suppress 14–21, ECF No. 22; Reply ISO Mot. Suppress 7–11; Mot. 3–8.

The point, though, is that Mr. Girardi <u>does not have to show</u> that it was wrong, or that the Court was wrong to reject it.  All Mr. Girardi has to show is that a "substantial question of law or fact" is raised upon which an appellate judge might ultimately come to a different conclusion.  The sheer complexity of the issue; the age of the precedent upon which the Court relied; the weight of legal authority suggesting a different outcome; the novelty of the issue; and the fact that the Court's ruling endorses an outcome by which bankruptcy can involuntarily defease all an individual's Fourth Amendment interests in his property comprehensively and permanently—all of these weigh in favor of a finding that a substantial issue was raised.  "It is not enough that [the Court may have been] unimpressed" with the argument and ultimately denied it.  See Handy, 761 F.2d at 1281.  It is likewise not enough that the government wishes to see its conviction stand.  As in Bennett and Redholtz, Mr. Girardi's motion to suppress raised substantial legal issues warranting bail pending appeal.  Indeed, the issue raised in Girardi's Motion to Suppress was substantially more novel, and based on law that was substantially less settled, than was the case in either Bennett or Redholtz.

### 2. Competency

The government argues, as to competency, that many of the Court's determinations relating to competency will be subject to abuse of discretion, clear error, or other deferential standard of review.  Opp. 17 ("None of these holdings was an abuse of discretion or based on clearly erroneous facts.").  However, nothing in 18 U.S.C. § 3143(b) suggests that a Court may decline to consider whether a defendant has raised a "substantial question" if a deferential standard of review may or will be applied.  Congress certainly could have limited bail pending appeal to circumstances where only de novo review was implicated.  It did not do so.  Rather, Section 3143 demands a more difficult counterfactual task of a reviewing district court:  to consider not just whether a

1  reviewing court might reverse based on a different legal analysis, but whether, as has of
2  course often happened, an appellate court might disagree with the district court and find
3  that the district court abused its discretion, or committed clear error.
4        The Court did not just determine that Mr. Girardi was competent throughout
5  trial.  It determined repeatedly that he was "at least partially malingering."  ECF No.
6  150 at 37.  This is presumably because, had Mr. Girardi's presented symptoms and
7  mental state been what they appeared to be, he would be incompetent.  See ECF No.
8  416 at 9 ("[I]n light of the slowly progressive nature of Defendant's disorder, the Court
9  finds it highly unlikely that Defendant's cognition genuinely declined from its April
10 2024 functioning (as described by Dr. Goldstein in her report) to the cognition
11 described by counsel and [Girardi's] assistant in their declarations.  The Court finds it
12 far more likely that Defendant was simply feigning a complete memory loss to support
13 his continuing claim of mental incompetency.").  As the Supreme Court has explained,
14 and the Court surely agrees, a "defendant's inability to assist counsel can, in and of
15 itself, constitute probative evidence of incompetence, and defense counsel will often
16 have the best-informed view of the defendant's ability to participate in his defense."
17 Medina v. California, 505 U.S. 437, 450 (1992).
18       The Court's holding that Mr. Girardi was and remained competent thus turned on
19 the determination that the sworn statements of multiple defense counsel regarding his
20 symptoms and ability to assist them were mistaken, false, or the result of having been
21 bamboozled.  It is not inconceivable that an appellate court might come out another
22 way on this question.
23 //
24 //
25 //
26 //
27 //
28 //

### III. CONCLUSION

The government asks the Court to view Mr. Girardi's Motion for bail pending appeal as an attempt to "delay justice." Opp. 2. Mr. Girardi's appeal will raise substantial issues, presented in detail in his Motion. Granting bail during the appeal is no "delay," but rather the statutory mandate of the Bail Reform Act in circumstances such as these where a defendant raises multiple good-faith, arguably meritorious issues. Mr. Girardi respectfully requests to be admitted to bail pending appeal.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 25, 2025            By  /s/ Samuel Cross
                                SAMUEL CROSS
                                Deputy Federal Public Defender
                                Attorney for THOMAS VINCENT GIRARDI

# CERTIFICATE OF COMPLIANCE

I, the undersigned, counsel of record for Defendant Thomas Girardi, certify that this brief contains approximately 4,011 words, which complies with the limitation on word count of 4,200 words imposed by this Court's standing order regarding reply briefs. In making this certification, I have relied on the computer program used to prepare this brief (Microsoft Word).

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 25, 2025          By  /s/ Samuel Cross
                                  SAMUEL CROSS
                                  Deputy Federal Public Defender
                                  Attorney for THOMAS VINCENT GIRARDI