# EXHIBIT 1

LAW360® Pulse

Portfolio Media. Inc. | 230 Park Avenue, 7th Floor | New York, NY 10169 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

## Girardi's Ch. 7 Evidence Fight May Raise Novel Issues

By **Brandon Lowrey**

Law360 (June 28, 2024, 7:23 PM EDT) -- Tom Girardi told a California federal judge that FBI agents violated his constitutional rights by obtaining evidence from his law firm's bankruptcy trustee without a search warrant, an argument that, if successful, could hamstring prosecutors in his upcoming wire fraud trial and shake up law enforcement's dealings with trustees.

Girardi's public defenders told U.S. District Judge Josephine Staton that millions of emails and other records taken from his defunct firm, Girardi Keese, must be blocked from his trial next month on Fourth Amendment grounds. Some of the documents were also protected by attorney-client or work-product privilege, the team claimed.

"Because the [Girardi Keese] evidence belonged to Girardi personally, and because the government did not obtain a warrant or privilege waiver from Girardi before seizing and reviewing it, the Court should suppress the [Girardi Keese] evidence and its derivative fruits under the Fourth Amendment," Girardi's defenders wrote in a motion to exclude evidence filed June 21 in Los Angeles. "The Court should also suppress the direct and derivative fruits of the government's intentional privilege invasion under the Due Process Clause of the Fifth Amendment."

The government had not responded to the motion as of Friday afternoon.

Girardi, who founded the once-successful personal injury firm Girardi Keese, is accused of stealing millions of dollars from clients' settlements. He and his firm were forced into bankruptcy after a judge found millions of dollars were missing from Girardi Keese's client trust account in December 2020. He has since been disbarred and **indicted** on charges of wire fraud and contempt.

Girardi's defenders claimed he had **dementia** and was unfit to stand trial, but Judge Staton found him **competent** and set his criminal trial to begin in August.

Experts say Girardi's arguments raise a sensitive question at the intersection of bankruptcy and criminal law: When can Chapter 7 bankruptcy trustees, who are obligated to cooperate with law enforcement, waive a debtor's privilege and search-and-seizure rights?

Girardi may have a better chance of prevailing on attorney-client privilege than Fourth Amendment protections in this case, experts told Law360. But the law is unsettled in places, and the facts of Girardi's case are fairly unique.

Girardi's firm was a sole proprietorship, which is almost always rolled into the owner's personal bankruptcy case since it is not technically a separate entity. In the early stages of the bankruptcy, however, U.S. Bankruptcy Judge Barry Russell kept Girardi's personal bankruptcy separate from Girardi Keese's. This matters because settled case law allows trustees to waive some rights on behalf of corporations or partnerships, but sole proprietorships like Girardi Keese are treated as the private individuals who own them.

Therefore, the trustee had no right to waive Girardi's personal rights or privileges and the government had no right to his property without a search warrant, the defense team argued. This also raised the question of whether the trustee — a private attorney appointed to the case by a government official — should be considered a government agent in the context of her cooperation with the FBI.

"The trustee's role when working with the government in this case was materially indistinguishable

from an FBI agent installed within [Girardi Keese] to execute a search," his public defenders wrote.

Experts in bankruptcy and criminal law say the argument highlights a rough spot in the law: Trustees have a clear duty to cooperate with law enforcement and to report evidence of fraud and other crimes, but the evidence may not be admissible in some cases.

Steven Katzman, whose experience includes years as a federal prosecutor specializing in bankruptcy fraud and as a U.S. trustee, said he cannot recall ever serving a search warrant on a bankruptcy trustee or hearing about it being done. But he said Girardi's arguments are compelling and raise "bona fide, litigable issues."

Katzman, a partner with Bienert Katzman Littrell Williams LLP, said there was a strong legal argument that trustees are acting as agents of the government when cooperating with law enforcement. Trustees' statutory obligations to turn over evidence are enforced by their supervisor, the U.S. trustee, whose office is part of the U.S. Department of Justice.

The attorney-client privilege issue also touches on some sparse areas of case law. However, Katzman said, current law suggests privilege would remain intact for documents provided to a bankruptcy trustee. The success of this argument may depend on whether Girardi reasonably expected his communication with his counsel to be confidential, Katzman said.

A few years before Girardi Keese went into bankruptcy, another Southern California law firm called Layfield & Barrett suffered a similar fate. Clients alleged the firm misappropriated their money, leading to involuntary bankruptcy petitions and federal wire fraud charges.

Wesley Avery was the bankruptcy trustee for the estate of Philip Layfield, one of the firm's owners ultimately convicted of wire fraud. Unlike Girardi Keese, however, Layfield & Barrett was not a sole proprietorship.

Avery said he would turn over any documents that the federal government requested — "the debtor is not my client" — but that delving into a debtor's potentially privileged emails would give him pause.

"I can't remember the last case where I took email accounts," he said. "We would take books and records, but going into emails ... doesn't fall into our bankruptcy purview. I would never have emails to begin with."

Carolyn Small, special counsel for Jenner & Block LLP, was a federal prosecutor in Layfield's criminal trial. She said she didn't recall hearing issues like this raised, but found it intriguing that Girardi's team focused its search and seizure arguments specifically on the trustee's act of handing over the records to the FBI.

Small said she was looking forward to seeing Judge Staton's opinion.

"I would be a little bit surprised if she says that it's a search when [trustees] hand over the documents," Small said. "But I'm interested to see what she says about the privilege issue."

A jury trial for Girardi and his co-defendant, former Girardi Keese Chief Financial Officer Christopher Kamon, is set for Aug. 6 and expected to last about two weeks. In the run-up to the trial date, Girardi is seeking to keep jurors from hearing evidence of his former clients' **injuries**, and wants to be tried separately from Kamon.

The fight over the trustee's evidence could have a significant impact on the trial or perhaps become grounds for an appeal. In their motion, Girardi's federal public defenders suggested the violation of the disbarred lawyer's rights revealed a greater injustice.

"[It] simply cannot be an involuntary statutory bankruptcy process, implemented by actual and de facto law-enforcement officers, in which the affected individual is prohibited from participating, overrides the bedrock protections of the Fourth Amendment**,**" they wrote.

The government is represented by E. Martin Estrada, Mack E. Jenkins, Scott Paetty and Ali

Moghaddas of the U.S. Attorney's Office for the Central District of California.

Girardi is represented by J. Alejandro Barrientos and Craig A. Harbaugh of the Federal Public Defender's Office for the Central District of California.

Kamon is represented by Michael Vincent Severo of the Law Office of Michael V. Severo APC.

The case is U.S. v. Girardi, case number 2:23-cr-00047, in the U.S. District Court for the Central District of California.

--Editing by Alanna Weissman.

All Content © 2003-2025, Portfolio Media, Inc.